IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC. § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. B-04-111 |
| HARTFORD CASUALTY INSURANCE § | |
| COMPANY and HARTFORD LLOYD'S § | |
| INSURANCE COMPANY § | |

**(PEACOCK'S PROPOSED)
JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel for attended for each party.

    On August 12, 2004, by telephone conversation with Mr. Ruben Peña, and Mr. Victor M. Carrera (Plaintiff's Counsel, and Plaintiff's Co-Counsel, respectively) and Mr. F. Edward Barker (Defendant Hartford's Lead Counsel) -- Mr. Trey Martinez, Defendant Hartford's Local Counsel did not participate.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    Cause No. 2002-11-4371-G; *Angelica Salazar, et al. v. Peacock Construction Company, et al. v. McQueary Henry Bowles Troy, L.L.P., et al.*; in the 404th Judicial District Court, Cameron County, Texas

    Plaintiff has identified the preceding case; however, Defendant Hartford is not including the same because on June 10, 2004, by Order of the Court there was a Severance of Actions whereby Cause No. 2004-06-3028-G, styled *"Peacock Construction Company v. Hartford Casualty Insurance Company"* was subsequently removed to the instant case in the United States District Court for the Southern District of Texas (Brownsville Division).

---

3. Specify the allegation of federal jurisdiction.

Diversity of Citizenship and a claim against Defendant in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

This action was commenced on the 19th day of February, 2004. Neither Hartford Defendant has ever been formally served by this Plaintiff but on the 1st day of June, 2004, Defendant Hartford Casualty filed its Original Answer and on June 10, 2004, was for the first time wholly severed from Cause No. 2002-11-4371; entitled *Salazar, et al. v. Peacock Construction Company, et al.* Only on June 10, 2004, has Hartford Casualty stood alone as a sole Defendant in its separate cause of action.

The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties, in that every Defendant is now, and was at the time the action commenced, diverse in citizenship from every Plaintiff. No Defendant is or was at the commencement of this action a citizen of the State of Texas.

A. At the time of the filing of this action, Plaintiffs were and still are citizens of and are domiciled in the State of Texas.

B. At the time of the filing of this action, Defendant Hartford Lloyd's, is and still remains an insurance company conducting business in Texas on the Lloyd's Plan. In the case where one of the parties to an action in Federal Court is a Lloyd's Plan, an unincorporated association of members, "citizenship is determined not by its principal place of business or place or organization, but solely by the citizenship of its members." *Massey v. State Farm Lloyd's Insurance Company*, 993 F.Supp. 568, 570 (S.D. Texas 1998).

C. In this case, all of Hartford Lloyd's underwriters/members are citizens of states other than Texas; and Defendant Hartford Casualty Insurance Company, is a citizen of the State of Indiana with its principal offices located in Hartford, Connecticut. Therefore, both Hartford Defendants are not citizens of Texas. Plaintiff, Peacock Construction Company, Inc., being a Texas citizen, has a completely diverse citizenship from both Hartford Defendants.

D. Hartford Lloyd's underwriters/members are all citizens of States other than Texas as follows: Robert Stanley Brooks, who is and was a the commencement of this action a resident of the State of Connecticut; James Richard Garrett, who is and was at the commencement of this action a resident of the State of Connecticut; Michael Henry Hughes, who is and was at the commencement of this action a resident of the State of Washington; Donald Joseph LaValley, who is and was at the commencement of this action a resident of the State of Massachusetts; William Barnard Malchodi, who is and was at the commencement of this action a resident of the State of Connecticut; Charles Miner O'Halloran, who is and was at the commencement of this action a resident of the State of Connecticut; David Richard Robb, who is and was at the commencement of this action a resident of the State of Connecticut; Patrick James Salve, who is and was at the commencement of this action a resident of the State of Connecticut; Leonard Clinton Smith, who is and was at the commencement of this action a resident of the State of Connecticut; Lowndes Andrew Smith, who is and was at the commencement of this action a resident of the State of Connecticut; and Paul Richard Zimmerman, who is and was at the commencement of this action a resident of the State of Connecticut.

E. Plaintiff wrongfully asserts claims against Hartford Casualty in its Original Petition wrongfully alleging that Plaintiff suffered damages covered by an insurance policy where Plaintiff is an additional insured and where Hartford Casualty is the insurer and that Hartford Casualty has breached the insurance contract as well as having acted in bad faith as defined by the Texas Ins. Code. Hartford Casualty is a citizen of the State of Indiana having been incorporated there. Plaintiff, in fact, is complaining about matters arising out of a contract of insurance issued by Hartford Lloyd's Insurance Company. The Hartford Defendants deny Plaintiff's allegations and seek a determination of Plaintiff's claims and Defendants' defenses by this Court, as well as the merits of their Counterclaim for Declaratory Relief.

F. Because this action is wholly between citizens of different states, and because the matter in controversy involves a wrongful death claim as well as a claim of serious personal injuries between two or more Plaintiffs, this matter in controversy exceeds a value or sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1).

Under 28 U.S.C. §1441(a), venue of the removed action is proper in this Court as a district and division embracing the place where the State action is pending.

4. Name the parties who disagree and the reasons.

    Peacock Construction disagrees because Hartford has participated in the state court action, waiving removal. In addition, federal subject-matter jurisdiction cannot be conferred by agreement; therefore plaintiff reserves the right to move to remand on this ground pending further research and discovery involving joinder of necessary parties, citizenship, and amount in controversy.

    The Hartford Defendants never participated in the State Court Action(s) and after Severance from the Plaintiff's Claims, never waived diversity.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Plaintiff claims McQueary Henry Bowles Troy, L.L.P. and South Texas Masonry are necessary parties and can be added at this time. They are parties in the state action and this action should be remanded. Defendant Hartford maintains these parties cannot be added nor are there any grounds to remand.

6. List the anticipated interventions.

    None of which the Hartford Parties are aware.

7. Describe class-action issues.

    Nothing.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Plaintiff has engaged in extensive discovery and made available to Defendant.

    Defendant Hartford provided Plaintiff with the central document at issue in this Cause (Hartford Spectrum Business Insurance Policy Number 46 SBA NS 1014 SC). Defendant Hartford's Rule 26(a) Initial Disclosures will be provided to Plaintiff by August 30, 2004.

---

9. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

By October 15, 2004.

B. When and to whom the plaintiff anticipates it may send interrogatories.

To defendant within 60 days of August 30, 2004, by October 29, 2004.

C. When and to whom the defendant anticipates it may send interrogatories.

To plaintiff, Peacock Construction Company, and South Texas Masonry, and possibly others to be determined.

4. Of whom and by when the plaintiff anticipates taking oral depositions.

Defendants' corporate representative, a representative of McQueary Henry Bowles Troy, L.L.P., a representative of South Texas Masonry by November 1, 2004.

E. Of whom and by when the defendant anticipates taking oral depositions.

Principal Officers of Plaintiff, Peacock Construction Company by February 28, 2005; and

Principal Officers or Owners of South Texas Masonry by February 28, 2005.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive documents and provide their reports.

February 28, 2005.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant's experts by March 30, 2005.

---

*Peacock Construction v. Hartford, et al.*; Jt. Discovery/Case Management Plan -- p. 5 of 8 pgs.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

           All experts named by Plaintiff, and within thirty (3) days of receiving their reports.

10. If the parties are not agreed on a party of the discovery plan, describe the separate views and proposals of each party.

N/A.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

12. State the date the planned discovery can reasonably be completed.

By April 1, 2005.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Currently unknown.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

Nothing.

15. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

Mediation is likely to be a reasonably suitable form of an ADR and may be appropriate relatively early in the litigation as legal issues likely will predominate over factual issues.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

---

Plaintiff is not opposed.
Defendant Hartford is not opposed.

17. State whether a jury demand has been made and if it was made on time.

    Yes a jury demand has been made, and yes it was on time.

18. Specify the number of hours it will take to present the evidence in this case.

    Approximately sixteen to twenty-four (16-24) hours from the Defense.
    Approximately sixteen to twenty-four (16-24) hours for Plaintiffs.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

    None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Attorneys for Plaintiff Peacock Construction Company:**

    | | |
    |---|---|
    | Ruben R. Peña | Roger Reed |
    | State Bar No. 15740900 | State Bar No. 16687200 |
    | Federal I.D. No. 1216 | Federal I.D. No. 6407 |
    | **LAW OFFICE OF RUBEN R. PEÑA** | Victor M. Carrera |
    | 222 West Harrison | State Bar No. 03871300 |
    | P.O. Box 530160 | Federal I.D. No. 2190 |
    | Harlingen, TX 78550 | Alberto L. Guerrero |
    | Tel.: (956) 412-8200 | State Bar No. 00790800 |
    | Fax: (956) 412-8282 | **REED, CARRERA, MCLAIN &** |

| | |
|---|---|
| **Riolaw1@aol.com** | **GUERRERO, L.L.P.**<br>1 Paseo Del Prado, Bldg. 101<br>Edinburg, TX 78539<br>-----------<br>P.O. Box 9702<br>McAllen, TX 78502-9702<br>Tel.: 956/631-5444<br>Fax: 956/631-9187<br>rhreed@rcmlaw.com<br>vmcarrera@rcmlaw.com<br>alguerrero@rcmlaw.com |

By: _____          By: _____ *[signed]*
Date: _____         Date: 8-16-04


**Attorney-in-Charge for Defendants**         **Co-Counsel for Defendants**
**Hartford Casualty Insurance Company**       **Hartford Casualty Insurance**
**and Hartford Lloyd's Insurance Company**    **Company and Hartford Lloyd's**
                                              **Insurance Company:**


F. Edward Barker                              Trey Martinez
State Bar No. 01741000                        State Bar No. _____
Federal I.D. No. 970                          Federal I.D. No. ____
**BARKER, LEON, FANCHER**                     **MARTINEZ, MARTINEZ**
**& MATTHYS, L.L.P.**                         **& BARRERA, L.L.P.**
Tower II, Suite 1200                          1201 E. Van Buren
555 N. Carancahua St.                         Brownsville, TX 78520
Corpus Christi, TX 78478                      Tel.: (956) 546-7159
Tel.: (361) 881-9217                          Fax: (956) 544-0602
Fax: (361) 882-6590
ebarker@blfmlaw.com

                                              By: _____
                                              Date: _____

By: _____
Date: _____


---

*Peacock Construction v. Hartford, et al.*; Jt. Discovery/Case Management Plan -- p. 8 of 8 pgs.