## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 5 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC. | § | |
| | § | |
| *vs.* | § | |
| | § | CIVIL ACTION NO. B-04-111 |
| HARTFORD CASUALTY INSURANCE | § | |
| COMPANY and HARTFORD LLOYD'S | § | |
| INSURANCE COMPANY | § | |

### PLAINTIFF'S MOTION TO REMAND
### (*WITH AUTHORITIES*)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **PEACOCK CONSTRUCTION COMPANY, INC.**, plaintiff (hereinafter sometimes referred to as "Peacock"), and moves this Honorable Court to remand this cause due to a jurisdictional defect pursuant to 28 U.S.C.A. §1447(c), and in support thereof would show as follows:

### I.

Defendant Hartford Casualty Insurance Company (hereinafter "Hartford Casualty'), and Defendant/Counter-Plaintiff Hartford Lloyd's Insurance Company (hereinafter "Hartford Lloyd's") improvidently and without jurisdiction attempted to remove this diversity case to federal court on July 12, 2004, *after* Hartford Lloyd's waived its right to do so by *voluntarily filing a "counterclaim" for declaratory judgment against Peacock* in this case, thereby evidencing a clear and unequivocal intent to proceed in state court. Peacock would call the

---

*Peacock Construction v. Hartford, et al.*; Motion to Remand -- p. 1 of 11 pgs.

Court's attention to the procedural history of the underlying state court actions, as evidenced

by the pleadings and docket sheets attached to "Defendants Hartford Casualty Insurance

Company and Hartford Lloyd's Insurance Company's Notice of Removal" (hereinafter "Notice

of Removal"):

- February 19, 2004 -- Peacock files its "Original Third Party Petition" against McQueary Henry Bowles & Troy, L.L.P. and Hartford Casualty in Cause No. 2002-11-4371-G, *Angelica Salazar, et al. v. Peacock Construction Company, Inc., et al.*, in the 404th Judicial District Court of Cameron County, Texas (hereinafter the "original state court action") (Notice of Removal, Item 6);

- May 4, 2004 -- Peacock files its "First Amended Original Third Party Petition" against McQueary Henry Bowles & Troy, L.L.P. and Hartford Casualty in the original state court action (Notice of Removal, Item 8);

- May 12, 2004 -- Hartford Casualty files its "Agreed Motion for New Trial" seeking to set aside a default judgment entered against it in the original state court action (Notice of Removal, Item 9);

- May 25, 2004 -- Hartford Casualty files its "Motion for Severance" in the original state court action seeking to sever Peacock's third party action against Hartford Casualty and make it the subject of a separate cause number (Notice of Removal, Item 12);

- May 26, 2004 -- Hartford Casualty's "Agreed Motion for New Trial" is granted, and the default judgment against it in the original state court action is set aside (Notice of Removal, Item 10);

- June 3, 2004 -- Hartford Casualty files "Third Party Defendant Hartford Casualty Insurance Company's Original Answer and Counterclaim for Declaratory Relief" in the original state court action (Notice of Removal, Item 11);

---

- June 10, 2004 -- Hartford Casualty's "Motion for Severance" is granted, and Peacock's third party action against Hartford Casualty is made the subject of a separate action, bearing Cause No. 2004-06-3028-G, *Peacock Construction Company, Inc. v. Hartford Casualty Insurance Company,* in the 404th Judicial District Court of Cameron County, Texas (hereinafter the "severed state court action" (Notice of Removal, Item 13);

- June 30, 2004 -- Hartford Lloyd's unilaterally appears as a "Defendant/Counter-Plaintiff" in the severed state court action, through the filing of "Defendants Hartford Casualty Insurance Company's and Hartford Lloyd's Insurance Company's First Amended Original Answer and Counterclaim for Declaratory Relief" (Notice of Removal, Item 14);

- July 12, 2004 -- Hartford Casualty and Hartford Lloyd's file their Notice of Removal, seeking to remove the severed state court action to the United States District Court for the Southern District of Texas, Brownsville Division.

## II.

In their Notice of Removal, Hartford Casualty and Hartford Lloyd's note that *"[a]lthough not named a Defendant by plaintiff* [Peacock] in its Original [Third Party] Petition and First Amended Original [Third Party] Petition filed thereafter, the actual defendant about which plaintiff complains is Hartford Lloyd's Insurance Company, *who [sic] has voluntarily appeared and answered".* (Notice of Removal, pp. 1-2, ¶ 1, emphasis added).[1] Moreover, Hartford Casualty and Hartford Lloyd's contend that "[o]nly on June 10, 2004 has Hartford

---

[1]    Peacock sued Hartford Casualty because it was designated as the insurer under two Certificates of Insurance issued by McQueary Henry Bowles & Troy, L.L.P. which identified Peacock as an additional insured under a "Hartford Spectrum Business Insurance Policy" No. 46 SBA NS1014 SC issued to South Texas Masonry. (See Notice of Removal, Item 8, Exhibit 1.) The actual insurer that issued that policy is Hartford Lloyd's, as per the copy of the policy produced by the defendants. (Notice of Removal, Exhibit "A".)

---

Casualty stood alone as a sole Defendant in its [sic] separate cause of action", and that that is the applicable date "from which it may be first ascertained that the case is one which is or has become removable". (Notice of Removal, p. 2, ¶ 2).

## III.

It is crystal clear from the record that *after* the purported removal trigger date of June 10, 2004, Hartford Lloyd's *voluntarily:* (1) inserted itself as a defendant in the severed state court action, and; (2) directly invoked the jurisdiction of the 404th Judicial District Court of Cameron County, Texas, by filing its sworn "Counterclaim [sic] for Declaratory Judgment" seeking affirmative relief under Texas statutory law -- *even though Hartford Lloyd's had not been sued by Peacock!* (Notice of Removal, Item 14, pp. 4-6, ¶ 2.1-2.7).  Hartford Lloyd's "counterclaim" against Peacock therefore was purely voluntary or permissive and *not compulsory* under applicable Texas law, TEX. R. CIV. P. 97(a).  Moreover, neither Hartford Lloyd's "Counterclaim" nor the "First Amended Original Answer" of Hartford Casualty and Hartford Lloyd's (contained within the same pleading) purport to be filed subject to and without waiving any supposed right of removal.  (Indeed, their only reservation is that said pleading is being filed "without waiving any of their defenses under any contract(s) of insurance in question".  (Notice of Removal, Item 14, p. 1))  Because Hartford Lloyd's affirmatively and voluntarily invoked the jurisdiction of the state court *before* seeking removal, any possibility of later removing the severed state court action to federal court was waived, and removal jurisdiction is lacking.

---

# IV.

It is well settled that a federal court cannot reach the merits of any dispute until it confirms that it retains jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Thus, federal courts are under a continuing duty to confirm their jurisdictional power and are "obligated to inquire *sua sponte* whenever a doubt arises as to [its] existence". *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 278 (1977). A federal district court thus has the obligation to raise lack of subject matter jurisdiction or removal jurisdiction *sua sponte* even where the parties attempt to consent to federal jurisdiction or the removed party fails to move for remand. *Acosta v. Direct Merchants Bank*, 207 F.Supp.2d 1129, 1130 (S.D. Cal. 2002); *Kam Hon, Inc. v. Cigna Fire Underwriters Insurance Co.*, 933 F.Supp. 1060, 1063 (M.D. Fla. 1996). Thus, federal district courts should treat both removal jurisdiction and subject matter jurisdiction equally in regard to remanding a case for lack thereof. *Id. See*, 28 U.S.C. §1447(c) ("If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case should be remanded.") Moreover, it is well settled that federal district courts must construe the removal statutes strictly *against* removal, and resolve any uncertainty as to removability in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 219 n. 11 (5th Cir. 1998) *rev'd on other grounds*, 526 U.S. 574 (1999); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Acosta, supra,* at 1131.

---

The Fifth Circuit has recognized waiver of removal as a jurisdictional defect, and where pre-removal state action renders removal improper "the logical inference [is] that . . . jurisdiction [is] lacking". *In re Weaver,* 610 F.2d 335, 337 (5th Cir. 1980); *Kam Hon, supra.* There is ample Fifth Circuit precedent that the right to remove may be waived by invoking the processes of the state court. *Brown v. Demco, Inc.,* 792 F.2d 478, 481-82 (5th Cir. 1986) (co-defendants had waived newly added defendant's right to remove by filing, *inter alia,* third party demands and cross-claims in the state court action); *Weaver, supra* (right of removal no longer available to defendants who had sought and obtained dissolution of a temporary injunction in state court); *Texas Wool & Mohair Marketing Ass'n v. Standard Accident Insurance Co.,* 175 F.2d 835, 838 (5th Cir. 1949) (third party defendant asserting right of indemnification as surety against plaintiff waived right of removal); *Schell v. Food Machine Corp.,* 87 F.2d 385, 388-89 (5th Cir. 1937) *cert. denied,* 300 U.S. 679 (1937) (defendant who moved for dismissal and to dissolve temporary injunction waived any right to remove by seeking relief in state court.)

Thus, the decisional law is definite: by filing a non-compulsory counter-claim a defendant voluntarily submits himself and his claims to the state forum, and has waived any right to later invoke the jurisdiction of the federal courts and thus is estopped from removal. *Integra Bank N.A. v. Greer,* 2003 WL 21544260 (S.D. Ind.) (not reported in F.Supp.2d); *Acosta, supra,* at 1131-32; *Isaacs v. Group Health, Inc.,* 668 F.Supp. 306, 308-09 (S.D. N.Y. 1987); *California Republican Party v. Mercier,* 652 F.Supp. 928, 931 (C.D. Cal. 1986); *Harris v. Brooklyn Dressing Corp.,* 560 F.Supp. 940, 942 (S.D. N.Y. 1983); *Paris v. Affleck,* 431 F.Supp. 878, 880 (M.D. Fla. 1977); *Sood v. Advanced Computer Techniques Corp.,* 308

---

F.Supp. 239, 240-42 (E.D. Va. 1969); *Briggs v. Miami Window Corp.*, 158 F.Supp. 229, 230 (M.D. Ga. 1956); *Haney v. Wilcheck*, 38 F.Supp. 345, 351-54 (W.D. Va. 1941). Because Hartford Lloyd's has waived any removal rights, Hartford Casualty also is estopped from seeking to remove the case under the "rule of unanimity", which requires that *all* parties defendant must be eligible for removal -- otherwise removal is improper for any of the parties. *Demco, supra*; *Westwood v. Fronk*, 177 F.Supp.2d 536, 542-43 (N.D. W.Va. 2001); *Baldwin v. Purdue, Inc.*, 451 F.Supp. 373, 376 (E.D. Va. 1978).

## PRAYER

For the above and foregoing reasons, plaintiff Peacock Construction Company, Inc. prays that this motion be granted, that the above-styled and numbered cause be remanded to the 404th Judicial District Court of Cameron County, Texas, and that it recover its reasonable attorney's fees and expenses incurred herein. Plaintiff prays for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LAW OFFICE OF RUBEN R. PEÑA
222 West Harrison
P.O. Box 530160
Harlingen, TX 78550
Tel.: (956) 412-8200
Fax: (956) 412-8282

By: *Ruben R. Peña, by vme (with permission)*
Ruben R. Peña
Federal I.D. No. 1216
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**
**PEACOCK CONSTRUCTION COMPANY, INC.**

**REED, CARRERA, MCLAIN & GUERRERO**
1 Paseo Del Prado, Bldg. 101
Edinburg, TX 78539
-----------
P.O. Box 9702
McAllen, TX 78502-9702
Tel.:  956/631-5444
Fax:  956/631-9187

By: _____
     Roger Reed
     Federal I.D. No. 6407
     Victor M. Carrera
     Federal I.D. No. 2190
     Alberto L. Guerrero
     Federal I.D. No. 18090

**ADDITIONAL COUNSEL FOR PLAINTIFF
PEACOCK CONSTRUCTION COMPANY, INC.**

## CERTIFICATE OF CONFERENCE

Although the foregoing Motion to Remand is presumably exempt from the conference requirement under LR 7.1(D) of the Local Rules of the United States District Court for the Southern District of Texas, on the 22nd day of October, 2004, undersigned counsel for plaintiff nevertheless conferred with Mr. F. Edward Barker, attorney in charge for defendants Hartford Casualty Insurance Company and Hartford Lloyd's Insurance Company, regarding the merits of the Motion. Mr. Barker advised that his clients are opposed to the granting of said motion, and therefore agreement cannot be reached about the disposition thereof.

Victor M. Carrera

## REQUEST FOR ORAL ARGUMENT

Pursuant to LR 7.5.A of the Local Rules for the United States District Court for the Southern District of Texas, Plaintiff Peacock Construction Company, Inc. requests oral argument of the above and foregoing Motion to Remand.

Victor M. Carrera

*Peacock Construction v. Hartford, et al.*; Motion to Remand -- p. 9 of 11 pgs.

## NOTICE OF SUBMISSION DATE

Pursuant to LR 7.3 of the Local Rules for the United States District Court for the Southern District of Texas, defendants Hartford Casualty Insurance Company and Hartford Lloyd's Insurance Company, by and through their attorney in charge, F. Edward Barker, are advised that the above and foregoing Motion to Remand will be submitted to the presiding United States Magistrate Judge, the Honorable Felix Recio, twenty (20) days after the date of the motion's filing without further notice from the clerk, i.e., on or after November 15, 2004.

Victor M. Carrera

_____

*Peacock Construction v. Hartford, et al.*; Motion to Remand -- p. 10 of 11 pgs.

## CERTIFICATE OF SERVICE

On October 22, 2004, copies of the **"PLAINTIFF'S MOTION TO REMAND (*WITH AUTHORITIES*)"** were sent via telefax and U.S. *certified* mail, return receipt requested, to opposing counsel, as follows:

Mr. F. Edward Barker
**BARKER, LEON, FANCHER & MATTHYS, L.L.P.**
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, TX 78478
*361/882-6590 & #7003 3110 0001 3376 7217*

Mr. Trey Martinez
**MARTINEZ, MARTINEZ & BARRERA, L.L.P.**
1201 E. Van Buren
Brownsville, TX 78520
*956/544-0602 & #7003 3110 0001 3376 7224*

Victor M. Carrera

---

*Peacock Construction v. Hartford, et al.*; Motion to Remand -- p. 11 of 11 pgs.