United States District Court
Southern District of Texas
FILED

NOV 0 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY INC. | § § § § | |
| | § | CIVIL ACTION NO. B-04-111 |
| VS. | § § | |
| HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD LLOYD'S INSURANCE COMPANY | § § § § | "JURY TRIAL" |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF, PEACOCK CONSTRUCTION COMPANY, INC.'S AMENDED MOTION TO REMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Hartford Casualty Insurance Company and Hartford Lloyd's Insurance Company, Defendants, and move this Honorable Court to deny the Plaintiff, Peacock Construction Company, Inc.'s Motion to Remand this cause and in support thereof would show unto the Court as follows:

**I.
Facts**

A.   On May 4, 2004, Peacock Construction Company, Inc., brought a third party claim against Hartford Casualty Insurance Company alleging that Peacock operated a business known as Peacock Construction Company, Inc., and that it entered into contracts with South Texas Masonry Company [a Hartford Insured] under which South Texas Masonry was required to obtain a policy of liability insurance and in which Peacock Construction

---

*Defendants Hartford Lloyd's Insurance Company and Hartford Casualty Insurance Company's Response to Plaintiff's Amended Motion to Remand*

Company, Inc., would be named as an additional insured. The insurance agents sold to South Texas Masonry liability insurance issued by Hartford Lloyd's Insurance Company which included Peacock Construction Company as an additional insured on the policy issued by the insurer.

On October 23, 2002, employees of South Texas Masonry were performing work in the furtherance of their sub contract with Peacock Construction Company when a crane which was lowering a load of steel rebar failed causing the load to fall upon employees of South Texas Masonry one of whom was killed and one of whom was seriously injured. Suit was brought by these employees of South Texas Masonry and their families, against Peacock Construction Company, Inc., and others. A notice was forwarded by Peacock Construction Company, Inc., to the insurance carrier under the policy seeking a defense and policy benefits. Hartford Lloyd's denied coverage under the policy by construction of the policy terms and therefore denied a defense and an indemnity to Peacock Construction Company, Inc. Following such denial the May 4, 2004 suit was filed by Peacock Construction Company, Inc., and among other causes of action alleged breach of contract, reformation of contract, promissory estoppel under the contract, DTPA relating to the terms of the contract of insurance, and violations of the insurance code relating to both the terms of the insurance code and the actions of the insurers following Peacock's claims, and lastly negligence. [See attached Exhibit "A"].

**B.**   Peacock Construction Company acquired a Default Judgment against Hartford Casualty Company however it was later determined that the Default Judgment was void in as much as Hartford Casualty had never been served with process and upon agreement

with Peacock's counsel, an "Agreed Motion for New Trial" was entered into and an Order approving same was signed by the State District Judge on the 26th day of May, 2004, [see Exhibit "B" attached hereto] and thereafter, on June 3, 2004, third party Defendant Hartford Casualty Insurance Company filed its Original Answer, Affirmative Defenses and Compulsory Counterclaim for Declaratory Relief. [See Exhibit "C" attached hereto]. Following the filing of defensive pleadings, on or about May 25, 2004, the Defendant Hartford Casualty Insurance Company filed its Motion for Severance requesting to be severed from all claims in the main and underlying suit and giving such claim a separate cause number and trial date which motion was subsequently granted freeing Hartford Casualty Insurance Company from all local co-defendants and setting Hartford Casualty in a stand alone suit the same being Cause No. 2004-06-003028-G.

C.   Realizing that in fact Peacock's claims were allegations against the **issuer** of the insurance policy to South Texas Masonry and not knowing whether the Plaintiff had mistakenly made a misnomer when they sued Hartford Casualty, Hartford Lloyd's the issuer in fact of the policy, appeared and answered as the issuer of the policy and, as did Hartford Casualty, file its First Amended Original Answer, Affirmative Defenses and Compulsory Counterclaim for Declaratory relief.

D.   The Texas Rule of Civil Procedure 97(a) defines a "compulsory counterclaim" as "any claim within the jurisdiction of the court not subject of a pending action which at the time of filing the pleading the pleader has against any opposing party **if it arises out of the transaction or occurrence that is the subject matter of the opposing parties' claim and does not require for its adjudication, the presence of third parties of whom the**

**court cannot acquire jurisdiction.... "**

The counterclaim for declaratory judgment as alleged by Hartford Lloyds Insurance Company sets forth a defensive request that the court make a determination regarding the insurance policy at issue and declare that Hartford Lloyd's has no duty to provide insurance benefits to Peacock Construction Company as directly alleged in Peacock's third party petition previously filed and noted herein above. The counterclaim therefore directly arises out of the transaction or occurrence that is the subject matter of the Plaintiff's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. By its very nature and its terms it was a compulsory counterclaim filed by the issuer of the policy when the counterclaim was prepared and filed in State District Court.

E. Therefore both Hartford Casualty [against whom suit was named] and Hartford Lloyd's [against whom suit was intended to be brought as the issuer of the policy] filed purely defensive pleadings in the form of an answer, affirmative defenses and compulsory counterclaims none of which is as a matter of law is deemed a waiver of the right to remove.

## II.
## Argument

Neither of these Defendants sought an adjudication on the merits of the case in State District Court and further neither made any clear and unequivocal waiver of the right to remove since no ruling has been sought or obtained pertaining to either the Original Answer, Affirmative Defenses or Compulsory Counterclaims of either Defendant. A clear and unequivocal waiver must be shown before the courts will find that the Defendants

waived their right to remove. *Beighley vs. F.D.I.C.*, 868 Fed.2d 776, 782 (Fifth Cir. 1989). The Fifth Circuit has also affirmatively found that the filing of purely defensive pleadings such as an answer containing a General Denial, Affirmative Defense or a Compulsory Counterclaim will **not result in a waiver**, *Beighley* supra, *Miami Herold Publishing vs. Ferre,* 606 Fed. Sup. 122, 124 (S.D.Fla., 1984). Further, moving for the new trial, following the default judgment has also been affirmatively upheld not to waive the Defendant's right to remove. (*Beighley* surpa at 782).

The acts of the Defendants in this case were purely and exclusively defensive in nature showing no clear and unequivocal waiver of their intention to remove and per case law as decided by the Fifth Circuit Court of Appeals there is no waiver on the part of either Defendant to its removal right.

Defendants would pray the court deny the Plaintiff's Motion to Remand.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendants
Hartford Casualty Insurance Company and
Hartford Lloyd's Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER &
MATTHYS, L.L.P.

Mr. Trey Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
(956) 546-7159; FAX: (956) 544-0602

Co-Counsel for Defendants
Hartford Casualty Insurance Company and
Hartford Lloyd's Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on November 5th, 2004, a complete and correct copy of **Defendant Hartford Casualty Insurance Company's and Hartford Lloyd's Insurance Company's Response to Plaintiff Peacock Construction Company's Amended Motion to Remand** was served on each party by delivery to the following attorneys of record in the manner indicated below:

**VIA E-CERTIFIED MAIL**
Mr. Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA
222 West Harrison
P.O. Box 530160
Harlingen, Texas 78550

**VIA E-CERTIFIED MAIL**
Mr. Roger Reed
Mr. Victor M. Carrera
Mr. Alberto L. Guerrero
REED, CARRERA, MCLAIN & GUERRERO, L.L.P.
1 Paseo del Prado, Bld. 101
Edinburg, Texas 78539
Or P.O.Box 9702
McAllen, Texas 78502-9702

**VIA U.S. MAIL**
Mr. Trey Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

F. Edward Barker