FILED \_\_\_\_\_ O'CLOCK \_\_ M
AURORA DE LA GARZA DIST. CLERK
JUN 3 0 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2004-06-003028-G

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY INC. | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 404TH JUDICIAL DISTRICT COURT |
| HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD LLOYDS INSURANCE COMPANY | § § § § | CAMERON COUNTY, TEXAS |

### DEFENDANTS HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD LLOYD'S INSURANCE COMPANY'S FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Hartford Casualty Insurance Company and Hartford Lloyd's Insurance Company, Defendants in the above-styled and numbered cause, without waiving any of their defenses under any contract(s) of insurance in question, and still insisting upon any policy conditions, exclusions and other policy defenses that it may have now or may arise in the future, hereby makes and files this its First Amended Original Answer and Counterclaim for Declaratory Relief, in response to Plaintiff's Original Petition and for such answer would respectfully show unto the Court the following:

1.

## DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES

1.1  Defendant, Hartford Casualty Insurance Company hereby asserts its legal prerogative and demands that Plaintiff be required to prove its allegations by a preponderance of credible evidence as required by law. **Defendant hereby demand a trial by jury.**

1.2.  Defendant, Hartford Casualty Insurance Company, specifically denies that it issued the Contract of Insurance upon which Plaintiff brings its cause of action but would show that such Contract of Insurance was issued by Hartford Lloyd's Insurance Company.

1.3  Hartford Lloyd's Insurance Company would show that it issued the Contract of Insurance all as shown by Exhibit "A" attached hereto and that Hartford Casualty Insurance Company is an improper Party Defendant. Hartford Lloyd's Insurance Company further specifically denies that the Plaintiff has fully complied with all conditions precedent as set out in the policy of insurance and that the Party Plaintiff has fully complied with all conditions precedent as set forth in the policy of insurance under which it makes a claim prior to bringing suit.

1.4  Defendants specifically deny violating any Texas Statute in the handling of Plaintiff's claim and denies neither Defendant is liable for any statutory penalty or attorney's fees.

1.5  In response to Plaintiff's claims for exemplary damages, Defendants state that at no time was it consciously indifferent to Plaintiff's claims, nor was it actually aware of any extreme risk of harm to Plaintiff.

1.6  Pleading in the alternative, this Defendant Hartford Lloyd's Insurance Company would state that no act, omission, conduct or ratification of any vice-principal rose to the level of gross negligence, actual conscious indifference or malice, which would give rise to the imposition of punitive or exemplary damages. This Defendant hereby pleads and invokes the dollar limitations and provisions of Texas law and the Texas Civil Practice & Remedies Code regarding the limitations of recovery of exemplary damages.

1.7  Pleading in the alternative, Defendant Hartford Lloyd's Insurance Company would state that to the extent that Plaintiff has sustained any damages, Plaintiff failed to take timely, proper and reasonable steps to mitigate their damages, if any.

1.8  Pleading in the alternative, Defendant would state that any claims made by Plaintiff is excluded from coverage under the policy of insurance (which is attached as Exhibit "A", and is incorporated fully herein as if set forth verbatim.)

2.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

2.1. Hartford Lloyd's Insurance Company, Defendant/Counter-Plaintiff, petitions this Court pursuant to the Declaratory Judgments Act, Civil Practice and Remedies Code § 37.001 et seq., for a determination regarding the insurance policy at issue in this matter (attached as Exhibit "A",) and a declaration that it has no duty to provide insurance benefits to Counter-Defendant/Plaintiff Peacock Construction Company and in support thereof would show:

2.2 On or about October 23, 2002, Counter-Defendant/Peacock Construction Company was notified that Jose Salazar and Remedios Corral, two employees of its sub-contractor, South Texas Masonry, had been respectively, killed and injured on the job.

2.3 Plaintiff Peacock Construction Company was sued for negligence by Plaintiffs in the underlying suit. Peacock Construction Company claims that through contractual arrangements with South Texas Masonry, it is a co-insured, by and through South Texas Masonry by Hartford and should be able to avail itself of the insurance benefits within the contract of insurance between South Texas Masonry and Hartford Lloyd's Insurance Company.

2.4   Hartford Lloyd's Insurance Company would show that **If** Peacock Construction Company is a co-insured with South Texas Masonry by a construction of the policy, Peacock Construction Company is entitled only to the coverage to which South Texas Masonry is entitled and Hartford Lloyd's Insurance Company is entitled to claim all defenses it has to Peacock's claims as it would have to claims of South Texas Masonry.

2.5   Therefore, Counter-Plaintiff/Defendant Hartford Lloyd's Insurance Company requests that this court make a determination that Plaintiff Peacock Construction Company is precluded from moving forward with its claims.

2.6.  Counter-Plaintiff/Defendant Hartford Lloyd's Insurance Company has retained the firm of Barker, Leon, Fancher & Matthys, L.L.P., to represent Counter-Plaintiff/Defendant in this action and has agreed to pay the firm a reasonable and necessary attorney's fee. An award of reasonable and necessary attorney's fees to the Counter-Plaintiff/Defendant would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

2.7   For these reasons, Counter-Plaintiff/Defendant Hartford Lloyd's Insurance Company requests that on final trial, it have the following relief:

1. Judgment declaring that neither Hartford Casualty Insurance Company nor Hartford Lloyd's Insurance Company has any duty under the facts that exist in this case, to comply with any terms and conditions of policy of insurance policy number 46 SBA NS1014SC :

2. Attorney's fees.

3. Costs of suit.

4. Such other and further relief to which the plaintiff may be justly entitled.

### 3.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants, **HARTFORD CASUALTY INSURANCE COMPANY** and **HARTFORD Lloyd's INSURANCE COMPANY** pray that upon a final hearing hereof, Plaintiff recover nothing of and from either Defendant and that the Court enter a judgment that Defendants go hence without delay with all costs of Court and its reasonable attorney's fees and expenses incurred herein; Further, Defendants request such appropriate relief pursuant to its counterclaim for declaratory judgment, for all such further relief, general, special, legal, and equitable which might be appropriate.

Respectfully submitted,
BARKER, LEON, FANCHER
& MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

_____
F. Edward Barker
State Bar No. 01741000
**ATTORNEYS FOR DEFENDANT
HARTFORD CASUALTY
INSURANCE COMPANY and HARTFORD Lloyd's
INSURANCE COMPANY**

Trey Martinez
Martinez, Barrera & Martinez, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Co-Counsel for Defendants

## VERIFICATION

STATE OF CONNECTICUT §
COUNTY OF HARTFORD §

On this day James L. Fischer personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that he is the duly authorized representative for Defendants Hartford Casualty Insurance Company and Hartford Lloyd's Insurance Company in this action; that he has read the above answer and counterclaim for declaratory judgment and that every statement contained in the answer and counterclaim for declaratory judgment is within his personal knowledge and is true and correct.

_____
Duly authorized representative for
Hartford Casualty Insurance Company
and
Hartford Lloyd's Insurance Company

SUBSCRIBED AND SWORN TO BEFORE ME on June 29, 2004.

_____
NOTARY PUBLIC, IN AND FOR
THE STATE OF CONNECTICUT

RENEE SIOCH
NOTARY PUBLIC
MY COMMISSION EXPIRES 9/30/05

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the 30th day of June, 2004, to all counsel of record as follows:

**VIA E-CERTIFIED MAIL**
Mr. Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA
222 West Harrison
P.O. Box 530160
Harlingen, Texas 78550

F. Edward Barker