

## CAUSE NO. 2003-11-4371-G

*2002*

| | | |
|---|---|---|
| ANGELICA SALAZAR, JULIO CESAR SALAZAR, MARICELA SALAZAR, JOSE GUADALUPE SALAZAR, JR., and OMAR ALEJANDRO SALAZAR, Individually and as heirs and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR, Deceased, and REMEDIOS CORRAL | § § § § § § § § § § § | IN THE DISTRICT COURT |



FILED _1:50_ O'CLOCK _P_ M
AURORA DE LA GARZA, CLERK
MAY 0 4 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

VS.

MARIA GUADALUPE SALAZAR,
INTERVENOR                                    404TH JUDICIAL DISTRICT

VS.

JOSE M. GRACIA and his wife,
ANGELINA GRACIA,
INTERVENORS

VS.

PEACOCK CONSTRUCTION COMPANY
INC., CONSOLIDATED CRAN & RIGGING,
LTD., and CONSOLIDATED CRANE              CAMERON COUNTY, TEXAS
COMPANY, INC.

PEACOCK CONSTRUCTION COMPANY, INC         IN THE DISTRICT COURT OF
Defendant/3rd Party Plaintiff

VS.                                       CAMERON COUNTY, T E X A S

McQUEARY HENRY BOWLES TROY, L.L.P.
and HARTFORD CASUALTY INSURANCE
COMPANY
3rd Party Defendants                      404TH JUDICIAL DISTRICT

### FIRST AMENDED ORIGINAL THIRD - PARTY PETITION

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT:**

COMES NOW PEACOCK CONSTRUCTION COMPANY, INC., 3rd Party Plaintiff, and files

this Original Third-Party Petition complaining of McQUEARY HENRY BOWLES TROY, L.L.P. and

F:\WPDOCS\Peacock\Salazar\amendpet.one.wpd

DEFENDANT'S
EXHIBIT
_A_
tabbies



HARTFORD CASUALTY INSURANCE COMPANY, 3rd Party Defendants (collectively, "Defendants"), and would show:

## DISCOVERY

1.      PEACOCK CONSTRUCTION COMPANY, INC. would show that discovery should be conducted under Discovery Control Plan Level 3 of Tex. R. Civ. P. 190.

## PARTIES

2.      PEACOCK CONSTRUCTION COMPANY, INC. is a Texas corporation whose principal place of business is located in Cameron County, Texas.

3.      McQUEARY HENRY BOWLES TROY, L.L.P. d/b/a McQUEARY & HENRY, INC. defendant **INSURANCE AGENT** ("AGENT") is a Texas corporation doing business in Harris County, Texas. AGENT may be served with process via its registered agent, Bill Henry, 12700 Park Central Drive, Suite 1700, Dallas, Texas 75251.

4.      HARTFORD CASUALTY INSURANCE CO., Defendant **INSURANCE COMPANY** is incorporated in and licensed to do insurance business in Texas. **INSURANCE COMPANY** has failed to designate an attorney for service and thus process may be served upon its registered agent of service **C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201 by certified mail return receipt.** During all or a portion of the relevant time period, Defendant AGENT was an appointed agent for **INSURANCE COMPANY.**

5.      Defendants are "persons", as defined in Texas Insurance Code, Art. 21.21, §2 (a), engaged in the business of insurance.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over Defendants because they either reside in Texas or are doing business in Texas.



7.      The Court has jurisdiction over the subject matter because Plaintiffs' damages exceed the minimum jurisdictional limits of the Court.

8.      Venue is proper in Cameron County, Texas, because the insured property made the basis of this action was located in Cameron County, Texas under Tex.Civ.Pract. & Rem. Code §15.032.

### NATURE OF THE CASE

9.      PEACOCK CONSTRUCTION COMPANY, INC. operates a business known as Peacock Construction Company, Inc.

10.     PEACOCK CONSTRUCTION COMPANY, INC. began to enter into contracts with SOUTH TEXAS MASONRY (INSURED) under which SOUTH TEXAS MASONRY was required to obtain policies of liability insurance under which PEACOCK CONSTRUCTION COMPANY, INC. would be named as an additional insured.

11.     Defendant, McQUEARY & HENRY, INC. served as INSURED's insurance agent in 2001 and 2002, and marketed, sold, and charged commisions to INSURED for a policy of general liability insurance issued by INSURER, HARTFORD INSURANCE COMPANY (hereafter, the POLICY).

12.     In 2001, INSURED notified AGENT of its subcontract with THIRD PARTY Plaintiff and asked AGENT to issue a certificate of INSURED'S insurance policies, including the Policy, to THIRD PARTY Plaintiff. AGENT sent to THIRD PARTY Plaintiff the certificate of INSURED'S insurance policies attached as Exhibit "1", which affirmatively states that THIRD PARTY Plaintiff is an additional insured on the Policy issued by INSURER.

13.     THIRD PARTY Plaintiff relied upon AGENT to confirm that INSURED maintained sufficient levels of liability insurance coverage for its business and operations. THIRD PARTY Plaintiff reasonably expected that all information furnished by AGENT to THIRD PARTY Plaintiff

 

regarding liability insurance coverage would be accurate and correct. In reliance upon AGENT and INSURER's representation that THIRD PARTY Plaintiff was an additional insured on the Policy issued by INSURER, THIRD PARTY Plaintiff allowed INSURED to conduct operations on the Project.

14.    On October 23, 2002, employees of South Texas Masonry were performing work in furtherance of their subcontract with Peacock Construction Company, Inc. on the Las Dunas Condominium project in Cameron County, Texas. While the crane was lowering a load of steel rebar from the roof of the project to the ground, the crane boom failed, causing the load to fall onto Jose Salazar and Remedios Corral. Salazar was killed, and Corral was injured.

15.    Angelica Salazar, as widow of Jose Guadalupe Salazar, Sr., and her children, and Remedios Corral have filed an Original Petition and four Amended Petitions against Peacock Construction Company, Inc. in this action. The Petition alleges that the incident arises out of the work of Peacock Construction Company, Inc. and South Texas Masonry, Inc. The Petition alleges that Peacock was negligent and negligent per se in exercising control over the movement of the load by the crane. The Petition seeks damages for bodily injury sustained by Plaintiffs which are covered under the Policy.

16.    THIRD PARTY Plaintiff timely sent notice of the LAWSUIT to INSURER, and demanded that INSURER immediately acknowledge that THIRD PARTY Plaintiff was an additional insured on the Policy, and provide a defense against the LAWSUIT. INSURER has refused to defend THIRD PARTY Plaintiff, and has advised THIRD PARTY Plaintiff that it is not an insured on the POLICY.

17.    All conditions precedent to Defendants' liability to THIRD PARTY Plaintiff have been satisfied by THIRD PARTY Plaintiff. Alternatively, such conditions have been waived by Defendants,

F:\WPDOCS\Peacock\Salazar\amendpet.one.wpd                    4

 

or Defendants' conduct estops them from asserting any such conditions precedent as a defense.

## AGENCY/RESPONDEAT SUPERIOR

18.    At all relevant times, BILL HENRY was an officer, principal, employee, and/or representative of **AGENT**. As such, BILL HENRY was the actual, apparent, and/or ostensible agents for **AGENT**. Furthermore, in 2002, **AGENT** was an insurance agency with actual and/or apparent authority to place and sell insurance policies for **INSURER**. As such, **AGENT** was the actual, apparent and/or ostensible agents of **INSURER**.

19.    At all relevant times, BILL HENRY was working in the course and scope of his employment with AGENT and was operating at their direction and/or in the furtherance of their interests or business. Therefore, the acts and omissions of BILL HENRY may be imputed to **AGENT**, such that these Defendants are liable for Plaintiffs' damages pursuant to the doctrine of respondeat superior.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

20.    Defendant **INSURER** has breached the terms of the Policy by failing to provide coverage and/or failing to defend Plaintiff against the Lawsuit, resulting in damages to Plaintiffs.

## SECOND CAUSE OF ACTION
## REFORMATION OF CONTRACT

21.    In the alternative, and without waiving the foregoing, if it is determined that the insurance policy as issued by **INSURER** fails to provide coverage for the lawsuit against THIRD PARTY Plaintiff, then THIRD PARTY Plaintiff would show that the terms of the policy as issued are the result of a mutual mistake in such policy. Plaintiffs therefore move to have the insurance policy as issued by **INSURER** reformed to cover THIRD PARTY Plaintiff's costs of defense and any liabilities for the LAWSUIT.

 

## THIRD CAUSE OF ACTION
## PROMISSORY ESTOPPEL

22.     To induce THIRD-PARTY Plaintiff to continue to permit INSURED TO work on the project as a contractor for THIRD-PARTY Plaintiff, and to keep paying amounts to INSURED, Defendant AGENT represented to THIRD-PARTY Plaintiff that INSURED maintained liability insurance coverage that would also cover THIRD-PARTY Plaintiff as an additional insured against liabilities arising out of INSURED'S operations. It was foreseeable to Defendants that at the time they made their promises and representations to Plaintiffs that they would rely upon such promises and representations. Since Defendants have failed to make defend THIRD-PARTY Plaintiff against the Lawsuit, Plaintiffs substantially relied upon these promises and representations to their detriment.

## FOURTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES

23.     THIRD-PARTY Plaintiff is a business consumer as that term is defined in §17.45(4) and (10) of the Texas Business and Commerce Code. Defendants engaged in false, misleading, and deceptive acts and practices prohibited by DTPA §§ 17.50 (a) (1) - (4). These practices are producing causes of THIRD-PARTY Plaintiffs' actual damages.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF TEXAS INSURANCE CODE

24.     Defendants engaged in unfair and deceptive acts and practices in the business of insurance, in violation of Texas Insurance Code Article 21.21 §4 (which prohibits making any statements representing the terms of any policy issued or to be issued) and in other unfair insurance practices in violation of article 21.21 of the Texas Insurance Code, and the statutes, rules and regulations incorporated by those provisions. These unfair practices are producing causes of THIRD-PARTY Plaintiffs' actual damages.

F:\WPDOCS\Peacock\Salazar\amendpet.one.wpd

6

25.   Further, and in the alternative, Defendant **INSURER** is an insurer as that term is defined in article 21.55 §1(4) of the Texas Insurance Code.  Defendant **INSURER** failed to pay all sums due to Plaintiffs under its insurance policy within the time limits specified by article 21.55 of the Texas Insurance Code.  Defendant **INSURER'S** failure to comply subjects it to liability to Plaintiffs for interest as provided in article 21.55 §6 of the Texas Insurance Code.

### SIXTH CAUSE OF ACTION
### NEGLIGENCE

26.   In the alternative, and if it is determined that the Policy fails to provide liability insurance coverage that also covers THIRD-PARTY Plaintiff as an additional insured against liabilities arising out of INSURED'S operations, then Defendant **AGENT** breached their duty to Plaintiffs to make only truthful representations regarding the liability insurance coverage maintained by INSURED, and to not misrepresent that such policies also cover THIRD-PARTY Plaintiff as an additional insured against liabilities arising out of INSURED'S operations.

### ACTUAL DAMAGES

27.   Defendants' acts were producing and proximate causes of the actual damages suffered by Plaintiffs for an amount in excess of the minimum jurisdictional limits of this Court.

### ADDITIONAL AND PUNITIVE DAMAGES

28.   Defendant INSURER's actions in failing to properly investigate and defend the Lawsuit against Plaintiff were done "knowingly" as that term is used in the Texas Insurance Code. Further, Defendant INSURER is liable the actions of its AGENT in making the statements misrepresenting the terms of the policy and in other unfair insurance practices in violation of article 21.21 of the Texas Insurance Code. Therefore, Plaintiff seeks an award of additional damages from INSURER in an amount of up to three times the actual damages suffered by Plaintiff.



29.    Defendant AGENT'S actions in making the statements misrepresenting the terms of the policy and in other unfair insurance practices in violation of article 21.21 of the Texas Insurance Code were done "knowingly" as that term is used in the Texas Insurance Code. Therefore, Plaintiff seeks an award of additional damages from AGENT in an amount of up to three times the actual damages suffered by Plaintiff.

## ATTORNEYS' FEES

30.    Plaintiffs are entitled to reasonable and necessary attorneys' fees from Defendants pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009 and 38.001(8); Tex. Ins. Code Ann., Article 21.21, §16; and DTPA § 17.50. Defendant **INSURER** is also liable to Plaintiffs for attorneys' fees as provided in article 21.55 §6 of the Texas Insurance Code.

**WHEREFORE,** Plaintiffs respectfully pray that Defendants be cited to appear and answer herein and that upon final trial, Plaintiffs have judgment against Defendants, jointly and severally, for the full amount of their actual damages, pre-judgment interest and post-judgment interest at the maximum amount legal rate to begin accruing at the earliest available time, all damages as set forth above in excess of the minimum jurisdictional limits of this Court, Court costs, and all and such other relief, both general and specific, legal and equitable, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA**
222 West Harrison
Harlingen, TX 78550
Phone (956) 412-8200
Fax   (956) 412-8282

By _____
     RUBEN R. PEÑA
     State Bar No. 15740900

**ATTORNEYS FOR PLAINTIFFS**



**Law Offices**
of
**Rubén R. Peña P.C.**

June 4, 2004

FILED ___6___ O'CLOCK ___ M
AURORA DE LA GARZA, CLERK

JUN 0 7 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Mrs. Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

> Re:   Cause No. 2002-11-4371-G;
>       *Angelica Salazar, et al. v. Peacock Construction Company, Inc., et al.*

Dear Mrs. De La Garza:

On May 4, 2004, Third Party Plaintiff filed it First Amended Original Third-Party Petition in which we inadvertently failed to attach Exhibit 1 to the petition. Enclosed is the Exhibit 1 which we'd ask that you please attach to the First Amended Original Third-Party Petition.

Thank you for your assistance and apologize for any inconvenience this may have caused.

With kindest regards, I remain

Very truly yours,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**

**RUBEN R. PEÑA**

RRP:nez
Encls.

*222 W. Harrison  Harlingen, TX 78550   P.O. Box 530160*
*(956) 412-8200  1-800-807-1879   Fax (956) 412-8282   Riolaw1@aol.com*
*Plaza 700, 700 Paredes Ave., Brownsville, TX 78520 (956) 544-6000  Riolaw2@aol.com*

Attn: Irene Garcia
Page 2
May 4, 2004

cc:

| | | |
|---|---|---|
| John R. Lyde<br>Brin & Brin, P.C.<br>123 West McIntyre<br>Courthouse Square Suites<br>Edinburg, Texas 78541<br>Fax: 956-381-0725 | *Charles Willette, Jr.*<br>*Willette & Guerra, LLP*<br>*1534 East 5th St., Suite 200*<br>*Brownsville, Texas 78520*<br>*Fax: 956-686-5913*<br>*Counsel for Consolidated Crane* | *Roger Reed*<br>*Alberto Guerrero*<br>*Reed, Carrera & McLain, LLP*<br>*1 Paseo Del Prado, Bldg. 101*<br>*Edinburg, Texas 78539*<br>*Fax: 956-631-9187*<br>*Counsel for Salazar Plaintiffs* |
| David Lumber<br>Guerra & Moore, Ltd., LLP<br>4201 N. McColl Road<br>McAllen, Texas 78504<br>Fax: 956-686-4200<br>*Attorney for plaintiff-intervenor*<br>*Maria Guadalupe Salazar* | Linda Daniels<br>2824 Nacogdoches Road<br>San Antonio, Texas 78217<br>Fax: 210-824-4585<br>*Attorney for Plaintiff-intervenor*<br>*Jose M. and Angelina Graica* | Jesus Enrique Tirrez<br>Jesus Enrique Tirrez & Assoc.<br>1301 S. IH 35, Suite 307<br>Austin, Texas 78741<br>Fax: 512-275-0075<br>*Attorney for plaintiff-intervenor* |
| Cary Toland<br>Charles Sweetman<br>Sweetman, Skaggs & Lawler<br>855 E. Harrison<br>Brownsville, Texas 78520<br>Fax: 956-541-2117<br>*Attorney for Peacock Construction*<br>*Co.* | Paul K. Nesbitt<br>Kelly, Sutter & Kendrick, P.C.<br>3050 Post Oak Blvd., Suite 200<br>Houston, Texas 77056<br>Fax: 713-595-6001<br>Tel.: 713-595-6000<br>*Attorney for First Mercury Ins. Co.*<br>*and Clarendon America Ins. Co.* | David S. Dunn<br>Dunn, Weathered, Coffey<br>Rivera & Kasperitis, LLP<br>611 S. Upper Broadway<br>Corpus Christi, Texas 78401<br>Fax: 361-883-1599<br>*Attorney for South Texas Masonry* |
| Jeffrey D. Roerig<br>Roerig, Oliveira & Fisher, LLP<br>855 W. Price Road, Suite 9<br>Brownsville, Texas 78520<br>Fax: 956-542-0016<br>*Attorntey for Hughston Ins. Agency* | William E. Reid<br>Reid & Associates<br>Providence Towers, Ste. 255 W<br>Dallas, TX 75244<br>*Attorney for Intervenor Dallas Fire*<br>*Ins. Co.* | Jeffry O'Dea<br>James Mount<br>Burt, Barr & L'Dea, LLP<br>5300 Memorial, Suite 375<br>Houston, Texas 77007<br>Fax: 713-655-8383<br>*Counsel for Consolidated Crane* |
| Ed Barker<br>Barker, Leon, Fanshser & Matthys<br>555 North Carancahua, Ste. 1200<br>Corpus Christi, Texas 78478 | | |

**ACORD CERTIFICATE OF LIABILITY INSURANCE**

DATE (MM/DD/YY) 01/25/02

PRODUCER
Mcqueary Henry Bowles Troy SA
16607 Blanco Road
Suite 904
San Antonio, TX 78232

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

INSURERS AFFORDING COVERAGE

INSURED
South Texas Masonry
Baldemar Salazar
805 E. Business
Pharr, TX 78577

INSURER A: Hartford Casualty Insurance Co.
INSURER B:
INSURER C:
INSURER D:
INSURER E:

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE | LIMITS | |
|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS MADE [X] OCCUR | TBD | 12/01/01 | 12/01/02 | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $300,000 |
| | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [ ] POLICY [ ] PROJECT [ ] LOC | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | PRODUCTS-COMP/OP AGG | $2,000,000 |
| | AUTOMOBILE LIABILITY [ ] ANY AUTO [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS [ ] HIRED AUTOS [ ] NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | GARAGE LIABILITY [ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | $ |
| | EXCESS LIABILITY [ ] OCCUR [ ] CLAIMS MADE [ ] DEDUCTIBLE [ ] RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | AGGREGATE | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | | | | [ ] WC STATU-TORY LIMITS [ ] OTHER | |
| | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | OTHER | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS
Peacock Construction Company, Inc. is named as Additional Insured.
Waiver of Subrogation in favor Additional Insured.
Project: Las Donas Condominiums, 4212 Golf Boulevard,
South Padre Island, Texas

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Peacock Construction Company, Inc. Attn: Elisa Jennings P.O. Box 530098 Harlingen, TX 78553 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |

ACORD 25-S (7/97) 1 of 2 #M36221    TLC    © ACORD CORPORATION 1988