CAUSE NO. 2002-11-4371-G

| | | |
|---|---|---|
| ANGELICA SALAZAR, JULIO CESAR SALAZAR, MARICELA SALAZAR, JOSE GUADALUPE SALAZAR, JR., AND OMAR ALEJANDRO SALAZAR, INDIVIDUALLY AND AS HEIRS ON BEHALF OF THE ESTATE OF JOSE GUADALUPE SALAZAR, DECEASED, AND REMEDIOS CORRAL | § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | § | |
| MARIA GUADALUPE SALAZAR, INTERVENOR | § § § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| JOSE M. GRACIA AND HIS WIFE, ANGELINA GRACIA, INTERVENORS | § § § | |
| VS. | § | |
| PEACOCK CONSTRUCTION COMPANY INC., CONSOLIDATED CRANE & RIGGING, LTD., AND CONSOLIDATED CRANE COMPANY, INC. | § § § § § | |
| VS. | § | |
| PEACOCK CONSTRUCTION COMPANY, INC., DEFENDANT/3RD PARTY PLAINTIFF | § § § | |
| VS. | § | |
| MCQUEARY HENRY BOWLES TROY, L.L.P., AND HARTFORD CASUALTY INSURANCE COMPANY 3RD PARTY DEFENDANTS | § § § § | |

FILED JUN 0 3 2004
AURORA DE LA GARZA, CLERK
404TH JUDICIAL DISTRICT
DISTRICT COURT OF CAMERON COUNTY, TEXAS

## THIRD PARTY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF

*Third Party Defendant Hartford Casualty Insurance Company's Original Answer and Counterclaim for Declaratory Relief*



DEFENDANT'S EXHIBIT C

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Hartford Casualty Insurance Company, Third Party Defendant in the above-styled and numbered cause, without waiving any of its defenses under any contract(s) of insurance in question, and still insisting upon any policy conditions, exclusions and other policy defenses that it may have now or may arise in the future, hereby makes and files this its Original Answer and Counterclaim for Declaratory Relief, in response to Plaintiffs' Third Party Original Petition and for such answer would respectfully show unto the Court the following:

### 1.

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1.1   Third Party Defendant, Hartford Casualty Insurance Company hereby asserts its legal prerogative and demands that Third Party Plaintiffs be required to prove their allegations by a preponderance of credible evidence as required by law. **Third Party Defendant hereby demands a trial by jury.**

1.2.  Third Party Defendant, Hartford Casualty Insurance Company, specifically denies that the third Party Plaintiffs have fully complied with all conditions precedent as set forth in the policy of insurance under which they make claim prior to bringing suit.

1.3   Third Party Defendant specifically denies violating any Texas Statute in the handling of Third Party Plaintiffs' claim and denies it is liable for any statutory penalty or attorney's fees.

1.4   In response to Third Party Plaintiffs' claims for exemplary damages, Third Party Defendant states that at no time was it consciously indifferent to Third Party Plaintiffs' claims, nor was it actually aware of any extreme risk of harm to Plaintiffs.

1.5   Pleading in the alternative, this Third Party Defendant would state that no act, omission, conduct or ratification of any vice-principal rose to the level of gross negligence, actual conscious indifference or malice, which would give rise to the imposition of punitive or exemplary damages. This Third Party Defendant hereby pleads and invokes the dollar limitations and provisions of Texas law and the Texas Civil Practice & Remedies Code regarding the limitations of recovery of exemplary damages.

1.6   Pleading in the alternative, Third Party Defendant would state that to the extent that Third Party Plaintiffs have sustained any damages, Third Party Plaintiffs failed to take timely, proper and reasonable steps to mitigate their damages, if any.

1.7   Pleading in the alternative, Third Party Defendant would state that any claims made by Third Party Plaintiffs are excluded from coverage under the policy of insurance (which is attached as Exhibit "A", and is incorporated fully herein as if set forth verbatim.)

2.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

2.1. Hartford Casualty Insurance Company, Third Party Defendant/Counter-Plaintiff, petitions this Court pursuant to the Declaratory Judgments Act, Civil Practice and Remedies Code § 37.001 et seq., for a determination regarding the insurance policy at issue in this matter (attached as Exhibit "A",) and a declaration that it has no duty to provide insurance benefits to Counter-Defendants/Third Party Plaintiff Peacock Construction Company and in support thereof would show:

2.2 On or about October 23, 2002, Counter-Defendants/Third Plaintiff Peacock Construction Company was notified that Jose Salazar and Remedios Corral, two employees of its sub-contractor, South Texas Masonry, had been respectively, killed and injured on the job.

2.3 Third Party Plaintiff Peacock Construction Company was sued for negligence by Plaintiffs in the underlying suit. Peacock Construction Company claims that through contractual arrangements with South Texas Masonry, it is a co-insured, by and through South Texas Masonry by Hartford and should be able to avail itself of the insurance benefits within the contact of insurance between South Texas Masonry and Hartford Casualty Insurance Company.

2.4  Hartford Casualty Insurance Company would show that **If** Peacock Construction Company is a co-insured with South Texas Masonry by a construction of the policy, Peacock Construction Company is entitled only to the coverage to which South Texas Masonry is entitled and Hartford Casualty Insurance Company is entitled to claim all defenses it has to Peacock's claims as it would have to claims of South Texas Masonry.

2.5  Therefore, Counter-Plaintiff/Third Party Defendant Hartford Casualty Insurance Company requests that this court make a determination that third Party Plaintiff Peacock Construction Company is precluded from moving forward with its claims.

2.6.  Counter-Plaintiff/Third Party Defendant Hartford Casualty Insurance Company has retained the firm of Barker, Leon, Fancher & Matthys, L.L.P., to represent Counter-Plaintiff/Third Party Third Party Defendant in this action and has agreed to pay the firm a reasonable and necessary attorney's fee. An award of reasonable and necessary attorney's fees to the Counter-Plaintiff/Third Party Third Party Defendant would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

2.7  For these reasons, Counter-Plaintiff/Third Party Third Party Defendant Hartford Casualty Insurance Company requests that on final trial, it have the following relief:

1. Judgment declaring that Hartford Casualty Insurance Company has no duty under the facts that exist in this case, to comply with any terms and conditions of policy of insurance policy number 46 SBA NS1014SC :

2. Attorney's fees.

3. Costs of suit.

4. Such other and further relief to which the plaintiff may be justly entitled.

3.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Third Party Defendant, **HARTFORD CASUALTY INSURANCE COMPANY** prays that upon a final hearing hereof, Third Party Plaintiffs recover nothing of and from Third Party Defendant and that the Court enter a judgment that Third Party Defendant go hence without delay with all costs of Court and its reasonable attorney's fees and expenses incurred herein; Further, Third Party Defendant requests such appropriate relief pursuant to its counterclaim for declaratory judgment, for all such further relief, general, special, legal, and equitable which might be appropriate.

Respectfully submitted,
**BARKER, LEON, FANCHER & MATTHYS, L.L.P.**
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

F. Edward Barker
State Bar No. 01741000
ATTORNEYS FOR DEFENDANT
HARTFORD CASUALTY
INSURANCE COMPANY

Trey Martinez
Martinez, Barrera & Martinez, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Co-Counsel for Defendants

# VERIFICATION

STATE OF TEXAS §
COUNTY OF _____ §

On this day **NANCY KNECH** personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that **NANCY KNECH** is the duly authorized representative for Third Party Defendant Hartford Casualty Insurance Company in this action; that **NANCY KNECH** has read the above answer and counterclaim for declaratory judgment and that every statement contained in the answer and counterclaim for declaratory judgment is within **her** personal knowledge and is true and correct.

_____
Claim Service Consultant
Duly authorized representative for
Hartford Casualty Insurance Company

SUBSCRIBED AND SWORN TO BEFORE ME on **May 28**, 2004

_____
NOTARY PUBLIC, IN AND FOR
THE STATE OF TEXAS

JILL A. VANDYGRIFF
Notary Public, State of Texas
My Commission Expires
OCTOBER 6, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the 1st day of June, 2004, to all counsel of record as follows:

**VIA E-CERTIFIED MAIL**
Mr. Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA
222 West Harrison
P.O. Box 530160
Harlingen, Texas 78550

_____
F. Edward Barker