## RELEASE AND SETTLEMENT AGREEMENT

STATE OF TEXAS    §
          §
COUNTY OF <u>Hidalgo</u>  §

  This Release and Settlement Agreement (hereinafter, the "Agreement") is entered into between Angelica SALAZAR, Julio Cesar SALAZAR, Jose Guadalupe SALAZAR, Jr., Omar SALAZAR, and Maricela SALAZAR, individually and as heirs and on behalf OF THE ESTATE OF JOSE GUADALUPE SALAZAR, deceased (hereinafter, the "Salazar Plaintiffs"), and Remedios CORRAL,[1] on the one hand, and PEACOCK CONSTRUCTION COMPANY, WILLIAM T. PEACOCK, JR., HAL WYRICK, CLARENDON AMERICA INSURANCE COMPANY, FIRST MERCURY INSURANCE COMPANY, and UNITED NATIONAL INSURANCE COMPANY (hereinafter, the "Released Parties"), on the other hand.

  The Agreement stems from an incident that occurred on October 23, 2002, in which Jose Guadalupe Salazar, the Salazar Plaintiffs' decedent, was injured and killed and Remedios Corral was injured at a construction site on South Padre Island, Texas (hereinafter, the "Incident"). As a result of the Incident, the Plaintiffs filed suit in Cause No. 2003-11-4371-G in the 404th Judicial District Court of Cameron County, Texas, in which they asserted wrongful death and survival and personal injury claims against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick, among other defendants (hereinafter, the "Lawsuit"). Clarendon America Insurance Company, First Mercury Insurance Company and United National Insurance Company are the

---

  [1] Except where specified, the term "Plaintiffs" herein shall refer collectively to the Salazar Plaintiffs and to Remedios Corral.

DEFENDANT'S EXHIBIT

insurers for Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick with respect to the Incident and the Lawsuit.

In the Lawsuit, Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick have asserted third-party claims against the HARTFORD CASUALTY INSURANCE COMPANY hereinafter ("Hartford") and McQUEARY HENRY BOWLES TROY, L.L.P. (hereinafter, "McQueary") arising out of Hartford's failure to defend and indemnify Peacock Construction Company with respect to the Plaintiffs claims against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick in the Lawsuit. These third-party claims of Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick in the Lawsuit shall be referred to hereinafter as the "Peacock Third-Party Claims."

## Warranties

The Plaintiffs expressly warrant and represent to the Released Parties that:

(1)   they are legally competent to execute this Agreement;

(2)   they are the owners of the claims being released in this Agreement, and have not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, in whole or in part, any right, title, interest, claim, or cause of action which they may have had or may in the future have as a result of the Incident, except to their attorneys, REED, CARRERA & McLAIN, L.L.P.;

(3)   the parties released herein are the Released Parties (as set forth on Page 2 herein), including their employees, agents, representatives, stockholders, officers, directors, and successors, together with the parent, subsidiary, professional corporations or associations, and all affiliated entities of any of the above persons and entities, and all the respective officers, directors, shareholders, agents, servants, and employees (whether established directly, ostensibly, or through estoppel), executors, administrators, assigns, representatives, principals, underwriters, sureties, insurers (primary, excess, and umbrella), re-insurers, adjustors, attorneys, successors, associates, and partners of all of the above, who may or might hereafter become liable thereon, and all others for whom it may be vicariously or otherwise liable;

(4)    before executing and delivering this Agreement, the Plaintiffs have had the opportunity to obtain the advice of attorneys of their own choosing and Plaintiffs are fully satisfied with the advice that they have received;

(5)    the Plaintiffs are aware of the claims that may be asserted in their individual and representative capacities as a result of the Incident;

(6)    no promise, inducement, or representation of any kind has been offered or made to the Plaintiffs by the Released Parties or by anyone acting on behalf of the Released Parties except as is expressly stated in this Agreement, and that this Agreement is executed without reliance on the representations of any other party or their agent except as herein set forth;

(7)    the Plaintiffs fully understand that this is a full, complete, and final release, and that the sums of money described in this Agreement is all the money that is ever to be paid to the Plaintiffs by the Released Parties as a result of the Incident;

(8)    all medical bills or liens from any hospital, physician, health care provider, other practitioner of the healing arts, insurance company, attorney, insurer, or the United States of America or any political subdivision thereof, that might otherwise have a claim to any money received in settlement of the Lawsuit have been or will be paid in full;

(9)    the terms, provisions, covenants, and conditions contained in this Agreement shall be a full and binding release and complete settlement between the parties to this Agreement and shall apply to and inure to the benefit of and be binding upon the parties hereto and their respective successors in interest and legal representatives, heirs, executors, administrators, successors and assigns forever, except as otherwise herein expressly provided;

(10)    other than the Salazar Plaintiffs and intervenor Maria Guadalupe SALAZAR, there are no other heirs, beneficiaries, successors, devisees, executors, administrators, assignees, spouses, former spouses, attorneys, former attorneys, representatives, or any other person who are entitled to bring suit by, through, or under them as a result of the death of Jose Guadalupe Salazar in the Incident;

(11)    they have been fully informed and have full knowledge of the terms, conditions, and effects of this Agreement; and

(12)    they have, either personally or through their attorneys, fully investigated to their satisfaction all of the facts at issue in the Lawsuit and are satisfied with the terms and effects of this Agreement.

In addition, by his signature, the attorney signing this Agreement acknowledges that he has explained the contents of this Agreement to the Plaintiffs.

## Compromise of Meritorious Claims

In the Lawsuit, the Plaintiffs contend that the Incident and the death of Jose Guadalupe Salazar and the injuries to Remedios Corral occurred in part because of the negligence of Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick. The merit of the Plaintiffs' claims against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick is undisputed, and the monetary damages to which the Plaintiffs are entitled and which likely would be awarded by a jury were the Lawsuit tried would far exceed the assets of Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick, and their available insurance, thereby jeopardizing the future viability of the Peacock Construction Company. Therefore, because of Hartford's failure to defend and indemnify Peacock Construction Company as set forth in the Peacock Third-Party Claims, and in order to preserve the viability of the Peacock Construction Company, the Plaintiffs and the Released Parties have entered into this Agreement.

## Full Releases

The Plaintiffs understand and intend that this Agreement constitute a full and final settlement and release of any and all claims, demands, rights, liabilities, obligations, actual or punitive damages, and causes of action of whatsoever nature which the Plaintiffs have or may have, for themselves or in a representative capacity or otherwise, as a result of the Incident. Therefore, the Plaintiffs do hereby completely RELEASE, QUITCLAIM, ACQUIT,

DISCHARGE, and agree to HOLD FOREVER HARMLESS the Released Parties (as set for on Page 2 herein) and their employees, agents, representatives, stockholders, officers, directors, and successors, from any and all claims, demands, rights, liabilities, obligations, cross-actions, third-party actions, actions in intervention, actions for contribution, indemnification or other liability of any kind, actual or punitive damages, and causes of action of whatsoever nature, whether asserted or unasserted, in contract or tort, constitutional law, common law, by statute (including but not limited to the Texas Deceptive Trade Practices - Consumer Protection Act or any similar federal statute), based on negligence, negligence per se, vicarious liability or ostensible agency, gross negligence, any intentional tort, breach of warranty, or any other theory of recovery, known or unknown, direct or indirect, accrued or unaccrued, matured or unmatured, contingent or absolute (including, but not limited to wrongful death or survivor claims), past, present, or future, arising out of the Incident, all more particularly described in the pleadings on file in the Lawsuit; it being intended to release all claims of any kind which the Plaintiffs have or may have against the Released Parties and their employees, agents, representatives, stockholders, officers, directors, and successors whether asserted in the Lawsuit or not.

## Consideration

As consideration for the releases in this Agreement, the Released Parties and their employees, agents, representatives, stockholders, officers, directors, and successors hereby agree to pay to the Salazar Plaintiffs and their attorneys, REED, CARRERA & McLAIN, L.L.P., the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS AND 00/100 ($1,500,000.00),

and to Remedios Corral and his attorneys, REED, CARRERA & MCLAIN, L.L.P., the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 ($150,000.00), the receipt and sufficiency of which is hereby acknowledged, and the Plaintiffs have executed and delivered this Agreement in acceptance of the settlement terms as contained herein. As further consideration for the releases in this Agreement, the Released Parties by separate instrument agree to assign to the Plaintiffs and to their co-plaintiffs in the Lawsuit: (1) all of the Released Parties' claims, including the Peacock Third-Party Claims and any claims for equitable subrogation, against Hartford and McQueary; (2) all of Peacock's rights and interest under any judgment rendered against Hartford and/or McQueary and in favor of Peacock on or before the date of such assignment ; and (3) all of Peacock's claims for indemnity (save for and except Peacock's claims for attorney's fees and expenses, as set forth below), whether contractual or otherwise and whether asserted or not, against South Texas Masonry arising out of the Incident; *provided*, however, that the Released Parties shall retain and not assign their claim or their rights, including under any judgment, against Hartford and/or McQueary and/or South Texas Masonry for their attorney's fees and litigation expenses incurred in connection with the Lawsuit. Furthermore, the Released Parties agree to cooperate with the Plaintiffs with respect to the continued prosecution of the assigned claims.

## Indemnity

As part of the consideration for the payment by the Released Parties to the Plaintiffs of the above-specified sums, the Plaintiffs contract and agree to indemnify, save and hold harmless the Released Parties from:

Page 7 of 17

(1)   any and all claims, demands, actions, damages, remedies, interest, penalties, expenses, debts, liabilities, causes of action, and controversies of whatsoever nature, kind, or character, including without limitation, all court costs, legal expenses, and attorney's fees which have been or which may hereafter be incurred by or awarded against the Released Parties as a result of any claim or cause of action which may be asserted by any person, partnership, corporation, or other entity whatsoever claiming by, through, or under the Plaintiffs;

(2)   the full amounts of any and all outstanding expenses, costs, claims, bills, subrogation interests, and liens of every kind and nature, including but not limited to, statutory and common law liens or tax liens filed by or owing to any person, firm, company, organization, state or federal agency, including, but not being limited to health care providers, mental health care providers, attorneys, Medicaid, Medicare, or any other private or governmental agency, entity or corporation, that are at the present time, or may any time in the future be asserted, brought, made, filed, or claimed by, through, or under any of the Plaintiffs, including without limitation, all court costs, legal expenses, and attorneys' fees incurred in connection with same, against the Released Parties arising out of or in any way related to the Incident or the Lawsuit;

The releases and indemnities stated in this Agreement are specifically intended to operate and be applicable even if it is alleged or proved that all or some of the Plaintiffs' damages arising out of the Incident were caused in whole or in part by any act, omission, negligence or gross negligence of Peacock Construction Company, William T. Peacock, Jr., or Hal Wyrick.

## Dismissal of the Lawsuit against the Released Parties

As further consideration for the payment by the Released Parties to the Plaintiffs of the above-specified sums, the Plaintiffs will file a Motion to Dismiss with Prejudice all of the claims which they have asserted against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick in the Lawsuit and will present to the Court for entry an Order dismissing with prejudice all of such claims in the Lawsuit. However, such Motion to Dismiss will not encompass the Peacock Third-Party Claims or any cross-claims by Peacock against South Texas Masonry or Consolidated Crane Company, Inc.

## Confidentiality

The parties mutually agree that insofar as this provision does not violate any rule of law, neither they nor their attorneys nor representatives shall reveal to anyone, other than those persons mutually agreed to in writing or otherwise ordered by the Court to give force and effect to the terms of this Agreement, any of the terms of this Agreement, including the sums payable to the Plaintiffs, to any legal associations, the press or the print media, or release or publish such information in any medium, including but not limited to newspapers, magazines, journals, advertisements, and legal periodicals. However, this provision shall not preclude the Plaintiffs from disclosing the sums payable to them under this Agreement to any taxing entity or to any attorney or financial planner or tax professional with whom they may consult for professional advice. Furthermore, this provision shall not preclude the disclosure of this Agreement or the terms of this Agreement to the Court, to counsel, or to the opposing parties in connection with the continued prosecution of the Peacock Third-Party claims.

## Tax Consequences

The Plaintiffs and their attorneys acknowledge that they have not relied upon any representations, express or implied, by the Released Parties as to the tax consequences, if any, of this Agreement, and that the Plaintiffs hereby release the Released Parties and their employees, agents, representatives, stockholders, officers, directors, and successors from any and all liability in connection with such tax consequences, if any.

## Miscellaneous Provisions

As used in this Agreement, whenever the context so indicates, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others.

The Released Parties herein acknowledge that the terms of this Agreement are contractual and not a mere recital. Further, this Agreement and the separate assignments referenced herein express the entire agreement between the parties concerning the subjects it purports to cover and cannot be amended or modified except by written agreement by the parties. No oral representations of any person shall operate to vary the terms of this Agreement.

No waiver or default of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver or default of any other provision, whether or not similar, nor shall any waiver or default constitute a continuing waiver or default. No waiver of any term of this Agreement shall be valid unless it is in writing and is signed by the Plaintiffs.

If, at any time, any part of this Agreement is found or held to be void, invalid, inapplicable, illegal, or unenforceable by a Court of competent jurisdiction, the remaining provisions of this Agreement shall nevertheless survive and continue in full force and effect as if such provision had never been contained in the Agreement, or in the alternative, the provision shall be modified to the extent of such voidability, invalidity, inapplicability, illegality, or unenforceability.

This Agreement shall be liberally construed to promote its underlying purpose which is to preclude all future litigation concerning the matters and parties released herein.

DATED this 16th day of June, 2004.

_Angelica Salazar_
ANGELICA SALAZAR, Individually and as heir and on behalf of THE ESTATE OF JOSE GUADLAUPE SALAZAR

_Julio Salazar_
JULIO CESAR SALAZAR, Individually and as heir and on behalf of THE ESTATE OF JOSE GUADLAUPE SALAZAR

_Jose G. Salazar_
JOSE GUADALUPE SALAZAR, JR., Individually and as heir and on behalf of THE ESTATE OF JOSE GUADLAUPE SALAZAR

_Omar Salazar_
OMAR SALAZAR, Individually and as heir and on behalf of THE ESTATE OF JOSE GUADLAUPE SALAZAR

_Maricel Salazar_
MARICELA SALAZAR, Individually and as heir and on behalf of THE ESTATE OF JOSE GUADLAUPE SALAZAR

_Remedios Corral_
REMEDIOS CORRAL

Mr. Alberto Guerrero
Mr. Roger Reed
REED, CARRERA & McLAIN, L.L.P.
1 Paseo Del Prado, Bldg. 101
Edinburg, TX 78539

ATTORNEYS FOR PLAINTIFFS

STATE OF TEXAS       §
                          §
COUNTY OF HIDALGO     §

      BEFORE ME, the undersigned, a notary public in and for said County and State, on this day personally appeared ANGELICA SALAZAR, Individually and as heir and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

      Given under my hand and seal of office on this the 16 day of June 2004.



                                  NOTARY PUBLIC, STATE OF TEXAS

{SEAL}

***********************************************

STATE OF TEXAS                    §
                                 §
COUNTY OF HIDALGO                 §

BEFORE ME, the undersigned, a notary public in and for said County and State, on this day personally appeared JULIO CESAR SALAZAR, Individually and as heir and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the ___ day of ___ June ___ 2004.



ANDREW PÉREZ
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 09-06-2004

_____
NOTARY PUBLIC, STATE OF TEXAS

{SEAL}

*****************************************

STATE OF TEXAS          §
                       §
COUNTY OF HIDALGO       §

BEFORE ME, the undersigned, a notary public in and for said County and State, on this day personally appeared JOSE GUADALUPE SALAZAR, JR., Individually and as heir and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the ___10___ day of ___June___ 2004.



NOTARY PUBLIC, STATE OF TEXAS

{SEAL}

*****************************************************

Page 14 of 17

STATE OF TEXAS §
§
COUNTY OF HIDALGO §

BEFORE ME, the undersigned, a notary public in and for said County and State, on this day personally appeared OMAR SALAZAR, Individually and as heir and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 11 day of June 2004.



NOTARY PUBLIC, STATE OF TEXAS

{SEAL}

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF TEXAS        §
                           §

COUNTY OF HIDALGO     §

      BEFORE ME, the undersigned, a notary public in and for said County and State, on this day personally appeared MARICELA SALAZAR,  Individually and as heir and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR known to me to be the person  whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

      Given under my hand and seal of office on this the ___16___ day of ___June___ 2004.



ANDREW PÉREZ
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 09-06-2004

NOTARY PUBLIC, STATE OF TEXAS

{SEAL}

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF TEXAS         §
                             §

COUNTY OF HIDALGO   §

BEFORE ME, the undersigned, a notary public in and for said County and State, on this day personally appeared REMEDIOS CORRAL, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 16th day of June 2004.



NOTARY PUBLIC, STATE OF TEXAS

{SEAL}

LISA BACA
Notary Public, State of Texas
My Commission Expires
6-19-2004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



## CAUSE NO. 2003-11-4371-G

| | | |
|---|---|---|
| ANGELICA SALAZAR, JULIO CESAR SALAZAR, MARICELA SALAZAR, JOSE GUADALUPE SALAZAR, JR., and OMAR ALEJANDRO SALAZAR, Individually and as heirs and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR, Deceased, and REMEDIOS CORRAL | § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § § | |
| MARIA GUADALUPE SALAZAR, JOSE M. GRACIA and NATIONAL FIRE INSURANCE COMPANY INTERVENORS | § § § § § | 404TH JUDICIAL DISTRICT |
| VS. | § § § | |
| PEACOCK CONSTRUCTION COMPANY INC., CONSOLIDATED CRANE COMPANY, INC., WILLIAM T. PEACOCK, JR. and HAL WYRICK | § § § § § § | |
| VS. | § § § | |
| SOUTH TEXAS MASONRY, INC., HARTFORD CASUALTY INSURANCE COMPANY, McQUEARY HENRY BOWLES TROY, L.L.P., FIRST MERCURY INSURANCE COMPANY, CLARENDON AMERICA INSURANCE COMPANY, and HUGHSTON INSURANCE AGENCY, INC. | § § § § § § § | CAMERON COUNTY, TEXAS |

Page 1 of 12

# RELEASE AND SETTLEMENT AGREEMENT

STATE OF TEXAS                §
                              §
COUNTY OF _____         §

This Release and Settlement Agreement (hereinafter, the "Agreement") is entered into between Maria Guadalupe SALAZAR, (hereinafter, "Intervenor") on the one hand, and PEACOCK CONSTRUCTION COMPANY, WILLIAM T. PEACOCK, JR., HAL WYRICK, CLARENDON AMERICA INSURANCE COMPANY, FIRST MERCURY INSURANCE COMPANY, and UNITED NATIONAL INSURANCE COMPANY (hereinafter, the "Released Parties"), on the other hand.

The Agreement stems from an incident that occurred on October 23, 2002, in which Jose Guadalupe Salazar was injured and killed at a construction site on South Padre Island, Texas (hereinafter, the "Incident"). As a result of the Incident, the Intervenor filed an intervention in Cause No. 2003-11-4371-G in the 404th Judicial District Court of Cameron County, Texas, in which she asserted wrongful death and survival claims against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick, among other defendants (hereinafter, the "Lawsuit"). Clarendon America Insurance Company, First Mercury Insurance Company and United National Insurance Company are the insurers for Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick with respect to the Incident and the Lawsuit.

In the Lawsuit, Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick have asserted third-party claims against the HARTFORD CASUALTY INSURANCE COMPANY hereinafter ("Hartford") and MCQUEARY HENRY BOWLES TROY, L.L.P. (hereinafter,

"McQueary") arising out of Hartford's failure to defend and indemnify Peacock Construction Company with respect to the Intervenor's claims against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick in the Lawsuit. These third-party claims of Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick in the Lawsuit shall be referred to hereinafter as the "Peacock Third-Party Claims."

## Warranties

The Intervenor expressly warrants and represents to the Released Parties that:

(1)    she is legally competent to execute this Agreement;

(2)    she is the owner of the claims being released in this Agreement, and has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, in whole or in part, any right, title, interest, claim, or cause of action which he may have had or may in the future have as a result of the Incident, except to her attorneys, GUERRA & MOORE, L.L.P.;

(3)    the parties released herein are the Released Parties (as set forth on Page 2 herein), including their employees, agents, representatives, stockholders, officers, directors, and successors, together with the parent, subsidiary, professional corporations or associations, and all affiliated entities of any of the above persons and entities, and all the respective officers, directors, shareholders, agents, servants, and employees (whether established directly, ostensibly, or through estoppel), executors, administrators, assigns, representatives, principals, underwriters, sureties, insurers (primary, excess, and umbrella), re-insurers, adjustors, attorneys, successors, associates, and partners of all of the above, who may or might hereafter become liable thereon, and all others for whom it may be vicariously or otherwise liable;

(4)    before executing and delivering this Agreement, the Intervenor has had the opportunity to obtain the advice of attorneys of her own choosing and Intervenor is fully satisfied with the advice that she has received;

(5)    the Intervenor is aware of the claims that may be asserted in her individual and representative capacities as a result of the Incident;

(6)    no promise, inducement, or representation of any kind has been offered or made to the Intervenor by the Released Parties or by anyone acting on behalf of the Released Parties except as is expressly stated in this Agreement, and that this Agreement is executed without reliance on the representations of any other party or their agent except as herein set forth;

(7)    the Intervenor fully understands that this is a full, complete, and final release, and that the sums of money described in this Agreement is all the money that is ever to be paid to the Intervenor by the Released Parties as a result of the Incident;

(8)    all medical bills or liens from any hospital, physician, health care provider, other practitioner of the healing arts, insurance company, attorney, insurer, or the United States of America or any political subdivision thereof, that might otherwise have a claim to any money received in settlement of the Lawsuit have been or will be paid in full;

(9)    the terms, provisions, covenants, and conditions contained in this Agreement shall be a full and binding release and complete settlement between the parties to this Agreement and shall apply to and inure to the benefit of and be binding upon the parties hereto and their respective successors in interest and legal representatives, heirs, executors, administrators, successors and assigns forever, except as otherwise herein expressly provided;

(10)    other than Angelica SALAZAR, Julio Cesar SALAZAR, Jose Guadalupe SALAZAR, Jr., Omar SALAZAR, Maricela SALAZAR and herself, there are no other heirs, beneficiaries, successors, devisees, executors, administrators, assignees, spouses, former spouses, attorneys, former attorneys, representatives, or any other person who are entitled to bring suit by, through, or under them as a result of the death of Jose Guadalupe Salazar in the Incident;

(11)    she has been fully informed and has full knowledge of the terms, conditions, and effects of this Agreement; and

(12)    she has, either personally or through her attorneys, fully investigated to her satisfaction all of the facts at issue in the Lawsuit and is satisfied with the terms and effects of this Agreement.

In addition, by his signature, the attorney signing this Agreement acknowledges that he has explained the contents of this Agreement to the Intervenor.

## Compromise of Meritorious Claims

In the Lawsuit, the Intervenor contends that the Incident and the death of Jose Guadalupe Salazar occurred in part because of the negligence of Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick. The merit of the Intervenor's claims against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick is undisputed, and the monetary damages to which the Intervenor and her co-plaintiffs in the Lawsuit are entitled and which likely would be awarded by a jury were the Lawsuit tried would far exceed the assets of Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick, and their available insurance, thereby jeopardizing the future viability of the Peacock Construction Company. Therefore, because of Hartford's failure to defend and indemnify Peacock Construction Company as set forth in the Peacock Third-Party Claims, and in order to preserve the viability of the Peacock Construction Company, the Intervenor and the Released Parties have entered into this Agreement.

## Full Releases

The Intervenor understands and intends that this Agreement constitutes a full and final settlement and release of any and all claims, demands, rights, liabilities, obligations, actual or punitive damages, and causes of action of whatsoever nature which the Intervenor has or may have, for herself or in a representative capacity or otherwise, as a result of the Incident. Therefore, the Intervenor does hereby completely RELEASE, QUITCLAIM, ACQUIT, DISCHARGE, and agree to HOLD FOREVER HARMLESS the Released Parties (as set for on Page 2 herein) and their employees, agents, representatives, stockholders, officers, directors, and successors, from any and all claims, demands, rights, liabilities, obligations, cross-actions, third-party actions, actions

in intervention, actions for contribution, indemnification or other liability of any kind, actual or punitive damages, and causes of action of whatsoever nature, whether asserted or unasserted, in contract or tort, constitutional law, common law, by statute (including but not limited to the Texas Deceptive Trade Practices - Consumer Protection Act or any similar federal statute), based on negligence, negligence per se, vicarious liability or ostensible agency, gross negligence, any intentional tort, breach of warranty, or any other theory of recovery, known or unknown, direct or indirect, accrued or unaccrued, matured or unmatured, contingent or absolute (including, but not limited to wrongful death or survivor claims), past, present, or future, arising out of the Incident, all more particularly described in the pleadings on file in the Lawsuit; it being intended to release all claims of any kind which the Intervenor has or may have against the Released Parties and their employees, agents, representatives, stockholders, officers, directors, and successors whether asserted in the Lawsuit or not.

### Consideration

As consideration for the releases in this Agreement, the Released Parties and their employees, agents, representatives, stockholders, officers, directors, and successors hereby agree to pay to the Intervenor and her attorneys, GUERRA & MOORE, L.L.P., the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 ($150,000.00), the receipt and sufficiency of which is hereby acknowledged, and the Intervenor has executed and delivered this Agreement in acceptance of the settlement terms as contained herein. As further consideration for the releases in this Agreement, the Released Parties, by separate instrument, agree to assign to the Intervenor and to her co-plaintiffs in the Lawsuit: (1) all of the Released Parties' claims,

including the Peacock Third-Party Claims and any claims for equitable subrogation, against Hartford and McQueary; (2) all of Peacock's rights and interest under any judgment rendered against Hartford and/or McQueary and in favor of Peacock on or before the date of such assignment; and (3) all of Peacock's claims for indemnity (save for and except Peacock's claims for attorney's fees and expenses, as set forth below), whether contractual or otherwise and whether asserted or not, against South Texas Masonry arising out of the Incident; *provided*, however, that the Released Parties shall retain and not assign their claim or their rights, including under any judgment, against Hartford and/or McQueary and/or South Texas Masonry for their attorney's fees and litigation expenses incurred in connection with the Lawsuit. Furthermore, the Released Parties agree to cooperate with the Intervenor with respect to the continued prosecution of the assigned claims.

### Indemnity

As part of the consideration for the payment by the Released Parties to the Intervenor of the above-specified sums, the Intervenor contracts and agrees to indemnify, save and hold harmless the Released Parties from:

(1)    any and all claims, demands, actions, damages, remedies, interest, penalties, expenses, debts, liabilities, causes of action, and controversies of whatsoever nature, kind, or character, including without limitation, all court costs, legal expenses, and attorney's fees which have been or which may hereafter be incurred by or awarded against the Released Parties as a result of any claim or cause of action which may be asserted by any person, partnership, corporation, or other entity whatsoever claiming by, through, or under the Intervenor;

(2) the full amounts of any and all outstanding expenses, costs, claims, bills, subrogation interests, and liens of every kind and nature, including but not limited to, statutory and common law liens or tax liens filed by or owing to any person, firm, company, organization, state or federal agency, including, but not being limited to health care providers, mental health care providers, attorneys, Medicaid, Medicare, or any other private or governmental agency, entity or corporation, that are at the present time, or may any time in the future be asserted, brought, made, filed, or claimed by, through, or under the Intervenor, including without limitation, all court costs, legal expenses, and attorneys' fees incurred in connection with same, against the Released Parties arising out of or in any way related to the Incident or the Lawsuit;

The releases and indemnities stated in this Agreement are specifically intended to operate and be applicable even if it is alleged or proved that the Intervenors' damages arising out of the Incident were caused in whole or in part by any act, omission, negligence or gross negligence of Peacock Construction Company, William T. Peacock, Jr., or Hal Wyrick.

### Dismissal of the Lawsuit against the Released Parties

As further consideration for the payment by the Released Parties to the Intervenor of the above-specified sums, the Intervenor will file a Motion to Dismiss with Prejudice all of the claims which she has asserted against Peacock Construction Company, William T. Peacock, Jr., and Hal Wyrick in the Lawsuit and will present to the Court for entry an Order dismissing with prejudice all of such claims in the Lawsuit. However, such Motion to Dismiss will not encompass the Peacock Third-Party Claims or any cross-claims by Peacock against South Texas Masonry or Consolidated Crane Company, Inc.

### Confidentiality

The parties mutually agree that insofar as this provision does not violate any rule of law, neither they nor their attorneys nor representatives shall reveal to anyone, other than those persons

mutually agreed to in writing or otherwise ordered by the Court to give force and effect to the terms of this Agreement, any of the terms of this Agreement, including the sums payable to the Intervenor, to any legal associations, the press or the print media, or release or publish such information in any medium, including but not limited to newspapers, magazines, journals, advertisements, and legal periodicals. However, this provision shall not preclude the Intervenor from disclosing the sums payable to her under this Agreement to any taxing entity or to any attorney or financial planner or tax professional with whom she may consult for professional advice. Furthermore, this provision shall not preclude the disclosure of this Agreement or the terms of this Agreement to the Court, to counsel, or to the opposing parties in connection with the continued prosecution of the Peacock Third-Party claims.

### Tax Consequences

The Intervenor and her attorney acknowledges that they have not relied upon any representations, express or implied, by the Released Parties as to the tax consequences, if any, of this Agreement, and that the Intervenor hereby releases the Released Parties and their employees, agents, representatives, stockholders, officers, directors, and successors from any and all liability in connection with such tax consequences, if any.

### Miscellaneous Provisions

As used in this Agreement, whenever the context so indicates, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others. The Released Parties herein acknowledge that the terms of this Agreement are contractual

Page 9 of 12

and not a mere recital. Further, this Agreement and the separate assignments referenced herein express the entire agreement between the parties concerning the subjects it purports to cover and cannot be amended or modified except by written agreement by the parties. No oral representations of any person shall operate to vary the terms of this Agreement.

No waiver or default of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver or default of any other provision, whether or not similar, nor shall any waiver or default constitute a continuing waiver or default. No waiver of any term of this Agreement shall be valid unless it is in writing and is signed by the Intervenor.

If, at any time, any part of this Agreement is found or held to be void, invalid, inapplicable, illegal, or unenforceable by a Court of competent jurisdiction, the remaining provisions of this Agreement shall nevertheless survive and continue in full force and effect as if such provision had never been contained in the Agreement, or in the alternative, the provision shall be modified to the extent of such voidability, invalidity, inapplicability, illegality, or unenforceability.

This Agreement shall be liberally construed to promote its underlying purpose which is to preclude all future litigation concerning the matters and parties released herein.

DATED this _17th_ day of _June_, 2004.

_____
MARIA GUADALUPE SALAZAR

Mr. David J. Lumber
GUERRA & MOORE, L.L.P.
4201 N. McColl Rd.
McAllen, TX 78504

_____
ATTORNEY FOR PLAINTIFF-INTEVENOR

Page 11 of 12

STATE OF TEXAS    §
                  §
COUNTY OF HIDALGO §

BEFORE ME, the undersigned, a notary public in and for said County and State, on this day personally appeared MARIA GUADALUPE SALAZAR known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the 17 day of June 2004.



MARTHA LOPEZ
MY COMMISSION EXPIRES
June 12, 2007

_Martha Lopez_
NOTARY PUBLIC, STATE OF TEXAS

{SEAL}

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Page 12 of 12



11