# ASSIGNMENT

**STATE OF TEXAS**           §
                             §
**COUNTY OF CAMERON**        §

*Whereas* Angelica Salazar, Julio Cesar Salazar, Jose Guadalupe Salazar, Jr., Omar Salazar, and Maricela Salazar, all individually and as the sole heirs of Jose Guadalupe Salazar, Sr., deceased, Maria Guadalupe Salazar, Remedios Corral, and Jose M. Gracia ("Assignees") are plaintiffs or plaintiff-intervenors in a wrongful death and personal injury suit against Peacock Construction Company, Inc., ("Peacock") pending in the 404th Judicial District Court of Cameron County, Texas, styled *Angelica Salazar, et al. v. Peacock Construction Company, Inc., et al.*, and numbered 2002-11-4371-G, (the "Lawsuit");

*Whereas* the Lawsuit arises out of the collapse of a mobile construction crane being operated at a construction project (the "Project") by Peacock in Cameron County, Texas, on October 23, 2002;

*Whereas* Assignees have asserted wrongful death and personal injury claims against Peacock in the Lawsuit;

*Whereas* Clarendon America Insurance Company and First Mercury Insurance Company (collectively "Clarendon/First Mercury") have issued a primary liability insurance policy with a per occurrence limit of $1.0 million to Peacock which provides coverage to Peacock with respect to the Assignees' claims in the Lawsuit;

*Whereas* United National Insurance Company ("United National") has issued an excess liability insurance policy with a per occurrence limit of $1.0 million to Peacock which provides coverage to Peacock with respect to the Assignees' claims in the Lawsuit;

*Whereas* the Hartford Casualty Insurance Company ("Hartford") has issued a primary liability insurance policy with a per occurrence limit of $1.0 million to South Texas Masonry in connection with South Texas Masonry's work as a subcontractor to Peacock on the Project (the "Hartford Policy");

*Whereas* McQueary, Henry Bowles & Troy, L.L.P. ("McQueary") is the agent of Hartford which secured the Hartford Policy for the benefit of South Texas Masonry and for the benefit of parties with whom South Texas Masonry may contract, such as Peacock, where such contracts require that the other contracting party be provided with $1.0 million of liability insurance by South Texas Masonry;



DEFENDANT'S EXHIBIT G

*Whereas* McQueary issued a Certificate of Insurance to South Texas Masonry and to Peacock that certifies that Peacock is an additional insured under the Hartford Policy;

*Whereas* Peacock relied on the Certificate of Insurance issued to South Texas Masonry and to Peacock that certifies that Peacock is an additional insured under the Hartford Policy;

*Whereas* the coverage provided to Peacock as an additional insured under the Hartford Policy is primary to the coverage provided to Peacock by both the Clarendon/First Mercury Policy and the United National Policy;

*Whereas* Peacock made demand of Hartford that Hartford defend and indemnify Peacock with respect to the Assignees' claims in the Lawsuit, and Hartford unlawfully refused and continues to refuse to do so;

*Whereas* Peacock has asserted third-party claims in the Lawsuit against Hartford and McQueary in connection with Hartford's unlawful refusal to defend and indemnify Peacock with respect to the Assignees' claims in the Lawsuit;

*Whereas* Peacock's liability to the Assignees with respect to the Lawsuit is certain, and the damages which likely would be awarded to the Assignees against Peacock if the claims in the Lawsuit were tried exceed Peacock's assets and the limits of its Clarendon/First Mercury and United National Policies, thereby exposing Peacock to financial ruin if the present Lawsuit were tried to judgment; and

*Whereas* Clarendon/First Mercury and United National have been forced to pay to the Assignees the limits of their policies insuring Peacock, notwithstanding that such policies are secondary to the Hartford Policy, because of Hartford's unlawful refusal to defend and indemnify Peacock, in order to settle the Assignees' claims against Peacock and avoid a trial of those claims and a judgment against Peacock that would threaten the viability of the company;

*Therefore*, Clarendon/First Mercury and United National hereby assign, grant, and convey to the Assignees and to their respective attorneys in the percentages shown below all of their claims and causes of action of any nature, including claims for equitable subrogation, against Hartford and McQueary for any and all damages to Clarendon/First Mercury and to United National and for all other available legal remedies arising from or related to:

(1)   Peacock's status as an additional insured under the Hartford Policy;

(2)   Hartford's refusal to defend and indemnify Peacock with respect to the Assignees' claims against Peacock in the Lawsuit; and

(3)   the payment by Clarendon/First Mercury and United National to the

Assignees of the limits of their respective policies in order to settle the Assignees' claims against Peacock and to protect Peacock from a financially ruinous judgment in the Lawsuit.

Clarendon's/First Mercury's and United National's claims and causes of action that are being assigned by this instrument are hereby apportioned among and assigned to the above-named Assignees and to their respective attorneys in the following percentages:

| To: | Angelica Salazar, Julio Cesar Salazar, Jose Guadalupe Salazar, Jr., Omar Salazar, Maricela Salazar, and their attorneys, Reed, Carrera & McLain, L.L.P., jointly | 75.0% |
|---|---|---|
| To: | Remedios Corral and his attorneys, Reed, Carrera & McLain, L.L.P., jointly | 7.5% |
| To: | Maria Guadalupe Salazar and her attorneys, Guerra & Moore, L.L.P., jointly | 7.5% |
| To: | Jose M. Gracia and his attorney, Linda Daniels, P.C., jointly | 10.0% |

*Provided however*, that Clarendon/First Mercury and United National shall retain and not assign their claims or rights, including under any judgment, against Hartford and McQueary for Peacock's attorney's fees and litigation expenses in the Lawsuit.

This Assignment conveys to the above-named Assignees and their respective attorneys the full and exclusive right and power to maintain an action based on the assigned claims against Hartford and McQueary, to settle, compromise, or reassign the causes of action assigned herein, and to give a release in full discharge of liability under such assigned causes of action.

SIGNED and DELIVERED in Wayne County, Michigan, on June ___, 2004.

*[signature: Roger Stark]*

**ROGER STARK,**
Vice President of Claims
Clarendon America Insurance Company

Witnesses:

_Susan Borchert_ (signature)
_SUSAN BORCHERT_ (typed name)
_3421 FLAGAN AVE_ (address)
_ORLANDO, FL 32806_

_____ (signature)
_____ (typed name)
_____ (address)

*[signature: Brian Hurst]*

**BRIAN HURST,**
Vice President of Claims
First Mercury Insurance Company

Witnesses:

_Jennie M. Hypeck_ (signature)
_JENNIE M. HYPECK_ (typed name)
_252 W. MAPLE APT. 4_ (address)
_WALLED LK. MI, 48390_

_____ (signature)
_____ (typed name)
_____ (address)

## ACKNOWLEDGMENT CERTIFICATE

STATE OF MICHIGAN § § §

COUNTY OF ~~WAYNE~~ Oakland

This Assignment was acknowledged before me on ~~June~~ Aug. 3 ___, 2004, by Brian Hurst, Vice President of Claims of Assignors Clarendon America Insurance Company and First Mercury Insurance Company, and on behalf of said Assignors.

_Jennie M. Hopeck_ (signature)
JENNIE M. HOPECK (typed name)
Notary Public in and for the State of Michigan.

My Commission Expires: 1-7-2007

SIGNED and DELIVERED in _____ County, _____, on June \_\_\_, 2004.

                                                  SCOTT SOLOWEY,
                                                  Senior Casualty Claims Examiner
                                                  United National Insurance Company

Witnesses:

                                            _____ (signature)
                                            _____ (typed name)
                                            _____ (address)


                                            _____ (signature)
                                            _____ (typed name)
                                            _____ (address)

## ACKNOWLEDGMENT CERTIFICATE

STATE OF _____ §
§
COUNTY OF _____ §

This Assignment was acknowledged before me on June ___, 2004, by, _____, president of Assignor United National Insurance Company, and on behalf of said Assignor.

_____ (signature)

_____ (typed name)

Notary Public in and for the State of _____

My Commission Expires:

SIGNED and ACCEPTED on June ___, 2004.

        ANGELICA SALAZAR
        6508 Mars Lane
        Pharr, TX 78577


        JULIO CESAR SALAZAR
        6508 Mars Lane
        Pharr, TX 78577


        JOSE GUADALUPE SALAZAR, JR.
        6508 Mars Lane
        Pharr, TX 78577


        OMAR SALAZAR
        6508 Mars Lane
        Pharr, TX 78577


        MARICELA SALAZAR
        6508 Mars Lane
        Pharr, TX 78577

MARIA GUADALUPE SALAZAR
214 E. Saenz
Pharr, TX 78577


REMEDIOS CORRAL
Rt. 8, Box 836, Lot 47
Edinburg, TX 78539


JOSE M. GRACIA
Rt. 10, Box 31J
Mission, TX 78572

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF HIDALGO | § |

This Assignment was acknowledged before me on June ___, 2004, Angelica Salazar, Julio Cesar Salazar, Jose Guadalupe Salazar, Jr., Omar Salazar, Maricela Salazar, Maria Guadalupe Salazar, Remedios Corral, and Jose M. Gracia.

_____ (signature)
_____ (typed name)
Notary Public in and for the State of Texas

My Commission Expires:

14