

THE
HARTFORD

785 Greens Parkway
Suite # 200
Houston, Texas 77067

Nancy Kaechler
Claim Service Consultant
Houston Commercial Claims Center
(281) 877-3852  (Direct)
(860) 756-8596  (Fax)

April 3, 2003

Peacock Construction Company, Inc.
PO Box 530098
Harlingen, Texas 78553

Re:  *Angelica Salazar, et al. v. Peacock Construction Co., Inc. and Consolidated Crane Co. Inc.*
Insured:     South Texas Masonry
Claimant:    Angelica Salazar, et al.
File #:       YBG LP 40689

Dear Sir or Madam:

This will acknowledge receipt of the Plaintiffs' Second Amended Original Petition for Injunction and Damages styled Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr., and Omar Alejandro Salazar, individually and as heirs and on behalf of The Estate Of Jose Guadalupe Salazar, deceased, and Remedios Corral v. Peacock Construction Company, Inc., and Consolidated Crane Company, Inc. filed in the 404th Judicial District Court of Cameron County, Texas with Cause Number 2002-11-4371-G. Maria Guadalupe Salazar has filed a Petition in Intervention in this lawsuit. This lawsuit and Petition in Intervention was tendered to The Hartford by First Mercury Insurance Company on behalf of Peacock Construction Company, Inc. Peacock Construction Company, Inc. is seeking additional insured status under South Texas Masonry's policy.

The Hartford has reviewed the allegations contained in the Second Amended Original Petition and Petition in Intervention as well as the policy of insurance and the Subcontract between Peacock Construction Company, Inc. and South Texas Masonry. The Hartford has determined there is no coverage for Peacock Construction Company, Inc. (hereafter, Peacock). Therefore, The Hartford will not defend or indemnify Peacock with respect to this matter.



DEFENDANT'S
EXHIBIT
K

1

RECEIVED

APR 0 8 2003

SWEETMAN, SKAGGS & LAWLER L.L.P.

The Plaintiffs allege on or about October 23, 2002, Jose Guadalupe Salazar (hereafter, Salazar) and Remedios Corral (hereafter, Corral) were working on the tenth floor of the "Las Dunas" condominium construction project in the Town of South Padre Island, Cameron County, Texas. As Salazar and Corral were preparing to leave the construction site, Salazar was killed, and Corral was seriously injured, when they were struck by a load of steel rebar being lifted by a crane at the construction project. The load of rebar is alleged to have fallen when the jib mast (gantry) of the crane had collapsed, due to being overloaded. Defendant Peacock is the general contractor on this project and leased the crane from Defendant Consolidated Crane. At the time of this incident, Salazar and Corral were in the course and scope of their employment with South Texas Masonry. The Plaintiffs allege the operation of moving the steel rebar which resulted in the death of Salazar and injuries to Corral was conducted entirely by personnel employed by Defendant Peacock, during the course and scope of their employment with Defendant Peacock.

The Hartford affords Business Liability Coverage to South Texas Masonry under policy number 46 SBA NS1014 with effective dates 12-1-01 to 12-1-02. The liability limits are $1,000,000 combined single limit per occurrence and a $2,000,000 general aggregate per year. The terms of this coverage is principally governed by the language of Business Liability form SS 00 08 03 00.

We direct your attention to the Business Liability Coverage Forms SS 00 08 03 00, that states, in pertinent part as follows:

A.    COVERAGES

    1.    Business Liability

        We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"... to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"... to which this insurance does not apply...

We now refer you to Section G.-LIABILITY AND MEDICAL EXPENSES DEFINITIONS. This sections defines those terms found within the policy that are in quotes (" ") and are critical to this analysis. The following defined terms apply to this analysis:

LIABILITY AND MEDICAL EXPENSES DEFINITIONS

    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.

We now direct your attention to "Who Is An Insured" section of the policy. This section sets forth the requirements that must be met in order to be considered for coverage as an additional insured under this policy. This section reads, in pertinent part, as follows:

Additional Insureds by Contract, Agreement or Permit

Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you.

In undertaking work for Peacock, South Texas Masonry entered into a subcontract agreement with Peacock. There is a section in this agreement titled "Insurance". Under this section the Subcontractor (South Texas Masonry) shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor (Peacock). However, there is no stipulation within the subcontract that Peacock is to be named as an additional insured on South Texas Masonry's policy of insurance.

Based on the policy language and the contract; Peacock will not qualify as an additional insured under South Texas Masonry's policy as additional insured status is not specified in the contract. Therefore, The Hartford will not respond to Peacock's tender.

Additionally, the indemnity provision in the contract was reviewed. The contract language is not valid as set forth in the State of Texas and is not conspicuous. Therefore, no coverage is afforded to Peacock based on the contract.

This correspondence is not intended, nor shall it be construed as, an exhaustive listing of policy terms, conditions or exclusions which might preclude coverage under The Hartford policy. The Hartford reserves the right to supplement this disclaimer letter should facts or circumstances, not currently known, indicate the applicability of additional grounds. The Hartford further reserves the right to file a declaratory judgment action if it is necessary.

Should you have any questions about this letter or any additional documentation you feel will affect our coverage position, please forward to the undersigned.

3

Very truly yours,

Nancy Kaechler
Claims Service Consultant
1-800-984-5770 Ext. 73852





*Law Offices*
*of*
*Rubén R. Peña P.C.*

February 24, 2004

<u>Via Facsimile (860) 756-8596</u>
<u>and CMRRR #7003 0500 0002 3840 1359</u>

Hartford Lloyds Insurance Company
c/o Ms. Nancy Kaechler
Claims Service Consultant
785 Greens Parkway, Suite 210
Houston Texas 77067

Re:    Named Insured:      South Texas Masonry / Baldemar Salazar
       Additional Insured: Peacock Construction Company, Inc.
       Claimant:           Survivors of Jose Guadalupe Salazar / Remedios Corral
       D/L:                October 23, 2002
       Policy:             46 SBA NS 1014
       Yr Ref:             YBG LP 40689

       No. 2002-11-4371- G; *Angelica Salazar et al. vs. Peacock Construction Company et al. v. South Texas Masonry*; In the 404th Judicial District Court of Cameron County, Texas

Dear Ms. Kaechler:

       Our firm represents Peacock Construction Company, Inc., an additional insured on Policy No. 46 SBA NS 1014 which Hartford Lloyds Insurance Company issued to named insured South Texas Masonry. All subsequent communications regarding coverage under Policy No. 46 SBA NS 1014 should be directed to our firm.

       This letter shall constitute Peacock Construction Company, Inc.'s notice to Hartford Lloyds that its denial of coverage for the captioned lawsuit violates its contractual duties under Policy No. 46 SBA NS 1014, and places Hartford Lloyds in violation of the Texas Insurance Code's provisions against unfair claims settlement practices and misrepresentations of insurance policies. Should Hartford Lloyds fail to resolve Peacock Construction Company, Inc.'s claims as set forth herein within 60 days, Peacock Construction Company, Inc. will file suit against Hartford Lloyds to recover all actual damages, attorneys' fees, interest, and additional damages to which it may be entitled.

<u>Background</u>

       As you are aware, Hartford Lloyds Insurance Company issued Policy No. 46 SBA NS 1014 to named insured South Texas Masonry for 12 months effective December 1, 2001. The Hartford Lloyds policy was specifically designed and marketed by Hartford Lloyds to permit policyholders such as South Texas Masonry to name their customers, vendors, lessors, etc. as additional insureds. Therefore, its definition of the term "insured" extends to:

222 W. Harrison Harlingen, TX 78550  P.O. Box 530160
(956) 412-8200  1-800-807-1879  Fax (956) 412-8282  Riolaw1@aol.com
B___ville TX 78520 (956) 544-6000  Riolaw2@aol.com

RECEIVED
FEB 2 6 2004

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 2

f. Additional Insureds by Contract, Agreement or Permit

Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you.

South Texas Masonry had been performing subcontracted masonry and other construction work for our client, Peacock Construction Company, Inc. prior to the time that the Hartford Lloyds policy took effect. Before Peacock Construction Company, Inc. allowed South Texas Masonry to perform any work on the first project, it required South Texas Masonry to furnish a certificate of insurance reflecting that Peacock Construction Company, Inc. was an additional insured on South Texas Masonry's liability insurance policy. South Texas Masonry's insurance agent, McQueary Henry Bowles Troy LLP, issued certificates of insurance to Peacock Construction Company, Inc. stating that it was an additional insured on South Texas Masonry's liability insurance policy.

## Peacock/ South Texas Masonry Subcontract Agreement

In January 2002, Peacock and South Texas Masonry entered into a second Subcontract Agreement. That Agreement contains the following provisions dealing with insurance coverage:

The Contractor and Subcontractor agree as set forth below:

### ARTICLE 1 – The Contract Documents

1.1  The Contract Documents for this Subcontract consist of this Agreement and any Exhibits attached hereto, the Drawings, the specifications, all Addenda issued prior to and all Modifications issued after execution of the Agreement between the Owner and Contractor and agreed upon by the parties to this Subcontract. These form the Subcontract, and are a part of the Subcontract as if attached to this Agreement or repeated herein.

### ARTICLE 6 – Insurance

6.1  Prior to starting work, the Subcontractor [South Texas Masonry] shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor [Peacock] that the Subcontractor has complied with these requirements. Subcontractor's Insurance will be considered as Primary.

6.2  In the event the Subcontractor fails to obtain or maintain any insurance coverage required under this Agreement, the Contractor may purchase such coverage and charge the expense thereof to the Subcontractor.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 3

The Contract Documents referenced in Paragraph 1.1 of the Agreement require South Texas Masonry to procure general liability insurance covering Peacock Construction. Specifically, the transmittal letter that Peacock sent to South Texas Masonry and all subcontractors retained on the Las Dunas Project states:

DEAR SUBCONTRACTOR:

Attached are two originals of your Subcontract Agreement with our company on the Above Mentioned Project. Please read all articles and attachments thoroughly and return them to be signed by Mr. Peacock. Also note that a list of items are requested to be returned along with the signed Subcontracts. All paperwork MUST BE RECEIVED BY OUR OFFICE PRIOR TO STARTING ANY WORK!!

Such as:

1) Workers Compensation and General Liability Insurance Certificates (Proof of insurance) ....

....

See Transmittal Letter, attached hereto as Exhibit "1".  Mr. Peacock has testified to these requirements (in response to questions that Hartford's appointed attorney asked him).  Peacock also sent South Texas Masonry a "Sample" certificate of insurance, attached as Exhibit "2", setting out the types, amounts, and extensions of liability insurance that Peacock required all subcontractors to carry as a condition of entering into the Subcontract Agreement and performing any work.  These documents establish an agreement between Peacock and South Texas Masonry under which South Texas Masonry would name Peacock as an additional insured on its liability policies, and secure a certificate of insurance affirmatively stating that Peacock was an additional insured.  That is why South Texas Masonry caused Hartford Lloyds' local recording agent, McQueary Henry Bowles Troy LLP, to issue a Certificate of Insurance stating that Peacock is an additional insured on the policy that Hartford Lloyds issued to South Texas Masonry (Exhibit "3" hereto).  In accordance with Peacock's requirement, this Certificate was attached to the signed Subcontract Agreement that South Texas Masonry sent back to Peacock in January 2002, and was one of the Contract Documents for the project.

## Hartford Lloyds' Denial of Coverage

Your denial of coverage letter states that "Peacock will not qualify as an additional insured under South Texas Masonry's policy as additional insured status is not specified in the contract." This statement ignores the fact that the contract between South Texas Masonry and Peacock includes not only the Subcontract Agreement itself, but also the parties' verbal agreements, course of dealings, and other documents exchanged between them.  The Subcontract Agreement

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 4

specifically refers to the fact that other documents will be deemed to constitute part of the parties' agreement, and does not have any effect upon the parties' other agreements (whether written or not) pertaining to the Las Dunas project. Hartford Lloyds' statement is also based upon an overly restrictive reading of the language that Hartford Lloyds chose to put in the Business Spectrum policy. The provision states that coverage is extended to:

> Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form

This language merely requires that South Texas Masonry **agree** to provide Peacock the type of insurance afforded under the policy, and do so because of: 1) a written contract; 2) an agreement; or a permit. The provision does not even require that the agreement to provide insurance itself be in writing, nor that it be within the same written document. It merely that South Texas Masonry make the agree "because of" the written agreement. That is exactly what South Texas Masonry did here – it agreed to provide the additional insurance to Peacock **because of** the written Subcontract Agreement, other contract documents, and the understanding with Peacock that it was required to do so before commencing work. Why else did Hartford Lloyds' local recording agent, McQueary Henry Bowles Troy LLP, issue the Certificate of Insurance stating that Peacock is an additional insured on the policy? Keep in mind that this language will necessarily be construed against Hartford Lloyds, and in favor of Peacock, in a manner that broadens rather than restricts coverage.

## Peacock Construction Company, Inc.'s Position

It is quite clear that the agreement between Peacock and South Texas Masonry required South Texas Masonry to name Peacock as an additional insured on its liability policies, and provide a certificate of insurance confirming this fact before Peacock allowed it to begin work. This agreement is established by:

- the course of dealings between South Texas Masonry and Peacock under which South Texas Masonry named Peacock as an additional insured on at least one previous project;

- the Certificate of Insurance that Hartford Lloyds' local recording agent issued, stating that Peacock is an additional insured on the Hartford Lloyds policy; and

- the uncontroverted testimony of Mr. Peacock in his deposition.

In Texas, an agreement that requires one party to name another as an additional insured on its liability insurance policy is plainly enforceable. *Getty Oil Company v. Insurance Company of North America,* 845 S.W.2d 794, 806 (Tex. 1992). Since South Texas Masonry did agree to name Peacock as an additional insured on the Hartford Lloyds policy, and a Hartford Lloyds agent with binding authority certified to that fact, Hartford Lloyds must acknowledge Peacock's status as an

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 5

additional insured and must provide the insurance specified in the Policy. It is Peacock's position
that

- the Hartford Lloyds policy's coverage provisions apply to the damages that Plaintiffs are seeking from Peacock in the captioned lawsuit, and none of the exclusions apply to such damages; and

- the Peacock/South Texas Masonry Subcontract Agreement expressly states that South Texas Masonry's insurance "will be considered as primary", triggering Section D(7)'s "other insurance" provision of the Hartford Lloyds policy -- making the Hartford Lloyds policy primary to any and all insurance that Peacock purchased for its own account.

Simply put, Hartford Lloyds is in breach of the duties plainly imposed by the Business Spectrum policy to investigate Peacock's claim in good faith and to provide a defense to Peacock against the lawsuit. Hartford Lloyds has also committed an anticipatory breach of its duty to indemnify Peacock against any settlement or judgment in this lawsuit.

## Hartford Lloyds' Violations Of The Texas Insurance Code

It is Peacock Construction Company, Inc.'s position that Hartford Lloyds' failure to provide the general liability insurance coverage to Peacock (as represented in the Certificate of Insurance issued by its duly appointed local recording agent, McQueary Henry Bowles Troy LLP) is the result of unfair and deceptive acts and practices in the business of insurance in violation of Texas Insurance Code Article 21.21 §10 (which prohibits unfair claim settlement practices). Specifically, the denial of coverage letters issued on behalf of Hartford Lloyds violate Texas Insurance Code art. 21.21 § 10, in that they

1. Misrepresent to Peacock Construction Company, Inc. material facts and/or policy provisions relating to coverage at issue;

2. Fail to promptly provide Peacock Construction Company, Inc. a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Hartford Lloyds' denial of the claim; and

3. Refuse to pay Peacock Construction Company, Inc.'s claim without conducting a reasonable investigation with respect to the claim.

Hartford Lloyds' violations of the foregoing provisions of Texas Insurance Code Article 21.21 §10 are a producing cause of damages to Peacock Construction Company, Inc. as set forth below.

In the alternative, and if Hartford Lloyds persists in denying coverage, it is Peacock Construction Company, Inc.'s position that since the Certificate of Insurance was issued by a duly appointed local recording agent of Hartford Lloyds (McQueary Henry Bowles Troy LLP), the Certificate and the representations contained therein were and are binding upon Hartford Lloyds.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 6

Hartford Lloyds has also ratified the representations made to Peacock in the Certificate of Insurance as it has now been aware of them for many months. Since Hartford Lloyds has denied that it owes the coverage promised to Peacock in the Certificate of Insurance, the Certificate of Insurance constitutes a misrepresentation of the terms and provisions of the Hartford Lloyds policy. Hartford Lloyds' failure to provide the coverage as represented by the Certificate of Insurance constitutes an unfair and deceptive act and practice in the business of insurance, in violation of Texas Insurance Code Article 21.21 §4 (which prohibits making any statements representing the terms of any policy issued or to be issued). Hartford Lloyds' violations of these provisions are a producing cause of damages to Peacock Construction Company, Inc. as set forth below.

## Peacock's Damages

As a direct result of Hartford Lloyds' engaging in the foregoing unfair and deceptive acts in the business of insurance, and misrepresenting the terms of Policy 46 SBA NS 1014, Peacock Construction Company, Inc. has sustained actual damages that include all defense costs incurred after the date that Hartford Lloyds first received notice of this lawsuit, and attorneys' fees to investigate and prosecute this demand for coverage from Hartford Lloyds. These actual damages, expenses, and attorneys' fees will increase in the future if Peacock Construction Company, Inc.'s claims are not resolved as set forth herein.

## Demand And Offer Of Settlement

This letter shall constitute Peacock Construction Company, Inc.'s demand, and offer of settlement, to Hartford Lloyds pursuant to Article 21.21 § 16 of the Texas Insurance Code. Hartford Lloyds may resolve Peacock Construction Company, Inc.'s claims by:

1. Rescinding the denial of coverage letter dated April 3, 2003;

2. Agreeing to either appoint defense counsel for Peacock Construction Company, Inc. in the captioned lawsuit, or to begin paying the fees generated and expenses incurred by this firm as Peacock Construction Company, Inc.'s counsel;

3. Agreeing to indemnify Peacock Construction Company, Inc. against any settlement or judgment in the captioned lawsuit, in accordance with the terms and conditions of Policy 46 SBA NS 1014;

4. Reimbursing Peacock Construction Company, Inc. the sum of $38,465.00 as costs of defending the lawsuit to date, plus 18% interest under art. 21.55 of the Texas Insurance Code beginning on the 30th day after April 10, 2003;

5. Reimbursing the sum of $12,500.00 as attorneys' fees necessarily incurred to investigate, evaluate, and make demand for Peacock Construction Company, Inc.'s claims against Hartford Lloyds as stated herein.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 7

Under Texas Insurance Code Article 21.21 § 16a, Hartford Lloyds must tender these sums within sixty (60) days of this letter, and agree to honor its ongoing obligations to Peacock. Peacock Construction Company, Inc. will then execute a mutually agreeable release in favor of Hartford Lloyds for the foregoing damages sustained to date.

Should Hartford Lloyds fail to do so, Peacock Construction Company, Inc. will institute suit against Hartford Lloyds and/or McQueary Henry Bowles Troy LLP for damages resulting from the foregoing breaches of Policy 46 SBA NS 1014 and Insurance Code violations. This lawsuit will also seek recovery of additional damages for Hartford Lloyds' knowing violations of the Insurance Code, of up to three times the actual damages sustained, as provided by art. 21.21 § 16(b)(1).

I await Hartford Lloyds' response to the foregoing offer. If none is timely received, suit will be commenced without further notice.

Sincerely,

Ruben R. Peña
Attorney for Peacock Construction and
Bill Peacock individually and Hal Wyrick, individually

CMT:mib
1516/hartford.01
Encl:    Exhibits 1-3

cc:    Mr. Roger Reed
       Mr. Cary M. Toland/Charles Sweetman
       Mr. Bill Peacock
       Mr. Jim Mount
       Mr. Chris Golles

27/05/2003  17:28    4255683                    PEACOCK CONSTRUCTION

ALL-STATE LEGAL    EXHIBIT

13



DATE:_____

DEAR SUBCONTRACTOR:

Attached are two Originals of your Subcontract Agreement with our company on the Above Mentioned Project. Please read all articles and attachments thoroughly and return them to be signed by Mr. Peacock. Also note that a list of items are requested to be returned along with the signed Subcontracts. All paperwork MUST BE RECEIVED BY OUR OFFICE *PRIOR* TO STARTING ANY WORK!!

Such as:

1) Worker's Compensation and General Liability insurance certificates. (Proof of insurance) If you do not have worker's compensation insurance we require that you fill out the attached TWCC-83 form, otherwise dispose of said form.

2) Please inform us if your company is incorporated. Furnish us with either your social security or federal tax ID number, also include your correct mailing address and phone number on the form enclosed.

3) As per plans and specifications you are requested to furnish us with EIGHT (8) submittals/ shop drawings/ color sample brochures/ etc. for the review and approval of the Architect. Required delivery date of your items submitted will be based upon Architect's return of submittals.

4) All draw requests are due in our office ON OR BEFORE THE 25th OF EACH MONTH. NO EXCEPTIONS!! They should be done on the attached Subcontractor's Application for Payment AGC form 610 and G 703-1983. (Make copies of this as needed) We require a breakdown of your monthly draw amount. Please breakdown labor and materials. If you do not include a breakdown with your subcontract, your *CHECKS WILL NOT BE RELEASED.*

GENERAL CONTRACTORS

P. BOX 530098 • HARLINGEN, TEXAS 78553 • (956) 423-6733 • FAX: (956) 425-5683

5) Any draw request that includes stored materials must be accompanied by invoices for such material and evidence of insurance coverage for stored items, if stored at your location and not on the jobsite.

6) After you receive payment on your first draw request from our company, you must furnish our office with your supplier release forms stating prior months bills have been paid. This is to be done on a monthly basis.

7) Prior to completion of the project you must submit four copies of all warranties, guarantees, operation & maintenance manuals, start-up & testing reports for the contract closeout manuals. As-built drawings are required from all mechanical subcontractor's noting any changes done throughout the project. Final retainage will not be paid until all items are received!!!

8) We also require the name, address and phone number of the SUPPLIER YOU WILL USE FOR THIS PROJECT!!

WE MUST RECEIVE BOTH COPIES OF THE SIGNED SUBCONTRACTS WITHIN 10 BUSINESS DAYS OR THEY WILL BECOME *NULL AND VOID.*

ANY DRAWS NOT SUBMITTED IN THE SPECIFIED MANNER AND WITH MULTIPLE ERRORS WILL BE REJECTED NO QUESTIONS ASKED!

EXHIBIT "2"

0/15/2003  08:46    4255683    PEACOCK CONSTRUCTI

THE INSURANCE CERTIFICATE FURNISHED TO US BY YOUR AGENT MUST MEET OR
SURPASS THE LIMITS AS NOTED ON THIS SAMPLE. ALL WORDING SHALL APPLY-

05/02/2002

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

| | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

AGENT USA
SAMPLE OF CERTIFICATE

| INSURERS AFFORDING COVERAGE | |
|---|---|
| INSURER A: | COMMERCIAL GENERAL LIABILITY INSURANCE COMPANY |
| INSURER B: | BUSINESS AUTOMOBILE POLICY |
| INSURER C: | COMMERCIAL UMBRELLA INSURANCE COMPANY |
| INSURER D: | WORKERS' COMPENSATION INSURANCE COMPANY |
| INSURER E: | |

PEACOCK CONSTRUCTION COMPANY
ATTN: MISSY PEACOCK
P. O. BOX 530098
HARLINGEN    TX   78553
956-423-6733

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|
| GENERAL LIABILITY | | | | EACH OCCURRENCE | $ 1,000,000.00 |
| COMMERCIAL GENERAL LIABILITY | | | | FIRE DAMAGE (Any one fire) | $ 100,000.00 |
| [ ] CLAIMS MADE [X] OCCUR | XXXXXXXXXXX | | | MED EXP (Any one person) | $ 5,000.00 |
| | | | | PERSONAL & ADV INJURY | $ 1,000,000.00 |
| | | | | GENERAL AGGREGATE | $ 1,000,000.00 |
| GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000.00 |
| POLICY [X] PRO-JECT [ ] LOC | | | | | |
| AUTOMOBILE LIABILITY | | | | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000.00 |
| ANY AUTO | | | | | |
| ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| SCHEDULED AUTOS | XXXXXXXXXX | | | | |
| HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| NON-OWNED AUTOS | | | | | |
| | | | | PROPERTY DAMAGE (Per accident) | $ |
| GARAGE LIABILITY | | | | AUTO ONLY - EA ACCIDENT | $ |
| ANY AUTO | | | | OTHER THAN   EA ACC | $ |
| | | | | AUTO ONLY:   AGG | $ |
| EXCESS LIABILITY | | | | EACH OCCURRENCE | $ 1,000,000.00 |
| OCCUR [ ] CLAIMS MADE | XXXXXX UMBRELLA FORM | | | AGGREGATE | $ 1,000,000.00 |
| | | | | | $ |
| DEDUCTIBLE | | | | | $ |
| RETENTION  $ 10,000. | | | | | $ |
| WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | | | | WC STATU- TORY LIMITS [X] OTH-ER | |
| | XXXXXXXXXXX | | | E.L. EACH ACCIDENT | $ 1,000,000.00 |
| | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000.00 |
| | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000.00 |
| OTHER | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS
PROJECT NAME: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
WAIVER OF SUBROGATION AND ADDITIONAL INSURED IN FAVOR OF        FAX: 956-425-5683 AND MAIL THE ORGINAL.
CERTIFICATE HOLDER ON GENERAL LIABILITY.
WAIVER OF SUBROGATION ON WORKERS' COMPENSATION.

| CERTIFICATE HOLDER | [X] ADDITIONAL INSURED; INSURER LETTER: A | CANCELLATION |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC. ATTN: MISSY PEACOCK P. O. BOX 530098 HARLINGEN    TX   78553 956-423-6733 FAX: 956-425-5683 | | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |



## CAUSE NO. 2003-11-4371-G

| | | |
|---|---|---|
| ANGELICA SALAZAR, JULIO CESAR SALAZAR, MARICELA SALAZAR, JOSE GUADALUPE SALAZAR, JR., and OMAR ALEJANDRO SALAZAR, Individually and as heirs and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR, Deceased, and REMEDIOS CORRAL | § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | |
| MARIA GUADALUPE SALAZAR, JOSE M. GRACIA and NATIONAL FIRE INSURANCE COMPANY INTERVENORS | § § § § § | 404TH JUDICIAL DISTRICT |
| VS. | § § | |
| PEACOCK CONSTRUCTION COMPANY INC., CONSOLIDATED CRANE COMPANY, INC., WILLIAM T. PEACOCK, JR. and HAL WYRICK | § § § § § | |
| VS. | § § § | |
| SOUTH TEXAS MASONRY, INC., HARTFORD CASUALTY INSURANCE COMPANY, McQUEARY HENRY BOWLES TROY, L.L.P., FIRST MERCURY INSURANCE COMPANY, CLARENDON AMERICA INSURANCE COMPANY, and HUGHSTON INSURANCE AGENCY, INC. | § § § § § § § § | CAMERON COUNTY, TEXAS |

Page 1 of 17