# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **PEACOCK CONSTRUCTION COMPANY, INC.** | § | |
| | § | |
| *vs.* | § | **CIVIL ACTION NO. B-04-111** |
| | § | |
| **HARTFORD LLOYD'S INSURANCE COMPANY** | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Plaintiff **PEACOCK CONSTRUCTION COMPANY, INC.** (hereinafter "Peacock"), and, subject to its pending Amended Motion to Remand, files this Complaint against Defendant **HARTFORD LLOYD'S INSURANCE COMPANY** (hereinafter "Hartford Lloyd's"), and for cause of action would show unto the court as follows:

**1.** Subject to Peacock's pending Amended Motion to Remand, this Court's jurisdiction was predicated on removal of the case pursuant to 28 U.S.C. §§1332 and 1446(a), in that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is purportedly between citizens of different states[1]. Venue of this diversity action is proper in the United States District Court for the Southern District of Texas, Brownsville Division pursuant to 28 U.S.C. §1391(a), in that a substantial part of the events and omissions giving rise to the claim occurred within this district and division. Additionally, Hartford Lloyd's principal office

[1] Although Hartford Lloyd's is a Texas corporation, with its principal office and main place of business in Texas, as a registered Lloyd's plan it is deemed to have the citizenship of its individual underwriters, none of whom purportedly reside in Texas.

EXHIBIT
A

and main place of business is within the Southern District of Texas, and it was therefore subject to personal jurisdiction in the Southern District of Texas at the time of the commencement of the action.

**2.** Plaintiff Peacock is a Texas corporation with its principal office and main place of business in Harlingen, Cameron County, Texas.

**3.** Defendant Hartford Lloyd's is a Texas corporation with its principal office and main place of business in Houston, Harris County, Texas, and is authorized to conduct insurance business in Texas as a registered Lloyd's plan. Defendant Hartford Lloyd's has voluntarily appeared and answered herein.

**4.** Peacock had originally been sued by the Original Plaintiffs in the underlying state court action as a result of an incident which occurred on or about October 23, 2002 in which a crane collapsed at the Las Dunas condominium project on South Padre Island, Cameron County, Texas, which resulted in the death of Jose Guadalupe Salazar, and serious physical injuries to Remedios Corral and Jose Gracia. Jose Guadalupe Salazar, Remedios Corral and Jose Gracia were employees of South Texas Masonry (hereinafter "South Texas"), and were finishing their work day when the incident occurred. Peacock was the general contractor on the Las Dunas project, and South Texas was a sub-contractor providing masonry and stucco services. The crane that collapsed was owned by Consolidated Crane Company and had been leased to Peacock, whose employee was operating the crane at the time of the incident. The Subcontract Agreement dated January 10, 2002, between Peacock and South Texas (hereinafter the "Subcontract Agreement") required that South Texas obtain a primary general liability

insurance policy which named Peacock as an additional insured, and which indemnified Peacock against liability for bodily injury or death to South Texas' employees which occurred in connection with or involved in any manner the performance of work or services by South Texas on the Las Dunas project, including, expressly, claims based on the alleged negligence of Peacock.

**5.** In order to comply with the contract documents, South Texas, through McQueary Henry Bowles & Troy, L.L.P. (hereinafter "McQueary"), obtained a "Hartford Spectrum Business Insurance Policy" of liability insurance, number 46 SBA NS1014 (hereinafter the "Hartford Policy"), which was underwritten by Hartford Lloyd's, and under which Peacock qualifies as an additional insured. Three Certificates of Insurance were issued by McQueary confirming that Peacock was indeed an additional insured under said policy, but which erroneously stated that the policy had been underwritten by Hartford Casualty Insurance Company (hereinafter "Hartford Casualty"), and not by Hartford Lloyd's. The Hartford Policy provides limits of insurance for business liability of ONE MILLION DOLLARS ($1,000,000.00).

**6.** During the pendency of the initial litigation, demands were made by Peacock of Hartford Lloyd's to comply with the terms of the Subcontract Agreement, and to tender a defense and indemnification to Peacock as a result of the claims of the Original Plaintiffs. Employees and claims representatives of Hartford Lloyd's investigated Peacock's demands for defense and indemnity under the Hartford Lloyd's policy, and wrote letters to Peacock stating that Hartford Lloyd's would not provide coverage.

7. Following Hartford Lloyd's refusal to honor its obligations to defend and indemnify Peacock under the Hartford Lloyd's policy, Clarendon America Insurance Company/First Mercury Insurance Company (hereinafter jointly "Clarendon/First Mercury"), which insured Peacock under a policy of liability insurance providing a first layer of "excess" coverage in the amount of $1,000,000.00, were forced to "step-down" and provide a defense and primary indemnity to Peacock. Due to the fact that Peacock faced clear liability to the Original Plaintiffs, and the amount of damages which the Original Plaintiffs likely would recover from Peacock far exceeded Peacock's assets and available liability insurance coverage, Peacock and its insurers negotiated a reasonable settlement of all claims brought by the Original Plaintiffs in the original litigation. As part of the settlement Clarendon/First Mercury and United National Insurance Company (hereinafter "United') -- the latter of which insured Peacock under a policy of liability insurance providing a second layer of excess coverage in the amount of $1,000,000.00 -- were forced to pay their respective policy limits to the Original Plaintiffs in order to settle their claims against Peacock, and to protect Peacock against a financially ruinous judgment. Clarendon/First Mercury and United were forced to exhaust their policy limits to protect their insured, Peacock, even though their policies were secondary to the Hartford Policy issued pursuant to the Subcontract Agreement between Peacock and South Texas, under which policy Peacock was an additional insured and therefore was entitled to $1,000,000.00 in primary liability coverage from Hartford Lloyd's.

**8.** On or about February 9, 2004, Peacock filed an original third party action in this cause against Hartford Casualty for actual and exemplary damages, alleging, *inter alia*, that it had failed to defend or to indemnify Peacock against the claims of the Original Plaintiffs under Peacock's status as an additional insured under the Hartford Policy obtained by McQueary for South Texas, and asserting causes of action for breach of contract, reformation of contract, promissory estoppel, negligence, and violations of the DTPA and the Texas Insurance Code. Thereafter, on or about May 4, 2004, Peacock filed an amended third party action against Hartford Casualty along similar lines. Since the filing of these pleadings, it has been established that the actual underwriter of the Hartford Policy was Hartford Lloyd's and not Hartford Casualty, and the latter entity is no longer a party herein. Reference is therefore made to the "Original Third Party Petition" and the "First Amended Original Third Party Petition" filed by Peacock, to the extent of the allegations contained therein against Hartford Casualty, and the same are incorporated herein and asserted against Hartford Lloyd's *in haec verba*, as if fully copied and set forth at length.

**9.** Peacock would show that Hartford's Lloyd's was negligent and failed to exercise ordinary care in its refusal to defend and to indemnify Peacock against the claims and causes of action of the Original Plaintiffs, and in its refusal to tender its policy limits of $1,000,000.00 towards a settlement of the Original Plaintiffs' claims against Peacock. As a matter of law, the Hartford Policy was primary to the Clarendon/First Mercury and United policies, and Hartford Lloyd's was under a duty to defend and to indemnify Peacock against such claims -- a duty it

negligently breached. Such negligence was a proximate cause of damages to Peacock in an amount equal to the liability limits of the primary Hartford Policy -- $1,000,000.00, plus such exemplary damages as are authorized under Texas law.

**10.** Peacock would further show that Hartford Lloyd's wrongful failure and refusal to defend and indemnify Peacock against the claims of the Original Plaintiffs constitutes a breach of its contractual obligations to Peacock, as an additional insured on the Hartford Policy. Such breach of contract was a producing cause of damages to Peacock in an amount equal to the limits of liability under the Hartford Policy -- $1,000,000.00.

**11.** Peacock would further show that Hartford Lloyd's wrongful failure to provide the liability insurance coverage to Peacock (as represented in the Certificates of Insurance issued by its duly appointed local recording agent, McQueary) was the result of unfair and deceptive acts and practices in the business of insurance in violation of Texas Insurance Code Article 21.21 §10, subsections (i), (iv) and (viii). The denial of coverage letters sent on behalf of Hartford Lloyd's violate said provisions of the Texas Insurance Code, in that they:

- Misrepresented to Peacock material facts and policy provisions relating to the coverage at issue;

- Failed to promptly provide Peacock a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Hartford Lloyd's denial of the claim; and

- Refused to pay Peacock's claim without conducting a reasonable investigation with respect to the claim.

Hartford Lloyd's violations of the foregoing provisions of Texas Insurance Code Article 21.21 §10 are a producing cause of actual damages to Peacock in the amount of $1,000,000.00, plus such additional or exemplary damages as are authorized under Texas law.

**12.** Peacock would further show that the Certificates of Insurance for the Hartford Lloyd's policy were issued by a duly appointed local recording agent of Hartford Lloyd's (McQueary), such that the Certificates and the representations contained therein were and are binding upon Hartford Lloyd's. Hartford Lloyd's has also ratified the representations made to Peacock in the Certificates of Insurance as it has now been aware of them for many months. Hartford Lloyd's has refused to honor the coverage promised to Peacock in the Certificates of Insurance, such that the Certificates of Insurance constitute a misrepresentation of the terms and provisions of the Hartford Lloyd's policy. Hartford Lloyd's failure to provide the coverage as represented by the Certificates of Insurance constitutes an unfair and deceptive act and practice in the business of insurance, in violation of Texas Insurance Code Article 21.21 §4 (which prohibits making any statements representing the terms of any policy issued or to be issued). Hartford Lloyd's violations of these provisions are a producing cause of actual damages to Peacock in the amount of $1,000,000.00, plus such additional or exemplary damages as are authorized under Texas law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Peacock Construction Company, Inc. prays that it have judgment against Hartford Lloyd's Insurance Company for actual damages in the amount of ONE MILLION DOLLARS ($1,000,000.00); for such additional or exemplary damages as are authorized against Hartford Lloyd's under Texas law; and for recovery of reasonable attorney's fees and costs of court for the prosecution of the claims asserted by this pleading. Peacock further prays for recovery of pre-judgment interest on its actual damages at the maximum legal or equitable rate, and for recovery of post-judgment interest at the maximum rate authorized by law. Peacock prays for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**REED, CARRERA, MCLAIN & GUERRERO**
1 Paseo Del Prado, Bldg. 101
Edinburg, TX 78539
-----------
P.O. Box 9702
McAllen, TX 78502-9702
Tel.: 956/631-5444
Fax: 956/631-9187

By: ______________________
Victor M. Carrera
Federal I.D. No. 2190
State Bar of Texas No. 03871300

**COUNSEL FOR PLAINTIFF PEACOCK CONSTRUCTION COMPANY, INC.**

Ruben R. Peña
Federal I.D. No. 1216
State Bar of Texas No. 15740900
**LAW OFFICE OF RUBEN R. PEÑA**
222 West Harrison
P.O. Box 530160
Harlingen, TX 78550
Tel.: (956) 412-8200
Fax: (956) 412-8282

**ATTORNEY-IN-CHARGE FOR PLAINTIFF PEACOCK CONSTRUCTION COMPANY, INC.**

## CERTIFICATE OF SERVICE

On January 18, 2005, copies of "**PLAINTIFF'S SECOND AMENDED COMPLAINT**" were sent via telefax and U.S. *certified* mail, return receipt requested, to opposing counsel, as follows:

Mr. F. Edward Barker
**BARKER, LEON, FANCHER & MATTHYS, L.L.P.**
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, TX 78478

Mr. Trey Martinez
**MARTINEZ, MARTINEZ & BARRERA, L.L.P.**
1201 E. Van Buren
Brownsville, TX 78520

**Victor M. Carrera**