UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 21 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION, | § | |
| COMPANY, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-111 |
| | § | (636(c)) |
| HARTFORD CASUALTY | § | |
| INSURANCE COMPANY AND | § | |
| HARTFORD LLOYD'S INSURANCE | § | |
| COMPANY, | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On the 16th day of December, 2004, came on to be considered Plaintiff Peacock Construction's Amended Motion to Remand in the above styled action (Docket No. 16). After consideration of the pleadings, motions, and arguments of counsel, this Court is of the opinion that Plaintiff's motion should be DENIED.

### BACKGROUND

In January 2002 general contractor Peacock Construction entered into a sub-contractual agreement with South Texas Masonry for the provision of stucco and masonry services during the construction of condominiums on South Padre Island, Texas. The agreement required that South Texas Masonry obtain a primary general liability insurance policy naming Peacock Construction as an additional insured. This insurance policy was to indemnify Peacock Construction against liability for bodily injury or death to South Texas Masonry employees which might occur during the performance of work on the condominium project. In compliance

1

with the contract South Texas Masonry acquired a "Hartford Spectrum Business Insurance Policy". This policy was underwritten by Defendant Hartford Lloyd's Insurance Company.

Work progressed on the condominium project without major incident until October 23, 2002. On that day a crane operated by an employee of Peacock Construction, which was carrying steel rebar, collapsed onto employees of South Texas Masonry who were working beneath it. The collapse of the crane resulted in the serious injury of two employees and the tragic death of another. Peacock Construction and others were later sued in state court by the injured South Texas Masonry employees and the family of the worker who was killed in the accident.

During the initial stages of litigation Peacock sought defense and indemnification from Hartford Lloyd's pursuant to the policy taken out by South Texas Masonry. Hartford Lloyd's denied coverage alleging that the policy terms did not warrant the benefits Peacock requested. Peacock then filed suit in state court on February 19, 2004 against Hartford *Casualty* Insurance Company due to some confusion as to the identity of the policy underwriter. This confusion stemmed from two certificates of insurance that were issued by policy seller McQueary, Henry, Bowles & Troy, L.L.P. The certificates stated that Hartford *Casualty,* instead of Hartford *Lloyd's,* was the underwriter of the policy.

Default judgment was eventually entered against Hartford Casualty in the state court action. However, on May 12, 2004 Hartford Casualty filed an agreed motion for a new trial seeking to set aside the the judgment. This motion was granted. Hartford Casualty later requested and received severance of Peacock's third-party claims against it. On June 30, 2004, after severance was granted, Hartford Casualty filed an answer and counterclaim in the state court action. This by itself was not unusual, however, Hartford *Lloyd's* was also listed as a

2

defendant in these pleadings. Thus Hartford Lloyd's, having never been sued by Peacock, unilaterally entered the state court action through its filing. The next day, July 1, 2004, defendants Hartford Casualty and Hartford Lloyd's filed their notice of removal seeking to remove the state court action to the United States District Court for the Southern District of Texas, Brownsville Division (Docket No. 1). It is the validity of this removal that is now before the court.

## STANDARDS FOR DETERMINING REMOVAL JURISDICTION

Congress established the federal courts as venues of limited jurisdiction. *Marathon Oil Co. v. Ruhrgas,* 145 F.3d 211, 215 (5th Cir. 1998), *rev'd on other grounds*. If at any time a federal court determines that it lacks subject matter jurisdiction in the case before it that case should be remanded, provided that final judgment has not been entered. 28 U.S.C. § 1447(c) (2004). By ordering a remand to state court when a case is beyond its jurisdiction a federal court is upholding "a basic tenet of the American system of diffused political and judicial power." *Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 343 (5th Cir. 1986). Thus, federal courts must "scrupulously confine" their jurisdiction to the exact limits which congress, through promulgation of federal statutes, has defined. *Healy v. Ratta,* 292 U.S. 263, 270 (1934). Given the importance of jurisdictional questions it is necessary to construe the remand statutes strictly against removal. *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir. 2002); 28 U.S.C. § 1447 (2004). As such, any uncertainty in regards to the appropriateness of the removal should be resolved in favor of remanding the case to state court. *Brown v. Demco,* 792 F.2d 478, 482 (5th Cir. 1986). It is with this framework in mind that the court turns to consider the specific jurisdictional question raised in this case.

## DISCUSSION

In order for removal to be proper it must be accomplished by all defendants no more than 30 days after any one defendant becomes aware that the action is removable. 28 U.S.C. § 1446(b) (2004); *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988). In this instance it is uncontested that Hartford Casualty became aware that it could remove to federal court on June 10, 2004 when its motion for severance was granted by the state court.[1] The parties also agree that Defendants filed their notice of removal on July 1, 2004, well within the 30 day period allotted by statute. 28 U.S.C. § 1446(b) (2004). Thus, the Defendants' removal was procedurally sound in this respect. The issue now before the court then, is whether by voluntarily entering the suit, Hartford Lloyd's waived its right to remove the action to federal court.

There are at least two ways in which a defendant may waive its right to remove a case from state to federal court. First, of course, is through an explicit waiver of that right. *United States v. Olano*, 507 U.S. 725, 733 (1993). Second, and more relevant to this case, a defendant can take such substantial action in state court that waiver is implied. In order to waive removal in this manner a defendant must advance clear and specific intent to proceed in state court. *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000). The question of waiver was

---

[1] Removal became available to Hartford Casualty because complete diversity of citizenship was created by the severance. Hartford Casualty is considered a citizen of Indiana while Plaintiff is a citizen of Texas. Diversity was not destroyed by Hartford Lloyd's underwriters' entrance into the suit as its members are all citizens of states other than Texas (Docket No. 1).

4

made more complicated in this instance by Hartford Lloyd's decision to voluntarily enter the lawsuit initiated by Peacock Construction against Hartford Casualty. Neither party presented case law that was directly on point as to whether this constituted waiver of the right to remove. The court could likewise find none after undertaking its own research. What the court must do then, is attempt to extrapolate a guiding principle from the case law that is available for consideration. For such guidance the court need not look too far afield.

In *Ortiz v. Brownsville Indep. Sch. Dist.* the district court notes that the purpose of the waiver rule is to prevent a defendant from experimenting in state court then transferring to federal court upon receiving an adverse decision. 257 F. Supp. 2d 885, 889 (S.D. Tex. 2003); *see also Rosenthal v Coates,* 148 U.S. 142, 147-148 (1893); *Hingst v. Providian Nat. Bank,* 124 F. Supp. 2d 449, 451-452 (S.D. Tex. 2000). In other words, the rule is meant to reduce forum manipulation. As such, the court must consider whether Hartford Lloyd's voluntary entrance into the suit was an attempt to avoid the restrictions of the waiver rule and somehow test the waters in state court.

Hartford Lloyd's entered the lawsuit on June 30, 2004 (Docket No. 16). It did so after discovering that Peacock Construction had erroneously sued Hartford Casualty when Hartford Lloyd's was the actual underwriter of the insurance policy at issue. Thus Hartford Lloyd's, aware that it was a necessary party and would eventually be sued, chose to enter the suit of its own accord.[2] It is undisputed that at the time Hartford Lloyd's entered the suit Hartford Casualty had the ability to remove the lawsuit to federal court based on complete diversity of the parties.

---

[2]Peacock Construction confirmed during the hearing held on December 16, 2004 that they are in fact now attempting to sue Hartford Lloyd's in state court (Hearing Transcript pp. 7-8).

By entering the lawsuit Hartford Lloyd's did not change the removal status of the case in any way.[3] Furthermore, the answer and counterclaim were filed just one day before the notice of removal (Docket Nos. 16 & 1). As such, it is clear that Hartford Lloyd's was not attempting to engage in forum manipulation by experimenting in state court before removal. The principle behind the waiver rule thus does not require that Hartford Lloyd's be held to have waived its right of removal by voluntarily entering the lawsuit. The court also notes that upon filing an answer and counterclaim without actually being sued, Hartford Lloyd's voluntarily *became a defendant*. Accordingly, Hartford Lloyd's was subject to the Texas Rules of Civil Procedure just as any other defendant would be and was obligated under Tex. R. Civ. P. 97(a) to file any compulsory counterclaims or risk losing them. The counterclaim submitted by Hartford Lloyd's therefore was not clear and specific intent to proceed in state court. *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989), *superceded by statute on other grounds; Warner v. Crum & Forster Commercials Ins. Co.*, 839 F. Supp. 436, 439-440 (N.D. Tex. 1993). Thus under the unique fact scenario presented by this lawsuit Hartford Lloyd's did not waive its right of removal.

## CONCLUSION

Although remand statutes are to be strictly construed against removal, the court is of the opinion that there exist ample reason to deny remand in this case. *Bosky*, 288 F.3d at 211; 28 U.S.C. § 1447 (2004). As explained above Hartford Lloyd's did not engage in forum

---

[3] In fact, should Hartford Lloyd's have waived its right of removal Hartford Casualty would also have been prevented from removing the action to federal court. This stems from the "rule of unanimity" which requires that all defendants join in a removal petition. If one defendant is precluded from removing to federal court, removal is improper for all of the defendants. *Demco*, 792 F.2d at 481; *Getty Oil Corp.*, 841 F.2d at 1262; *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

manipulation, there was not a clear waiver of the right to remove, and there were no procedural defects in the removal. The principle behind the rule of waiver does not mandate that a defendant be prevented from removing a suit to federal court under these circumstances. With the unique waiver question presented by this case thus resolved there exists no uncertainty as to the appropriateness of the removal. *Demco,* 792 F.2d at 482. Subsequently, Peacock's amended motion for remand (Docket No. 16) is DENIED. Plaintiff's requests for costs and attorney's fees (Docket No. 16) are also DENIED.

     IT IS SO ORDERED.

     DONE at Brownsville, Texas this 21st day of January, 2005.

                                        Felix Recio
                                    United States Magistrate Judge