IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 8 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC., § *plaintiff* § § v. § § HARTFORD LLOYD'S INSURANCE COMPANY, § *defendant* § | CIVIL ACTION NO. B-04-111 |

### PLAINTIFF'S *OPPOSED* MOTION TO JOIN INDISPENSABLE PARTIES (*WITH AUTHORITIES*)

Plaintiff, PEACOCK CONSTRUCTION COMPANY, INC., (hereinafter "Peacock") moves pursuant to FED. R. CIV. P. 19(a) and 20, and 28 U.S.C. §1447(e) to join MCQUEARY HENRY BOWLES & TROY, L.L.P. (hereinafter "McQueary') and SOUTH TEXAS MASONRY (hereinafter "South Texas") as indispensable or, alternatively, permissive parties defendant herein. In support hereof, Peacock states as follows:

1. On January 21, 2005, this Court signed an order denying Peacock's motion to remand this diversity action to the 404th Judicial District Court of Cameron County, Texas. As that order recognized, complete diversity of citizenship was not in question; however, remand was sought on the ground that defendant Hartford Lloyd's Insurance Company (hereinafter "Hartford Lloyd's) had waived removal by previously appearing voluntarily as a defendant in the state court action and filing a counterclaim for a declaratory judgment (Docket No.1, Notice of Removal, Item 14), even though it had not been served or even named as a defendant in that action. As the Court also recognized in its order, Peacock's motion presented

---

*Peacock Construction v. Hartford, et al.*; Mot. to Join Indispensable Parties -- p. 1 of 14 pgs.

a novel question of law. The Court's decision that removal had not been waived now, however, necessitates the present motion to join additional indispensable parties.

2.  Still pending under Cause No. 2002-11-4371-G, *Peacock Construction Company, Inc. v. McQueary Henry Bowles & Troy, L.L.P., et al.*, in the 404th Judicial District Court of Cameron County, Texas (hereinafter the "underlying state court action") from which the present action was severed and then removed, are the third-party actions of Peacock against McQueary and South Texas, which were filed long before removal of this case. Former defendant Hartford Casualty Insurance Company (hereinafter "Hartford Casualty") also was an original third-party defendant in the underlying state court action, and it was sued by Peacock at the same time as McQueary (Docket No.1, Notice of Removal, Items 6 & 8). In the underlying state court action, Peacock specifically plead, *inter alia*, a cause of action against the supposed insurer, Hartford Casualty, for breach of contract; a cause of action against both Hartford Casualty and McQueary for violations of art. 21.21 of the Texas Insurance Code; and, in the alternative, a negligence cause of action against McQueary for failure to procure required insurance coverage. Peacock also sued South Texas for indemnification based on the provisions of their sub-contract agreement. On September 28, 2004, Peacock moved the trial court in the underlying state court action for leave to file a third-party action against Hartford Lloyd's, the sole remaining defendant herein. Copies of Peacock's motion to join Hartford Lloyd's in the state court action and of a proposed petition to accomplish this are attached as Exhibits "A" and "B", reference to which is made and the same incorporated herein in their entirety for all purposes as if fully copied and set forth at length.

---

*Peacock Construction v. Hartford, et al.*; Mot. to Join Indispensable Parties -- p. 2 of 14 pgs.

3. As this Court recognized in its opinion of January 21, 2005, Peacock, as general contractor, entered into a sub-contract agreement with South Texas for the provision of stucco and masonry services during the construction of condominiums on South Padre Island, Texas. The agreement expressly required that South Texas obtain a $1,000,000.00 primary general liability insurance policy naming Peacock as an additional insured. This insurance policy was to indemnify Peacock against liability for bodily injury or death to South Texas employees which might occur during the performance of work on the condominium project. In compliance with the contract, South Texas acquired a "Hartford Spectrum Business Insurance Policy" from McQueary, as the selling agent. This policy was underwritten by Hartford Lloyd's. McQueary also provided certificates of insurance to South Texas, which South Texas forwarded to Peacock, expressly naming Peacock as an additional insured under South Texas' policy from Hartford Lloyd's -- but which erroneously listed Hartford Casualty as the insurer.

4. Peacock was later sued in state court by two injured South Texas employees and the family of a co-worker who was killed in a crane collapse that occurred at the condominium project on October 23, 2002. Peacock sought defense and indemnification from Hartford Lloyd's pursuant to the policy taken out by South Texas. Hartford Lloyd's denied coverage. Peacock then filed suit in state court against South Texas and McQueary, and also against Hartford Casualty due to some confusion as to the correct name of the policy underwriter. Hartford Lloyd's was never sued by Peacock in the underlying state court action, but voluntarily appeared as a defendant and counter-plaintiff in the state court proceeding (*i.e.*, now

the removed case) that had been severed from the underlying (and still pending) state court action. By virtue of a Stipulation of Dismissal filed on January 18, 2005, the parties have agreed to the dismissal of Hartford Casualty from this action, leaving Hartford Lloyd's as the sole defendant.[1]

5. McQueary is a registered Texas limited liability partnership, with its principal office and main place of business in Dallas, Dallas County, Texas, with its general partners, McQueary & Henry, Inc. and Bowles, Troy, Donohue, Johnson, Inc. both being Texas corporations with their principal offices and main place of business in Dallas, Dallas County, Texas. South Texas is a Texas partnership or other business entity, with its principal office and main place of business in Pharr, Hidalgo County, Texas, with its general partners, Baldemar Salazar and Luis Salazar, both being individual residents of Hidalgo County, Texas. Therefore, joinder of these indispensable but non-diverse parties, while expressly authorized under 28 U.S.C. §1447(e), also would result in remand pursuant to that subsection.

6. Peacock's claims and causes of action in the present proceeding -- and in the underlying state court action -- against Hartford Lloyd's, McQueary and South Texas arise out of the same transaction and involve common questions of law and fact. In the absence of

---

[1] The two surviving accident victims and the wrongful death beneficiaries of the decedent have since settled their claims against Peacock for an amount in excess of the disputed $1,000,000.00 in primary liability coverage under the Hartford Lloyd's policy. This required Peacock's excess carriers to "step-down" to indemnify and provide a defense to Peacock. As part of that settlement, Peacock and its excess carriers assigned certain of their claims against Hartford Lloyd's to the two accident victims and to the beneficiaries of the decedent.

---

*Peacock Construction v. Hartford, et al.*; Mot. to Join Indispensable Parties -- p. 4 of 14 pgs.

McQueary and South Texas as defendants herein, complete relief cannot be accorded among those already parties to this action. Additionally, prosecution of this action in the absence of McQueary and South Texas may impair and impede their ability to protect their interests, and leave the present parties to substantial risk of incurring inconsistent obligations. For example, McQueary and South Texas have an obvious interest in proving that the Hartford insurance policy provides the coverage intended as that would exculpate them from liability. A negative determination on this coverage issue in this federal court action can only prejudice McQueary's and South Texas' defenses in the underlying state court action. Under that scenario, Peacock would, on the other hand, be forced to re-litigate the question of the existence of insurance coverage in the underlying state court action -- this time arguing against the existence of coverage -- as McQueary and South Texas would undoubtedly clam that there could be no preclusive *res judicata* or collateral estoppel effects binding upon them, since they were not parties to the federal court action. The present procedural scenario clearly sets the stage for the possibility of inconsistent judgments. Under these circumstances, McQueary and South Texas are indispensable parties under FED. R. CIV. P. 19(a), and, *ipso facto*, are also permissive parties under FED. R. CIV. P. 20. In short, this case presents a simple either/or situation: either Hartford Lloyd's is liable to Peacock, if there *is* coverage, or McQueary and South Texas are liable if there *is not* coverage. That is why these alternative liability claims must be tried in one proceeding.

7.   There is ample support in the case law for the joinder of a non-diverse insurance agent or adjuster as a party defendant in an action against a diverse insurance company, resulting in the subsequent remand of the case. *E.g., McNeel v. Kemper Casualty Insurance Co.*, 2004 WL 1635757 (N.D. Tex.) (allowing joinder of non-diverse insurance adjuster who allegedly violated art. 21.21 of the Texas Insurance Code); *Kahhan v. Massachusetts Casualty Insurance Co.*, 2001 WL 1454063 (E.D. Pa.) (allowing joinder of non-diverse insurance agent sued for alleged fraud and negligence -- applying Fifth Circuit *Hensgens* factors); *Dawkins v. Equitable Life Assurance Society of the United States*, 1994 WL 706230 (N.D. Cal.) (allowing joinder of non-diverse insurance agent sued for alleged negligence).[2] *Cf., Hartman v. Geico Casualty Co.*, 2005 WL 22681 (D. Alaska) (allowing joinder of punitive damage claim against non-diverse uninsured motorist in action against diverse insurer, a claim that would not be excluded from plaintiff's uninsured motorist coverage). There is also case law holding that an insurance agent, such as McQueary, is an indispensable party in an action by or against an insurer on a coverage issue, sufficient to require joinder and defeat diversity. *E.g., Provident*

---

[2] Other courts have denied joinder in clearly distinguishable circumstances. *E.g., Glasbrenner v. Continental General Insurance Co.*, 2004 WL 322912 (M.D. Fla.) (denying joinder of negligence claim against non-diverse insurance agent as not ripe, because under Florida law the claim would not accrue until the underlying action against the insurance company was final. Under Texas law, however, a negligence cause of action against an insurance agent accrues upon the denial of coverage, and not upon final resolution of the underlying coverage dispute. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514-15 (Tex. 1998)); *Alcantara v. Prudential Life Insurance Co. of America*, 75 F.Supp. 2d 563, 565 (E.D. Tex. 1999) and *O'Connor v. Automobile Insurance Company of Hartford, Connecticut*, 846 F.Supp. 39, 40-41 (E.D. Tex. 1994) (In both of these district court cases, the court denied joinder of negligence claims against non-diverse insurance agents who had *not* been sued in the underlying state court action. In the present case, it is undisputed that the insurance agent, McQueary, and South Texas, had both been sued in the underlying state court action long before removal.)

---

*Life & Accident Insurance Co. v. Dorfman*, 1995 WL 871007 (E.D. Mich.) (non-diverse insurance agent held to be indispensable party, and her necessary joinder destroyed diversity jurisdiction, mandating dismissal); *Beritiech v. Metropolitan Life Insurance Co.*, 881 F.Supp. 557, 561-62 (S.D. Alabama 1995) (court declined to hold that non-diverse insurance agents were "dispensable parties", necessitating remand of removed case for lack of subject matter jurisdiction); *Star Insurance Co. v. New Orleans Jazz & Heritage Foundation, Inc.*, 1994 WL 148777 (E.D. La.) (non-diverse insurance agent deemed indispensable party to insurer's declaratory judgment action, mandating dismissal); *Casualty Indemnity Exchange v. High Croft Enterprises, Inc.*, 714 F.Supp. 1190, 1192-93 (S.D. Fla. 1989) (non-diverse insurance agent deemed indispensable party that defeated diversity jurisdiction in insurer's declaratory judgment action, mandating dismissal -- particularly in light of real possibility of a subsequent action which could result in an inconsistent judgment and "gross judicial inefficiency").

**8.** The Fifth circuit has established four factors ( the "*Hensgens* factors") for a district court to consider in determining whether to allow the addition of a non-diverse party where inclusion would destroy diversity and thereby deprive the court of jurisdiction: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001); *Tillman v. CSX Transport, Inc.*, 929 F.2d 1023, 1029 n. 11 (5th Cir. 1991); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

---

9.  Prime consideration is given to the danger of parallel federal/state proceedings with the inherent possibility of inconsistent results and waste of judicial resources, as against the diverse defendant's interest in retaining the federal forum. *Hensgens, supra.* Balancing of these competing interests is not served by a rigid distinction of whether the proposed party to be added is an indispensable or permissive party, and when confronted with the question of adding a *nonindispensable* party, the matter is left to the court's discretion. *Id.* (emphasis added). However, if the non-diverse party to be joined is really "indispensable", the court has no discretion: it must authorize joinder and remand the action. *Boon v. Allstate Insurance Co.*, 229 F.Supp. 2d 1016, 1022 n. 5 (C.D. Cal. 2002) (citing Schwarzer, Tashima and Wagstaffe, CAL. PRAC. GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶2:1079.2 (The Rutter Group 2002)).

10.  Analysis of this case in light of the *Hensgens* factors reveals that Peacock is clearly entitled to the relief requested:

   a.  **the extent to which the purpose of the amendment is to defeat federal jurisdiction:**

Clearly Peacock, in good faith, sought relief against McQueary and South Texas in the underlying state court action, and is seeking to do so here. When a party has a valid cause of action against the non-diverse defendant sought to be joined, the principal purpose of the amendment is not to defeat federal jurisdiction. *Tillman, supra* at 1029. That defeat of removal might be a motive for joining a non-diverse defendant is not important, if in good faith that defendant is sought to be held liable. *Parks v. New York Times*, 308 F.2d 474, 477 (5th Cir.

---

*Peacock Construction v. Hartford, et al.*; Mot. to Join Indispensable Parties -- p. 8 of 14 pgs.

1962), *cert. denied* 376 U.S. 949 (1964)); *Dawkins, supra*. It is sufficient that the plaintiff states a facially legitimate claim against the non-diverse defendant, and whether the plaintiff is motivated by a desire to avoid diversity jurisdiction is not relevant. *Id.*; *Righetti v. Shell Oil Co.*, 711 F.Supp. 531, 534-35 (N.D. Cal. 1989). Where a plaintiff has stated a viable claim against an insurance adjuster or other person "engaged in the business of insurance" under Article 21.21 of the Texas Insurance Code, it is unlikely that the primary purpose of the amendment is to defeat diversity jurisdiction. *McNeel, supra*. Moreover, Peacock's interest in adding McQueary and South Texas reflects a desire to promote an efficient resolution of the dispute, by joining all defendants in one lawsuit regardless of the forum -- leaving unsupported any claim that Peacock's motive is to defeat federal jurisdiction. *Kahhan, supra*. All of these factors weigh in favor of allowing joinder.

### b.    whether the plaintiff has been dilatory in asking for amendment:

Peacock is filing the present motion less than a week after the Court denied its motion to remand, which had been pending for several months and which, if granted, would have returned all of the necessary parties to the same state court, which then could have tried all parties' claims in one proceeding. The motion is also being filed before this Honorable Court's scheduling order deadline for filing contested motions of February 14, 2005. Regardless, dilatory, in this context, means that the purpose of seeking an amendment is to prolong the litigation -- an argument that cannot be made with any plausibility, since it is not in Peacock's interest to delay the complete and final resolution of the entire litigation. *Kahhan, supra*.

---

Hartford Lloyd's may argue that the motion is untimely, as it is being filed after the scheduling order deadline for amendment of pleadings and for joinder of parties of January 18, 2005. (The actual date on the scheduling order was January 17, 2005, but the filing deadline was extended until the next day pursuant to FED. R. CIV. P. 6(a) due to observance of the Birthday of Martin Luther King, Jr. legal holiday.) However, the present motion is being filed less than one week after this Court's ruling on the motion to remand, which was entered on January 21, 2005, three days after the deadline. Under these circumstances, Peacock was not dilatory in seeking the joinder of McQueary and South Texas, and good cause clearly exists to do so now. *Cf., Tillman, supra* at 1025, 1029 (trial court's order allowing joinder of non-diverse defendant held not to be an abuse of discretion even "[o]n the eve of trial"); *Deliberto v. Wyndham Canal Place, Inc.*, 2004 WL 1290774 (E.D. La.) (permitting an amendment joining a non-diverse party even though the court-ordered deadline for filing amendments to pleadings had passed. In so doing, the court analyzed the issue in light of the *Hensgens* factors; the mandate of FED. R. CIV. P. 15(a) that amendments to pleadings shall be freely given when justice so requires; and the "good cause" exception of FED. R. CIV. P. 16(b)). Under these circumstances, Peacock has clearly not been dilatory in seeking to join McQueary and South Texas.

    **c.    whether the plaintiff will be significantly injured if the amendment is not allowed.**

Clearly parallel federal/state proceedings already exist, and the main concern expressed in *Hensgens* is a factor in this case. Considerations of cost, judicial efficiency and possible

---

*Peacock Construction v. Hartford, et al.*; Mot. to Join Indispensable Parties -- p. 10 of 14 pgs.

inconsistency of results militate in favor of not requiring Peacock to prosecute two separate claims in two fora, where both arise from the same set of facts and circumstances. This scenario weighs heavily in favor of permitting the amendment, for a party should be allowed to bring all related claims in one lawsuit. *McNeel, supra; Deliberto, supra; Kahhan, supra; Holcomb v. Brience,* 2001 WL 1480756 (N.D. Tex.).

**d.  any other factors bearing on the equities.**

Joinder of McQueary and South Texas probably would result in several meritorious requests to pass for a short while the May 16, 2005 bench trial date. Given, however, that there has been minimal discovery conducted to date, that the case has not been previously continued and has been pending in this court less than seven months, no inordinate or unjustifiable delay will result. What discovery has taken place can be used in the subsequent proceeding. This Court, sitting in diversity, is required to apply Texas law. Hartford Lloyd's -- a Texas corporation[3] -- will not be prejudiced by a remand to state court -- particularly where there is no federal interest in deciding state law issues, and where federal courts prefer to have state courts interpret their own law. Furthermore, a defendant, such as Hartford Lloyd's, has no substantive "right" of removal to federal court in a diversity case, and it will not be prejudiced in any way by a remand as it will not lose any potential defenses or other substantive rights

---

[3] Although Hartford Lloyd's is a Texas corporation, with its principal office and main place of business in Houston, Harris County, Texas, as a registered Lloyd's plan it is deemed to have the citizenship of its individual underwriters, none of whom purportedly reside in Texas.

---

under Texas law.[4] Under these circumstances, the equities overwhelmingly favor the joinder of McQueary and South Texas. *Deliberto, supra; Kahhan, supra.*

11. Inasmuch as McQueary and South Texas are indispensable parties, they must be joined as defendants, and, as a consequence of their joinder, this action should be remanded to the 404th Judicial District Court of Cameron County, Texas, in accordance with 28 U.S.C. §1447(e).

**WHEREFORE, PREMISES CONSIDERED,** plaintiff Peacock Construction Company, Inc., moves for an order authorizing it to amend its pleadings to join McQueary Henry Bowles & Troy, L.L.P., and South Texas Masonry as defendants in this action.

Respectfully submitted,

**REED, CARRERA, MCLAIN & GUERRERO**
1 Paseo Del Prado, Bldg. 101
Edinburg, TX 78539

-----------

P.O. Box 9702
McAllen, TX 78502-9702
Tel.: 956/631-5444
Fax: 956/631-9187

By: _____
Victor M. Carrera
Federal I.D. No. 2190
State Bar of Texas No. 03871300
**COUNSEL FOR PLAINTIFF PEACOCK CONSTRUCTION COMPANY, INC.**

---

[4] Indeed, Hartford Lloyd's first appeared in this action while it was still pending in the state district court, and filed a counterclaim for declaratory judgment under the Texas Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE ANN. §37.001, *et seq.* (Vernon 1997).

---

Ruben R. Peña
Federal I.D. No. 1216
State Bar of Texas No. 15740900
**LAW OFFICE OF RUBEN R. PEÑA**
222 West Harrison
P.O. Box 530160
Harlingen, TX 78550
Tel.: (956) 412-8200
Fax: (956) 412-8282

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
PEACOCK CONSTRUCTION COMPANY, INC.**

### AVERMENT OF CONFERENCE WITH OPPOSING COUNSEL

I, Victor M. Carrera, one of the attorneys for plaintiff Peacock Construction Company, Inc., in the above-styled and numbered cause, aver that on January 24, 2005 I spoke with Mr. F. Edward Barker, the attorney for defendant Hartford Lloyd's Insurance Company, regarding this motion. Mr. Barker stated that his client is *opposed* to the joinder of McQueary and South Texas in this action.

_____
Victor M. Carrera

### REQUEST FOR ORAL ARGUMENT

Pursuant to LR 7.5.A of the Local Rules of the United States District Court for the Southern District of Texas, Plaintiff Peacock Construction Company, Inc., requests oral argument of the above and foregoing Motion to Join Indispensable Parties.

_____
Victor M. Carrera

---

*Peacock Construction v. Hartford, et al.*; Mot. to Join Indispensable Parties -- p. 13 of 14 pgs.

## NOTICE OF SUBMISSION DATE

Pursuant to LR 7.3 of the Local Rules of the United States District Court for the Southern District of Texas, defendant Hartford Lloyd's Insurance Company, by and through its attorney-in-charge, F. Edward Barker, is advised that this Motion will be submitted to the presiding United States Magistrate Judge, the Honorable Felix Recio, twenty (20) days after the date of the motion's filing without further notice from the clerk, *i.e.*, on or after February 21, 2005.

*Victor M. Carrera*

## CERTIFICATE OF SERVICE

On January 27, 2005, copies of "**PLAINTIFF'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES (*WITH AUTHORITIES*)**" were sent via telefax and U.S. first-class mail to opposing counsel, as follows:

Mr. F. Edward Barker
**BARKER, LEON, FANCHER & MATTHYS, L.L.P.**
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, TX 78478
*361/882-6590*

Mr. Trey Martinez
**MARTINEZ, MARTINEZ & BARRERA, L.L.P.**
1201 E. Van Buren
Brownsville, TX 78520
*956/544-0602*

*Victor M. Carrera*

---

*Peacock Construction v. Hartford, et al.*; Mot. to Join Indispensable Parties -- p. 14 of 14 pgs.