IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY INC. | § § § § | |
| VS. | § § § | CIVIL ACTION NO. B-04-111 |
| HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD LLOYD'S INSURANCE COMPANY | § § § § § | "JURY TRIAL" |

**DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES**

TO THE HONORABLE JUDGE OF SAID COURT:

On or about the 27th day of January, 2005, Plaintiff, Peacock Construction Company, Inc., filed its Opposed Motion to Join Indispensable Parties allegedly pursuant to Federal Rules of Civil Procedure 19(a) and 20 seeking to join McQueary, Henry, Bowles and Troy, L.L.P., [hereinafter known as "McQueary"] and South Texas Masonry [hereinafter known as "South Texas"] as indispensable parties herein.

Defendant opposes such motion and in support thereof would shown unto the court as follows:

1. By virtue of the Amended Rule 16 F.R.C.P. Scheduling Order entered in this cause on September 8, 2004, all amendment of pleadings must be accomplished by January 17, 2005, and joinder of all parties must also be accomplished by January 17, 2005. The Plaintiff was ten days or more days late in the attempt to joint additional parties which, if granted, would necessitate and amendment of pleadings for which Plaintiff has also passed the required deadlines.

Further, Plaintiff has not provided any satisfactory explanation to the court for his delay nor has given the court any good cause why the court should grant his motion past the required deadlines as set forth in the aforementioned Scheduling Order. For this reason alone, Plaintiff's Motion should be summarily denied.

2. The Plaintiff alleges that McQueary and South Texas are indispensable or alternatively, permissive parties Defendant herein. F.R.C.P. 19 is entitled "joinder of persons **needed** for just adjudication."

F.R.C.P. 19(a) states "a person who is subject to service of process and **whose joinder will not deprive the court of jurisdiction over the subject matter of the action** shall be joined as a party in the action **if** (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any other persons already parties subject to a substantial

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

2

risk of incurring double, multiple or otherwise inconsistent obligations by reasons of the claimed interest..

F.R.C.P. 19(b) sets forth the factors to be considered by the court when the court is making a determination for joinder and if joinder is not necessarily feasible.

"The factors to be considered by the court included:

First, to what extent a Judgment rendered in the person's absence might be prejudicial to the person or those already parties;

Second, the extent to which by protective provisions in the Judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided;

Third, whether a Judgment rendered in the person's absence would be adequate;

Fourth, whether the Plaintiff will have an adequate remedy if the action is dismissed for non-joinder."

As to the consideration set forth in F.R.C.P. 19 Plaintiff has already stated in his motion that if the court should grant his motion to add what he terms "indispensable parties" it will destroy jurisdiction and will subject the matter to a remand to the State District Court.

Indeed, this Defendant would inform the court that from all appearances that seems to be his primary and single objective.

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

3

The court is reminded that the Plaintiff has already made one untimely Motion to Remand and the court, after a thorough and professional analyzation has realized such motion was of no merit and denied same.

2.1   Attached hereto the court will find an instrument entitled First Amended Original Third Party Petition *[Exhibit "1"]* filed with the 404th State District Court on May 4, 2004 in which Peacock Construction Company had originally sued McQueary, Henry, Bowles, Troy, L.L.P, and The Hartford Insurance Company. Numerous causes of action are listed against both The Hartford Insurance Company and McQueary.

This suit was brought by Mr. Ruben Pena then, attorney of record for Peacock Construction Company, Inc. "Hartford" was never properly served with Citation in that filing although it appeared that a Citation of someone had indeed been served. A Default Judgment was taken at that time against Hartford Casualty Insurance Company but Mr. Pena realizing that the Judgment was defective due to lack of proper service, agreed to a Motion for New Trial *[Exhibit "2"]* and the Court Granted same.

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

4

All the while the suit by Peacock against McQueary remained in place. On the 10th day of June, 2004, Judge Abel Limas of the 404th Judicial State District Court entered an Agreed Order Severing Hartford from the underlying cause of action *[Exhibit "3"]* and at which time McQueary remained still subject to the Plaintiff's Original Petition in the 404th State District Court. Following such severance, Defendant Hartford Lloyd's Insurance Company voluntarily entered an appearance and immediately removed this matter to the United States District Court where it presently resides.

Following such action, even though the entire jurisdiction of this matter was firmly ensconced in this United States District Court, on September 30, 2004, Plaintiff filed an instrument entitled *"Original Petition in Intervention, Cross-Claim and Third Party Action* against Hartford Lloyd's Insurance Company and others in the 404th State District Court in Cameron County, Texas. *[Exhibit "4"]* naming In that lawsuit McQueary, Henry, Bowles and Troy along with several insurance defendants and certain intervenors.

2.2  On or about October 28, 2004, a hearing was held in the State District Court and Judge Limas recognizing that all of the jurisdiction in this matter currently resided with this Honorable United States District Court, wisely left Plaintiff's Motion pending and abated same [and only as to those matters relating to Hartford Lloyd's Insurance Company]. *[Exhibit "5" Idocket Sheet]* . The interesting factor is that in the 404th State District Court of Cameron County, Texas there is currently **a live lawsuit** between Peacock Construction Company, McQueary, numerous insurance carriers and South Texas Masonry. The

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

5

issues expressed therein can easily be resolved without the presence of any Hartford Defendant, therefore, they are not indispensable parties in the instant matter in this Court.

2.3   The Court has been advised by the Defendants that the current counter-claim for Declaratory Relief in this Honorable Court is, purely an issue of law.  The Defendant, Hartford Lloyd's Insurance Company, has asked this Honorable Court purely to construe the insurance policy assuming that the original underlying facts of original Plaintiff's case against Peacock Construction Company and others were accurate. Did the original facts in the original underlying cause raise a duty to provide insurance coverage through South Texas Masonry to Peacock Construction Company of such a nature that failure to provide such coverage was a breach of that contract?  That is all that the defense has asked this court to determine. All of Plaintiff's claims against Hartford Lloyd's revolve around an assumed duty of coverage.  If coverage exists, then Plaintiff's claims, as they exist in this Honorable Court, may have some degree of merit in the State District Court. On the other hand, if the Defendant is correct in that under the terms and conditions of the original underlying claim in this cause there was no duty on the part of Hartford Lloyd's Insurance Company to provide the coverage demanded by South Texas or Plaintiff then all of Plaintiff's claims against Hartford Lloyd's both here and in the State District Court are of no force and effect.

With that said, there can be no other "indispensable parties" involved in this case since the seminal question is solely an issue of coverage... purely a question of law.

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

6

To that end, F.R.C.P. 19 is inapplicable as is F.R.C.P. 20 and Plaintiff's Motion should be denied.

2.4   The court is reminded that should the court determine that in this proceeding that Hartford Lloyd's Insurance Company had no duty to provide coverage for Peacock Construction Company as originally demanded by Peacock then, and in that instance, Plaintiff has not lost any of their actions against McQueary, South Texas, the Salazars or any of the other Defendants named in the petition filed in September of 2004. Those causes of action, if they are viable at all, continue in full force and effect.

(3)   In some cases the Court may allow the Plaintiff to amend its pleadings to join a non diverse or local defendant thus destroying diversity. [28 U.S.C. §1547(e)]. When a Plaintiff asks the Court for Leave to Amend to join diversity destroying defendants after a case is removed, the Federal Court may decide the additional party is **not** indispensable, deny joinder and proceed with the suit, or the Court may grant the joinder of the additional Defendant and remand the case to State Court. [*Mayes vs. Rapoport*, 198 Fed.3d 457, 461-62(4th Cir.1999); *Cobb vs. Delta Esps., Inc.*, 186 Fed.3d, 675, 677 (5th Cir.1999]. In deciding whether to permit the Plaintiff to amend its Pleadings to add a diversity destroying defendant the Court **should** consider (1) whether the primary purpose of the amendment is to defeat Federal jurisdiction, (2) whether the Plaintiff was diligent in requesting the amendment, (3) whether the Plaintiff will be prejudiced if the amendment is denied, and (4) any other factors bearing on the equities. [*Ryan vs. Schneider National Carriers, Inc.*,

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

7

263 Fed.3d, 816, 819 (8th Cir.-2001); Mayes, 198 Fed.3d at 462; Hensgens vs. Deere and Company, 833 Fed.2d, 1179, 1182 (5th Cir.- 1987)]. Upon examination of these four considerations it is clear from the history of this matter as well as the efforts of Plaintiff to date hereof that (1) the **primary** purpose of Plaintiff's opposed Motion to Amend and bring in non-indispensable parties is to defeat Federal Jurisdiction. The Court has only to look at the history of Plaintiff's efforts to date in this court to make that determination. (2) Whether the Plaintiff was diligent in requesting the amendment... as has previously been noted, Plaintiff filed his Request for Amendment some ten days after the deadline for amendments as set forth in this Court's Scheduling Order, therefore, the Plaintiff has not been diligent in requesting the amendment. (3) Whether the Plaintiff would be prejudiced if the amendment is denied.... the Plaintiff will clearly **not** be prejudiced if the amendment is denied in as much Plaintiff has on suit, current live pleadings in the 404th State District Court of Cameron County, Texas claims involving all of the persons sought to be added to the instant cause. There is nothing to prevent Plaintiff from proceeding at will in that cause of action regardless of whether he has Hartford Lloyd's there or not. Certainly, McQueary has errors and omissions insurance; South Texas would have whatever insurance would be relative to Plaintiff's current claims and if not, by adding South Texas to the instant cause does not increase Plaintiff's benefits in any measure. Therefore, Plaintiff is not prejudiced in any respect if Plaintiff's Motion is denied. (4) Any other factors bearing on the equities. The equities between the parties are clear and balanced as they

DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK
CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES

8

currently stand. This is a question of law not a question of fact.

Defendants would therefore pray the Court deny the Plaintiff's Opposed Motion to Join "Indispensable Parties" and for such other and further relief to which these Defendants are entitled.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendants
Hartford Casualty Insurance Company and
Hartford Lloyd's Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER &
MATTHYS, L.L.P.

Mr. Trey Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
(956) 546-7159; FAX: (956) 544-0602

Co-Counsel for Defendants
Hartford Casualty Insurance Company and
Hartford Lloyd's Insurance Company

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2005, a complete and correct copy of DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES was served on each party by delivery to the following attorneys of record in accordance with the Federal Rules of Civil Procedure.

Mr. Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA
222 West Harrison
P.O. Box 530160
Harlingen, Texas 78550

Mr. Roger Reed
Mr. Victor M. Carrera
Mr. Alberto L. Guerrero
REED, CARRERA, MCLAIN & GUERRERO, L.L.P.
1 Paseo del Prado, Bld. 101
Edinburg, Texas 78539
Or P.O.Box 9702
McAllen, Texas 78502-9702

F. Edward Barker

*DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S RESPONSE TO PLAINTIFF PEACOCK CONSTRUCTION COMPANY INC.'S OPPOSED MOTION TO JOIN INDISPENSABLE PARTIES*

10