serves 9/28/04
filed 9/30/04

CAUSE NO. 2002-11-4371-G

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC., and CONSOLIDATED CRANE COMPANY, INC., *third-party plaintiffs,* <br> v. <br><br> MCQUEARY HENRY BOWLES & TROY, L.L.P., and SOUTH TEXAS MASONRY *third-party/cross-defendants,* and <br><br> HUGHSTON INSURANCE AGENCY, *third-party defendant,* <br> v. <br><br> FIRST MERCURY INSURANCE COMPANY, and CLARENDON AMERICA INSURANCE COMPANY, *third-party defendants/cross-plaintiffs/third-party plaintiffs,* <br> v. <br><br> UNITED NATIONAL INSURANCE COMPANY, Angelica SALAZAR, Julio Cesar SALAZAR, Jose Guadalupe SALAZAR, Maricela SALAZAR, Omar Alejandro SALAZAR, Maria Guadalupe SALAZAR, Remedios CORRAL, and Jose M. GRACIA, *intervenors,* <br> v. <br><br> HARTFORD LLOYD'S INSURANCE COMPANY, *third-party/intervention defendant* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | 404th JUDICIAL DISTRICT COURT <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CAMERON COUNTY, TEXAS |

## ORIGINAL PETITION IN INTERVENTION, CROSS-CLAIM AND THIRD PARTY ACTION

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 1 of 17 pgs.

4

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Intervenors **Angelica SALAZAR, Julio Cesar SALAZAR, Maricela SALAZAR, Jose Guadalupe SALAZAR, Jr., Omar Alejandro SALAZAR, Maria Guadalupe SALAZAR, Remedios CORRAL,** and **Jose M. GRACIA** (hereinafter "Original Plaintiffs") as assignees of, and on behalf of, Third-Party Plaintiff **PEACOCK CONSTRUCTION COMPANY, INC.** (hereinafter "Peacock"), Third-Party Defendants/Cross-Plaintiffs/Third-Party Plaintiffs **CLARENDON AMERICA INSURANCE COMPANY** and **FIRST MERCURY INSURANCE COMPANY** (hereinafter collectively "Clarendon/First Mercury"), and Intervenor **UNITED NATIONAL INSURANCE COMPANY** (hereinafter "United") -- hereinafter collectively referred to as "Claimants" for purposes of brevity -- complaining of Third-Party/Intervention Defendant **HARTFORD LLOYD'S INSURANCE COMPANY** (hereinafter "Hartford Lloyd's"), and third-party/cross-defendants **MCQUEARY HENRY BOWLES & TROY, L.L.P.** (hereinafter "McQueary"), and **BALDEMAR SALAZAR** and **LUIS SALAZAR,** d/b/a **SOUTH TEXAS MASONRY,** a partnership (hereinafter "South Texas"), and for cause of action would show unto the Court as follows:

## -- DISCOVERY CONTROL PLAN --

1. Claimants request an Order of court that discovery in the above-styled and numbered cause proceed under Discovery Control Plan Level 3.

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 2 of 17 pgs.

## -- JURISDICTION AND VENUE --

2. Claimants would show that venue of the above-styled and numbered cause is proper in Cameron County, Texas pursuant to the provisions of Sections 15.001, 15.002(a)(1), 15.002(a)(3), 15.005, 15.032, 15.035(a) and 15.062 of the Texas Civil Practice & Remedies Code.

## -- PARTIES --

### Claimants

3. Intervenors Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr., Omar Alejandro Salazar, Maria Guadalupe Salazar, Remedios Corral, and Jose M. Gracia are all residents of Texas, and were the initial plaintiffs and plaintiff/intervenors in the above-styled and numbered cause against the original defendants -- Peacock and Consolidated Crane Company, Inc. Their original claims and causes of action have been fully compromised and settled, and dismissed with prejudice.

4. Third-Party Plaintiff Peacock is a Texas corporation with its principal office and main place of business in Cameron County, Texas. Peacock was an original defendant, and appeared and answered herein. Peacock is pursuing original third-party actions against Third-Party/Cross-Defendants McQueary and South Texas, who have also appeared and answered herein. Subsequent to the filing of said third-party actions, Peacock assigned all of its claims and causes of action against Hartford Lloyd's, McQueary and South Texas to the Original Plaintiffs, save and except claims for recovery of attorney's fees and expenses incurred in the original litigation.

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 3 of 17 pgs.

5. Third-Party Defendants/Cross-Plaintiffs/Third-Party Plaintiffs Clarendon/First Mercury are foreign corporations licensed to conduct insurance business in the State of Texas, and issued a liability insurance policy to defend and indemnify Peacock in the action brought by the Original Plaintiffs. Clarendon/First Mercury have appeared and answered herein to the original third-party action brought against them by Consolidated Crane Company, Inc. Clarendon/First Mercury have assigned all of their damage claims and causes of action against Hartford and McQueary -- including claims for equitable subrogation -- to the Original Plaintiffs, save and except claims for recovery of attorney's fees and expenses incurred in the original litigation.

6. Intervenor United is a foreign corporation licensed to conduct insurance business in the State of Texas, and issued an excess liability insurance policy to defend and indemnify Peacock in the action brought by the Original Plaintiffs. United has assigned all of its damage claims and causes of action against Hartford and McQueary -- including claims for equitable subrogation -- to the Original Plaintiffs, save and except claims for recovery of attorney's fees and expenses incurred in the original litigation.

### *Third-Party/Cross-Defendants*

7. Third-Party/Cross-Defendant McQueary is a registered Texas limited liability partnership, with its principal office and main place of business in Dallas, Dallas County, Texas, and has appeared and answered herein in response to an original third-party action filed by Peacock. Accordingly, service of this petition may be accomplished by serving McQueary's attorney of record, Mr. John R. Lyde, by U.S. *certified* mail, return receipt requested, in

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 4 of 17 pgs.

accordance with the provisions of TEX. R. CIV. P. 21a and 124. If further service of this petition be necessary, said Third-Party/Cross-Defendant may be served through its general partners, McQueary & Henry, Inc. and Bowles, Troy, Donahue, Johnson, Inc., both Texas corporations with their principal offices and main places of business in Dallas County, Texas, by and through their respective agents for service of process in Texas, Bill Henry, 12700 Park Central Dr., Suite 1700, Dallas, Texas 75251, and Donald E. Bowles, Jr., 12700 Park Central Dr., Suite 1700, Dallas, Texas 75251, by U.S. *certified* mail, return receipt requested, in accordance with the provisions of TEX. R. CIV. P. 106(a)(2).

8. Third-Party/Cross-Defendant South Texas is a Texas partnership or other business entity, with its principal office and main place of business in Pharr, Hidalgo County, Texas, and has appeared and answered herein in response to original third-party actions filed by Peacock and by Consolidated Crane Company, Inc. Accordingly, service of this petition may be accomplished by serving South Texas' attorney of record, Mr. David Dunn, by U.S. *certified* mail, return receipt requested, in accordance with the provisions of TEX. R. CIV. P. 21a and 124. If further service of this petition be necessary, said Third-Party/Cross-Defendant may be served through its partners, Baldemar Salazar and Luis Salazar, both individual residents of Hidalgo County, Texas, by serving them directly at their place of business at 805 E. Business 83, Pharr, Texas 78577 by U.S. *certified* mail, return receipt requested, in accordance with the provisions of TEX. R. CIV. P. 106(a)(2).

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 5 of 17 pgs.

### *Third-Party/Intervention Defendant*

9. Third-Party/Intervention Defendant Hartford Lloyd's is a Texas corporation with its principal office and main place of business in Houston, Harris County, Texas, which is authorized to conduct insurance business in Texas as a registered Lloyd's plan. Joinder of Hartford Lloyd's as a party herein is necessary under TEX. R. CIV. P. 39 and 40 because in its absence complete relief cannot be accorded among those already parties, and all of the Claimants' claims and causes of action arise out of the same transaction or occurrence and involve common questions of law and fact. Said Third-Party/Intervention Defendant may be served with process herein by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 78501, by U.S. *certified* mail, return receipt requested, in accordance with the provisions of TEX. R. CIV. P. 106(a)(2).

### -- FACTS --

10. The Original Plaintiffs sued Peacock and Consolidated Crane Company, Inc., as a result of an incident which occurred on or about October 23, 2002, in which a crane collapsed at the Las Dunas condominium project on South Padre Island, Cameron County, Texas, which resulted in the death of Jose Guadalupe Salazar, and serious physical injuries to Remedios Corral and Jose Gracia. Jose Guadalupe Salazar, Remedios Corral and Jose Gracia were employees of South Texas, and were finishing their work day when the incident occurred. Peacock was the general contractor on the Las Dunas project, and South Texas was a sub-contractor providing masonry and stucco services. The crane that collapsed was owned by Consolidated Crane

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 6 of 17 pgs.

Company and had been leased to Peacock, whose employee was operating the crane at the time of the incident. The Subcontract Agreement dated January 10, 2002, between Peacock and South Texas (hereinafter the "Subcontract Agreement") required that South Texas obtain a primary general liability insurance policy which named Peacock as an additional insured, and which indemnified Peacock against liability for bodily injury or death to South Texas' employees which occurred in connection with or involved in any manner the performance of work or services by South Texas on the Las Dunas project, including, expressly, claims based on the alleged negligence of Peacock.

11. In order to comply with the contract documents, South Texas, through McQueary, obtained a "Hartford Spectrum Business Insurance Policy" of liability insurance, number 46 SBA NS1014 (hereinafter the "Hartford Policy"), which was underwritten by Hartford Lloyd's, and under which Peacock qualifies as an additional insured. Two Certificates of Insurance were issued by McQueary confirming that Peacock was indeed an additional insured under said policy, but which erroneously stated that the policy had been underwritten by Hartford Casualty Insurance Company (hereinafter "Hartford Casualty"), and not by Hartford Lloyd's. The Hartford Policy provides limits of insurance for business liability of ONE MILLION DOLLARS ($1,000,000.00).

12. During the pendency of the initial litigation, demands were made by Peacock of South Texas and Hartford Lloyd's to comply with the terms of the Subcontract Agreement, and to tender a defense and indemnification to Peacock as a result of the claims of the Original Plaintiffs. Employees and claims representatives of Hartford Lloyd's investigated Peacock's demands for

---

*Peacock, et al., v. McQueary, et al.*; Orig. Petition in Intervention, *etc.* -- p. 7 of 17 pgs.

defense and indemnity under the Hartford Lloyd's policy, and wrote letters to Peacock stating that Hartford Lloyd's would not provide coverage.

13. Following Hartford Lloyd's refusal to honor its obligations to defend and indemnify Peacock under the Hartford Lloyd's policy, Clarendon/First Mercury, which insured Peacock under a policy of liability insurance providing a first layer of "excess" coverage in the amount of $1,000,000.00, were forced to "step-down" and provide a defense and primary indemnity to Peacock. Due to the fact that Peacock faced clear liability to the Original Plaintiffs, and the amount of damages which the Original Plaintiffs likely would recover from Peacock far exceeded Peacock's assets and available liability insurance coverage, Peacock and its insurers negotiated a reasonable settlement of all claims brought by the Original Plaintiffs in the original litigation. As part of the settlement Clarendon/First Mercury and United -- the latter of which insured Peacock under a policy of liability insurance providing a second layer of excess coverage in the amount of $1,000,000.00 -- were forced to pay their respective policy limits to the Original Plaintiffs in order to settle their claims against Peacock, and to protect Peacock against a financially ruinous judgment. Clarendon/First Mercury and United were forced to exhaust their policy limits to protect their insured, Peacock, even though their policies were secondary to the Hartford Policy issued pursuant to the Subcontract Agreement between Peacock and South Texas, under which policy Peacock was an additional insured and therefore was entitled to $1,000,000.00 in primary liability coverage from Hartford Lloyd's.

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 8 of 17 pgs.

## -- CAUSES OF ACTION --

14. On or about September 12, 2003, Peacock filed a third-party action in this cause against South Texas for indemnification in accordance with the terms of the Subcontract Agreement, alleging, *inter alia*, that South Texas was in breach of such agreement by virtue of its failure to indemnify and hold harmless Peacock against the claims of the Original Plaintiffs. Thereafter, on or about February 13, 2004, Peacock filed an amended third party action against South Texas along similar lines, with an additional cause of action asserted for fraud. Reference is hereby made to "Defendant Peacock Construction Company, Inc.'s Third Party Action Against South Texas Masonry, Inc. [*sic*]" and "Defendant Peacock Construction Company, Inc.'s Amended Third Party Action Against South Texas Masonry, Inc. [*sic*]", and the same incorporated herein in their entirety for all purposes as if fully copied and set forth at length.

15. On or about February 9, 2004, Peacock filed an original third party action in this cause against McQueary and Hartford Casualty for actual and exemplary damages, alleging, *inter alia*, that they had failed to defend or to indemnify Peacock against the claims of the Original Plaintiffs under Peacock's status as an additional insured under the Hartford Policy obtained by McQueary for South Texas, and asserting causes of action for breach of contract, reformation of contract, promissory estoppel, negligence, and violations of the DTPA and the Texas Insurance Code. Thereafter, on or about May 4, 2004, Peacock filed an amended third party action against McQueary and Hartford Casualty along similar lines. Since the filing of these pleadings, it has been established that the actual underwriter of the Hartford Policy was Hartford Lloyd's and not Hartford Casualty, and the latter entity is no longer a party herein. Reference is therefore made

to the "Original Third Party Petition" and the "First Amended Original Third Party Petition" filed by Peacock against McQueary and Hartford Casualty, and the same incorporated herein in their entirety for all purposes as if fully copied and set forth at length, to the extent of the allegations therein against McQueary. To the extent of the allegations contained therein against Hartford Casualty, the same are incorporated herein and asserted against Hartford Lloyd's *in haec verba*, as if fully copied and set forth at length.

16. By virtue of having exhausted their policy limits, Clarendon/First Mercury and United are equitably subrogated to -- and stand in the shoes of -- Peacock regarding its claims and causes of action against Hartford Lloyd's and McQueary for their failure and refusal to provide Peacock the liability insurance coverage required of South Texas under the Subcontract Agreement. The Original Plaintiffs would further show that they are the assignees of United and Clarendon/First Mercury's claims and causes of action against Hartford Lloyd's and McQueary -- save and except claims for recovery of attorney's fees and expenses -- by virtue of assignments dated June 18, 2004, and August 3, 2004, respectively. The Original Plaintiffs are also the assignees of Peacock's claims and causes of action against Hartford Lloyd's, McQueary, and South Texas -- save and except claims for recovery of attorney's fees and expenses -- by virtue of an assignment dated June 30, 2004. Accordingly, the Original Plaintiffs have the authority to pursue and they hereby do pursue the claims of Peacock, Clarendon/First Mercury, and United against Hartford Lloyd's and McQueary, and Peacock's claims against South Texas, to the maximum extent authorized by Texas law.

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 10 of 17 pgs.

17. Claimaints herein would show that Hartford's Lloyd's was negligent and failed to exercise ordinary care in its refusal to defend and to indemnify Peacock against the claims and causes of action of the Original Plaintiffs, and in its refusal to tender its policy limits of $1,000,000.00 towards a settlement of the Original Plaintiffs' claims against Peacock. As a matter of law, the Hartford Policy was primary to the Clarendon/First Mercury and United policies, and Hartford Lloyd's was under a duty to defend and to indemnify Peacock against such claims -- a duty it negligently breached. Such negligence was a proximate cause of damages to Peacock, Clarendon/First Mercury, and United in an amount equal to the liability limits of the primary Hartford Policy -- $1,000,000.00, plus such exemplary damages as are authorized under Texas law.

18. Claimants would further show that Hartford Lloyd's wrongful failure and refusal to defend and indemnify Peacock against the claims of the Original Plaintiffs constitutes a breach of its contractual obligations to Peacock, as an additional insured on the Hartford Policy. Such breach of contract was a producing cause of damages to Peacock, Clarendon/First Mercury, and United in an amount equal to the limits of liability under the Hartford Policy -- $1,000,000.00.

19. Claimants would further show that Hartford Lloyd's wrongful failure to provide the liability insurance coverage to Peacock (as represented in the Certificates of Insurance issued by its duly appointed local recording agent, McQueary) was the result of unfair and deceptive acts and practices in the business of insurance in violation of Texas Insurance Code Article 21.21 §10, subsections (i), (iv) and (viii). The denial of coverage letters sent on behalf of Hartford Lloyd's violate said provisions of the Texas Insurance Code, in that they:

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 11 of 17 pgs.

- Misrepresented to Peacock material facts and policy provisions relating to the coverage at issue;

- Failed to promptly provide Peacock a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Hartford Lloyd's denial of the claim; and

- Refused to pay Peacock's claim without conducting a reasonable investigation with respect to the claim.

Hartford Lloyd's violations of the foregoing provisions of Texas Insurance Code Article 21.21 §10 are a producing cause of actual damages to Peacock in the amount of $1,000,000.00, plus such additional or exemplary damages as are authorized under Texas law.

20. Claimants would further show that the Certificates of Insurance for the Hartford Lloyd's policy were issued by a duly appointed local recording agent of Hartford Lloyd's (McQueary), such that the Certificates and the representations contained therein were and are binding upon Hartford Lloyd's. Hartford Lloyd's has also ratified the representations made to Peacock in the Certificates of Insurance as it has now been aware of them for many months. Hartford Lloyd's has refused to honor the coverage promised to Peacock in the Certificates of Insurance, such that the Certificates of Insurance constitute a misrepresentation of the terms and provisions of the Hartford Lloyd's policy. Hartford Lloyd's failure to provide the coverage as represented by the Certificates of Insurance constitutes an unfair and deceptive act and practice in the business of insurance, in violation of Texas Insurance Code Article 21.21 §4 (which prohibits making any statements representing the terms of any policy issued or to be issued). Hartford

---

Lloyd's violations of these provisions are a producing cause of actual damages to Peacock in the amount of $1,000,000.00, plus such additional or exemplary damages as are authorized under Texas law.

21. Additionally and in the alternative, Claimants would show that McQueary was negligent and failed to exercise ordinary care in procuring an appropriate liability insurance policy to defend Peacock in accordance with the terms of the Subcontract Agreement between Peacock and South Texas. Furthermore, and in the unlikely event that Peacock is determined to not be an additional insured on the Hartford Policy as represented in the two Certificates of Insurance issued to Peacock, the Claimants would show that McQueary misrepresented the provisions of the Hartford Policy. Since Hartford Lloyd's is refusing to provide the coverage as represented by the Certificates of Insurance, McQueary's issuance of the Certificates constitutes an unfair and deceptive act and practice in the business of insurance, in violation of Texas Insurance Code Article 21.21 §4 (which prohibits making any statements representing the terms of any policy issued or to be issued). Peacock relied to its detriment upon McQueary's misrepresentations of the coverage afforded by the Hartford Policy. Such negligence and misrepresentations were proximate and producing causes, respectively, of damages to Peacock, Clarendon/First Mercury, and United in an amount of at least $1,000,000.00, plus such additional or exemplary damages as are authorized under Texas law.

22. Additionally, and in the further alternative, and in the unlikely event that Peacock is determined to not be an additional insured on the Hartford Policy as represented in the two

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 13 of 17 pgs.

Certificates of Insurance issued to Peacock, Claimants would show that South Texas was negligent in failing to procure the required liability insurance coverage under the aforementioned Subcontract Agreement to defend and to indemnify Peacock against the claims of the Original Plaintiffs, and that South Texas is itself in breach of its obligations under the Subcontract Agreement to indemnify, defend and hold harmless Peacock against such claims. Such negligence and breach of contract on the part of South Texas were proximate and producing causes of damages to Peacock in an amount of at least $1,000,000.00, plus such exemplary damages as are authorized under Texas law.

### REQUEST FOR JURY TRIAL

23. Claimants hereby tender the amount of $30.00 to the Cameron County District Clerk in payment of the jury application fee, as provided by TEX. R. CIV. P. 216, and demand trial by jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimants Angelica Salazar, Julio Cesar Salazar, Jose Guadalupe Salazar, Maricela Salazar, Omar Alejandro Salazar, Maria Guadalupe Salazar, Remedios Corral, Jose M. Gracia, Peacock Construction Company, Inc., Clarendon American Insurance Company, First Mercury Insurance Company, and United National Insurance Company pray that they have judgment against Third-Party/Intervention defendant Hartford Lloyd's Insurance Company for actual damages in the amount of One Million Dollars ($1,000,000.00); for

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 14 of 17 pgs.

such additional or exemplary damages as are authorized against Hartford Lloyd's under Texas law; and for recovery of reasonable attorney's fees and costs of court for the prosecution of the claims asserted by this pleading. Alternatively, Claimants pray that they have judgment against Third-Party/Cross-Defendant McQueary Henry Bowles & Troy, L.L.P., for actual damages in the amount of at least One Million Dollars ($1,000,000.00); for such additional or exemplary damages as are authorized against McQueary under Texas law; and for recovery of reasonable attorney's fees and costs of court for the prosecution of the claims asserted by this pleading. In the further alternative, Claimants pray that they have judgment against Third-Party/Cross-Defendant South Texas Masonry for actual damages in the amount of at least One Million Dollars ($1,000,000.00); for such exemplary damages as are authorized against South Texas under Texas law; and for recovery of reasonable attorney's fees and costs of court for the prosecution of the claims asserted by this pleading. Claimants further pray for recovery of pre-judgment interest on their actual damages at the maximum legal or equitable rate, and for recovery of post-judgment interest at the maximum rate authorized by law. Claimants pray for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 15 of 17 pgs.

Respectfully submitted,

**REED, CARRERA, MCLAIN & GUERRERO**
1 Paseo Del Prado, Bldg. 101
Edinburg, TX 78539

------------

P.O. Box 9702
McAllen, TX 78502-9702
Tel.: 956/631-5444
Fax: 956/631-9187

By: _____
Victor M. Carrera
State Bar of Texas No. 03871300
Roger Reed
State Bar of Texas No. 16687200
Alberto L. Guerrero
State Bar of Texas No. 00790800

**ATTORNEYS FOR CLAIMANTS**
**ANGELICA SALAZAR,** *et al.*

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 16 of 17 pgs.

## CERTIFICATE OF SERVICE

On September 20, 2004, copies of the "ORIGINAL PETITION IN INTERVENTION, CROSS-CLAIM AND THIRD-PARTY ACTION" were sent via U.S. *certified* mail, return receipt requested to all counsel-of-record, as follows:

Mr. Rubén R. Peña
LAW OFFICES OF RUBÉN R. PEÑA
222 W. Harrison
Harlingen, TX 78550

Mr. David J. Dunn
DUNN, WEATHERED, COFFEY,
RIVERA & KASPERITI, L.L.P.
611 S. Upper Broadway
Corpus Christi, Texas 78401

Mr. John R. Lyde
BRIN & BRIN, P.C.
123 West McIntyre
Courthouse Square Suites
Edinburg, TX 78539

Mr. Jim Mount
BURT, BARR & O'DEA, L.L.P
5300 Memorial Drive, Ste. 375
Houston, Texas 77007-5428

Mr. Cary Toland
SWEETMAN, SKAGGS & LAWLER, L.L.P.
855 E. Harrison
Brownsville, Texas 78520

Mr. Jeffrey D. Roerig
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Ste. 9
Brownsville, Texas 78520

Mr. Paul K. Nesbitt
KELLY, SUTTER & KENDRICK, P.C.
3050 Post Oak Boulevard, Ste. 200
Houston, Texas 77056

/s/ Victor M. Carrera

---

*Peacock, et al., v. McQueary, et al.;* Orig. Petition in Intervention, *etc.* -- p. 17 of 17 pgs.

FILE



Aurora De La Garza
Cameron County District Clerk
974 East Harrison Street
Brownsville, Texas 78520
(956)544-0838 - Fax (956) 544-0841

# FAX TRANSMITTAL

| TO: Kathy | DATE: 10/26/04 |
|---|---|
| | Number of pages including cover sheet ___ |
| FAX: (361) 882-9437 | PHONE NO. |

FROM: Ezequiel

Phone: (956) 544-0838 - Ext. 472    Fax: (956) 544-0841
E-Mail: AG@Co.Cameron.TX.US

Cause No: 02-11-4371-G
Style: _____ vs _____

| Fees: | Incoming<br>First Page    $2.00<br>Add'l pages    $1.00 | Outgoing<br>First Page    $4.25<br>Add'l pages $2.25 | Amount Due: $38 — |
|---|---|---|---|

### REMARKS:

☐ Urgent      ☐ For your review      ☐ Reply ASAP      ☐ Please comment

If there are any problems with this transmission, please contact the person listed above.