# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION<br>COMPANY INC. | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-04-111 |
| HARTFORD CASUALTY<br>INSURANCE COMPANY AND<br>HARTFORD LLOYD'S INSURANCE<br>COMPANY | § § § § § | "BENCH TRIAL" |

### DEFENDANTS HARTFORD CASUALTY INSURANCE COMPANY'S AND HARTFORD LLOYD'S INSURANCE COMPANY'S ANSWERS, RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION

TO:    Plaintiff, Peacock Construction Company Inc., by and through its attorney of record, Mr. Ruben R. Pena, LAW OFFICES OF RUBEN R. PENA, 222 West Harrison, P.O. Box 530160, Harlingen, Texas 78550, and Plaintiff's additional counsel, Mr. Victor M. Carrera, Mr. Roger H. Reed, and Mr. Alberto L. Guerrero, REED, CARRERA, McLAIN & GUERRERO, LLP, 1 Paseo del Prado, Bldg. 101, Edinburg, TX 78539

COMES NOW, Defendants Hartford Casualty Insurance Company and Hartford

Lloyd's Insurance Company (the "Hartford Defendants"), in the above-styled and numbered

cause and files these their Answers, Responses and Objections to Plaintiff's First Set of



EXHIBIT
A

Interrogatories and First Requests for Production to the Hartford Defendants pursuant to

the provisions of Fed. R. Civ. P. 33 and 34.

Respectfully Submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendants
Hartford Casualty Insurance Company
and Hartford Lloyd's Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER &
MATTHYS, L.L.P.

Mr. Trey Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
(956) 546-7159; FAX: (956) 544-0602

Co-Counsel for Defendants
Hartford Casualty Insurance Company
and Hartford Lloyd's Insurance Company

## CERTIFICATE OF SERVICE

I, F. Edward Barker, certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, in the manner set forth below, on this the ____ day of _____, 2004.

**Via E-Certified Mail**
Mr. Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA
222 West Harrison
P.O. Box 530160
Harlingen, Texas 78550

*Plaintiff's Counsel*

**Via E-Certified Mail**
Mr. Victor M. Carrera
Mr. Roger H. Reed
Mr. Alberto L. Guerrero
REED, CARRERA, McLAIN &
GUERRERO, LLP
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539

*Plaintiff's Additional Counsel*

**Via U.S. Mail**
Mr. Trey Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

*Co-Counsel for Defendants*
*Hartford Casualty Insurance Company and*
*Hartford Lloyd's Insurance Company*


F. Edward Barker

**DEFENDANTS HARTFORD CASUALTY INSURANCE COMPANY'S
AND HARTFORD LLOYD'S INSURANCE COMPANY'S
ANSWERS, RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
<u>FIRST REQUESTS FOR PRODUCTION</u>**

<u>**INTERROGATORY NO. 1**</u>: Please relate, in detail, the factual bases pursuant to which Defendants have denied coverage to Peacock under the policy.

**ANSWER:**
**Hartford Lloyd's issued the Contract of Insurance, the Policy, and Hartford Casualty is an improper Party Defendant. Hartford Lloyd's further specifically denies that Plaintiff has fully complied with all conditions precedent as set out in the Policy, and under which Plaintiff makes a claim. The Hartford Defendants state that at no time were they consciously indifferent to Plaintiff's claims, nor actually aware of any extreme risk of harm to Plaintiff. Defendant Lloyd's states to the extent Plaintiff has sustained any damages, Plaintiff failed to take timely, proper and reasonable steps to mitigate their damages, if any. Defendant Lloyd's states any claims made by Plaintiff are excluded from coverage under the Policy.**

**Hartford Lloyd's (Defendant/Counter-Plaintiff) declares that it has no duty to provide insurance benefits to Peacock Construction Company (Plaintiff/Counter-Defendant):**

-    **On October 23, 2002, Plaintiff/Counter-Defendant was notified that Jose Salazar and Remedios Corral, two employees of its subcontractor, South Texas Masonry, had been respectively, killed and injured on the job;**

-    **Plaintiff/Counter-Defendant was sued for negligence by the Salazar Plaintiffs; and Plaintiff/Counter-Defendant claims through contractual arrangements with South Texas Masonry, it is a co-insured, by and through South Texas Masonry by Hartford (Lloyd's) and should be able to avail itself of the insurance benefits within the contract of insurance between South Texas Masonry and Hartford Lloyd's;**

-    **Hartford Lloyd's would show that if Peacock Construction Company is a co-insured with South Texas Masonry by a construction of the policy, Peacock Construction Company is entitled only to the coverage to which South Texas Masonry is entitled and Hartford Lloyd's is entitled to claim all defenses it has to Peacock Construction Company's claims as it would have to claims of South Texas Masonry; therefore neither of the Hartford Defendants has any duty under the facts to comply with any terms and conditions of the Policy.**

**INTERROGATORY NO. 2**: Please relate, in detail, the legal bases pursuant to which Defendants have denied coverage to Peacock under the policy.

**ANSWER:**
**See Answer to Interrogatory No. 1.**


**INTERROGATORY NO. 3**: Do Defendants contend that Peacock is not an "additional insured" under the policy? If "yes," then please relate in detail the legal and factual bases for such contention.

**ANSWER:**
**See Answer to Interrogatory No. 1.**


**INTERROGATORY NO. 4**: Please identify, by name, address and telephone number, all persons with knowledge of relevant facts with regard to the legal and factual issues involved in the above-styled and numbered cause.

**ANSWER:**
**The Hartford Defendants refer Plaintiff to Defendants Hartford Casualty Insurance Company's and Hartford Lloyd's Insurance Company's Initial Disclosures, served on Plaintiff on August 30, 2004, identifying individuals and/or entities who are likely to have discoverable information; additionally, the Hartford Defendants await Plaintiff's Initial Disclosures and once received, if any new information is brought to light, will supplement the answer to this Interrogatory accordingly.**


**INTERROGATORY NO. 5**: Do Defendants contend that Peacock is "an additional insured" under the policy, but that nevertheless the policy does not provide coverage to Peacock for the incident? If "yes," then please relate, in detail, the legal and factual bases for such contention.

**ANSWER:**
**See Answer to Interrogatory No. 1.**


**INTERROGATORY NO. 6**: The present business and residence addresses, and business and residence telephone numbers, of Michael Steven Wilder, who has been identified as an underwriter of Defendant Hartford Lloyd's Insurance Company on December 31, 2003.

**ANSWER:**
**Will Supplement to the extent that responsive information becomes available.**

**INTERROGATORY NO. 7:** Please relate, if known to you, the reasons why McQuery Henry Bowles & Troy, LLP, originally noted Defendant Hartford Casualty Insurance Company as the insurance company providing coverage under the policy.

**ANSWER:**
**Objection; this Interrogatory calls upon these Defendants to read the mind of another - you will have to ask them.**

**INTERROGATORY NO. 8:** Did Defendant Hartford Casualty Insurance Company ever underwrite a liability insurance policy which listed South Texas Masonry as an insured with regard to work performed at the "Las Dunas" condominium project on South Padre Island, Texas? If "yes," please provide the number for such policy and produce a copy thereof.

**ANSWER:**
**None known.**

**INTERROGATORY NO. 9:** Please identify each and every specific provision of the policy which you contend supports the Defendants' denial of coverage to Peacock as a result of the incident.

**ANSWER:**
**See Answer to Interrogatory No. 1.**

**REQUEST FOR PRODUCTION NO. 1:** All correspondence, communications, e-mail, memoranda, notes of telephone conversations, and the equivalent by and between Hartford Lloyd's Insurance Company and the following regarding the policy (including the issuance of the policy, denial of coverage under the policy, reservation of rights under the policy, etc.):

    A.     Hartford Casualty Insurance Company;
    B.     McQueary Henry Bowles & Troy, LLP;
    C.     South Texas Masonry;
    D.     Peacock;
    E.     Counsel for Peacock;
    F.     Counsel for McQueary Henry Bowles & Troy, LLP; and
    G.     Counsel for South Texas Masonry.

**RESPONSE:**
**Objection, as phrased this request is improper consisting of numerous questions, is vague and confusing, and not a specific request. Further object, as phrased this request is an improper fishing expedition inasmuch as it is global and all encompassing, not limited by date, time, location, or issues of Plaintiff's allegations, and as such is asked purely for purposes of harassment. Further, this request does not seek relevant information nor will it lead to relevant information or evidence.**
***K Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996).**

**REQUEST FOR PRODUCTION NO. 2**: All correspondence, communications, e-mail, memoranda, notes of telephone conversations, and the equivalent by and between Hartford Casualty Insurance Company and the following regarding the policy (including the issuance of the policy, denial of coverage under the policy, reservation of rights under the policy, etc.):

    A.      Hartford Llloyd's Insurance Company;
    B.      McQueary Henry Bowles & Troy, LLP;
    C.      South Texas Masonry;
    D.      Peacock;
    E.      Counsel for Peacock;
    F.      Counsel for McQueary Henry Bowles & Troy, LLP; and
    G.      Counsel for South Texas Masonry.

**RESPONSE:**
**Objection, as phrased this request is improper consisting of numerous questions, is vague and confusing, and not a specific request. Further object, as phrased this request is an improper fishing expedition inasmuch as it is global and all encompassing, not limited by date, time, location, or issues of Plaintiff's allegations, and as such is asked purely for purposes of harassment. Further, this request does not seek relevant information nor will it lead to relevant information or evidence.** ***K Mart Corp. v. Sanderson***, 937 S.W.2d 429 (Tex. 1996).

**REQUEST FOR PRODUCTION NO. 3**: The entire file on the policy as kept by the Defendants, including all documentary materials maintained within such file. (Note: You do not need to produce a copy of the policy itself, as it has already been attached to pleadings filed by the Defendants.)

**RESPONSE:**
**Objection, as phrased this request is improper in that it is vague and confusing, and not a specific request. Further object, as phrased this request is an improper fishing expedition inasmuch as it is global and all encompassing, not limited by date, time, location, or issues of Plaintiff's allegations, and as such is asked purely for purposes of harassment. Further, this request does not seek relevant information nor will it lead to relevant information or evidence.** ***K Mart Corp. v. Sanderson***, 937 S.W.2d 429 (Tex. 1996).

**REQUEST FOR PRODUCTION NO. 4**: A copy of any liability insurance policy underwritten by Hartford Casualty Insurance Company which listed South Texas Masonry as an insured with regard to work performed on the "Las Dunas" condominium project on South Padre Island, Texas.

**RESPONSE:**
**None known.**