MH—
FYI
CL

THE
HARTFORD

785 Greens Parkway
Suite # 200
Houston, Texas 77067

Declination of tender
fatality + other serious
injury claim

Nancy Kaechler
Claim Service Consultant
Houston Commercial Claims Center
(281) 877-3852 (Direct)
(860) 756-8596 (Fax)

April 3, 2003

nL MH
4/9/3

Peacock Construction Company, Inc.
PO Box 530098
Harlingen, Texas 78553

Re: *Angelica Salazar, et al. v. Peacock Construction Co., Inc. and Consolidated Crane Co. Inc.*
  Insured:   South Texas Masonry
  Claimant:  Angelica Salazar, et al.
  File #:    YBG LP 40689

Dear Sir or Madam:

This will acknowledge receipt of the Plaintiffs' Second Amended Original Petition for Injunction and Damages styled <u>Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr., and Omar Alejandro Salazar, individually and as heirs and on behalf of The Estate Of Jose Guadalupe Salazar; deceased, and Remedios Corral v. Peacock Construction Company, Inc., and Consolidated Crane Company, Inc.</u> filed in the 404th Judicial District Court of Cameron County, Texas with Cause Number 2002-11-4371-G. Maria Guadalupe Salazar has filed a Petition in Intervention in this lawsuit. This lawsuit and Petition in Intervention was tendered to The Hartford by First Mercury Insurance Company on behalf of Peacock Construction Company, Inc. Peacock Construction Company, Inc. is seeking additional insured status under South Texas Masonry's policy.

The Hartford has reviewed the allegations contained in the Second Amended Original Petition and Petition in Intervention as well as the policy of insurance and the Subcontract between Peacock Construction Company, Inc. and South Texas Masonry. The Hartford has determined there is no coverage for Peacock Construction Company, Inc. (hereafter, Peacock). Therefore, The Hartford will not defend or indemnify Peacock with respect to this matter.


EXHIBIT E

1            000014

APR 0 8 2003
MHBT

The Plaintiffs allege on or about October 23, 2002, Jose Guadalupe Salazar (hereafter, Salazar) and Remedios Corral (hereafter, Corral) were working on the tenth floor of the "Las Dunas" condominium construction project in the Town of South Padre Island, Cameron County, Texas. As Salazar and Corral were preparing to leave the construction site, Salazar was killed, and Corral was seriously injured, when they were struck by a load of steel rebar being lifted by a crane at the construction project. The load of rebar is alleged to have fallen when the jib mast (gantry) of the crane had collapsed, due to being overloaded. Defendant Peacock is the general contractor on this project and leased the crane from Defendant Consolidated Crane. At the time of this incident, Salazar and Corral were in the course and scope of their employment with South Texas Masonry. The Plaintiffs allege the operation of moving the steel rebar which resulted in the death of Salazar and injuries to Corral was conducted entirely by personnel employed by Defendant Peacock, during the course and scope of their employment with Defendant Peacock.

The Hartford affords Business Liability Coverage to South Texas Masonry under policy number 46 SBA NS1014 with effective dates 12-1-01 to 12-1-02. The liability limits are $1,000,000 combined single limit per occurrence and a $2,000,000 general aggregate per year. The terms of this coverage is principally governed by the language of Business Liability form SS 00 08 03 00.

We direct your attention to the Business Liability Coverage Forms SS 00 08 03 00, that states, in pertinent part as follows:

A.  COVERAGES

   1.  Business Liability

       We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"... to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"... to which this insurance does not apply...

We now refer you to Section G.-LIABILITY AND MEDICAL EXPENSES DEFINITIONS. This sections defines those terms found within the policy that are in quotes (" ") and are critical to this analysis. The following defined terms apply to this analysis:

LIABILITY AND MEDICAL EXPENSES DEFINITIONS

   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.

000015

We now direct your attention to "Who Is An Insured" section of the policy. This section sets forth the requirements that must be met in order to be considered for coverage as an additional insured under this policy. This section reads, in pertinent part, as follows:

Additional Insureds by Contract, Agreement or Permit

Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you.

In undertaking work for Peacock, South Texas Masonry entered into a subcontract agreement with Peacock. There is a section in this agreement titled "Insurance". Under this section the Subcontractor (South Texas Masonry) shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor (Peacock). However, there is no stipulation within the subcontract that Peacock is to be named as an additional insured on South Texas Masonry's policy of insurance.

Based on the policy language and the contract, Peacock will not qualify as an additional insured under South Texas Masonry's policy as additional insured status is not specified in the contract. Therefore, The Hartford will not respond to Peacock's tender.

Additionally, the indemnity provision in the contract was reviewed. The contract language is not valid as set forth in the State of Texas and is not conspicuous. Therefore, no coverage is afforded to Peacock based on the contract.

This correspondence is not intended, nor shall it be construed as, an exhaustive listing of policy terms, conditions or exclusions which might preclude coverage under The Hartford policy. The Hartford reserves the right to supplement this disclaimer letter should facts or circumstances, not currently known, indicate the applicability of additional grounds. The Hartford further reserves the right to file a declaratory judgment action if it is necessary.

Should you have any questions about this letter or any additional documentation you feel will affect our coverage position, please forward to the undersigned.

000016

Very truly yours,

Nancy Kaechler
Claims Service Consultant
1-800-984-5770 Ext. 73852

Cc:   South Texas Masonry
      805 East Bus. 83
      Pharr, Texas 78577

Cc:   Christopher Golles
      First Mercury Insurance Co.
      29621 Northwestern
      PO Box 5096
      Southfield, Michigan 48086

Cc:   McQueary Henry Bowles Troy, LLP
      12700 Central Pkwy., #1700
      Dallas, Texas 75251

000017