IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY INC. | § § § § | |
| VS. | § § § § § | CIVIL ACTION NO. B-04-111 |
| HARTFORD LLOYD'S INSURANCE COMPANY | § § | "JURY TRIAL" |

### DEFENDANT HARTFORD LLOYDS INSURANCE COMPANY'S 12(B)(6) MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

Comes Now, **Hartford Lloyds Insurance Company** and makes this 12B(6) motion to dismiss or alternatively for summary judgment and would show the court as follows:

### I. FACTS

On May 4, 2004, Peacock Construction Company, Inc., brought a third party claim against Hartford Casualty Insurance Company alleging that Peacock operated a business known as Peacock Construction Company, Inc., and that it entered into a contract with South Texas Masonry Company [a Hartford Insured] under which South Texas Masonry was required to obtain a policy of liability insurance, but did not require that Peacock be named as an additional insured. (See Exhibit 1, Sub-Contract Article 6.1) The liability insurance contract does not have Peacock named as an additional insured. (See Exhibit 2, Hartford Insurance Policy)

On October 23, 2002, contract employees of South Texas Masonry were performing work in the furtherance of their sub contract with Peacock Construction Company when a crane which was

operated by Peacock lowered a load of steel rebar and the load fell upon the contract employees of South Texas Masonry. One of the employees was killed and one was seriously injured. Suit was brought by these employees of South Texas Masonry and their families, against Peacock Construction Company, Inc., and others. A notice was forwarded by Peacock Construction Company, Inc., to the insurance carrier under the policy seeking a defense and policy benefits. Hartford Lloyd's denied coverage under the policy by construction of the policy terms and therefore denied a defense and an indemnity to Peacock Construction Company, Inc. Following such denial the May 4, 2004 suit was filed by Peacock Construction Company, Inc., and among other causes of action alleged breach of contract, reformation of contract, promissory estoppel under the contract, DTPA relating to the terms of the contract of insurance, and violations of the insurance code relating to both the terms of the insurance code and the actions of the insurers following Peacock's claims, and lastly negligence.

## II. ARGUMENT

A. As a Matter of Law There Is No Coverage for Peacock.

Attached hereto and incorporated by reference as Exhibit 3 is the expert report of Michael Sean Quinn. Said report unequivocally concludes that the language of the agreements does not make Peacock an additional insured under the policy. Further, it clearly establishes that even had Peacock been named an additional insured, coverage would not arise as the crane accident was not part of the work of Southern Masonry. (See Report pages 13-15) As there was no coverage, none of plaintiff's claims may survive summary judgment as to Hartford.

Further, the court need not even rely on expert testimony to decide a clear question of law on the plain wording of the sub-contract and policy here. Article 6.1 of the contract states:

Prior to starting work, the Subcontractor shall obtain any insurance, Including

> Worker's Compensation and General Liability, required by the contract documents, from a responsible insurer, and shall furnish satisfactory evidence to the contractor that the Subcontractor has complied with these requirements. . . .

There is simply nothing in the contract that requires or even suggests that Peacock be named as an additional insured. The requirement that a sub-contractor purchase liability insurance, without more, does not make a general contractor a third-party beneficiary of the contract. *See P.G. Bell v. US Fidelity and Guaranty Co.*, 853 S.W. 2d 187, 190 (Tex. App.-Corpus Christi 1993, no writ).

While Peacock will point to certificates of insurance as naming them as an additional insured, these certificates are not part of the contract and specifically state they do not change the policy and are for information only. Any error on these certificates doesn't not affect the four corners of the sub-contract or the insurance contract. In determining coverage questions, a court considers only the facts alleged in the pleadings of the underlying lawsuits and the language of the insurance contracts. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 141 (1997); *Heyden Newport Chem. Corp. v. Southern Gen. Ins.* Co., 387 S.W.2d 22, 24-25 (Tex.1965). We consider the factual allegations without reference to their veracity, to what the parties know or believe the facts to be, or to any legal determination of the facts. *Heyden Newport Chem. Corp.*, 387 S.W.2d at 24.

Moreover, even should Peacock qualify as an additional insured, it is readily apparent that Section C 2(f) (Exhibit 2, page 11 of 21) of the policy only provides coverage for an additional insured "With respect to your operations, your work or facilities owned or used by you." It is undisputed that this accident did not occur as a result of any action or inaction of South Texas Masonry and thus this policy would not cover the incident.

As Peacock is not an additional insured, there can be no claims against Hartford for breach of contract, reformation of contract, promissory estoppel under the contract, DTPA relating to the

terms of the contract of insurance, violations of the insurance code relating to both the terms of the policy and the actions of the insurers following Peacock's claims, or negligence. Even if Peacock could be considered an additional insured, there would be no coverage as Peacock has no evidence that the claims in the underlying suit arose from the work of South Texas Masonry. Therefore, all claims that Peacock has against Hartford must be dismissed as a matter of law.

### III. PRAYER

Wherefore defendant prays that this court dismiss this cause against Hartford in its entirety, and for whatever further relief in law or equity defendant may be entitled.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendants
Hartford Casualty Insurance Company and
Hartford Lloyd's Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER &
MATTHYS, L.L.P.

Mr. Trey Martinez
Martinez, Martinez & Barrera, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
(956) 546-7159; FAX: (956) 544-0602

Co-Counsel for Defendants
Hartford Casualty Insurance Company and
Hartford Lloyd's Insurance Company

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 22, 2005, a complete and correct copy of DEFENDANT HARTFORD LLOYDS INSURANCE COMPANY'S 12(B)(6) MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT was served on each party by delivery to the following attorneys of record in accordance with the Federal Rules of Civil Procedure.

Mr. Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA
222 West Harrison
P.O. Box 530160
Harlingen, Texas 78550

Mr. Roger Reed
Mr. Victor M. Carrera
Mr. Alberto L. Guerrero
REED, CARRERA, MCLAIN & GUERRERO, L.L.P.
1 Paseo del Prado, Bld. 101
Edinburg, Texas 78539
Or P.O.Box 9702
McAllen, Texas 78502-9702

_____
F. Edward Barker