UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 11 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION, COMPANY, INC. <br> Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. B-04-111 <br> (636(c)) |
| HARTFORD CASUALTY INSURANCE COMPANY AND HARTFORD LLOYD'S INSURANCE COMPANY, <br> Defendants. | § § § § § | |

## ORDER

On April 4, 2005 Defendant Hartford Lloyd's Insurance Company filed a Motion for In Camera Inspection and Protective Order (Docket No. 54). For the following reasons Defendant's motion is hereby GRANTED.

## BACKGROUND

The facts of this case are well known to the Court, as well as to both parties, and will not be reproduced here. For a full exploration of the background of this case please see the order entered by this Court on January 21, 2005 denying Plaintiff's Motion to Remand (Docket No. 29).

## DISCUSSION

The burden to establish the applicability of the attorney-client privilege rests on the party who invokes it and must be specifically asserted with respect to particular documents. *Hodges, Grant & Kaufmann v. United States Government*, 768 F.2d 719, 721 (5th Cir. 1985); *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982). Whether the privilege applies in a

certain situation is a question of fact to be considered in light of the purpose of the privilege and judicial precedent. *Hodges*, 768 F.2d at 721; see also *Apex Mun. Fund v. N-Group Sec.*, 841 F. Supp. 1423, 1426 (S.D. Tex. 1993). The party asserting the privilege must show: (1) that an attorney-client relationship existed, (2) that the particular communication at issue is privileged, and (3) that the privilege was not waived. *Apex Mun. Fund*, 841 F.Supp. 1426. Though Hartford Lloyd's clearly satisfies the first prong of the attorney-client privilege test, the second and third requirements merit some discussion.

The Fifth Circuit has noted that while the attorney-client privilege protects all communications "from the client to the attorney made in confidence for the purpose of obtaining legal advice, [i]t shields communications from the lawyer to the client only to the extent that these are based on, or may disclose, confidential information provided by the client or contain advice or opinions of the attorney." *United States v. Neal*, 27 F.3d 1035, 1048 (5th Cir. 1994)(quoting *Wells v. Rushing*, 755 F.2d 376, 379 n.2 (5th Cir. 1985)). The document presently before the Court is, in effect, a record of communications made by the *lawyer to the client*. It consists of notes, written by Hartford Lloyd's, which outline the legal opinions of, and strategy undertaken by, counsel for the defense. It therefore falls within the protection of the privilege as interpreted by the Fifth Circuit. As such, Hartford Lloyd's also satisfies the second requirement mentioned above.

The third requirement that must be satisfied in order to successfully assert a claim of attorney-client privilege concerns waiver of the privilege. As the Fifth Circuit notes: "[i]t is vital to a claim of privilege that the communication have been made and maintained in confidence. Thus courts have refused to apply the privilege to information that the client intends his attorney

2

to impart to others, or to communications made in the presence of third parties." *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976). Additionally, if a significant portion of a confidential communication is disclosed to a third-party, this waives the privilege as to the whole. *Industrial Clearinghouse, Inc. v. Browning Mfg.*, 953 F.2d 1004, 1007 (5th Cir. 1992). In the instant case there is no evidence that Defendant has, expressly or by its actions, waived the attorney-client privilege in regards to the document at issue.

## CONCLUSION

Hartford Lloyd's has proven that an attorney-client relationship existed and that the particular document at issue falls within the attorney-client privilege. Furthermore there is no evidence before the Court that the privilege has been waived. The document submitted to the Court for in camera review should not, therefore, be disclosed to Peacock through discovery. As such, the Court hereby GRANTS a protective order to Defendant Hartford Lloyd's in regards to the document Bates stamped 00641. Such document is protected by this order from production.

IT IS SO ORDERED.

DONE at Brownsville, Texas this __11th__ day of April, 2005.

_____
Felix Recio
United States Magistrate Judge

3