# *i*WEB

## Consolidated View

| Named Insured | Policy No. | Event ID | Loss Date | Status | Office | Primary Adjuster |
|---|---|---|---|---|---|---|
| South Texas Masonry | 46SBANS1014 | GL0001411618 | 10/23/02 | Open | HOUSTON AOL CCC | Nancy J Kaechler ① |

**Event Information**

☑ Litigation ☐ Subrogation ☐ SIU ☐ Special Procedures

**Loss Location:**

4212 Gulf Blvd.
South Padre Isl, TX 78597 USA

**Insured % of Liability:** 0%

**Event Description:** Damage – not otherwise classified

**Catastrophe Name:** N/A

**Associated Event:** N/A

**Primary Adjuster Statement:**
N/A

**Key Event Dates**

| Loss Date: | 10/23/02 | First Pay Date: | 12/15/03 |
|---|---|---|---|
| Notification Date: | 02/12/03 | Close Date: | N/A |

**Participants**

06/29/04                                    15:59:44                                    1/2

— Bartram 2
exb 3-7-05

| Name | Role | Phone | Address | Contact Made |
|---|---|---|---|---|
| South Texas Masonry | Insured | (956) 782-6286 | Pharr, TX 78577 | |
| South Texas Masonry | Location Owner | (956) 782-6286 | Pharr, TX 78577 | |
| Peacock Construction | Location Responsible Party | | Harlingen, TX 78553 | |
| Jose Garcia | 3rd Property Owner | | South Padre Isl, TX 78597 | |
| Peacock Construction | 3rd Property Other | | Harlingen, TX 78553 | |
| Jose Garcia | 3rd Inj Person Injured Person | | South Padre Isl, TX 78597 | |

## Claim Information

| Name / Role | CCPS # | Handler | Coverage | % of Liab | Indemnity Reserve | Indemnity Paid | Expense Reserve | Expense Paid | Status |
|---|---|---|---|---|---|---|---|---|---|
| Jose Garcia 3rd property Owner | YBG KLP 40689 | NJK | PROPERTY DAMAGE LIABILITY CONVERSION (Yes) | 0% | $5,000.00 | $0.00 | $17,041.45 | $17,041.45 | Open |
| Jose Garcia 3rd inj person Injured person | YBG L 53216 | NJK | BODILY INJURY LIABILITY CONVERSION (Yes) | 0% | $20,000.00 | $0.00 | $0.00 | $0.00 | Open |

↑Top

Home | Glossary

06/29/04   15:59:44

00640

00642

**LEGAL : Input by Nancy J Kaechler(I) 4:55:0 PM**

Spoke w/ Ed Barker– asked him to check into this and if can file an answer and begin fighting default to do so. At this time, select is unaware of this and service may not be proper. Once select is involved, they may choose a different def atty. Ed understands and will go to the court tomorrow and see what this is about.

**LEGAL : Input by Nancy J Kaechler(I) 4:53:29 PM**

Mike Hoad called and advised Hartford has a default taken against them in this suit. Asked him to fax a copy of what he has to me. The default was taken on April 27. Forwarded fax of the default to Ken Smith. He advised select is unaware of this and it appears service was not proper. Ken asked to get atty involved for Hartford to get the ball rolling on getting default set aside. Ken will get this to select for handling. Will use Ed Barker to check into this. This is in court where Ed had a good result on a very difficult mtn.

**LEGAL : Input by Nancy J Kaechler(I) 2:40:38 PM**

Mike Hoad called– the agency has been served in a complaint by Peacock. He will forward a copy of the complaint for our info. We have not been served to date. Will fax a copy of the contract and cert of ins to Mike to provide to his counsel for defense.

**LEGAL : Input by Nancy J Kaechler(I) 9:7:13 AM**

Mike Hoad– agent for insd called and left vm advising the agency has been brought into this suit by Peacock. He asked me to call and discuss. Re'd phone call– left message on vm ack message and asked him in return call.

**ACTION PLAN : Input by Nancy J Kaechler(I) 10:15:48 AM**

File Strategy– The insured has been severed from the case. Peacock has brought the insd in seeking contribution and indemnity. They had tendered this for defense and indemnity as an add'l insd. The contract between Peacock and insd does not require them to be added as an add'l insd. The contract does not appear to be valid for indemnity. The severance was granted as we were brought into this just prior to trial. A mediation was held and the parties pushed us to pay our limits. Peacock has threatened to pursue Hartford and they already have a suit against the insured. There appears to be no liability on the part of the insd for this acc, it all appears to be Peacock's negligence.

**CAS CONV : Input by CAS Conversion Queue(I) 12:0:6 PM**

Products, Completed Operations Limit:1000 Occurence Limit:5 Products, Completed Operations Aggregate Limit:2000 Liability Deductible:0

**CAS CONV : Input by CAS Conversion Queue(I) 12:0:5 PM**

Forms/Endorsements:COVERAGE PER CLA ATTACHED/LAO EPLI $5,000 EACH CLAIM/AGGREGATE Loss Comment:DAVID DUNN 361–883–1594 Description of Accident:LAS DUNES CONDOMINIUM PROJECT. Reported By:CHRISTY LEE

**CAS CONV : Input by CAS Conversion Queue(I) 12:0:4 PM**

Loss Comment: REPORTED BY: AGENT/BROKER CHRISTY LEE INSD NOTIFY: 20030211 FATAL: N CS CLAIM #: 7899902 1023PEACOC INSURED PHN# 956–782–6286 FORWARDING LOSS INFO FROM CLMNTS CARRIER UNK IS WHAT LOSS IS. RECEIVED FX FROM AGENT CHRISTY LEE WITH MCQUEARY HENRY BOWLES TROY SA TROY PHN# 210–479–7723. FAX GVE CLMNT NAME JOSE SALAZAR, JOSE GARCIA REMEDIOS CORRAL NO PHN# OR ADD. NO PHN# GVN FOR PEACOCK CONSTRUCTION CO. INC. FX STDSEE ATTCHD TENDER LETTER FROM FIRST MERCURY INS. CO. BEHALF OF INSRD PEACOCK CONST.

**CAS CONV : Input by CAS Conversion Queue(I) 12:0:3 PM**

For Claim# :YBG LP 40689 Coverage ID Code:A Where Damage Can Be Seen:4212 GULF BLVD S PADRE IS

**LEGAL : Input by CAS Conversion Queue(I) 12:0:2 PM**

For Claim# :YBG LP 40689 Suit Create Date:11/10/2003 Last Demand:0 Last Offer:0 Settlement Amount:0 HIG Attorney:Y HIG Defense Panel:Y Suit Reason:5 Suit Type:C Court:404TH JUDICIAL DIST CT Venue:CAMERON COUNTY Information 1:VENUE/COVG Trial Result Amount:0 Suit Code:3 3rd Party Attorney Name:ROGER REED/ REED CARRERA Defense Attorney Name:DUNN WEATHERED/ DAVID

05/10/2004

04/06/2004

04/06/2004

03/16/2004

03/06/2004

03/06/2004

03/06/2004

03/06/2004

03/06/2004

06/29/04

15:59:44

2/11

00643

**03/06/2004**

DUNN
**CAS CONV : Input by CAS Conversion Queue** 12:0:1 PM

**03/06/2004**

For Claim# :-YBG L 53216 Coverage ID Code:8
**INVESTIGATION : Input by CAS Conversion Queue** 0:1:4 AM

For Claim# :-YBG LP 40689 Comment Date:02/26/2004 STF Author Initials:BWB Comment Type:INST Comment:NJK AND I, ONCE AGAIN, REVIEWED THE INSURED WORK CONTRACT RELATIVE TO PEACOCK'S DEMAND FOR ADD'L INSURED STATUS. THE WORK CONTRACT DOES NOT STIPULATE TO PEACOCK BEING NAMED AS AN ADD'L INS'D ON THE INSUREDS INSURANCE POLICY. FURTHER, THE INDEMNIFICA– TION LANGUAGE WITHIN THE WORK CONTRACT DOES NOT MEET THE "CONSPICUOUS LANGUAGE" TEST. LASTLY, THE ASSERTION THAT THE CERTIFICATE OF INSURANCE PROVIDED BY THE AGENT, WHICH IDENTIFIES PEACOCK AS AN "ADD'L INS'D", PROVIDES SUCH STATUS UNDER THE INSURANCE POLICY IS REFUTED BY THE LANGUAGE OF THE CERTIFICATE, WHICH READS – "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORM– ATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW." FURTHER, TO THIS ANALYSIS, THERE IS NO HARTFORD POLICY IDENTIFIED IN THE CERTIFICATE. IT IS CURIOUS THAT THIS CERTIFICATE, WHICH IS REPRESENTED AS HAVING BEEN PRODUCED BY THE AGENT ON 01/15/02, DOES NOT IDENTIFY A POLICY NUMBER OF COVERAGE INCEPTED OVER SIX WEEKS EARLIER, AND RENEWED FROM PRIOR ISSUANCE. NJK'S COVERAGE POSITION IN DENYING PEACOCK'S TENDER OF DEFENSE AND INDEMNITY IS AFFIRMED.

**03/06/2004**

**PAYMENTS : Input by CAS Conversion Queue** 0:1:3 AM

For Claim# :-YBG LP 40689 Comment Date:02/23/2004 STF Author Initials:BWB Comment Type:PAYM Comment:CH22 – PAYMENT FOR $209.76, AI–NJK, NB–70 FOR AMOUNT $209.76, TO PAYEE NAME – CERTIFIED REPORTING VIDEO SERVICE FOR INV NO 11773., MAIL TO: PAYEE.

**03/06/2004**

**INVESTIGATION : Input by CAS Conversion Queue** 0:1:2 AM

For Claim# :-YBG LP 40689 Comment Date:02/20/2004 STF Author Initials:NJK Comment Type:ACTL Comment:SPOKE W/ DAVID DUNN– THIS DID NOT SETTLE. PEACOCK OFFERED 1M PRIM ARY AND 1M EXCESS AND CONSOLIDATED OFFERED 1M PRIMARY AND 125K EXCESS. THE PLTF WANTS HARTFORD TO OFFER THEIR 1M PRIMARY LIMITS. THEY SAID THEY WERE GOING TO FILE A SUIT AGAINST HARTFORD AND IT IS EXPECTED TO BE SUBMITTED TO SOMEONE IN HO AND THEY WILL PAY THEM SOMETHING. THAT IS GOING TO BE THEIR GAME PLAN. ADVISED DAVI D THIS IS WHAT THEY WILL HAVE TO DO BEFORE WE PAY. THE TRIAL DATE ON THE UNDERLYING CASE HAS BEEN BUMPED DUE TO A CRIMINAL CASE. IT WILL BE RESET.

**03/06/2004**

**INVESTIGATION : Input by CAS Conversion Queue** 0:1:1 AM

For Claim# :-YBG LP 40689 Comment Date:02/20/2004 STF Author Initials:NJK Comment Type:ACTL Comment:PEACOCK CONTINUES TO THREATEN US W/ AN ASSIGNMENT OF RIGHTS TO TH E PLTF IF WE WILL NOT CONTRIBUTE TO THE SETTLEMENT. THERE HAS BEEN NO AMOUNT PRESENTED.

**03/06/2004**

**INVESTIGATION : Input by CAS Conversion Queue** 0:1:0 AM

For Claim# :-YBG LP 40689 Comment Date:02/19/2004 STF Author Initials:NJK Comment Type:ACTL Comment:MEDIATION HAS BECOME CONTENTIOUS AND PEACOCK DEMANDED OUR POLICY LIMITS OF 1M. PEACOCK WAS ATTACKING HARTFORD AT THE MEDIATION AND DEF ATTY, DAVID DUNN POINTED OUT THAT HE IS REPRESENTING SO TX MASONRY IN THE 3RD PARTY SUIT AND HARTFORD IS NOT A PARTY TO THIS SUIT. PEACOCK CLAIMS THEY WILL SETTLE W/ THE PLTF AND GIVE THEM A N ASSIGNMENT TO PURSUE THEIR ADD'L INSD STATUS UNDER THE POLICY. ADVISED DAVID THAT WE WILL NOT AGREE TO PAY OUR 1M LIMITS ON SUCH SPECULATIVE COVG ISSUES AS THEY HAVE RAISED AND DO NOT FEEL THEY ARE ENTITLED TO ADD'L INSD STATUS ON OUR POLICY. THEY CLAIM THEY WILL PURSUE HARTFORD ON THESE ISSUES.

**03/06/2004**

03/06/2004

**INVESTIGATION :** Input by CAS Conversion Queue ① 0:59 AM

For Claim# :YBG LP 40689 Comment Date:02/17/2004 STF Author Initials:BWB Comment Type:INST Comment:NANCY, AGREE WITH YOUR POSTURE. LET'S DISCUSS FURTHER AS MEDIA– TION UNFOLDS THURSDAY.

**INVESTIGATION :** Input by CAS Conversion Queue ① 0:58 AM

For Claim# :YBG LP 40689 Comment Date:02/17/2004 STF Author Initials:NJK Comment Type:ACTL Comment:DAVID DUNN CALLED– THE MEDIATOR HAS REDUCED HIS FEE ON THIS FOR U.S. DAVID EXPECTS PEACOCK TO PUT A LOT OF PRESSURE ON US TO PAY. PEACOCK DOES NOT HAVE ENOUGH MONEY TO RESOLVE THIS CLAIM AND HE EXPECTS THE PLTF TO ALSO PUT PRESSURE ON US TO PAY. OUR POSITION REMAINS THE SAME, THERE IS NO NEGLIGENCE ON THE INSD AND IT APPEAR RS THIS ACC WAS THE SOLE NEGLIGENCE OF PEACOCK. WE WILL NOT AGREE TO PAY CONTRACTUAL LIAB FOR CLAIMS THAT ARE NOT DUE TO OR ARISING OUT OF OUR INSDS OPERATIONS. THE INDEMNITY PORTION OF THE CONTRACT IS NOT VALID AND AGAIN WE WILL NOT AGREE TO DEFEND AND INDEMNIF Y PEACOCK FOR THEIR NEGLIGENCE.

03/06/2004

**INVESTIGATION :** Input by CAS Conversion Queue ① 0:57 AM

For Claim# :YBG LP 40689 Comment Date:02/11/2004 STF Author Initials:NJK Comment Type:ACTL Comment:REC'D LETTER FROM PEACOCK THREATENING TO AMEND THEIR THIRD PARTY PETITION TO INCLUDE BREACH OF CONTRACT AND FRAUD IF WE DO NOT AGREE TO DEFEND THEM IN THIS MATTER. CALLED DAVID DUNN– LEFT MESSAGE ADVISING NOT IMPRESSED W/ PEACOCK'S LETTER. THE ALLEGATIONS OF BREACH OF CONTRACT AND FRAUD ARE NOT COVERED AND IT IS NOT LIKELY THE JUDGE WILL ALLOW PEACOCK TO AMEN D THEIR PLEADINGS AT THIS LATE DATE.

03/06/2004

**INVESTIGATION :** Input by CAS Conversion Queue ① 0:56 AM

For Claim# :YBG LP 40689 Comment Date:02/10/2004 STF Author Initials:NJK Comment Type:ACTL Comment:THE MEDIATION HAS BEEN RESCHEDULED FOR FEB 19. DAVID DUNN IS FIGH TING HAVING TO PAY TO ATTEND SINCE WE ARE NOT A PARTY TO THIS SUIT. WE ARE HAVING TO ATTEND BUT WILL NOT HAVE TO PAY. CONSOLIDATED IS LOOKING AT SUING PEACOCK FOR DEFENSE AND INDEMNIT Y BASED ON THEIR CONTRACT. THIS WILL JUST PROLONG THIS IS THEY FILE THE SUIT PRIOR TO THE MEDIATION. PEACOCK HAS MADE IT CLEAR THEY WILL CONTINUE TO PURSUE OUR POLICY FOR DEFENSE AND INDEMNITY AFTER THIS MATTER IS RESOLVED. WE HAVE BEEN SEVERED AND ARE NOT INVOLVED IN THE UNDERLYING SUIT DESPITE THE FACT WE HAVE BEEN ORDERED BY THE JUDGE TO MEDIATE THIS.

03/06/2004

**INVESTIGATION :** Input by CAS Conversion Queue ① 0:55 AM

For Claim# :YBG LP 40689 Comment Date:01/26/2004 STF Author Initials:NJK Comment Type:ACTL Comment:DAVID DUNN CALLED– THERE IS A COURT ORDERED MEDIATION ON FEB 6. WHILE I WILL ATTEND BY PHONE, DAVID WILL HAVE TO ATTEND. DAVID HAS NOT BEEN ATTENDING DEPOS AND THE PARTIES ARE NOT PURSUING SINCE WE ARE SEVERED OUT OF THIS.

03/06/2004

**PAYMENTS :** Input by CAS Conversion Queue ① 0:54 AM

For Claim# :YBG LP 40689 Comment Date:01/09/2004 STF Author Initials:BWB Comment Type:PAYM Comment:CH22 – PAYMENT FOR $7,368.84, AI–NA, NB–70 FOR AMOUNT $393.84, NB–71 FOR AMOUNT $6,975.00, TO PAYEE NAME – DUNN, WEATHERED, COFFEY, RIVERA FOR INV NO 6209. MAIL TO: PAYEE.

03/06/2004

**INVESTIGATION :** Input by CAS Conversion Queue ① 0:53 AM

For Claim# :YBG LP 40689 Comment Date:01/06/2004 STF Author Initials:NJK Comment Type:ACTL Comment:APPROVED INV NO 6209/ DUNN WEATHERED/ 7368.84. THERE WAS A DEDUCT ION FOR MEALS ON DAYS WHEN ATTY HAD TO ATTEND DEPOS IN THE VALLEY THE TIME SPENT WAS APPROX 8 HOURS AND THE MEALS ARE EXPECTED TO BE PAID FOR BY THE ATTY AS PART OF OVERHEAD.

03/06/2004

**INVESTIGATION :** Input by CAS Conversion Queue ① 0:52 AM

For Claim# :YBG LP 40689 Comment Date:12/19/2003 STF Author Initials:NJK Comment Type:ACTL Comment:SPOKE W/ DAVID DUNN–

15:59:44

06/29/04

4/11

**03/06/2004**

THE DEPOS ARE ONGOING AND DAVID IS NOT PARTI CIPATING EXCEPT FOR PEACOCK AND CONSOLIDATED CRANE. DAVID IS CONC ENTRATING ON THE CONTRACTUAL ISSUES.
PAYMENTS : Input by CAS Conversion Queue(1) 0:0:51 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:12/16/2003 STF Author Initials:BWB Comment Type:PAYM Comment:CH22 – PAYMENT FOR $420.55, AI–NJK, NB–70 FOR AMOUNT $420.55, TO PAYEE NAME – JAMES H. CAIN DBA CAIN PRODUCTIONS FOR INV NO 2095 , MAIL TO: PAYEE.
PAYMENTS : Input by CAS Conversion Queue(1) 0:0:50 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:12/15/2003 STF Author Initials:BWB Comment Type:PAYM Comment:CH22 – PAYMENT FOR $486.99, AI–NJK, NB–70 FOR AMOUNT $486.99, TO PAYEE NAME – SANDRA K. DEARMIN FOR INV 03215 , MAIL TO: PAYEE.
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:49 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:12/12/2003 STF Author Initials:NJK Comment Type:ACTL Comment:****** FILE STRATEGY *** COVERAGE CONFIRMED: YES X | NO | | RESERVES: ACCURATE BASED ON OUT STATUS IN THIS CASE PROACTIVE: THE INSDS EXPOSURE IS VERY LOW. THE INSDS EMPLOYEES WERE KILLED AND INJURED IN AN ACC THAT APPEARS TO BE THE SOLE NEGLIGENCE OF PEACOCK CONSTRUCTION. THE INSD WILL NOT BE ABLE TO BROUGHT IN BY THE PLTF SINCE WE WILL HAVE A WORK COMP BAR. PEACOC K HAS BROUGHT US IN FOR DEFENSE AND INDEMNITY. THIS IS A WEAK CLA IM SINCE THE CONTRACT W/ THE INSD DOES NOT REQUIRE THEM TO BE ADDED AS AN INSD AND IS NOT VALID. THE JUDGE HAS SEVERED US FROM THE MARCH TRIAL DATE AS WE HAVE BEEN BROUGHT IN TO GAIN A CONTINU ANCE. WE DO NOT HAVE A TRIAL DATE BUT WE ARE OBLIGED TO PARTICIPA TE IN DISCOVERY.
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:48 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:12/11/2003 STF Author Initials:NJK Comment Type:ACTL Comment:REC'D ANOTHER TENDER FROM FIRST MERCURY INS CO– INSURER FOR PEACOCK. SINCE THEY HAVE SUED THE INSD FOR DEFENSE AND INDEMNITY. THIS HAS BEEN RESPONDED TO AND DOES NOT NEED TO BE ANSWERED.
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:47 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:11/17/2003 STF Author Initials:NJK Comment Type:ACTL Comment:SENT POLICY TO DEF ATTY.
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:46 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:11/17/2003 STF Author Initials:LFH Comment Type:INST Comment:NANCY: FORWARDING COMPLETE COPY OF POLICY FROM SAN ANTONIO PER YOUR REQUEST. (46 SBA NS1014 12/01/01–02)
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:45 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:11/11/2003 Comment Type: Comment:CH40 – SUIT NOTIFICATION – SUIT CODE: 3, DEFENSE ATTORNEY CODE: R, DOWNLOAD DATE 11/1/003
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:44 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:11/10/2003 STF Author Initials:NJK Comment Type:ACTL Comment:THE JUDGE DID CONTINUE THE TRIAL TILL MARCH FOR ALL PARTIES EXCEP T THE INSD. WE HAVE BEEN SEVERED W/ RESPECT TO THE TRIAL BUT WILL HAVE TO PARTICIPATE IN THE DISCOVERY.
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:43 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:10/29/2003 STF Author Initials:RH3 Comment Type:INST Comment:NJK–L CLAIM HAS BEEN SET UP FOR CLMT AS PER YOUR REQUEST.
INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:42 AM

06/29/04                                        15:59:44                                        5/11

00645

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/29/2003 STF Author Initials:NJK Comment Type:INST Comment:RHONDA-- COULD YOU SET UP A COMPANION CLAIM ON THIS AS A "L". PLEASE SET AN INDEMNITY RESV OF 20,000 AND I WILL USE THE LP FILE TO PAY EXPENSE.
**INVESTIGATION** : Input by CAS Conversion Queue ① 0:41 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/29/2003 STF Author Initials:NJK Comment Type:ACTL Comment:NOTE-- THE FILE WAS THOUGHT TO BE A CONSTRUCTION DEFECT CLAIM AND WAS SET UP AS AN "LP". IT IS AN INJURY CLAIM AND WILL NEED TO SET UP AS AN "L".
**RESERVES** : Input by CAS Conversion Queue ① 0:40 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/29/2003 STF Author Initials:BWB Comment Type:RESV Comment:CH32 – FOR $5000, ALLOC EXP $1000.
**INVESTIGATION** : Input by CAS Conversion Queue ① 0:39 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/28/2003 STF Author Initials:NJK Comment Type:ACTL Comment:SPOKE W/ DAVID DUNN- THE TRIAL DATE IS SET FOR NOV 17 BUT OUR RESPONSES TO DISCOVERY ARE NOT DUE UNTIL NOV 20. DAVID HAS FILED THE MTN TO STRIKE THE THIRD PARTY ACTION OR IN THE ALTERNATIVE TO SEVER THE THIRD PARTY ACTION OR IN THE ALTERNATIVE TO CONTINUE THE TRIAL. WE WERE BROUGHT INTO THIS ACTION W/IN 30 DAYS OF TRIAL
**CORRESPONDENCE** : Input by CAS Conversion Queue ① 0:38 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/28/2003 STF Author Initials:NJK Comment Type:TEXT Comment:COVERAGE REQUEST – GEN LIAB: SBA, NS1014, POLICY EFFECTIVE DATE – 12/01/01, 12/01/02, DATE OF LOSS – 10/23/02, INSURED NAME – SOUT H TEXAS MASONRY, A COMPLETE COPY OF THE POLICY IS NEEDED FOR LAWS UIT,
**INVESTIGATION** : Input by CAS Conversion Queue ① 0:37 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/09/2003 STF Author Initials:NJK Comment Type:ACTL Comment:SPOKE W/ DAVID DUNN- HE HAS DISCUSSED W/ THE PLTF ATTY–DAVID THIN KS IT WILL BE BENEFICIAL TO OUR CASE TO SEEK SEVERANCE OF THE CONTRACTUAL MATTERS. PEACOCK HAS BROUGHT US INTO THIS MATTER TO OBTAIN A CONTIN/IANCE AND TRY TO PREVAIL ON HARTFORD TO PAY SOMETH ING TOWARDS SETTLEMENT. DAVID WILL THINK ON WHETHER OR NOT WE WILL NEED A CONTINUANCE OF THE TRIAL IN THE EVENT THAT THE JUDGE WILL NOT SEVER. THE CASE MAY NOT GET ANY BETTER AND OUR ISSUES HAVE NOTHING TO DO W/ THE UNDERLYING CASE BUT WE WILL NEED TO SEE HOW PEACOCK HAS DEFENDED IN THE EVENT WE DO HAVE TO DEFEND AND INDEMNIFY.
**INVESTIGATION** : Input by CAS Conversion Queue ① 0:36 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/08/2003 STF Author Initials:NJK Comment Type:ACTL Comment:MR TOLAND CALLED HE IS THE PEACOCK ATTY–HE ADVISED THE ATTY IS ATTEMPTING TO TAKE EXPERT DEPOS AND HE WANTED TO GET W/ OUR ATTY TO SEE IF WE WANT TO PARTICIPATE. HE ALSO ADVISED TRIAL IS SET FOR NOV 17 IN THIS CASE. PROVIDED HIM W/ DAVID DUNN'S NAME AND PHONE NUMBER.
**INVESTIGATION** : Input by CAS Conversion Queue ① 0:35 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:10/07/2003 STF Author Initials:NJK Comment Type:ACTL Comment:ARTURO SALAZAR CALLED– HE IS CONCERNED SINCE HE HAS NOT HEARD FRO M DAVID DUNN. GAVE ARTURO DAVID'S PHONE NUMBER AND INVITED HIM TO CALL HIM DIRECT. CALLED DAVID DUNN'S OFFICE–LEFT MESSAGE FOR DAVID TO CALL ARTURO.
**INVESTIGATION** : Input by CAS Conversion Queue ① 0:34 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:09/29/2003 STF Author Initials:NJK Comment Type:ACTL Comment:REC'D PLEADINGS– CONSOLIDATED CRANE AND PEACOCK ARE BRINGING THE INSD INTO THIS SUIT FOR CONTRIB AND INDEMNITY. REV'D W/ BWB– THE THIRD ORIGINAL PETITION ALLEGES THE INSD CONTRI BUTED TO THE ACC BECAUSE THE REBAR THAT PEACOCK

00646

WAS MOVING WAS FOR THE INSDS OPERATIONS. THIS WILL TRIGGER A DUTY TO DEFEND. WILL USE DAVID DUNN ON THIS. SPOKE W/ DAVID DUNN-- HE DOES A LOT OF WORK IN CAMERON COUNTY AND KNOWS ALL THE PARTIES INVOLVED. HE WILL LOOK AT GETTING THE THIRD PARTY ACTION SEVERED FROM THE UNDERLYING SUIT AND RESOLVED AFTER THE SUIT IS RESOLVED SINCE THIS IS ALL CONTRACTUAL ISSUES TO BE DETERMINED BY OUR JUDGE. CALLED INSD-- SPOKE W/ BALDEMAR SALAZAR-- ADVISED WE HAD RETAINED DAVID DUNN TO DEFEND THEM. SENT FILE VIA OVERNIGHT MAIL TO DAVID DUNN.
**INVESTIGATION :** Input by CAS Conversion Queue (1) 0:0:33 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:09/29/2003 STF Author Initials:NJK Comment Type:ACTL Comment:INSD CALLED-- THEY HAVE JUST BEEN SUED ON THIS BY PEACOCK. HE WILL FAX FOR REVW.
**INVESTIGATION :** Input by CAS Conversion Queue (1) 0:0:32 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:09/23/2003 STF Author Initials:NJK Comment Type:ACTL Comment:PEACOCK'S ATTY HAS SENT A REQUEST FOR THE POLICY. SENT LETTER ADVISING HIM TO OBTAIN A WRITTEN STATEMENT FROM OUR INSD ALLOWING US TO GIVE THEM A COPY OF THE POLICY OR TO OBTAIN THE POLICY DIRECTLY FROM OUR INSD.
**INVESTIGATION :** Input by CAS Conversion Queue (1) 0:0:31 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:08/27/2003 STF Author Initials:NJK Comment Type:ACTL Comment:SENT LETTER TO PEACOCK ADVISING OUR POSITION REMAINS THE SAME. ENCLOSED A COPY OF THE DISCLAIMER PREVIOUSLY SENT THAT EXPLAINS THE CONTRACT DOES NOT REQUIRE THE INSD TO ADD PEACOCK AS AN ADDL INSD.
**INVESTIGATION :** Input by CAS Conversion Queue (1) 0:0:30 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:08/27/2003 STF Author Initials:NJK Comment Type:ACTL Comment:REC'D ANOTHER TENDER FROM PEACOCK CONSTRUCTION. THE ATTY FOR PEACOCK ALLEGES PEACOCK WAS TO BE ADDED AS AN ADD'L INSD ON OUR POLICY PER THE CONTRACT BUT DOES NOT QUOTE ANY LANGUAGE THAT STATES THAT. THEY HAVE SENT A THIRD AMENDED PETITION THAT DOES NOT HAVE ANY ALLEGATIONS AGAINST OUR INSD HOWEVER, THE PARTIES WHO WERE INJURED WERE INSD EMPLOYEES.
**INVESTIGATION :** Input by CAS Conversion Queue (1) 0:0:29 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:06/24/2003 STF Author Initials:NJK Comment Type:ACTL Comment:****** FILE STRATEGY *** COVERAGE CONFIRMED: YES [X] NO [ ] RESERVES: ACCURATE BASED ON DENIAL OF TENDER PROACTIVE: GC TENDERED AND WE HAVE DENIED. CONTRACT IS NOT VALID AND THERE IS NO REQUIREMENT IN THE CONTRACT THAT THEY BE ADDED AS AN ADDITIONAL INSD. IT IS EXPECTED THAT THE INSD WILL BE THIRD PARTIED INTO THIS SUIT. WILL CONTINUE TO HOLD ON 180DAY DIARY TO SEE IF THE INSD IS BROUGHT INTO THE SUIT.
**INVESTIGATION :** Input by CAS Conversion Queue (1) 0:0:28 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:04/04/2003 STF Author Initials:NJK Comment Type:ACTL Comment:COVG R/T W/ BWB- IT WAS AGREED THAT DISCLAIMER WAS IN ORDER BECAUSE THE CONTRACT DOES NOT REQUIRE PEACOCK TO BE ADDED AS AN ADD'L INSD. WILL FURTHER POINT OUT THAT THE CONTRACT IS NOT VALID AND WILL NOT DEFEND ON THAT BASIS EITHER. BWB REV'D DISCLAIMER AND RECOMMENDED SOME CHANGES. MADE CHANGES AND SENT DISCLAIMER TO PEACOCK W/ CC TO INSD, AGENT, FIRST MERCURY INS. WILL HOLD FILE OPEN FOR 90 DAYS TO SEE IF THE DISCLAIMER IS CHALLENGED.
**INVESTIGATION :** Input by CAS Conversion Queue (1) 0:0:27 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:04/04/2003 STF Author Initials:BWB Comment Type:INST Comment:DISCUSSED COVERAGE IN ROUNDTABLE W/ NJK. PEACOCK HAS TENDERED THEIR DEFENSE UNDER TERMS OF SUBCONTRACT. REVIEW OF THE CONTRACT IDENTIFIES INDEMNITY LANGUAGE THAT IS NEITHER CONSPICUOUS NOR COMPLIANT WITH TEXAS LAW ON

06/29/04                                                     15:59:44                                                     7/11

**03/06/2004**

CONTRACTUAL INDEMNITY, AND THUS NON ENFORCEABLE. THERE IS NOT STIPULATION THAT PEACOCK BE NAMED AS AN ADDITIONAL INSURED UNDER THE INSDS POLICY. PEACOCK HAS PRESENTED A CERTIFICATE OF INSURANCE WHICH IDENTIFIES PEACOCK AS AN ADDL INSURED ON THE INSUREDS COVERAGE, HOWEVER, THIS CERTIFICATE IS NOT CONSISTANT WITH THE CONTRACTUAL RESPON– SIBILITIES NEGOTIATED IN THE WORK CONTRACT, AND DOES NOT CREATE COVERAGE FOR PEACOCK UNDER THE INSUREDS POLICY. DENIAL OF THE TENDER IS IN ORDER. REVIEWED NJK'S DRAFT DENIAL LETTER. WITH MINOR REVISION, IT IS APPROPRIATE FOR RELEASE.
**INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:26 AM**

**03/06/2004**

For Claim# -YBG LP 40689 Comment Date:04/03/2003 STF Author Initials:NJK Comment Type:ACTL Comment:RECD DOCUMENTATION FROM PEACOCK CONSTRUCTION. AS PREVIOUSLY NOTE D THE CONTRACT DOES NOT REQUIRE US TO ADD THEM AS AN ADDL INSD AND WILL NOT TRIGGER COVG AS REQUIRED UNDER THE BROAD FORM END. FURTHER, THERE ARE NO ALLEGATIONS IN THE PLEADINGS THAT INVOLVE THE INSDS WORK. THE ALLEGATIONS ARE ALL AGAINST PEACOCK. THERE IS AN ALLEGATION THAT "THE OPERATION OF MOVING THE LOAD OF STEEL REBAR WHICH RESULTED IN THE DEATH OF JOSE GUADALUPE SALAZAR AND THE INJURIES TO REMEDIOS CORRAL WAS CONDUCTED ENTIRELY BY PERSONNEL EMPLOYED BY DEFENDANT PEACOCK, DURING THE COURSE AND SCOPE OF THEIR EMPLOYMENT WITH SAID DEFENDANT." THE ADDL INSURED STATUS WILL NOT RESPOND TO ALLEGATIONS OF PEACOCKS OWN NEGLIGENCE, ONLY NEGLIGENCE THAT IS ATTRIBUTED TO PEACOCK THAT AROSE OUT OF THE INSDS OPERATIONS.
**INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:25 AM**

**03/06/2004**

For Claim# -YBG LP 40689 Comment Date:03/24/2003 STF Author Initials:NJK Comment Type:ACTL Comment:STATUS NOTED.- HAVE ASKED FOR DOCUMENTATION TO ALLOW US TO EVALUAT E PEACOCK'S TENDER. SO FAR THEY HAVE NOT PROVIDED. THE INSD PROVI DED CONTRACT THAT DOES NOT APPEAR TO BE VALID AND MAY NOT REQUIRE US TO ADD THEM AS AN ADDL INSD ON OUR POLICY. WILL REVIW ONCE ALL THE DOCUMENTATION IS PROVIDED.
**INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:24 AM**

**03/06/2004**

For Claim# -YBG LP 40689 Comment Date:03/11/2003 STF Author Initials:NJK Comment Type:ACTL Comment:RECD COPY OF THE CONTRACT FROM THE INSD. THE CONTRACT STATE THE INSD WAS TO OBTAIN GL INSURANCE AS REQUIRED BY THE CONTRACT DOCS. BUT THERE IS NO SPECIFICATION WHAT THE REQUIREMENTS ARE. IN THE EVENT THE INSD FAILS TO PROVIDE INSURANCE, PEACOCK WILL OBTAIN AN D CHARGE THE INSD. THE INTENT OF THE CONTRACT IS TO INDEMNIFY THE CONTRACTOR–PEACOCK– FOR THE EFFECTS OF THE GC'S AGENT AND EMPLOY EES OWN NEGLIGENCE OR OTHER WRONGFUL CONDUCT. DO NOT THINK THE CONTRACT IS VALID BUT ALSO QUESTION AS TO WHETHE R OR NOT THE CONTRACT REQUIRES PEACOCK TO BE NAMED AS AN ADDL INSD UNDER OUR POLICY.
**INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:23 AM**

**03/06/2004**

For Claim# -YBG LP 40689 Comment Date:03/05/2003 STF Author Initials:NJK Comment Type:ACTL Comment:SENT LETTER TO FIRST MERCURY INS CO REQUESTING A COPY OF THE CONT RACT, LAWSUIT, NAMES OF ALL PARTIES WHO ARE DEFENDING PEACOCK AND THEIR CARRIERS, AND THE NOTICE OF THIS ACC TO PEACOCK. ADVISED WE ARE UNABLE TO CONSIDER THEIR TENDER UNTIL ALL THIS DOC IS RECD.
**INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:22 AM**

**03/06/2004**

For Claim# -YBG LP 40689 Comment Date:03/04/2003 STF Author Initials:NJK Comment Type:ACTL Comment:NOTE THE FILE IS ON TENDER TRACKS.
**INVESTIGATION : Input by CAS Conversion Queue(1) 0:0:21 AM**

**03/06/2004**

For Claim# -YBG LP 40689 Comment Date:03/04/2003 STF Author Initials:NJK Comment Type:ACTL Comment:CALLED INSURED– SPOKE W/ BALTAZAR ARTURO– PEACOCK HIRED THE INSD TO DO MASONRY WORK ON THE PROJECT. THE THREE PARTIES WERE INJURED TWO WERE INJURED AND ONE KILLED. PEACOCK HIRED A CRANE OPERATOR TO OPERATE A

06/29/04                                                                                                                              15:59:44                                8/11

00648

CRANE THEY LEASED FOR THE JOB. THE CRANE JIB AT THE TOP WAS AT A 15 DEGREE ANGLE. PEACOCK CHANGED THE ANGLE TO 30 DEGREES AND ATTEMPTED TO LIFT UP A LOAD OF STEEL. THE CRANE DID NOT HOLD THE LOAD AND IT DROPPED ON THE INSDS WORKERS. HE SAID HE HAS W/C INSURANCE THAT HAS CLAIM. HE SAYS HE HAS A SAFETY PERSON WHO HAD PREVIOUSLY WARNED PEACOCK ABOUT THE CRANE. HE ALSO HAS PHOTOS OF THE CRANE AFTER THE ACC. HIS BROTHER WAS STANDING NEXT TO MR SALAZAR WHEN THIS HAPPENED. MR SALAZAR IS THE DECEASED. ASKED HIM TO SEND A COPY OF THE CONTRACT. HE WILL FAX.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:20 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:03/04/2003 STF Author Initials:NJK Comment:CLAIM SUMMARY DATA INIT: COVERAGE:PER CLA FORM SS00080300 APPLIES W/ 1M LIMITS PER OCC AND 2M GEN AGG PER YR. THE FORM CONTAINS ADD'L INSDS BY CONTRACT , AGREEMENT OR PERMIT. EFFECTIVE DATES 12-1-01/02. FACTS: LETTER FROM FIRST MERCURY INS CO TENDERING THE DEFENSE AND INDEMNITY OF PEACOCK CONSTRUCTION CO. FIRST MERCURY IS TENDERING THIS UNDER ADD'L INSD STATUS UNDER THE POLICY. THEY ALSO SAY THE INSD IS CONTRACTUALLY OBLIGATED TO DEFEND AND INDEMNIFY PEACOCK. LIABILITY: PEACOCK IS SEEKING CONTRACTUAL OBLIGATION FOR ANY LIAB IN THIS ACC. IF DUTY IS OWED WILL BE FOR NEGLIGENCE ATTRIBUTED TO PEACOCK ARISES OUT OF INSDS OPERATIONS. DAMAGES/INJURIES: UNKNOWN FROM THE DOCS PRESENTED. IT IS BELIEVED THIS TENDER IS FOR INJURIES SUSTAINED BY THE CLMTS. FILE STRATEGY/GOAL: OBTAIN THE CONTRACT W/ THE INSD TO EVALUATE THIS TENDER. PROACTIVE: CALL INSURED SEND PEACOCK'S CARRIER A LETTER OUTLINING THE DOC NEEDED TO EVALU ATE THIS TENDER.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:19 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:03/04/2003 STF Author Initials:NJK Comment:THANKS GREG, I FOUND IT.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:18 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:03/03/2003 STF Author Initials:GLD Comment Type:ACTL Comment: THE FILE IS IN THE OFFICE.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:17 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:03/03/2003 STF Author Initials:GLD Comment Type:INST Comment: TO: NANCY NAECHLER, ALL I HAVE IS WHAT WAS FAXED TO ME AT SET UP. THE ORGINALS ARE IN THE FILE.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:16 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:03/03/2003 STF Author Initials:NJK Comment:GREG– PLEASE BE ADVISED I WILL BE HANDLING THE TENDER FROM GC. COULD YOU SEND COPY OF YOUR FILE? THANKS.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:15 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:03/03/2003 STF Author Initials:NJK Comment:REC'D NOTICE OF CLAIM. TENDER FROM GC TO INSD.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:14 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:03/01/2003 STF Author Initials:BWB Comment Type:INST Comment:NANCY, PLEASE ACCEPT THIS REASSIGNMENT OF A TENDER FROM A G.C. TO OUR INSURED OF LIABILITY CLAIMS ON WHICH THERE IS ONE OR MORE FATAL INJURIES. BY COPY OF THIS, WOULD REQUEST THAT GLD FORWARD COPY OF FILE TO YOUR ATTENTION. LET'S REVIEW THE BASIS OF THE TENDER – CONTRACTUAL INDEMNITY AND/ OR ADD'L INSD. FILE HAS BEEN PLACED ON TENDER TRACKS FOR F/UP.

**INVESTIGATION :** Input by CAS Conversion Queue1 0:0:13 AM

03/06/2004

For Claim# :YBG LP 40689 Comment Date:02/26/2003 STF Author Initials:GLD Comment Type:ACTL Comment: CALLED INSURED.

06/29/04    15:59:44    9/11

00649

**03/06/2004**

SALAZAR WAS NOT IN THE OFFICE TODAY.
INVESTIGATION : Input by CAS Conversion Queue ① 0:0:12 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/25/2003 STF Author Initials:GLD Comment Type:ACTL Comment: I CALLED J. SALAZAR OF THE INSURED AND HE IS OUT OF TOWN TODAY. I WAS GOING TO SEE IF HE HAS ALL THE CONTRACTS FOR THE JOB AVAILABLE FOR US. I WILL HAVE TO CAL BACK TOMMORROW. CORRECTION: I WAS IN ERROR WHEN I SAID THAT THE CLAIM IS COMMING FROM THE COMP CARRIER. IT IS COMMING FROM THE GL CARRIER OF THE GENERAL CONTRACTOR.
INVESTIGATION : Input by CAS Conversion Queue ① 0:0:11 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/24/2003 STF Author Initials:MDN Comment Type:INST Comment:BERT, PLEASE REVIEW MY COMMENTS FROM 021403 AND CONSIDER CASE FOR REASSIGNMENT INTO HEX TEAM ASAP. FEEL FREE TO SEE ME OR CALL GLD W/ ANY QUESTIONS. CC: GLD
CORRESPONDENCE : Input by CAS Conversion Queue ① 0:0:10 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/18/2003 STF Author Initials:LAO Comment Type:TEXT Comment:JACKET LABEL -- SCAN:
INVESTIGATION : Input by CAS Conversion Queue ① 0:0:9 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/14/2003 STF Author Initials:MDN Comment Type:INST Comment:BERT, THIS LOSS FIRST APPEARED TO BE A "LP" EXPOSURE FOR PROPERTY DAMAGES AT A CONSTRUCTION SITE. HOWEVER, GLD HAS MADE INITIAL CONTACTS AND IT IS CONFIRMED THAT THIS IS A TENDER OF A WRONGFUL DEATH CASE. PLEASE ACCEPT FILE INTO HEX TEAM ASAP AND FEEL FREE TO CALL GLD W/ ANY QUESTIONS. CC: GLD
CORRESPONDENCE : Input by CAS Conversion Queue ① 0:0:8 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/14/2003 STF Author Initials:INDX Comment Type:INDX Comment:ELECTRONIC TRANSFER OF INDEX SENT AS: 0157220A INITIAL INDEX SENT
INVESTIGATION : Input by CAS Conversion Queue ① 0:0:7 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/13/2003 STF Author Initials:GLD Comment Type:INST Comment: TO: MIKE NIELSEN I CONTACTED J. SALAZAR OF THE INSURED.. THIS IS A FATALITY THAT OCCURRED IN SOUTH PADRE ISLAND. THEY WERE WORKING ON A CONDO PROJECT WHEN THE LINE ON A CRANE OPERATED BY PEACOCK CONTRUCTION BROKE AND THE CRANES LOAD FELL ON THE JOSE SALAZAR AND OTHERS. JOSE SALAZAR WAS KILLED. THE COMP CARRIER FOR PEACOCK IS TRYING TO TENDER THE SUBRO AND WRONGFUL DEATH CLAIMS. ACCORDING TO CLA THE INSURED, A MASONARY CONTRACTOR HAS A SS 00 08 03 00 THAT WAS IN EFFECT ON THE DATE OF THE LOSS WITH $1,0000,000/$2,000,0000 LIMITS FOR OPERATIONS CLAIMS. THE POLICY PERIOD RUNS 12.01.01 TO 12.01.02. PLEASE CONSIDER FOR REFERAL TO THE HIGH EXPOSURE UNIT.
CORRESPONDENCE : Input by CAS Conversion Queue ① 0:0:6 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/13/2003 STF Author Initials:OS3 Comment Type:TEXT Comment:JACKET LABEL -- NON SCAN:
INVESTIGATION : Input by CAS Conversion Queue ① 0:0:5 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/13/2003 STF Author Initials:LAO Comment Type:INST Comment:NOTE TO HANDLER FROM TL: NO APPARENT COVERAGE ISSUES. OBTAIN COPIES OF ALL CONTRACTS. PLEASE R/T BEFORE TENDER IS ACCEPTED.
CORRESPONDENCE : Input by CAS Conversion Queue ① 0:0:4 AM

**03/06/2004**

For Claim# :YBG LP 40689 Comment Date:02/13/2003 STF Author Initials:LAO Comment Type:TEXT Comment:ACKNOWLEDGEMENT LTR TO INSURED: SOUTH TEXAS MASONRY, INSURED STRE ET -- 805 E BUSINESS 83, INSURED CITY -- PHARR, INSURED

06/29/04          15:59:44          10/11

00650

STATE – TX, INSURED ZIP CODE – 78577, AGENCY NAME – MCQUEARY HENRY BOWLE, AG ENCY STREET – 12700 PARK CENTRAL DR. #1700, AGENCY CITY – DALLAS, AGENCY STATE – TX, AGENCY ZIP CODE – 75251,

**03/05/2004**  **INVESTIGATION** : Input by CAS Conversion Queue ① 0:0:3 AM

**03/05/2004**  For Claim# :YBG L 53216 Comment Date:10/30/2003 STF Author Initials:NJK Comment Type:ACTL Comment:SEE KEY FILE**********
**CORRESPONDENCE** : Input by CAS Conversion Queue ① 0:0:2 AM

**03/05/2004**  For Claim# :YBG L 53216 Comment Date:10/30/2003 Comment Type:INDX Comment:ELECTRONIC TRANSFER OF INDEX SENT AS:
01023035 INITIAL INDEX SENT
**CORRESPONDENCE** : Input by CAS Conversion Queue ① 0:0:1 AM

**03/05/2004**  For Claim# :YBG L 53216 Comment Date:10/29/2003 STF Author Initials:OS3 Comment Type:TEXT Comment:JACKET LABEL – NON
SCAN:

<<< First    << Prev  Page 1 of 1  Next >>   Last >>>>

↑Top

**Print:Current Page :: All Pages**

Home | Glossary

06/29/04                                                                                        15:59:44                                                11/11

00651

# iWEB

| Named Insured | Policy No. | Event ID | Loss Date | Status | Office | Primary Adjuster |
|---|---|---|---|---|---|---|
| South Texas Masonry | 46SBANS1014 | GL0001411618 | 10/23/02 | Open | HOUSTON AOL CCC | Nancy J Kaechler ① |

## Participants/Vendors/Authorities

**Role: Insured Owner**

**Name:** South Texas Masonry
**Address:** 805 E Business 83
Pharr, TX 78577

**Day Phone[D]:** (956) 782-6286
**Evening Phone[E]:**
**Fax[F]:**
**Other Phone[O]:**

**Social Security #**
**Tax ID#** 000000000
**Relationship to Insured :**

**Email[M]:**
**Alternate Contact:** Claims Manager,D(956) 782-6286,E,F

↑Top

**Role: Location Owner**

06/29/04

15:59:44

1/4

00652

# DUNN, WEATHERED, COFFEY,
## RIVERA & KASPERITIS, P.C.
ATTORNEYS AT LAW
611 SOUTH UPPER BROADWAY
CORPUS CHRISTI, TEXAS 78401

| | | |
|---|---|---|
| DAVID J. DUNN | TEL (361) 883-1594 | LAWRENCE COFFEY |
| FRANK WEATHERED* | FAX (361) 883-1599 | AUGUSTIN RIVERA, JR. |
| *BOARD CERTIFIED CIVIL APPELLATE LAW | | PATRICK R. KASPERITIS |
| TEXAS BOARD OF LEGAL SPECIALIZATION | | RALPH M. RODRIGUEZ |

February 24, 2004

Ms. Nancy Kaechler                              **VIA FACSIMILE (860)756-8596**
**THE HARTFORD**
785 Greens Parkway, Suite #210
Houston, Texas 77067

|        | RE:  | CLAIM NUMBER | : | YBG LP 40589 |
|--------|------|--------------|---|--------------|
|        |      | CLAIMANT     | : | Peacock Construction and Consolidated Crane |
|        |      | INSURED      | : | South Texas Masonry |
|        |      | D/LOSS       | : | 10/23/02 |

Dear Nancy:

As you know, I attended the mediation regarding the above referenced matter on February 19, 2004. As I reported to you by telephone, nothing was resolved at the mediation.

As I advised you during the mediation, Peacock's attorneys are quite annoyed with The Hartford's decision not to contribute to the settlement. They lectured me at some length regarding how The Hartford was misinterpreting the insurance policy in question and the many ways that The Hartford was in violation of the Texas Insurance Code. Eventually, I had to point out that I was not The Hartford's attorney and therefore I was not the appropriate person to whom they should address these complaints. I patiently explained that I was South Texas Masonry's attorney and that it was our position that the indemnity provision contained with the contract between Peacock and South Texas Masonry was unenforceable, because it was not adequately conspicuous, and the contract did not require South Texas Masonry to obtain a CGL policy that provided coverage for Peacock as an additional insured.

Peacock's attorneys did respond to my assertion that the contract did not require South Texas Masonry to obtain insurance coverage that listed Peacock as an additional insured. They referenced correspondence from Peacock to South Texas Masonry with an attached "sample" Certificate of Insurance, which they claim was provided to South Texas Masonry as part of the contract documents. I'm enclosing a copy of this correspondence with the attached "sample" Certificate of Insurance herewith for your review. As you can see the "sample" Certificate of Insurance states that the Certificate holder (Peacock) will be named as an additional insured. To further support their position they also referenced the Certificate of Insurance that was initially provided to Peacock by South Texas Masonry's insurance agent, McQueary, Henry, Bowles, Troy, S.A., which indicates that Peacock was named as an additional insured on South Texas Masonry's policy with The Hartford.

01076

Ms. Nancy Kaechler
February 24, 2004
Page 2

---

During the mediation I checked with Baldemar Salazar at South Texas Masonry regarding his course of dealings with Peacock Construction on projects where they had worked together prior to the one where the incident involved in this litigation occurred.  As it turns out, South Texas Masonry has uniformly provided Peacock with Certificates of Insurance that named them as additional insureds on the projects where they worked together prior to the one involved in this litigation.  This is certainly strong evidence in support of Peacock's claim that South Texas Masonry was contractually obligated to name them as an additional insured.  In other words, this evidence could be persuasive to a jury that is called upon to determine whether South Texas Masonry's failure to list Peacock as an additional insured was a breach of contract.

Since South Texas Masonry's insurance agent, McQueary, Henry, Bowles, Troy, S.A. originally represented that Peacock was, in fact, named as an additional insured on South Texas Masonry's policy, I believe that we need to file a Third Party Action against them.  It is clear that McQueary, Henry, Bowles, Troy, S.A. was aware that the past business dealings between South Texas Masonry and Peacock were such that Peacock was always named as an additional insured on South Texas Masonry's policy and consequently an argument can certainly be made that they should have handled the insurance coverage on the project involved in this litigation exactly the same as the insurance coverage was handled on prior occasions.  Of course, if they had named Peacock as an additional insured on the policy that covered South Texas Masonry on the project in question, then South Texas Masonry would not be in the position that they now find themselves.  Please let me have your thoughts regarding my recommendation that we file a Third Party Action against McQueary, Henry, Bowles, Troy, S.A.

Insofar as the indemnity issue is concerned, as I have explained it is not entirely clear whether the indemnity provision is enforceable.  The language of the indemnity provision is really pretty good and I think that the indemnity provision would be enforced in favor of Peacock provided that it meets the conspicuity requirement.  However, it is our opinion that we do have a fairly good argument that the indemnity provision is not conspicuous.  It is included under the heading "Insurance", and indemnity is not insurance.  Furthermore, the provision is in the same type as all the other paragraphs in the contract.  Mr. Baldemar Salazar has advised me that he had no discussions of any kind with Peacock regarding the indemnity provision, either in connection with prior projects or the one involved in this litigation, and, in fact, he doesn't even know what is meant by "indemnity."  Consequently, the enforceability of the indemnity provision is questionable, but in my opinion it could go either way.

01077

Ms. Nancy Kaechler
February 24, 2004
Page 3

_____

      Although all of the parties at the mediation eventually quit talking to me because I repeatedly advised them that I was not authorized to make any offer in settlement, I have been told that a $3.25 million dollar offer was made to the Plaintiffs and Intervenors at the mediation and they rejected it. I was told that Peacock's primary carrier tendered their $1 million dollars in coverage and their excess carrier also tendered their $1 million dollars in coverage. Consolidated Crane's primary carrier tendered their $1 million dollars in coverage and their excess carrier, St. Paul, offered to contribute an additional $250,000.00. I'm not entirely clear about the Plaintiffs and Intervenors last settlement demand. This is primarily due to the fact that the Plaintiffs and Intervenors were making separate proposals to Peacock and to Consolidated Crane. I'm told that the last demand made to Peacock was for $3 million dollars, which I assume would mean that the Plaintiffs and Intervenors are looking for The Hartford's $1 million dollars in coverage, in addition to the money already tendered by Peacock's primary and excess carriers.

      Finally, as I advised you in our recent telephone conversation, this case is not going to proceed to trial on March 8, 2004 as scheduled. Apparently the Presiding Judge will be required to try a capital murder case that week. I am told that the Court Manager has already forwarded correspondence to the attorneys for all parties in this case advising us that we will need to schedule a new Docket Control Conference.

      This is the current status of this matter. As always I will endeavor to keep you promptly advised of all pertinent developments. In the meantime, if you should have any questions regarding any of the matters discussed herein or any other matter related to this litigation please don't hesitate to give me a call.

                        Yours truly,

                        David J. Dunn

DJD/pnp
Enclosure
File #45.004

cc:  Mr. Baldemar Salazar                 **VIA FACSIMILE (956)782-6285**
     Mr. Arturo Salazar

01078

## CAUSE NO. 2002-11-4371-G

| | | |
|---|---|---|
| Angelica SALAZAR, Julio Cesar SALAZAR, Maricela SALAZAR, Jose Guadalupe SALAZAR, Jr., and Omar Alejandro SALAZAR, individually and as heirs and on behalf of the ESTATE OF JOSE GUADALUPE SALAZAR, deceased, and Remedios CORRAL, *plaintiffs,* | § § § § § § § § § | 404th JUDICIAL DISTRICT COURT |
| *and* | § § | |
| Maria Guadalupe SALAZAR *plaintiff-intervenor,* | § § § | |
| *v.* | § § | |
| PEACOCK CONSTRUCTION COMPANY, INC., CONSOLIDATED CRANE COMPANY, INC. *defendants* | § § § § | CAMERON COUNTY, TEXAS |

### PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION FOR INJUNCTION AND DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Come now **Angelica SALAZAR, Julio Cesar SALAZAR, Maricela SALAZAR, Jose Guadalupe SALAZAR, Jr., Omar Alejandro SALAZAR,** individually and as heirs and on behalf of the Estate of Jose Guadalupe Salazar, and **Remedios CORRAL,** plaintiffs, complaining of defendants, **PEACOCK CONSTRUCTION COMPANY, INC.,** and **CONSOLIDATED CRANE COMPANY, INC.,** and for cause of action would show as follows:

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 1 of 12 pgs.

## -- DISCOVERY CONTROL PLAN --

1.    Plaintiffs move this Honorable Court for an Order authorizing discovery under Discovery Control Plan Level 3, as contemplated by Rule 190.4 of the Texas Rules of Civil Procedure.

## -- VENUE --

2.    Venue of this suit is proper in Cameron County, Texas pursuant to §§15.002(a)(1) and 15.002(a)(3) of the Texas Civil Practice & Remedies Code, in that all or a substantial part of the events giving rise to this claim occurred in Cameron County, Texas, and the principal office and main place of business of defendant Peacock is in Cameron County, Texas. Accordingly, venue is also proper against defendant Consolidated Crane under §15.005 of the Texas Civil Practice & Remedies Code.

## -- PARTIES --
### *Plaintiffs*

3.    The Salazar Plaintiffs are residents of Pharr, Hidalgo County, Texas, and Reynosa, Tamaulipas, Mexico.  Plaintiff Angelica Salazar is the surviving wife of the decedent, Jose Guadalupe Salazar, and plaintiffs Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr., and Omar Alejandro Salazar are all of the surviving natural children of the decedent.

4.    Plaintiff Remedios Corral is a resident of Edinburg, Hidalgo County, Texas.

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 2 of 12 pgs.

### *Defendants*

5.    Defendant Peacock Construction Company, Inc. ("Peacock"), is a Texas corporation with its principal office and main place of business in Harlingen, Cameron County, Texas, and has appeared and answered herein.

6.    Defendant Consolidated Crane Company, Inc. ("Consolidated Crane"), is a Texas corporation or other business association with its principal office and main place of business in Houston, Harris County, Texas, and has appeared and answered herein.

### -- FACTS --

7.    On or about October 23, 2002, Jose Guadalupe Salazar and plaintiff Remedios Corral were working on the tenth floor of the "Las Dunas" condominium construction project in the Town of South Padre Island, Cameron County, Texas. Peacock was the general contractor on the project, and Jose Guadalupe Salazar and Remedios Corral were employed by South Texas Masonry, which was a subcontractor on the project. Toward the end of the workday, Jose Guadalupe Salazar was killed and Remedios Corral was seriously injured during the course and scope of their employment with South Texas Masonry when they were struck by a load of steel reinforcing rods ("rebar") that was being moved by a crane from the tenth floor of the project back to the ground. The load of rebar, which was being utilized by South Texas Masonry, fell because the crane's jib mast collapsed. In turn, the jib mast collapsed because the weight of the rebar was beyond the capacity of the crane given the angle at which the jib to the boom was set. The crane belonged to Consolidated Crane, which was leasing the crane to Peacock. At the time

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 3 of 12 pgs.

of the incident, the crane was being operated by Peacock personnel who were working in the course and scope of their employment with Peacock. Earlier in the day, Peacock personnel had changed the angle of the jib to the boom according to instructions given over the telephone by Consolidated Crane personnel, none of whom were present at the jobsite on the day of the incident. At the time of the incident, the load of rebar that fell was being moved because of South Texas Masonry's operations. Therefore, the incident resulting in the death of Jose Guadalupe Salazar and the injuries to Remedios Corral arose out of Peacock's and South Texas Masonry's work.

## -- CAUSES OF ACTION --

### *Negligence: Defendant Peacock*

8.    Peacock, through its personnel acting in the course and scope of their employment, engaged in conduct constituting negligence and negligence *per se* while exercising direct operative control over the movement of the steel rebar by the crane. These negligent acts and omissions proximately caused the death of Jose Guadalupe Salazar and the injuries to Remedios Corral, and include, but are not limited to, the following:

- failing to operate the crane in accordance with OSHA regulations and industry standards (ANSI/ASME, ASCE, PCSA, Associated General Contractors) for safe crane operation;

- failing to ensure that the crane operator, the crane rigger, the construction site superintendent, and the construction site foreman were properly and adequately trained in the safe assembly and operation of the crane;

- failing to ensure that the all personnel were away from the area over which the load of rebar would pass as it was being moved to the ground before the load was lifted;

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 4 of 12 pgs.

- failing to warn personnel in the area that the load of rebar was being lifted;

- renting the crane from Consolidated Crane bare (*i.e.*, without a competent operator) while at the same time failing to employ or otherwise provide a competent crane operator for the jobsite;

- attempting to change the angle of the jib without ensuring that it (Peacock) had adequate competence and expertise to accomplish the task properly and in accordance with the manufacturer's specifications;

- attempting to change the angle of the jib without any onsite assistance from Consolidated Crane and/or without requiring Consolidated Crane to send a Consolidated Crane employee or other competent person to the jobsite to supervise and/or assist in the changing of the angle of the jib to ensure that the task was accomplished properly and in accordance with the manufacturer's specifications;

- setting the jib at an angle that exceeded the manufacturer's specifications;

- failing to verify or otherwise ensure that the angle of the jib did not exceed the manufacturer's specifications;

- failing to ensure that the load of rebar could be lifted safely and moved to the ground given the angle at which the jib actually was set;

- failing to provide a competent person to ensure the safety of subcontractors and their employees from the unsafe practices of the contractors or of other subcontractors; and

- failing to undertake competent inspections of the jobsite and equipment, including the crane.

### *Negligence: Defendant Consolidated Crane*

9.    Consolidated Crane, through its personnel acting in the course and scope of their employment, engaged in conduct constituting negligence and negligence *per se* which proximately caused the death of Jose Guadalupe Salazar and the injuries to Remedios Corral.

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 5 of 12 pgs.

These negligent acts and omissions include, but are not limited to, the following:

- failing to employ well-trained, knowledgeable staff who were field-tested and had an adequate understanding of Consolidated Crane's rental equipment, including the crane rented to Peacock;

- failing to provide Peacock with a crane that satisfied the requirements of OSHA regulations and industry standards (ANSI/ASME, CINA, ASCE, SAE) for safe crane operation;

- failing to ascertain and ensure, before renting the crane "bare" to Peacock (*i.e.*, without a competent operator), that Peacock and its employees were qualified and competent to understand the crane's operations and limitations, including how to change the angle of the jib properly and in accordance with the manufacturer's specifications;

- failing to provide Peacock with clear, complete and unambiguous instructions on the operation, erection and limitations of the crane, including the jib and its supporting cables and structures;

- failing to provide Peacock with clear, complete and unambiguous instructions regarding how to change the angle of the jib properly and in accordance with the manufacturer's specifications;

- failing to ascertain that the crane's operating manual called for the use of 33" pendants, not 66" pendants, to change the angle of the jib;

- failing to provide Peacock solely with 33" pendants, properly identified and labeled, for use in changing the angle of the jib;

- failing to send a Consolidated Crane employee(s) or other competent person(s) to the jobsite to supervise the changing of the angle of the jib, given the obvious confusion and lack of competency on the part of Peacock, as well as industry custom and practice and the terms of the contract between Consolidated Crane and Peacock;

- failing to determine the angle of the jib prior to sending any pendants to Peacock, either by on-sight inspection or by asking the Consolidated Crane personnel who had been on the site and had originally set the jib angle on the crane;

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 6 of 12 pgs.

- failing to provide safety devices known and utilized in similar cranes which allow for fail-safe use of the crane;

- failing to implement the Crane Institute of America and Kempco Inspection Services, Inc.'s, detailed safety device recommendations following inspection of the crane;

- failing to retrofit the crane with safety devices now included by the manufacturer as standard equipment;

- failing to instruct or, alternatively, to adequately instruct Peacock personnel in the safe and proper operation of the crane, including changing the angle of the jib;

- failing to adequately warn Peacock personnel of the potential dangers involved with the operation of the crane, including changing the angle of the jib;

- failing to ensure that Peacock was competent, without any on-site assistance from Consolidated Crane, to change the angle of the jib properly and in accordance with the manufacturer's specifications;

- failing to ensure that Peacock did not set the jib at an angle that exceeded the manufacturer's specifications;

- failing to ensure that the crane would be operated in compliance with the manufacturer's specifications and limitations;

- failing to ensure that Peacock had adequate expertise to operate the crane in compliance with the manufacturer's specifications and limitations;

- failing to instruct Peacock personnel how to operate the crane in compliance with the manufacturer's specifications and limitations;

- failing to properly maintain the crane to ensure that all rated load capacities, recommended operating speeds, special hazard warnings and instructions, load or weight charts, safe loading instructions, operator's manual, critical lift capacity information, safety decals and the equivalent were legible and conspicuously placed on, or kept within, the crane;

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 7 of 12 pgs.

- failing to have the crane inspected at least annually by a competent person or by a government or private agency recognized by the U.S. Department of Labor;

- failing to document the maintenance of the crane, including annual inspections by a competent person or by a government or private agency recognized by the U.S. Department of Labor;

- failing to provide Peacock with an experienced or otherwise competent crane operator to operate and maintain the crane daily; and

- failing to ensure that Peacock employed an experienced or otherwise competent crane operator who was familiar with the safe and proper use of the crane.

### *Gross neglect/malice: Defendants Peacock and Consolidated Crane*

**10.** The aforementioned negligent acts and omissions of Peacock and Consolidated Crane, when viewed objectively from the standpoint of their management personnel at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Further, Peacock and Consolidated Crane, through their management personnel, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Such failure constituted gross neglect and malice, which were a proximate cause of the death of Jose Guadalupe Salazar and of the injuries to Remedios Corral.

### *Injunction: Defendants Peacock and Consolidated Crane*

**11.** Plaintiffs continue to assert their claim for injunctive relief regarding the preservation of certain crane components involved in the incident which resulted in the death of Jose Guadalupe Salazar and the injuries to Remedios Corral, and plead for the continuation of the

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 8 of 12 pgs.

"Agreed Order for Temporary Injunction" which was signed by this Honorable Court on November 14, 2002, enjoining the defendants from dismantling, transporting, destroying, removing, modifying or changing in any way the condition of the following crane components, and from allowing them to be exposed to the elements:

a.   The jib mast (gantry);

b.   All pins, bolts, cotter pins, nuts, washers, struts, cables, and similar equipment which connected the jib mast to the jib and boom of the crane.

## -- DAMAGES --

**12.**   Plaintiffs Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr. and Omar Alejandro Salazar have each sustained actual damages for pecuniary loss, mental anguish, loss of companionship and society, loss of inheritance, and all elements of damages which the surviving spouse and children of a decedent are authorized to recover under the Texas Wrongful Death Statute.  Additionally, under the Texas Survival Statute, the Salazar Plaintiffs sue as heirs and on behalf of the Estate of Jose Guadalupe Salazar, for medical expenses, funeral and burial expenses, and damages for the physical pain and mental anguish suffered by the decedent prior to his death.  For such actual damages, the Salazar Plaintiffs sue for an amount within the jurisdictional limits of this court.

**13.**   Plaintiff Remedios Corral, individually, sues for his physical pain and mental anguish, physical impairment, disfigurement, loss of wages and wage earning capacity, and past and future medical expenses incurred as a result of the injuries he received in the aforementioned incident.  For such physical injuries and damages, plaintiff Remedios Corral sues for an amount within the jurisdictional limits of this court.

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 9 of 12 pgs.

01223

**14.** Plaintiffs further sue defendants Peacock and Consolidated Crane for recovery of exemplary damages as a result of said defendants' gross neglect and actionable malice as set forth above. Plaintiffs each sue for recovery of exemplary damages up to the maximum amount authorized by Texas law.

### REQUEST FOR JURY TRIAL

Plaintiffs Angelica Salazar, *et al.*, have heretofore paid $30.00 to the District Clerk for the jury application fee, as provided by TEX. R. CIV. P. 216, and demand a trial by jury.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr., Omar Alejandro Salazar, individually and as heirs and on behalf of the Estate of Jose Guadalupe Salazar, deceased, and Remedios Corral, request that they have judgment against defendants Peacock Construction Company, Inc., and Consolidated Crane Company, Inc., for their actual damages as allowed by law; for pre-judgment interest at the maximum legal or equitable rate; for exemplary damages to the maximum extent authorized by Texas law (with joint and several liability against any defendant found to be more than 50% responsible for the plaintiffs' damages and injuries); for post-judgment interest thereon at the maximum legal rate; for costs of court; for continued injunctive relief against defendants Peacock Construction Company, Inc., and Consolidated Crane Company, Inc., during the pendency of this litigation; and for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 10 of 12 pgs.

01224

Respectfully submitted,

**REED, CARRERA & MCLAIN, L.L.P.**
1 Paseo Del Prado, Bldg. 101
Edinburg, Texas 78539

P.O. Box 9702
McAllen, Texas 78502-9702
Tel.: 956/631-5444
Fax: 956/631-9187

By: _Roger Reed_ _____
Alberto L. Guerrero *(SBOT # (66 89200)*
State Bar of Texas No. 00790800
Victor M. Carrera
State Bar of Texas No. 03871300


**ATTORNEYS FOR PLAINTIFFS**
**ANGELICA SALAZAR,** *et al.*

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 11 of 12 pgs.

01225

## CERTIFICATE OF SERVICE

On August 5, 2003, copies of **"PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION FOR INJUNCTION AND DAMAGES"** were sent by fax and U.S. *certified* mail, return receipt requested to counsel of record, as follows:

Mr. Jim Mount
BURT, BARR & O'DEA, L.L.P.
1001 McKinney St., Suite 500
Houston, TX 77002-6418
*fax:* (713) 655-8383
C.M.R.R.R.# 7001 1940 0004 4312 5920

Mr. Cary Toland
SWEETMAN, SKAGGS, LAWLER
& FRANZ, L.L.P.
855 E. Harrison
Brownsville, TX 78520
*fax:* (956) 541-2117
C.M.R.R.R. # 7001 1940 0004 4312 5937

Mr. David Lumber
GUERRA & MOORE, LTD.
4201 N. McColl Rd.
McAllen, Texas 78502
*fax:* (956) 686-4200
C.M.R.R.R.# 7001 1940 0004 4312 6316

Alberto L. Guerrero

---

*Salazar, et al., v. Peacock, et al.;* Plfs' 3rd Amd. Original Petition -- p. 12 of 12 pgs.



# CAUSE NO. 2002-11-4371-G

| | |
|---|---|
| Angelica SALAZAR, Julio Cesar SALAZAR, Maricela SALAZAR, Jose Guadalupe SALAZAR, Jr., and Omar Alejandro SALAZAR, individually and as heirs and on behalf of THE ESTATE OF JOSE GUADALUPE SALAZAR, deceased, and Remedios CORRAL, *plaintiffs,*<br><br>*v.*<br><br>PEACOCK CONSTRUCTION COMPANY, INC., and CONSOLIDATED CRANE COMPANY, INC., *defendants* | 404th JUDICIAL DISTRICT COURT<br><br><br><br><br><br>CAMERON COUNTY, TEXAS |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION FOR INJUNCTION AND DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Angelica SALAZAR, Julio Cesar SALAZAR, Maricela SALAZAR, Jose Guadalupe SALAZAR, Jr., Omar Alejandro SALAZAR, individually and as heirs and on behalf of the Estate of Jose Guadalupe Salazar, deceased (hereinafter sometimes collectively referred to as the "Salazar Plaintiffs"), and Remedios CORRAL, plaintiffs, complaining of defendants, PEACOCK CONSTRUCTION COMPANY, INC. (hereinafter sometimes referred to as "Peacock"), and CONSOLIDATED CRANE COMPANY, INC. (hereinafter sometimes referred to as "Consolidated Crane"), and for cause of action, would show as follows:

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition -- p. 1 of 10 pgs.

01243

## — DISCOVERY CONTROL PLAN —

1.    Plaintiffs move this Honorable Court for an Order authorizing discovery under Discovery Control Plan Level 3, as contemplated by Rule 190.4 of the Texas Rules of Civil Procedure.

## — VENUE —

2.    Venue of this suit is proper in Cameron County, Texas pursuant to §§15.002(a)(1) and 15.002(a)(3) of the Texas Civil Practice & Remedies Code, in that all or a substantial part of the events giving rise to this claim occurred in Cameron County, Texas, and the principal office and main place of business of defendant Peacock, is in Cameron County, Texas. Accordingly, venue is also proper against defendant Consolidated Crane under §15.005 of the Texas Civil Practice & Remedies Code.

## — PARTIES —
### *Plaintiffs*

3.    The Salazar Plaintiffs are residents of Pharr, Hidalgo County, Texas, and Reynosa, Tamaulipas, Mexico. /Plaintiff Angelica Salazar is the surviving wife of the decedent, Jose Guadalupe Salazar, and plaintiffs Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr. and Omar Alejandro Salazar are all of the surviving natural children of the decedent.

4.    Plaintiff Remedios Corral is a resident of Edinburg, Hidalgo County, Texas.

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition — p. 2 of 10 pgs.

01244

## *Defendants*

5.    Defendant Peacock Construction Company, Inc. is a Texas corporation with its principal office and main place of business in Harlingen, Cameron County, Texas, and has appeared and answered herein.

6.    Defendant Consolidated Crane Company, Inc., is a Texas corporation or other business association, with its principal office and main place of business in Houston, Harris County, Texas, and has appeared and answered herein.

## -- FACTS --

7.    On or about October 23, 2002, the Salazar plaintiffs' decedent, Jose Guadalupe Salazar, and plaintiff Remedios Corral, were working on the tenth floor of the "Las Dunas" condominium construction project in the Town of South Padre Island, Cameron County, Texas. Toward the conclusion of the workday, and as they were preparing to leave the worksite, Jose Guadalupe Salazar was killed, and Remedios Corral seriously injured, when they were struck by a load of steel rebar being lifted by a crane at said construction project. The load of rebar had fallen when the jib mast (gantry) of the crane had collapsed, due to being overloaded. Defendant Peacock is the general contractor on said project, and leased the crane from defendant Consolidated Crane. At the time of the incident, Jose Guadalupe Salazar and Remedios Corral were working in the course and scope of their employment with South Texas Masonry, a subcontractor on the project. The operation of moving the load of steel rebar which resulted in the death of Jose Guadalupe Salazar and the injuries to Remedios Corral was conducted entirely by

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition -- p. 3 of 10 pgs.

personnel employed by defendant Peacock, during the course and scope of their employment with said defendant.

## — CAUSES OF ACTION —

### *Negligence: Defendant Peacock*

8.    Defendant Peacock, through its personnel acting in the course and scope of their employment, engaged in conduct constituting negligence and negligence *per se* while exercising direct operative control over the movement of the steel rebar by the crane.  Said negligent acts and omissions proximately caused the death of Jose Guadalupe Salazar, and the injuries to Remedios Corral.  The negligent conduct includes, but is not limited to, the following:

- attempting to hoist the load of steel rebar in a position beyond the geometrical limits of the boom and jib;

- failing to operate the crane in accordance with OSHA regulations and industry standards for safe crane operation;

- failing to ensure that the crane operator, the crane rigger, and the construction site foreman were adequately trained in the safe loading and use of the crane;

- failing to insure that the workplace was safe for attempted movement of the steel rebar with the crane, by insuring that all workmen were away from the area of movement;

- failing to warn the workmen in the area of the attempted movement of the steel rebar with the crane; and

- failing to comply with the manufacturer's specifications and limitations applicable to the operation of the crane.

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition -- p. 4 of 10 pgs.

### *Negligence: Defendant Consolidated Crane*

9.    Defendant Consolidated Crane, through its personnel acting in the course and scope of their employment, engaged in conduct constituting negligence and negligence *per se* which proximately caused the death of Jose Guadalupe Salazar, and the injuries to Remedios Corral. The negligent conduct includes, but is not limited to, the following:

- supplying a crane to Peacock that did not have adequate safeguards, including, but not limited to, load or weight charts for the operator's use;

- failing to provide Peacock with written instructions necessary for the safe operation of the crane, such as rated load capacities, recommended operating speeds, special hazard warnings and instructions, load or weight charts, safe loading instructions, operations manuals, critical lift capacity information, and safety decals;

- failing to instruct Peacock personnel in the safe and proper operation and usage of the crane;

- failing to adequately warn Peacock personnel of the potential dangers involved with the usage and operation of the crane;

- failing to properly rig the crane;

- failing to ensure that Peacock had adequate expertise to properly rig the crane;

- failing to instruct Peacock personnel in the proper rigging of the crane;

- failing to ensure that the crane would be operated in compliance with the manufacturer's specifications and limitations;

- failing to ensure that Peacock had adequate expertise to operate the crane in compliance with the manufacturer's specifications and limitations;

- failing to instruct Peacock personnel how to operate the crane in compliance with the manufacturer's specifications and limitations;

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition – p. 5 of 10 pgs.

01247

- failing to properly maintain the crane to insure that all rated load capacities, recommended operating speeds, special hazard warnings and instructions, load or weight charts, safe loading instructions, operator's manual, critical lift capacity information, safety decals and the equivalent were legible and conspicuously placed on, or kept within, the crane;

- failing to have the crane inspected at least annually by a competent person or by a government or private agency recognized by the U.S. Department of Labor;

- failing to document the maintenance of the crane, including annual inspections by a competent person or by a government or private agency recognized by the U.S. Department of Labor;

- failing to provide Peacock with an experienced crane operator to operate and maintain the crane daily; and

- failing to ensure that Peacock employed a certified or experienced crane operator who was familiar with the safe and proper use of the crane.

### Gross neglect/malice: Defendants Peacock and Consolidated Crane

**10.** The aforementioned negligent acts and omissions of Peacock and Consolidated Crane, when viewed objectively from the standpoint of their management personnel at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Further, Peacock and Consolidated Crane, through their management personnel, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. Such failure constituted gross neglect and malice, which were a proximate cause of the death of Jose Guadalupe Salazar and of the injuries to Remedios Corral.

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition -- p. 6 of 10 pgs.

### *Injunction: Defendants Peacock and Consolidated Crane*

**11.** Plaintiffs continue to assert their claim for injunctive relief regarding the preservation of certain crane components involved in the incident which resulted in the death of Jose Guadalupe Salazar and the injuries to Remedios Corral, and plead for the continuation of the "Agreed Order for Temporary Injunction" which was signed by this Honorable Court on November 14, 2002, enjoining the defendants from dismantling, transporting, destroying, removing, modifying or changing in any way the condition of the following crane components, and from allowing them to be exposed to the elements:

    a.   The jib mast (gantry);

    b.   All pins, bolts, cotter pins, nuts, washers, struts, cables, and similar equipment which connected the jib mast to the jib and boom of the crane.

### -- DAMAGES --

**12.** Plaintiffs Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr. and Omar Alejandro Salazar have each sustained actual damages for pecuniary loss, mental anguish, loss of companionship and society, loss of inheritance, and all elements of damages which the surviving spouse and children of a decedent are authorized to recover under the Texas Wrongful Death Statute. Additionally, under the Texas Survival Statute, the Salazar Plaintiffs sue as heirs and on behalf of the Estate of Jose Guadalupe Salazar, for medical expenses, funeral and burial expenses, and damages for the physical pain and mental anguish suffered by the decedent prior to his death. For such actual damages, the Salazar Plaintiffs sue for an amount within the jurisdictional limits of this court.

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition -- p. 7 of 10 pgs.

13.   Plaintiff Remedios Corral, individually, sues for his physical pain and mental anguish, physical impairment, disfigurement, loss of wages and wage earning capacity, and past and future medical expenses incurred as a result of the injuries he received in the aforementioned incident. For such physical injuries and damages, plaintiff Remedios Corral sues for an amount within the jurisdictional limits of this court.

14.   Plaintiffs further sue defendants Peacock and Consolidated Crane for recovery of exemplary damages as a result of said defendants' gross neglect and actionable malice as set forth above.   Plaintiffs each sue for recovery of exemplary damages up to the maximum amount authorized by Texas law.

### REQUEST FOR JURY TRIAL

Plaintiffs Angelica Salazar, *et al.*, have heretofore paid $30.00 to the District Clerk for the jury application fee, as provided by TEX. R. CIV. P. 216, and demand a trial by jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, plaintiffs Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr., Omar Alejandro Salazar, individually and as heirs and on behalf of the Estate of Jose Guadalupe Salazar, deceased, and Remedios Corral, request that they have judgment against defendants Peacock Construction Company, Inc. and Consolidated Crane Company, Inc., for their actual damages as allowed by law; for pre-judgment interest at the maximum legal or equitable rate; for exemplary damages to the maximum extent authorized by Texas law (with joint and several liability against any defendant found to be more

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition — p. 8 of 10 pgs.

than 50% responsible for the plaintiffs' damages and injuries); for post-judgment interest thereon

at the maximum legal rate; for costs of court; for continued injunctive relief against defendants

Peacock Construction Company, Inc. and Consolidated Crane Company, Inc. during the

pendency of this litigation; and for such other and further relief, at law or in equity, to which they

may show themselves justly entitled.

Respectfully submitted,

REED, CARRERA & MCLAIN, L.L.P.
1 Paseo Del Prado, Bldg. 101
Edinburg, Texas 78539

-----------

P.O. Box 9702
McAllen, Texas 78502-9702
Tel.: 956/631-5444
Fax: 956/631-9187

By: _____
Victor M. Carrera
State Bar of Texas No. 03871300
Alberto L. Guerrero
State Bar of Texas No. 00790800

ATTORNEYS FOR PLAINTIFFS
ANGELICA SALAZAR, et al.

_____
*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition -- p. 9 of 10 pgs.

01251

## CERTIFICATE OF SERVICE

On January 30, 2003, copies of **"PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION FOR INJUNCTION AND DAMAGES"** were sent by U.S. *certified* mail, return receipt requested to counsel of record, as follows:

Mr. Cary Toland
**SWEETMAN, SKAGGS, LAWLER & FRANZ, L.L.P.**
855 E. Harrison
Brownsville, TX 78520
**U.S. C.M.R.R.R. #7001 1940 0004 4312 4688**

Mr. William L. Pope
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
Harlingen, TX 78551
**U.S. C.M.R.R.R. #7001 1940 0004 4312 4671**

**Victor M. Carrera**

---

*Salazar v. Peacock;* Plfs' 2nd Amd. Original Petition -- p. 10 of 10 pgs.

01252

CAUSE NO. 2002-11-4371-G

| | | |
|---|---|---|
| ANGELICA SALAZAR, JULIO CESAR SALAZAR, JOSE GUADALUPE SALAZAR, JR., and OMAR ALEJANDRO SALAZAR, Individually and as heirs and behalf of The Estate of JOSE GUADALUPE SALAZAR, Deceased, and REMEDIOS CORRAL, | § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| MARIA GUADALUPE SALAZAR, | § § | 404th JUDICIAL DISTRICT |
| Intervenor, | § § § | |
| vs. | § § | |
| PEACOCK CONSTRUCTION COMPANY, INC., CONSOLIDATED CRANE & RIGGING, LTD., and CONSOLIDATED CRANE COMPANY, INC. | § § § § § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARIA GUADALUPE SALAZAR, Intervenor, complaining of and against Defendants, and files this Petition in Intervention, and for cause of action would respectfully show to the Court as follows:

I.

## DISCOVERY CONTROL PLAN

Intervenor requests that this Court enter an appropriate Level III discovery order pursuant to Tex. R. Civ. P. 190.4.

II.

## PARTIES

Plaintiffs, ANGELICA SALAZAR, JULIO CESAR SALAZAR, JOSE GUADALUPE SALAZAR, JR., and OMAR ALEJANDRO SALAZAR, Individually and as heirs and behalf of The Estate of JOSE GUADALUPE SALZAR, Deceased, and REMEDIOS CORRAL, are already before the Court.

Intervenor, MARIA GUADALUPE SALAZAR, is the natural mother of Jose Guadalupe Salazar, deceased, and is an individual residing in Pharr, Hidalgo County, Texas.

Defendant, Peacock Construction Company, Inc. ("Defendant Peacock") is a Texas corporation, and has filed an answer in this cause.

Defendants, Consolidated Crane & Rigging, Ltd., and Consolidated Crane Company are Texas corporations, and have already filed an answer in this cause.

III.

## VENUE

Cameron County is a county of proper venue, because all or a substantial portion of the acts and/or omissions complained of occurred in Cameron County, Texas. Tex. Civ. Prac. & Rem. Code ann. 15.002 (a) (1) and 15.002 (a) (3). In the alternative, Defendant Peacock Construction Company has its principal place of business in Cameron County, Texas.

IV.

## FACTS

On or about October 23, 2002, Jose Guadalupe Salazar was working on the tenth floor of the "Las Dunas" condominium construction project in the town of South Padre

PETITION IN INTERVENTION—PAGE 2
02-141

01254