Island, Cameron County, Texas. Toward the conclusion of the workday, and as they were preparing to leave the worksite, Jose Guadalupe Salazar was killed when he was struck by a load of steel rebar being lifted by a crane at said construction project. The load of the rebar had fallen when the jib mast (gantry) of the crane had collapsed, due to being overloaded. Defendant Peacock is the general contractor on said project, and leased the crane from Defendants Consolidated Crane. At the time of the incident, Jose Guadalupe was working in the course and scope of his employment with South Texas Masonry, a sub-contractor on the project. The operation of moving the load of steel rebar which resulted in the death of Jose Guadalupe Salazar was conducted entirely by personnel employed by Defendant Peacock, during the course and scope of their employment with said Defendant.

V.

## NEGLIGENCE

Defendant Peacock was negligent and/or negligent *per se* in each of the following particulars:

   a.   attempting to hoist the load of steel rebar in a position where the crane angle was too shallow to support the load;
   b.   failing properly to conduct crane operations in accordance with OSHA regulations and industry standards for safe crane operation;
   c.   failing to ensure that the crane operator, crane rigger, and construction site foreman was adequately trained in the safe use and loading of the crane;
   d.   failing to insure that the workplace was safe for attempted movement of the steel rebar with the crane by insuring that all workers were away from the area of movement; and
   d.   failing to warn workers in the area of the attempted movement of the steel rebar with the crane.

Each of the following acts and/or omissions, alone or in combination, were a direct and proximate cause of the death of Jose Guadalupe Salazar and Intervenor's damages.

PETITION IN INTERVENTION—PAGE 3
02-141

01255

## VI.

## GROSS NEGLIGENCE/MALICE

The acts and omissions of Defendant Peacock, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Further, Defendant Peacock had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Such conduct constituted gross negligence and/or malice, which were a direct and proximate cause of the death of Jose Guadalupe Salazar, and Intervenor's damages.

## VII.

## DAMAGES

As a direct and proximate cause of Defendant Peacock's conduct as herein complained, Intervenor has suffered actual damages for pecuniary loss, mental anguish, and loss of companionship and society. Intervenor is further entitled to exemplary damages pursuant to Chapter 41, Tex. Civ. Prac. & Rem. Code ann.

WHEREFORE, PREMISES CONSIDERED, Intervenor respectfully prays that the Court cite Defendant Peacock Construction Company to appear and answer, and that upon final trial of this cause, that Intervenor have a judgment in her favor, and against Defendant, for actual damages, pre- and post-judgment interest at the highest lawful rate, costs of Court, exemplary damages, and for all such other and further relief, at law or in equity, to which Intervenor may show herself justly entitled.

Respectfully submitted,

**GUERRA & MOORE, LTD., L.L.P.**
4201 North McColl Rd.
McAllen, Texas 78504
Telephone: (956) 618-3000
Telecopier: (956) 686-4200

By: _____
J. Michael Moore
State Bar No. 14349550
David J. Lumber
State Bar No. 24002504

**ATTORNEYS FOR INTERVENOR**

**CERTIFICATE OF SERVICE**

This is to certify that the above and foregoing instrument, pursuant to Texas Rules of Civil Procedure, was served on this the _____ day of ___March___, 2003, on the following:

Victor Carrera
REED, CARRERA & MCLAIN
P.O. Box 9702
McAllen, Texas 78502

Cary Toland
SWEETMAN, SKAGGS & LAWLER
855 E. Harrison
Brownsville, Texas 78520

William Pope
ADAMS & GRAHAM
P.O. Drawer 1429
Harlingen, Texas 78551

_____
David J. Lumber

PETITION IN INTERVENTION—PAGE 5
02-141

01257