

THE
HARTFORD

February 13, 2003


South Texas Masonry
805 E Business 83
Pharr, Tx 78577


Attn:  Claims Manager


Re:    Policy No.:    46 SBA NS1014
       Claim No.:     YBG LP 40689
       Insured:       South Texas Masonry
       Claimant:      Jose Salazar/jose Garcia
       Loss Date:     10/23/02
       Lars Code:
       Location:      4212 Gulf Blvd. South Padre Isl Tx
       Driver:


This letter serves to acknowledge receipt of your loss/accident.  I will
be the adjuster handling your claim.

Should you have any questions before I have the opportunity to contact
you, please feel free to call.

Very truly yours,




Greg Dixon
Claim Service Rep
817-750-0533
                                    _ barbram 3
                                      846  3-7-05

cc to agent:    Mcqueary Henry Bowle
                12700 Park Central Dr. #1700
                Dallas, Tx 75251


Acknowledgment letter/0055h

FEB 1 7 2003

000009

Houston Commercial Claims
785 Greens Parkway, Suite 210
Houston, TX 77067-4409
Mailing Address: P.O. Box 4364
Houston, TX 77210-4364
Telephone: 281 877 3700
Toll Free: 800 984 5770

The Plaintiffs allege on or about October 23, 2002, Jose Guadalupe Salazar (hereafter, Salazar) and Remedios Corral (hereafter, Corral) were working on the tenth floor of the "Las Dunas" condominium construction project in the Town of South Padre Island, Cameron County, Texas. As Salazar and Corral were preparing to leave the construction site, Salazar was killed, and Corral was seriously injured, when they were struck by a load of steel rebar being lifted by a crane at the construction project. The load of rebar is alleged to have fallen when the jib mast (gantry) of the crane had collapsed, due to being overloaded. Defendant Peacock is the general contractor on this project and leased the crane from Defendant Consolidated Crane. At the time of this incident, Salazar and Corral were in the course and scope of their employment with South Texas Masonry. The Plaintiffs allege the operation of moving the steel rebar which resulted in the death of Salazar and injuries to Corral was conducted entirely by personnel employed by Defendant Peacock, during the course and scope of their employment with Defendant Peacock.

The Hartford affords Business Liability Coverage to South Texas Masonry under policy number 46 SBA NS1014 with effective dates 12-1-01 to 12-1-02. The liability limits are $1,000,000 combined single limit per occurrence and a $2,000,000 general aggregate per year. The terms of this coverage is principally governed by the language of Business Liability form SS 00 08 03 00.

We direct your attention to the Business Liability Coverage Forms SS 00 08 03 00, that states, in pertinent part as follows:

A.    COVERAGES

    1.    Business Liability

        We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"... to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"... to which this insurance does not apply....

We now refer you to Section G.-LIABILITY AND MEDICAL EXPENSES DEFINITIONS. This sections defines those terms found within the policy that are in quotes (" ") and are critical to this analysis. The following defined terms apply to this analysis:

LIABILITY AND MEDICAL EXPENSES DEFINITIONS

    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.

We now direct your attention to "Who Is An Insured" section of the policy. This section sets forth the requirements that must be met in order to be considered for coverage as an additional insured under this policy. This section reads, in pertinent part, as follows:

Additional Insureds by Contract, Agreement or Permit

Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you.

In undertaking work for Peacock, South Texas Masonry entered into a subcontract agreement with Peacock. There is a section in this agreement titled "Insurance". Under this section the Subcontractor (South Texas Masonry) shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor (Peacock). However, there is no stipulation within the subcontract that Peacock is to be named as an additional insured on South Texas Masonry's policy of insurance.

Based on the policy language and the contract, Peacock will not qualify as an additional insured under South Texas Masonry's policy as additional insured status is not specified in the contract. Therefore, The Hartford will not respond to Peacock's tender.

Additionally, the indemnity provision in the contract was reviewed. The contract language is not valid as set forth in the State of Texas and is not conspicuous. Therefore, no coverage is afforded to Peacock based on the contract.

This correspondence is not intended, nor shall it be construed as, an exhaustive listing of policy terms, conditions or exclusions which might preclude coverage under The Hartford policy. The Hartford reserves the right to supplement this disclaimer letter should facts or circumstances, not currently known, indicate the applicability of additional grounds. The Hartford further reserves the right to file a declaratory judgment action if it is necessary.

Should you have any questions about this letter or any additional documentation you feel will affect our coverage position, please forward to the undersigned.

Very truly yours,

Nancy Kaechler
Claims Service Consultant
1-800-984-5770 Ext. 73852



# SUBCONTRACT AGREEMENT

This agreement made as of the 10th day of January in the year 2002:

BETWEEN the Contractor:  **PEACOCK CONSTRUCTION COMPANY, INC.**
P.O. Box 530098
Harlingen, Texas 78553

and the Subcontractor:  **SOUTH TEXAS MASONRY**
805 E. Business 83
Pharr, Texas 78577

The Project:  **LAS DUNAS CONDOMINIUMS**
4212 Gulf Boulevard
South Padre Island, Texas

The Owner:  **LAS DUNAS INC.**
4212 Gulf Boulevard
South Padre Island, Texas

The Architect:  **LABUNSKI ASSOCIATES**
1514 S. 77 Sunshine Strip Ste. 24
Harlingen, Texas 78550

*— Bartram 6*
*846 3-7-05*

---

The Contractor and Subcontractor agree as set forth below:

## ARTICLE 1 - The Contract Documents

1.1 The Contract Documents for this Subcontract consist of this Agreement and any Exhibits attached hereto, the Drawings, the specifications, all Addenda issued prior to and all Modifications issued after execution of the Agreement between the Owner and Contractor and agreed upon by the parties to this Subcontract. These form the Subcontract, and are a part of the Subcontract as if attached to this Agreement or repeated herein.

## ARTICLE 2 - The Work

2.1 The Subcontractor shall perform all the Work required by the Contract document for:
**MASONRY**
**STUCCO**
Note: Delete all EIFS (except at mouldings as shown on plans)
Price includes Surewall/ Plaster Only

## ARTICLE 3 - The Contract Sum

3.1 The Contractor shall pay the Subcontractor in current funds for the performance of the Work, subject to additions and deductions, the Contract sum of:

3.2 The Contract sum is determined as follows:  **Per Revised Quotes Dated 12/10/01**

5.2 Before issuance of the final payment, the Subcontractor, if required, shall submit evidence satisfactory to the Contractor that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Subcontractor's Work have been satisfied.

## ARTICLE 6 - Insurance

6.1 Prior to starting work, the Subcontractor shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor that the Subcontractor has complied with these requirements. Subcontractor's Insurance will be considered as Primary.

6.2 In the event the Subcontractor fails to obtain or maintain any insurance coverage required under this Agreement, the Contractor may purchase such coverage and charge the expense thereof to the Subcontractor.

6.3 Subcontractor agrees to indemnify, defend, and hold harmless the Contractor (or Owner or subcontractor, their affiliated entities, and employees and agents) from and against any and all losses, claims, suits, actions, demands, damages, fines, penalties, costs (including any and all related court costs and attorney's fees), liabilities or causes of action for bodily injury, death or property damage (including claims or causes of action for bodily injury or death to employees of the subcontractor who may or not be acting in the course and scope of their employment at the time of their bodily injury or death which occurs in connection with or involves in any manner subcontractor's or subcontractor's agents' employees', invitees', performance of work or service under this contract, regardless of whether or not such claims or alleged acts or omissions are caused in whole or in part (or are alleged to be caused in whole or in part) by any negligence on the part of the Contractor.

6.4 It is the specific intent of the parties to this contract that the subcontractor is agreeing to indemnify the Contractor for the effects of the General Contractor's its agents' and employees' own negligence or other wrongful conduct.

## ARTICLE 7 - Warranty

7.1 The Subcontractor warrants its work against all deficiencies and defects in materials and/or workmanship and as called for in the Contract Documents. If no guarantee or warranty is required of the Subcontractor in the Contract Documents, then the Subcontractor shall guarantee or warranty its work as described above for the period of one year from the date(s) of substantial completion of all or a designated portion of the Subcontractor's work or acceptance or use by the Contractor or Owner of designated equipment, whichever is sooner.

## ARTICLE 8 - Notice to Cure

8.1 If the Subcontractor refuses or fails to supply enough properly skilled workers, proper materials, or maintain the Schedule of Work, or it fails to make prompt payment for its workers, sub-contractors or suppliers, disregards laws, ordinances, rules, regulations or orders of any public authority having jurisdiction, or otherwise is guilty of a material breach

of a provision of this Agreement, and fails within three (3) working days after receipt of written notice to correct such default with diligence and promptness, then the Contractor, without prejudice to any rights or remedies, shall have the right to any or all of the following remedies:

   (a) supply such number of workers and quantity or materials, equipment and other facilities as the Contractor deems necessary for the completion of the Subcontractor's Work, or any part thereof which the Subcontractor has failed to complete or perform after notice, and charge the cost thereof to the Subcontractor, who shall be liable for the payment of same including reasonable overhead, profit and attorney's fees;

   (b) contract with one or more additional contractors to perform such part of the Subcontractor's Work as the Contractor shall determine will provide the most expeditious completion of the total Work and charge the cost thereof to the Subcontractor;

   (c) withhold payment of any monies due the Subcontractor pending corrective action to the extent required by and to the satisfaction of the Contractor and;

   (d) in the event of an emergency affecting the safety of persons or property, the Contractor may proceed as above without notice.

### ARTICLE 9 – Miscellaneous

9.1  Clean-up - At all times keep the building and premises free from debris and unsafe conditions resulting from the Subcontractor's Work. If the Subcontractor fails to remove their debris, the Contractor will do the clean up at the expense of the Subcontractor.

9.2  Pre-Construction Meeting - This is a mandatory meeting for all Subcontractors and major suppliers.

9.3  Job Progress Meetings - To be scheduled on a monthly basis. Attendance of the meetings is mandatory and shall be a prerequisite for approval of monthly draws.

9.4  Safety - Subcontractor is responsible for the safety of his/her personnel while on the jobsite. All OSHA regulations for safety to be strictly followed. (If discrepancies are found by supervisory management of Peacock Construction Co., Inc. or their consultants, written notice shall be given to cure. The subcontractor must immediately remove the hazard and has 3 calendar days to cure. If a subcontractor flagrantly disregards warnings and does not attempt cure, then they will be deemed in breach of contract. Necessary procedures to cure pertaining to breach of contract are in Article 8.) Any penalties due to violations shall be borne solely by the subcontractor. Safety meetings to be held regularly at the jobsite and attendance is mandatory.

   This agreement is entered into as of the day and year first written above.

CONTRACTOR:                                 SUBCONTRACTOR:

PEACOCK CONSTRUCTION CO., INC.              SOUTH TEXAS MASONRY
William T. Peacock – President              Baldemar Salazar



DATE:_____

DEAR SUBCONTRACTOR:

Attached are two Originals of your Subcontract Agreement with our company on the Above Mentioned Project. Please read all articles and attachments thoroughly and return them to be signed by Mr. Peacock. Also note that a list of items are requested to be returned along with the signed Subcontracts. All paperwork MUST BE RECEIVED BY OUR OFFICE _PRIOR_ TO STARTING ANY WORK!!

Such as:

1) Worker's Compensation and General Liability insurance certificates. (Proof of insurance) If you do not have worker's compensation insurance we require that you fill out the attached TWCC-83 form, otherwise dispose of said form.

2) Please inform us if your company is incorporated. Furnish us with either your social security or federal tax ID number, also include your correct mailing address and phone number on the form enclosed.

3) As per plans and specifications you are requested to furnish us with EIGHT (8) submittals/ shop drawings/ color sample brochures/ etc. for the review and approval of the Architect. Required delivery date of your items submitted will be based upon Architect's return of submittals.

4) All draw requests are due in our office ON OR BEFORE THE 25th OF EACH MONTH. NO EXCEPTIONS!! They should be done on the attached Subcontractor's Application for Payment AGC form 610 and G 703-1983. (Make copies of this as needed) We require a breakdown of your monthly draw amount. Please breakdown labor and materials. If you do not include a breakdown with your subcontract, your _CHECKS WILL NOT BE RELEASED._

GENERAL CONTRACTORS

Bartram 7
846  3-7-05

5) Any draw request that includes stored materials must be accompanied by invoices for such material and evidence of insurance coverage for stored items, if stored at your location and not on the jobsite.

6) After you receive payment on your first draw request from our company, you must furnish our office with your supplier release forms stating prior months bills have been paid. This is to be done on a monthly basis.

7) Prior to completion of the project you must submit four copies of all warranties, guarantees, operation & maintenance manuals, start-up & testing reports for the contract closeout manuals. As-built drawings are required from all mechanical subcontractor's noting any changes done throughout the project. **Final retainage will not be paid until all items are received!!!**

8) We also require the name, address and phone number of the **SUPPLIER YOU WILL USE FOR THIS PROJECT!!**

**WE MUST RECEIVE BOTH COPIES OF THE SIGNED SUBCONTRACTS WITHIN 10 BUSINESS DAYS OR THEY WILL BECOME _NULL AND VOID._**

**ANY DRAWS NOT SUBMITTED IN THE SPECIFIED MANNER AND WITH MULTIPLE ERRORS WILL BE REJECTED NO QUESTIONS ASKED!**

INSURANCE CERTIFICATE FURNISHED TO US BY YOUR AGENT MUST MEET OR
ASS THE LIMITS AS NOTED ON THIS SAMPLE. ALL WORDING SHALL APPLY.

## RD. CERTIFICATE OF LIABILITY INSURANCE

| | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| NT USA<br>OF CERTIFICATE | **INSURERS AFFORDING COVERAGE** |
| PEACOCK CONSTRUCTION COMPANY<br>ATTN: MISSY PEACOCK<br>P. O. BOX 530098<br>HARLINGEN      TX   78553<br>956-423-6733 | INSURER A: COMMERCIAL GENERAL LIABILITY INSURANCE COMPANY |
| | INSURER B: BUSINESS AUTOMOBILE POLICY |
| | INSURER C: COMMERCIAL UMBRELLA INSURANCE COMPANY |
| | INSURER D: WORKERS' COMPENSATION INSURANCE COMPANY |
| | INSURER E: |

S

ES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING
REMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR
IN. THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH
.GGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| YPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|
| LIABILITY<br>.ERCIAL GENERAL LIABILITY<br>AIMS MADE [X] OCCUR | XXXXXXXXXXX | | | EACH OCCURRENCE | $ 1,000,000.00 |
| | | | | FIRE DAMAGE (Any one fire) | $ 100,000.00 |
| | | | | MED EXP (Any one person) | $ 5,000.00 |
| | | | | PERSONAL & ADV INJURY | $ 1,000,000.00 |
| | | | | GENERAL AGGREGATE | $ 1,000,000.00 |
| 'REGATE LIMIT APPLIES PER:<br>;Y [X] PRO-JECT [ ] LOC | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000.00 |
| ILE LIABILITY<br>.UTO<br>WNED AUTOS<br>DULED AUTOS<br>) AUTOS<br>)WNED AUTOS | XXXXXXXXXX | | | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000.00 |
| | | | | BODILY INJURY (Per person) | $ |
| | | | | BODILY INJURY (Per accident) | $ |
| | | | | PROPERTY DAMAGE (Per accident) | $ |
| ABILITY<br>.UTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | OTHER THAN   EA ACC<br>AUTO ONLY:      AGG | $ |
| | | | | | $ |
| ABILITY<br>[ ] CLAIMS MADE | XXXXXXX UMBRELLA FORM | | | EACH OCCURRENCE | $ 1,000,000.00 |
| | | | | AGGREGATE | $ 1,000,000.00 |
| CTIBLE | | | | | $ |
| ...TION.  $ 10,000. | | | | | $ |
| COMPENSATION AND<br>S' LIABILITY | XXXXXXXXXX | | | WC STATU-TORY LIMITS [X] OTH-ER | |
| | | | | E.L. EACH ACCIDENT | $ 1,000,000.00 |
| | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000.00 |
| | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000.00 |

' OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

NAME: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
IF SUBROGATION AND ADDITIONAL INSURED IN FAVOR OF          FAX: 956-425-5683 AND MAIL THE ORIGINAL.
.ATE HOLDER OR GENERAL LIABILITY.
IF SUBROGATION ON WORKERS' COMPENSATION.

| E HOLDER    [X] ADDITIONAL INSURED: INSURER LETTER: A | CANCELLATION |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC.<br>ATTN: MISSY PEACOCK<br>P. O. BOX 530098<br>HARLINGEN      TX   78553<br>956-423-6733 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL **30** DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVE.<br>AUTHORIZED REPRESENTATIVE |

**TEXAS WORKERS' COMPENSATION COMMISSION**
Southfield Building 4000 South IH-35
Austin, Texas 78704

are not certain whether all parties meet the requirements for entering into this agreement, you may wish to consult an attorney.

Workers' Compensation Act, Texas Labor Code, Section 406.141(2) defines "independent contractor" as follows: (2) "Independent contractor" means a person who is to perform work or provide a service for the benefit of another and who: (A) is paid by the job, not by the hour or some other time-measured basis; (B) is free to hire as many helpers as he desires and to determine what each helper will be paid; and (C) is free to work for other contractors, or to send helpers to work for other contractors, while under contract to the hiring employer.

CHECK ☐ BOX OF STATEMENT THAT APPLIES

| JOINT AGREEMENT TO AFFIRM INDEPENDENT RELATIONSHIP FOR CERTAIN BUILDING AND CONSTRUCTION WORKERS | ☐ AGREEMENT TO ESTABLISH EMPLOYER-EMPLOYEE RELATIONSHIP FOR CERTAIN BUILDING AND CONSTRUCTION WORKERS |
|---|---|
| *Notice of Declaration* | *Notice of Agreement* |

**Hiring Contractor's Affirmation**

1-74-1901518-9
Federal Tax I.D. Number

P.O. BOX 530098
Address (Street)

COCK CONSTRUCTION CO., INC.       HARLINGEN, TEXAS 78553

or SS# IF SOLE PROPRIETOR

**Independent Contractor's Affirmation**

PEACOCK CONSTRUCTION CO., INC.
TEXAS MUTUAL INSURANCE CO.

MCQUEARY
HENRY
BOWLES
TROY

# FACSIMILE TRANSMISSION

**DATE:**    February 11, 2003

**TO:**    Hartford Insurance Companies
Attn: Commercial General Liability Claims

**PHONE:**    800-327-3636

**FAX:**    800-347-8197

**FROM:**    Christy L. Lee
McQueary Henry Bowles Troy

**RE:**    Insured:    **South Texas Masonry**
Claimant:    **Peacock Construction Company, Inc.**
DOL:    10/23/2002
Policy#:    46SBANS1014

Number of Pages   3   (Include this page)

**COMMENTS:.** Ladies & Gentlemen:

Attached please find a general liability loss notice regarding the above referenced insured.
Please assign a claim number and an adjuster and have them contact our insured and this office
with their assignment as soon as possible.

Thank you for your assistance.

Christy L. Lee
Commercial Claims Representative
Direct Line: (972) 770-1617

Cc: Brenda Hunter        2 pages including cover        via fax#: 210-658-6256

_Bartram 8_
_846 3-7-05_

*(Please call if pages are illegible or not properly received)*

00001s
Insurance & Bonds

# ACORD GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM

| | | | | 02/11/03 |
|---|---|---|---|---|

| PRODUCER PHONE (A/C, No, Ext): 210 479-7723 | X NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|
| O'Leary Henry Bowles Troy | NOTICE OF CLAIM | 10/23/02  PM | | YES X NO |

PA
5607 Blanco Road
Suite 904
San Antonio, TX  78232

| EFFECTIVE DATE | EXPIRATION DATE | | POLICY TYPE | RETROACTIVE DATE |
|---|---|---|---|---|
| 12/01/01 | 12/01/02 | X OCCURRENCE | CLAIMS MADE | |

| CODE: | SUB CODE: | COMPANY | NAIC CODE: 29424 | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|---|---|
| AGENCY CUSTOMER ID: 9447 | | Hartford Casualty Insura | | |

POLICY NUMBER  46SBANS1014    REFERENCE NUMBER

## INSURED

| | CONTACT | X CONTACT INSURED |
|---|---|---|
| NAME AND ADDRESS  SOC SEC # OR FEIN: | NAME AND ADDRESS | WHERE TO CONTACT  Business |

South Texas Masonry
Waldemar Salazar
405 E. Business 83
Pharr, TX  78577

| | | | WHEN TO CONTACT  M - F  8 - 5 |
|---|---|---|---|
| RESIDENCE PHONE (A/C, No) 956 782-6286 | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) |

## OCCURRENCE

| LOCATION OF OCCURRENCE (include city & state) | Las Dunas Condominium, 4312 Gulf Blvd, South Padre Island, Tx. | AUTHORITY CONTACTED |
|---|---|---|

DESCRIPTION OF OCCURRENCE (for insurance use) : See attached tender letter from First Mercury Insurance Company on behalf
of their insured Peacock Construction Company, Inc.

## POLICY INFORMATION

COVERAGE PART OR FORMS (Insert form and edition dates)

| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJY | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | X PD |
|---|---|---|---|---|---|---|---|
| 1,000,000 | 2,000,000 | 1,000,000 | 1,000,000 | 300,000 | 10,000 | 500 | X BI |

| UMBRELLA/EXCESS | UMBRELLA | EXCESS | CARRIER: | LIMITS: | AGGR | PER CLAIM/OCC | SIR/DED |
|---|---|---|---|---|---|---|---|

## TYPE OF LIABILITY

| PREMISES: INSURED IS | OWNER | TENANT | OTHER: | | TYPE OF PREMISES |
|---|---|---|---|---|---|

| OWNER'S NAME & ADDRESS (If not insured) | | | | | OWNERS PHONE (A/C, No, Ext): |
|---|---|---|---|---|---|

| PRODUCTS: INSURED IS | MANUFACTURER | VENDOR | OTHER: | | TYPE OF PRODUCT |
|---|---|---|---|---|---|

| MANUFACTURER'S NAME & ADDRESS (If not insured) | | | | | MANUFACT PHONE (A/C, No, Ext): |
|---|---|---|---|---|---|

WHERE CAN PRODUCT BE SEEN?

_Bartran 9_
_sb 3-7-05_

OTHER LIABILITY INCLUDING COMPLETED OPERATIONS (Explain)

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | Peacock Construction Company, Inc. for Jose Salazar, Jose Garcia & Remedios Corral | PHONE (A/C, No, Ext) |
|---|---|---|

| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No, Ext) |
|---|---|---|---|---|

| DESCRIBE INJURY  FATALITY | WHERE TAKEN | WHAT WAS INJURED DOING? |
|---|---|---|

| DESCRIBE PROPERTY (Type, model, etc) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | WHEN CAN PROPERTY BE SEEN? |
|---|---|---|---|

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|

## REMARKS

| REPORTED BY  Brenda Hunter | REPORTED TO  Christy Lee | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|

ACORD 3 (2001/02) 1 of 2 #8627 NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    CXT © ACORD CORPORATION 1986

000018

FEB 04,2003 2:33PM    uth Texas Masonry       -783-6826            P.1

# First Mercury Insurance Company

January 28, 2003

Certified Mail – Return Receipt Requested
Article No.: 7900 3400 0005 5139 7840

South Texas Masonry
805 E Business 83
Pharr, TX 78577

RE:   Our policyholder:      Peacock Construction Company, Inc.
      Claimants:             Jose Salazar, Jose Garcia and Remedios Corral
      Date of Loss:          10/23/02
      Claim Number:          3832
      Project/Location:      Las Dunas Condominium, 4212 Gulf Blvd, South Padre Island, TX.

Dear Sirs:

We are the general liability insurance carrier for the above named policyholder. This letter will serve as our demand (on behalf of our policyholder) for defense, indemnification and reimbursement of any and all costs incurred by or on behalf of our policyholder in the defense of the claims presented.

It is our belief that your company is contractually obligated to defend and indemnify our policyholder against the claims presented pursuant to the applicable subcontract agreement for the project.

It is also our belief that your company is obligated to have our policyholder named as an additional insured under any and all commercial general liability policies held by your company on the date of loss. As an additional insured under said policy (or policies), our policyholder is entitled to defense and indemnification by your insurance carrier(s) for the claims presented.

We request the following of you at this time:

   Please provide us the name and address of your general liability insurance carrier at the time of this loss. Please immediately place your commercial general liability carrier on notice of this matter and forward a copy of this letter to their attention. *Please be advised that a failure on your part to promptly notify said insurance carrier(s) may ultimately result in your company being denied coverage under an otherwise applicable policy or policies.*

We also request that your insurance carrier immediately acknowledge receipt of this matter to the undersigned, in writing, and advise us within 30 days of this request as to their position with regard to:

   1. The claim of our policyholder for defense and indemnification under the applicable subcontract; and
   2. Whether or not our policyholder qualifies as an additional insured under their policy (or policies).

Please let this also serve as our request, on behalf of our policyholder, for a complete copy of your general liability insurance policy in effect on the date of loss.

Thank you for your attention to the above, and for your anticipated cooperation. Please feel free to contact me if you have any questions.

Sincerely;

Christopher Golla, AIC
Litigation Specialist

CC:    File

_Bartram 10_
_eb 3-7-05_

*29621 Northwestern · P.O. Box 5096 · Southfield, MI 48086 · Phone: 248-358-4010 · Fax: 248-357-5036*

TO  MHBT- DALLAS          000008
2-7-03
attn: Christy Lee

10/15/2003  08:46    4255683                    PEACOCK CONSTRUCTI                    P

**INSURANCE CERTIFICATE FURNISHED TO US BY YOUR AGENT MUST MEET OR PASS THE LIMITS AS NOTED ON THIS SAMPLE. ALL WORDING SHALL APPLY.**

EXHIBIT

"2"

ALL-STATE LEGAL

_ORD_ CERTIFICATE OF LIABILITY INSURANCE                    05/02/2002

| | |
|---|---|
| Y AGENT USA<br>MPLE OF CERTIFICATE | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| | INSURERS AFFORDING COVERAGE |
|---|---|
| PEACOCK CONSTRUCTION COMPANY<br>ATTN: MISSY PEACOCK<br>P. O. BOX 530098<br>HARLINGEN          TX    78553<br>956-423-6733 | INSURER A: COMMERCIAL GENERAL LIABILITY INSURANCE COMPANY |
| | INSURER B: BUSINESS AUTOMOBILE POLICY |
| | INSURER C: COMMERCIAL UMBRELLA INSURANCE COMPANY |
| | INSURER D: WORKERS' COMPENSATION INSURANCE COMPANY |
| | INSURER E: |

IAGES

OLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR ERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH IES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|
| **ERAL LIABILITY** | | | | EACH OCCURRENCE | $ 1,000,000.00 |
| COMMERCIAL GENERAL LIABILITY | | | | FIRE DAMAGE (Any one fire) | $ 100,000.00 |
| AIMS MADE [X] OCCUR | XXXXXXXXXXX | | | MED EXP (Any one person) | $ 5,000.00 |
| | | | | PERSONAL & ADV INJURY | $ 1,000,000.00 |
| | | | | GENERAL AGGREGATE | $ 1,000,000.00 |
| N'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000.00 |
| POLICY [X] PRO-JECT [ ] LOC | | | | | |
| **TOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000.00 |
| ANY AUTO | | | | | |
| ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| SCHEDULED AUTOS | XXXXXXXXXX | | | | |
| HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| NON-OWNED AUTOS | | | | | |
| | | | | PROPERTY DAMAGE (Per accident) | $ |
| **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| ANY AUTO | | | | OTHER THAN EA ACC AUTO ONLY: | $ |
| | | | | AGG | $ |
| **EXCESS LIABILITY** | | | | EACH OCCURRENCE | $ 1,000,000.00 |
| OCCUR [ ] CLAIMS MADE | XXXXXXX UMBRELLA FORM | | | AGGREGATE | $ 1,000,000.00 |
| | | | | | $ |
| DEDUCTIBLE | | | | | $ |
| RETENTION  $ 10,000. | | | | | $ |
| **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | XXXXXXXXXXX | | | WC STATU- TORY LIMITS [X] OTHER | |
| | | | | E.L. EACH ACCIDENT | $ 1,000,000.00 |
| | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000.00 |
| | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000.00 |
| **OTHER** | | | | | |

TION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

IJECT NAME: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
IVER OF SUBROGATION AND ADDITIONAL INSURED IN FAVOR OF        FAX: 956-425-5683 AND MAIL THE ORGINAL.    — Bartram II
RTIFICATE HOLDER ON GENERAL LIABILITY.                                                                          atD  3-7-05
IVER OF SUBROGATION ON WORKERS' COMPENSATION.

| IICATE HOLDER  [X] ADDITIONAL INSURED: INSURER LETTER: A | CANCELLATION |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC.<br>ATTN: MISSY PEACOCK<br>P. O. BOX 530098<br>HARLINGEN          TX    78553<br>956-423-6733<br>FAX: 956-425-5683 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE |

JAN-15-2002-TUE 06:18 PM  MHBT-SA          FAX No. 2104797937          P. 002/002

Client#: 9447                              SOUTHTEX

## ACORD. CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YY)** '01/15/02

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| McQueary Henry Bowles Troy SA 16607 Blanco Road Suite 904 San Antonio, TX 78232 | **INSURERS AFFORDING COVERAGE** |
| **INSURED** South Texas Masonry Baldemar Salazar 805 E. Business Pharr, TX 78577 | INSURER A: Hartford Casualty Insurance Co. |
| | INSURER B: |
| | INSURER C: |
| | INSURER D: |
| | INSURER E: |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** X COMMERCIAL GENERAL LIABILITY ☐ CLAIMS MADE X OCCUR | TBD | 12/01/01 | 12/01/02 | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $300,000 |
| | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | GENERAL AGGREGATE | $2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | PRODUCTS-COMP/OP AGG | $2,000,000 |
| | **AUTOMOBILE LIABILITY** ANY AUTO ALL OWNED AUTOS SCHEDULED AUTOS HIRED AUTOS NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | **GARAGE LIABILITY** ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN EA ACC AUTO ONLY: AGG | $ |
| | **EXCESS LIABILITY** ☐ OCCUR ☐ CLAIMS MADE ☐ DEDUCTIBLE ☐ RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | AGGREGATE | $ |
| | | | | | | $ |
| | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | E.L. DISEASE-EA EMPLOYEE | $ |
| | | | | | E.L. DISEASE-POLICY LIMIT | $ |
| | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS
Peacock Construction Company, Inc. is named as Additional Insured.
Waiver of Subrogation in favor Additional Insured.
Project: Las Donas Condominiums, 4212 Golf Boulevard,
South Padre Island, Texas

— Bartram 12
610 3-70S

| CERTIFICATE HOLDER | ADDITIONAL INSURED; INSURER LETTER: | CANCELLATION |
|---|---|---|
| Peacock Construction Company, Inc. Attn: Elisa Jennings P.O. Box 530098 Harlingen, TX 78553 | | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. **AUTHORIZED REPRESENTATIVE** |

ACORD 25-S (7/97) 1 of 2   #N36221                    TLC   © ACORD CORPORATION 1988

JAN-15-2002 09:25 AM SOUTHTEXASMASONRY                856 __ 6285        P.01

*Thanks Bonnie*
*Need GL Please*

## PBS
## UNIVERSAL CITY, TX. 78148
### 210-658-4675
### FAX 877-623-8867

### CERTIFICATE REQUEST FORM

Date of request: 01/15/02    Date Certificate Needed 01/15/02   RUSH ✓
Company: South Texas Masonry  Individual Requesting Certificate: Art

**CLIENT COMPANY INFORMATION**
Name to be shown on Certificate: South Texas Masonry
Address: 805 East Business 83
City: Phara  Tx  78577
E-Mail:
Contact/Attention: Arturo Salazar
Telephone: 956-782-6286     Facsimile: 956-782-6285

**CERTIFICATE HOLDER INFORMATION**
Certificate Holder Name: Peacock Construction Company, Inc.
Address: P.O. Box 530098
City: Harlingen Texas 78553
E-Mail:
Contact/Attention: Elisa Jennings
Telephone: 956-423-6733  Facsimile 956-425-5683

**PROJECT INFORMAION**
Project Name: Las Dunas Condominiums
Project Address: 4212 Gulf Boulevard
City: South Padre Island, Texas

**LEINHOLDER INFORMATION:**

**COVERAGE INFORMATION**
Please check the indicated coverages: General Liability ✓ Worker's Compensation ✓
Automobile____ Property____ Umbrella____
Certificate holder needs to be added as an Additional Insured for: GL or WC
Waiver of Subrogation in favor of the Certificate Holder for GL or WC
SPECIAL INSTRUCTIONS:

- Bartram 13
  cd 3-7-05

Exhibit "1"

000001



## Law Offices
### of
### Rubén R. Peña P.C.



February 24, 2004

Hartford Lloyds Insurance Company                    **_Via Facsimile (860) 756-8596_**
c/o Ms. Nancy Kaechler                          **_and CMRRR #7003 0500 0002 3840 1359_**
Claims Service Consultant
785 Greens Parkway, Suite 210
Houston Texas  77067

Re:    **Named Insured:**    South Texas Masonry / Baldemar Salazar
       **Additional Insured:** Peacock Construction Company, Inc.
       **Claimant:**        Survivors of Jose Guadalupe Salazar / Remedios Corral
       **D/L:**             October 23, 2002
       **Policy:**          46 SBA NS 1014
       **Yr Ref:**          YBG LP 40689

       No. 2002-11-4371- G; *Angelica Salazar et al. vs. Peacock Construction
       Company et al. v. South Texas Masonry*; In the 404th Judicial District Court of
       Cameron County, Texas

Dear Ms. Kaechler:

Our firm represents Peacock Construction Company, Inc., an additional insured on Policy
No. 46 SBA NS 1014 which Hartford Lloyds Insurance Company issued to named insured South
Texas Masonry. All subsequent communications regarding coverage under Policy No. 46 SBA
NS 1014 should be directed to our firm.

This letter shall constitute Peacock Construction Company, Inc.'s notice to Hartford Lloyds
that its denial of coverage for the captioned lawsuit violates its contractual duties under Policy No.
46 SBA NS 1014, and places Hartford Lloyds in violation of the Texas Insurance Code's provisions
against unfair claims settlement practices and misrepresentations of insurance policies. Should
Hartford Lloyds fail to resolve Peacock Construction Company, Inc.'s claims as set forth herein
within 60 days, Peacock Construction Company, Inc. will file suit against Hartford Lloyds to recover
all actual damages, attorneys' fees, interest, and additional damages to which it may be entitled.

### Background

As you are aware, Hartford Lloyds Insurance Company issued Policy No. 46 SBA NS 1014
to named insured South Texas Masonry for 12 months effective December.1, 2001. The Hartford
Lloyds policy was specifically designed and marketed by Hartford Lloyds to permit policyholders
such as South Texas Masonry to name their customers, vendors, lessors, etc. as additional
insureds. Therefore, its definition of the term "insured" extends to:

*222 W. Harrison Harlingen, TX 78550· P.O. Box 530160*
*(956) 412-8200  1-800-807-1879  Fax (956) 412-8282  Riolaw1@aol.com*
*............., TX 78520 (956) 544-6000  Riolaw2@aol.com*

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 2

f. Additional Insureds by Contract, Agreement or Permit

Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you.

South Texas Masonry had been performing subcontracted masonry and other construction work for our client, Peacock Construction Company, Inc. prior to the time that the Hartford Lloyds policy took effect. Before Peacock Construction Company, Inc. allowed South Texas Masonry to perform any work on the first project, it required South Texas Masonry to furnish a certificate of insurance reflecting that Peacock Construction Company, Inc. was an additional insured on South Texas Masonry's liability insurance policy. South Texas Masonry's insurance agent, McQueary Henry Bowles Troy LLP, issued certificates of insurance to Peacock Construction Company, Inc. stating that it was an additional insured on South Texas Masonry's liability insurance policy.

## Peacock/ South Texas Masonry Subcontract Agreement

In January 2002, Peacock and South Texas Masonry entered into a second Subcontract Agreement. That Agreement contains the following provisions dealing with insurance coverage:

The Contractor and Subcontractor agree as set forth below:

### ARTICLE 1 – The Contract Documents

1.1 The Contract Documents for this Subcontract consist of this Agreement and any Exhibits attached hereto, the Drawings, the specifications, all Addenda issued prior to and all Modifications issued after execution of the Agreement between the Owner and Contractor and agreed upon by the parties to this Subcontract. These form the Subcontract, and are a part of the Subcontract as if attached to this Agreement or repeated herein.

### ARTICLE 6 – Insurance

6.1 Prior to starting work, the Subcontractor [South Texas Masonry] shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor [Peacock] that the Subcontractor has complied with these requirements. Subcontractor's Insurance will be considered as Primary.

6.2    In the event the Subcontractor fails to obtain or maintain any insurance coverage required under this Agreement, the Contractor may purchase such coverage and charge the expense thereof to the Subcontractor.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 3

The Contract Documents referenced in Paragraph 1.1 of the Agreement require South Texas Masonry to procure general liability insurance covering Peacock Construction. Specifically, the transmittal letter that Peacock sent to South Texas Masonry and all subcontractors retained on the Las Dunas Project states:

> DEAR SUBCONTRACTOR:
>
> Attached are two originals of your Subcontract Agreement with our company on the Above Mentioned Project. Please read all articles and attachments thoroughly and return them to be signed by Mr. Peacock. Also note that a list of items are requested to be returned along with the signed Subcontracts. All paperwork MUST BE RECEIVED BY OUR OFFICE PRIOR TO STARTING ANY WORK!!
>
> Such as:
>
> > 1) Workers Compensation and General Liability Insurance Certificates (Proof of insurance) ....

See Transmittal Letter, attached hereto as Exhibit "1". Mr. Peacock has testified to these requirements (in response to questions that Hartford's appointed attorney asked him). Peacock also sent South Texas Masonry a "Sample" certificate of insurance, attached as Exhibit "2", setting out the types, amounts, and extensions of liability insurance that Peacock required all subcontractors to carry as a condition of entering into the Subcontract Agreement and performing any work. These documents establish an agreement between Peacock and South Texas Masonry under which South Texas Masonry would name Peacock as an additional insured on its liability policies, and secure a certificate of insurance affirmatively stating that Peacock was an additional insured. That is why South Texas Masonry caused Hartford Lloyds' local recording agent, McQueary Henry Bowles Troy LLP, to issue a Certificate of Insurance stating that Peacock is an additional insured on the policy that Hartford Lloyds issued to South Texas Masonry (Exhibit "3" hereto). In accordance with Peacock's requirement, this Certificate was attached to the signed Subcontract Agreement that South Texas Masonry sent back to Peacock in January 2002, and was one of the Contract Documents for the project.

## Hartford Lloyds' Denial of Coverage

Your denial of coverage letter states that "Peacock will not qualify as an additional insured under South Texas Masonry's policy as additional insured status is not specified in the contract." This statement ignores the fact that the contract between South Texas Masonry and Peacock includes not only the Subcontract Agreement itself, but also the parties' verbal agreements, course of dealings, and other documents exchanged between them. The Subcontract Agreement

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 4

specifically refers to the fact that other documents will be deemed to constitute part of the parties' agreement, and does not have any effect upon the parties' other agreements (whether written or not) pertaining to the Las Dunas project. Hartford Lloyds' statement is also based upon an overly restrictive reading of the language that Hartford Lloyds chose to put in the Business Spectrum policy. The provision states that coverage is extended to:

> Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form

This language merely requires that South Texas Masonry **agree** to provide Peacock the type of insurance afforded under the policy, and do so because of: 1) a written contract; 2) an agreement; or a permit. The provision does not even require that the agreement to provide insurance itself be in writing, nor that it be within the same written document. It merely that South Texas Masonry make the agree "because of" the written agreement. That is exactly what South Texas Masonry did here — it agreed to provide the additional insurance to Peacock **because of** the written Subcontract Agreement, other contract documents, and the understanding with Peacock that it was required to do so before commencing work. Why else did Hartford Lloyds' local recording agent, McQueary Henry Bowles Troy LLP, issue the Certificate of Insurance stating that Peacock is an additional insured on the policy? Keep in mind that this language will necessarily be construed against Hartford Lloyds, and in favor of Peacock, in a manner that broadens rather than restricts coverage.

## Peacock Construction Company, Inc.'s Position

It is quite clear that the agreement between Peacock and South Texas Masonry required South Texas Masonry to name Peacock as an additional insured on its liability policies, and provide a certificate of insurance confirming this fact before Peacock allowed it to begin work. This agreement is established by:

- the course of dealings between South Texas Masonry and Peacock under which South Texas Masonry named Peacock as an additional insured on at least one previous project;

- the Certificate of Insurance that Hartford Lloyds' local recording agent issued, stating that Peacock is an additional insured on the Hartford Lloyds policy; and

- the uncontroverted testimony of Mr. Peacock in his deposition.

In Texas, an agreement that requires one party to name another as an additional insured on its liability insurance policy is plainly enforceable. *Getty Oil Company v. Insurance Company of North America*, 845 S.W.2d 794, 806 (Tex. 1992). Since South Texas Masonry did agree to name Peacock as an additional insured on the Hartford Lloyds policy, and a Hartford Lloyds agent with binding authority certified to that fact, Hartford Lloyds must acknowledge Peacock's status as an

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 5

additional insured and must provide the insurance specified in the Policy.  It is Peacock's position that

- the Hartford Lloyds policy's coverage provisions apply to the damages that Plaintiffs are seeking from Peacock in the captioned lawsuit, and none of the exclusions apply to such damages; and

- the Peacock/South Texas Masonry Subcontract Agreement expressly states that South Texas Masonry's insurance "will be considered as primary", triggering Section D(7)'s "other insurance" provision of the Hartford Lloyds policy -- making the Hartford Lloyds policy primary to any and all insurance that Peacock purchased for its own account.

Simply put, Hartford Lloyds is in breach of the duties plainly imposed by the Business Spectrum policy to investigate Peacock's claim in good faith and to provide a defense to Peacock against the lawsuit.  Hartford Lloyds has also committed an anticipatory breach of its duty to indemnify Peacock against any settlement or judgment in this lawsuit.

### Hartford Lloyds' Violations Of The Texas Insurance Code

It is Peacock Construction Company, Inc.'s position that Hartford Lloyds' failure to provide the general liability insurance coverage to Peacock (as represented in the Certificate of Insurance issued by its duly appointed local recording agent, McQueary Henry Bowles Troy LLP) is the result of unfair and deceptive acts and practices in the business of insurance in violation of Texas Insurance Code Article 21.21 §10 (which prohibits unfair claim settlement practices).  Specifically, the denial of coverage letters issued on behalf of Hartford Lloyds violate Texas Insurance Code art. 21.21 § 10, in that they

1.  Misrepresent to Peacock Construction Company, Inc. material facts and/or policy provisions relating to coverage at issue;

2.  Fail to promptly provide Peacock Construction Company, Inc. a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Hartford Lloyds' denial of the claim; and

3.  Refuse to pay Peacock Construction Company, Inc.'s claim without conducting a reasonable investigation with respect to the claim.

Hartford Lloyds' violations of the foregoing provisions of Texas Insurance Code Article 21.21 §10 are a producing cause of damages to Peacock Construction Company, Inc. as set forth below.

In the alternative, and if Hartford Lloyds persists in denying coverage, it is Peacock Construction Company, Inc.'s position that since the Certificate of Insurance was issued by a duly appointed local recording agent of Hartford Lloyds (McQueary Henry Bowles Troy LLP), the Certificate and the representations contained therein were and are binding upon Hartford Lloyds.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 6

Hartford Lloyds has also ratified the representations made to Peacock in the Certificate of Insurance as it has now been aware of them for many months. Since Hartford Lloyds has denied that it owes the coverage promised to Peacock in the Certificate of Insurance, the Certificate of Insurance constitutes a misrepresentation of the terms and provisions of the Hartford Lloyds policy. Hartford Lloyds' failure to provide the coverage as represented by the Certificate of Insurance constitutes an unfair and deceptive act and practice in the business of insurance, in violation of Texas Insurance Code Article 21.21 §4 (which prohibits making any statements representing the terms of any policy issued or to be issued). Hartford Lloyds' violations of these provisions are a producing cause of damages to Peacock Construction Company, Inc. as set forth below.

### Peacock's Damages

As a direct result of Hartford Lloyds' engaging in the foregoing unfair and deceptive acts in the business of insurance, and misrepresenting the terms of Policy 46 SBA NS 1014, Peacock Construction Company, Inc. has sustained actual damages that include all defense costs incurred after the date that Hartford Lloyds first received notice of this lawsuit, and attorneys' fees to investigate and prosecute this demand for coverage from Hartford Lloyds. These actual damages, expenses, and attorneys' fees will increase in the future if Peacock Construction Company, Inc.'s claims are not resolved as set forth herein.

### Demand And Offer Of Settlement

This letter shall constitute Peacock Construction Company, Inc.'s demand, and offer of settlement, to Hartford Lloyds pursuant to Article 21.21 § 16 of the Texas Insurance Code. Hartford Lloyds may resolve Peacock Construction Company, Inc.'s claims by:

1. Rescinding the denial of coverage letter dated April 3, 2003;

2. Agreeing to either appoint defense counsel for Peacock Construction Company, Inc. in the captioned lawsuit, or to begin paying the fees generated and expenses incurred by this firm as Peacock Construction Company, Inc.'s counsel;

3. Agreeing to indemnify Peacock Construction Company, Inc. against any settlement or judgment in the captioned lawsuit, in accordance with the terms and conditions of Policy 46 SBA NS 1014;

4. Reimbursing Peacock Construction Company, Inc. the sum of $38,465.00 as costs of defending the lawsuit to date, plus 18% interest under art. 21.55 of the Texas Insurance Code beginning on the 30th day after April 10, 2003;

5. Reimbursing the sum of $12,500.00 as attorneys' fees necessarily incurred to investigate, evaluate, and make demand for Peacock Construction Company, Inc.'s claims against Hartford Lloyds as stated herein.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 7

Under Texas Insurance Code Article 21.21 § 16a, Hartford Lloyds must tender these sums within sixty (60) days of this letter, and agree to honor its ongoing obligations to Peacock. Peacock Construction Company, Inc. will then execute a mutually agreeable release in favor of Hartford Lloyds for the foregoing damages sustained to date.

Should Hartford Lloyds fail to do so, Peacock Construction Company, Inc. will institute suit against Hartford Lloyds and/or McQueary Henry Bowles Troy LLP for damages resulting from the foregoing breaches of Policy 46 SBA NS 1014 and Insurance Code violations. This lawsuit will also seek recovery of additional damages for Hartford Lloyds' knowing violations of the Insurance Code, of up to three times the actual damages sustained, as provided by art. 21.21 § 16(b)(1).

I await Hartford Lloyds' response to the foregoing offer. If none is timely received, suit will be commenced without further notice.

Sincerely,

Ruben R. Peña
Attorney for Peacock Construction and
Bill Peacock individually and Hal Wyrick, individually

CMT:mlb
1516/hartford.01
Encl:    Exhibits 1-3

cc:    Mr. Roger Reed
       Mr. Cary M. Toland/Charles Sweetman
       Mr. Bill Peacock
       Mr. Jim Mount
       Mr. Chris Golles

12/09/2003  17:28  4255683                    PEACOCK CONSTRUCTION



**PEACOCK**
**CONSTRUCTION**
C O M P A N Y    I N C

DATE:_____

EXHIBIT

"7"

DEAR SUBCONTRACTOR:

Attached are two Originals of your Subcontract Agreement with our company on the, Above Mentioned Project. Please read all articles and attachments thoroughly and return them to be signed by Mr. Peacock. Also note that a list of items are requested to be returned along with the signed Subcontracts. All paperwork **MUST BE RECEIVED BY OUR OFFICE _PRIOR_ TO STARTING ANY WORK!!**

Such as:

1) Worker's Compensation and General Liability insurance certificates. (Proof of insurance) If you do not have worker's compensation insurance we require that you fill out the attached TWCC-83 form, otherwise dispose of said form.

2) Please inform us if your company is incorporated. Furnish us with either your social security or federal tax ID number, also include your correct mailing address and phone number on the form enclosed.

3) As per plans and specifications you are requested to furnish us with **EIGHT (8)** submittals/ shop drawings/ color sample brochures/ etc. for the review and approval of the Architect. Required delivery date of your items submitted will be based upon Architect's return of submittals.

4) All draw requests are due in our office **ON OR BEFORE THE 25ᵗʰ OF EACH MONTH. NO EXCEPTIONS!!** They should be done on the attached Subcontractor's Application for Payment AGC form 610 and G-703-1983. (Make copies of this as needed) We require a breakdown of your monthly draw amount. Please breakdown labor and materials. If you do not include a breakdown with your subcontract, your *CHECKS WILL NOT BE RELEASED.*

GENERAL CONTRACTORS

P O Y 530008 • HARLINGEN, TEXAS 78553 • (956) 423-6733 • FAX: (956) 425-5683

12/09/2003  17:28     4255683                    PEACOCK CONSTRUCTION                    PAGE  03

5) Any draw request that includes stored materials must be accompanied by invoices for such material and evidence of insurance coverage for stored items, if stored at your location and not on the jobsite.

6) After you receive payment on your first draw request from our company, you must furnish our office with your supplier release forms stating prior months bills have been paid. This is to be done on a monthly basis.

7) Prior to completion of the project you must submit four copies of all warranties, guarantees, operation & maintenance manuals, start-up & testing reports for the contract closeout manuals. As-built drawings are required from all mechanical subcontractor's noting any changes done throughout the project. **Final retainage will not be paid until all items are received!!!**

8) We also require the name, address and phone number of the SUPPLIER YOU WILL USE FOR THIS PROJECT!!

WE MUST RECEIVE BOTH COPIES OF THE SIGNED SUBCONTRACTS WITHIN 10 BUSINESS DAYS OR THEY WILL BECOME *NULL AND VOID.*

ANY DRAWS NOT SUBMITTED IN THE SPECIFIED MANNER AND WITH MULTIPLE ERRORS WILL BE REJECTED NO QUESTIONS ASKED!

10/15/2003  08:46    4255683                    PEACOCK CONSTRUCTI

EXHIBIT
"2"
ALL-STATE LEGAL

HE INSURANCE CERTIFICATE FURNISHED TO US BY YOUR AGENT MUST MEET OR
URPASS THE LIMITS AS NOTED ON THIS SAMPLE. ALL WORDING SHALL APPLY

ORD. **CERTIFICATE OF LIABILITY INSURANCE**                    05/02/2002

Y AGENT USA
MPLE OF CERTIFICATE

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURERS AFFORDING COVERAGE**

PEACOCK CONSTRUCTION COMPANY
ATTN: MISSY PEACOCK
P. O. BOX 530098
HARLINGEN        TX    78553
956-423-6733

| | |
|---|---|
| INSURER A: | COMMERCIAL GENERAL LIABILITY INSURANCE COMPANY |
| INSURER B: | BUSINESS AUTOMOBILE POLICY |
| INSURER C: | COMMERCIAL UMBRELLA INSURANCE COMPANY |
| INSURER D: | WORKERS' COMPENSATION INSURANCE COMPANY |
| INSURER E: | |

ERAGES

OLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING
EQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR
ERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH
IES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | | |
|---|---|---|---|---|---|---|
| ERAL LIABILITY | | | | EACH OCCURRENCE | $ | 1,000,000.00 |
| COMMERCIAL GENERAL LIABILITY | | | | FIRE DAMAGE (Any one fire) | $ | 100,000.00 |
| AIMS MADE [X] OCCUR | XXXXXXXXXX | | | MED EXP (Any one person) | $ | 5,000.00 |
| | | | | PERSONAL & ADV INJURY | $ | 1,000,000.00 |
| | | | | GENERAL AGGREGATE | $ | 1,000,000.00 |
| 'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ | 1,000,000.00 |
| POLICY [X] PRO- JECT [ ] LOC | | | | | | |
| OMOBILE LIABILITY | | | | COMBINED SINGLE LIMIT (Ea accident) | $ | 1,000,000.00 |
| ANY AUTO | | | | | | |
| ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ | |
| SCHEDULED AUTOS | XXXXXXXXXX | | | | | |
| ED AUTOS | | | | BODILY INJURY (Per accident) | $ | |
| -OWNED AUTOS | | | | | | |
| | | | | PROPERTY DAMAGE (Per accident) | $ | |
| AGE LIABILITY | | | | AUTO ONLY - EA ACCIDENT | $ | |
| ANY AUTO | | | | OTHER THAN    EA ACC AUTO ONLY:    AGG | $ | |
| ESS LIABILITY | | | | EACH OCCURRENCE | $ | 1,000,000.00 |
| [ ] OCCUR [ ] CLAIMS MADE | XXXXXXX UMBRELLA FORM | | | AGGREGATE | $ | 1,000,000.00 |
| | | | | | $ | |
| DEDUCTIBLE | | | | | $ | |
| RETENTION  $ 10,000. | | | | | $ | |
| RKERS COMPENSATION AND 'LOYERS' LIABILITY | XXXXXXXXXX | | | WC STATU- [X] OTH- TORY LIMITS    ER | | |
| | | | | E.L. EACH ACCIDENT | $ | 1,000,000.00 |
| | | | | E.L. DISEASE - EA EMPLOYEE | $ | 1,000,000.00 |
| ER | | | | E.L. DISEASE - POLICY LIMIT | $ | 1,000,000.00 |

IION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

JECT NAME: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
VER OF SUBROGATION AND ADDITIONAL INSURED IN FAVOR OF          FAX: 956-425-5683 AND MAIL THE ORGINAL
TIFICATE HOLDER ON GENERAL LIABILITY.
VER OF SUBROGATION ON WORKERS' COMPENSATION.

| IFICATE HOLDER  [X] ADDITIONAL INSURED: INSURER LETTER: A | CANCELLATION |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC. ATTN: MISSY PEACOCK P. O. BOX 530098 HARLINGEN        TX    78553 956-423-6733 FAX: 956-425-5683 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |