COPY

# SUBCONTRACT AGREEMENT

This agreement made as of the 10th day of January in the year 2002:

BETWEEN the Contractor:  **PEACOCK CONSTRUCTION COMPANY, INC.**
P.O. Box 530098
Harlingen, Texas  78553

and the Subcontractor:  **SOUTH TEXAS MASONRY**
805 E. Business 83
Pharr, Texas  78577

The Project:  **LAS DUNAS CONDOMINIUMS**
4212 Gulf Boulevard
South Padre Island, Texas

The Owner:  **LAS DUNAS INC.**
4212 Gulf Boulevard
South Padre Island, Texas



*— Bartram 6*
*BtB 3-7-05*

The Architect:  **LABUNSKI ASSOCIATES**
1514 S. 77 Sunshine Strip Ste. 24
Harlingen, Texas 78550

---

The Contractor and Subcontractor agree as set forth below:

## ARTICLE 1 - The Contract Documents

1.1 The Contract Documents for this Subcontract consist of this Agreement and any Exhibits attached hereto, the Drawings, the specifications, all Addenda issued prior to and all Modifications issued after execution of the Agreement between the Owner and Contractor and agreed upon by the parties to this Subcontract. These form the Subcontract, and are a part of the Subcontract as if attached to this Agreement or repeated herein.

## ARTICLE 2 - The Work

2.1 The Subcontractor shall perform all the Work required by the Contract document for:
**MASONRY**
**STUCCO**
Note:  Delete all EIFS (except at mouldings as shown on plans)
Price includes Surewall/ Plaster Only



**EXHIBIT**
**4**
*Quinn*

## ARTICLE 3 - The Contract Sum

3.1 The Contractor shall pay the Subcontractor in current funds for the performance of the Work, subject to additions and deductions, the Contract sum of:

3.2 The Contract sum is determined as follows:  Per Revised Quotes Dated 12/10/01

## ARTICLE 4 - Progress Payments

4.1  The Contractor shall pay the Subcontractor monthly progress payments less any stated retainage.  10%

4.2  Applications for monthly progress payments shall be in writing, shall state the estimated percentage of the Work in this Subcontract that has been satisfactorily completed and shall be submitted to the *CONTRACTOR FOR APPROVAL ON OR BEFORE THE 25th DAY OF EACH MONTH.*

4.2.1  Draw Requests to Contractor shall be on an approved Draw Request Form with a complete cost breakdown satisfactory to Contractor and Owner. *NO DRAW REQUESTS WILL BE SUBMITTED FOR PAYMENT WITHOUT THE BREAKDOWN.*

4.3  Progress payments will be made to the Subcontractor within 7 days of receipt of funds from Owner to General Contractor.

4.4  No payment received by the Subcontractor shall be used to satisfy or secure any indebtedness other than one owed by the Subcontractor to a person furnishing labor or materials for use in performing Subcontractor's Work.

4.5  The Contractor shall have the right at all times to contact the Subcontractor's subcontractors and suppliers to ensure that the same are being paid by the Subcontractor for labor or materials furnished for use in performing the Subcontractor's Work.  The Contractor shall also have the right to issue joint checks to the Subcontractor and their Subcontractors and Suppliers.

4.6  When required by the Contractor, and as a prerequisite for payment, the Subcontractor shall provide, in a form satisfactory to the Owner and the Contractor, partial lien or claim waivers and affidavits from the Subcontractor and its subcontractors and suppliers for the completed Subcontractor's Work.  Such waivers may be made conditional upon payment.

4.7  *IN ORDER TO BE PAID FOR STORED MATERIAL,* Subcontractor must furnish to Contractor invoices and property insurance covering stored material at storage location. *THE INVOICES AND INSURANCE CERTIFICATES MUST ACCOMPANY THE MONTHLY APPLICATION FOR PAYMENT.* Only completely fabricated items will be considered as stored material (no components).  All materials stored by Subcontractor at the jobsite shall be the responsibility of the Subcontractor and shall be insured by same.  Joint checks may be required for payment.

4.8  Retainage 10%.

## ARTICLE 5 - Final Payment

5.1  Final payment, constituting the entire unpaid balance of the Contract Sum, shall be due when the Work described in this Subcontract is fully completed and performed and is satisfactory to the Architect, and shall be payable approximately 30 days after substantial completion of the Project, or at such time as the retainage is paid to the General Contractor.

5.2 Before issuance of the final payment, the Subcontractor, if required, shall submit evidence satisfactory to the Contractor that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Subcontractor's Work have been satisfied.

## ARTICLE 6 - Insurance

6.1 Prior to starting work, the Subcontractor shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor that the Subcontractor has complied with these requirements. Subcontractor's Insurance will be considered as Primary.

6.2 In the event the Subcontractor fails to obtain or maintain any insurance coverage required under this Agreement, the Contractor may purchase such coverage and charge the expense thereof to the Subcontractor.

6.3 Subcontractor agrees to indemnify, defend, and hold harmless the Contractor (or Owner or subcontractor, their affiliated entities, and employees and agents) from and against any and all losses, claims, suits, actions, demands, damages, fines, penalties, costs (including any and all related court costs and attorney's fees), liabilities or causes of action for bodily injury, death or property damage (including claims or causes of action for bodily injury or death to employees of the subcontractor who may or not be acting in the course and scope of their employment at the time of their bodily injury or death which occurs in connection with or involves in any manner subcontractor's or subcontractor's agents' employees', invitees', performance of work or service under this contract, regardless of whether or not such claims or alleged acts or omissions are caused in whole or in part (or are alleged to be caused in whole or in part) by any negligence on the part of the Contractor.

6.4 It is the specific intent of the parties to this contract that the subcontractor is agreeing to indemnify the Contractor for the effects of the General Contractor's its agents' and employees' own negligence or other wrongful conduct.

## ARTICLE 7 - Warranty

7.1 The Subcontractor warrants its work against all deficiencies and defects in materials and/or workmanship and as called for in the Contract Documents. If no guarantee or warranty is required of the Subcontractor in the Contract Documents, then the Subcontractor shall guarantee or warranty its work as described above for the period of one year from the date(s) of substantial completion of all or a designated portion of the Subcontractor's work or acceptance or use by the Contractor or Owner of designated equipment, whichever is sooner.

## ARTICLE 8 - Notice to Cure

8.1 If the Subcontractor refuses or fails to supply enough properly skilled workers, proper materials, or maintain the Schedule of Work, or it fails to make prompt payment for its workers, sub-contractors or suppliers, disregards laws, ordinances, rules, regulations or orders of any public authority having jurisdiction, or otherwise is guilty of a material breach

of a provision of this Agreement, and fails within three (3) working days after receipt of written notice to correct such default with diligence and promptness, then the Contractor, without prejudice to any rights or remedies, shall have the right to any or all of the following remedies:

(a) supply such number of workers and quantity or materials, equipment and other facilities as the Contractor deems necessary for the completion of the Subcontractor's Work, or any part thereof which the Subcontractor has failed to complete or perform after notice, and charge the cost thereof to the Subcontractor, who shall be liable for the payment of same including reasonable overhead, profit and attorney's fees;

(b) contract with one or more additional contractors to perform such part of the Subcontractor's Work as the Contractor shall determine will provide the most expeditious completion of the total Work and charge the cost thereof to the Subcontractor;

(c) withhold payment of any monies due the Subcontractor pending corrective action to the extent required by and to the satisfaction of the Contractor and;

(d) in the event of an emergency affecting the safety of persons or property, the Contractor may proceed as above without notice.

### ARTICLE 9 - Miscellaneous

9.1  Clean-up - At all times keep the building and premises free from debris and unsafe conditions resulting from the Subcontractor's Work. If the Subcontractor fails to remove their debris, the Contractor will do the clean up at the expense of the Subcontractor.

9.2  Pre-Construction Meeting - This is a mandatory meeting for all Subcontractors and major suppliers.

9.3  Job Progress Meetings - To be scheduled on a monthly basis. Attendance of the meetings is mandatory and shall be a prerequisite for approval of monthly draws.

9.4  Safety - Subcontractor is responsible for the safety of his/her personnel while on the jobsite. All OSHA regulations for safety to be strictly followed. (If discrepancies are found by supervisory management of Peacock Construction Co., Inc. or their consultants, written notice shall be given to cure. The subcontractor must immediately remove the hazard and has 3 calendar days to cure. If a subcontractor flagrantly disregards warnings and does not attempt cure, then they will be deemed in breach of contract. Necessary procedures to cure pertaining to breach of contract are in Article 8.) Any penalties due to violations shall be borne solely by the subcontractor. Safety meetings to be held regularly at the jobsite and attendance is mandatory.

This agreement is entered into as of the day and year first written above.

CONTRACTOR:                                      SUBCONTRACTOR:

_____                _____
PEACOCK CONSTRUCTION CO., INC.     SOUTH TEXAS MASONRY
William T. Peacock – President              Baldemar Salazar



**PEACOCK CONSTRUCTION**
COMPANY INC.

DATE:_____

DEAR SUBCONTRACTOR:

Attached are two Originals of your Subcontract Agreement with our company on the Above Mentioned Project. Please read all articles and attachments thoroughly and return them to be signed by Mr. Peacock. Also note that a list of items are requested to be returned along with the signed Subcontracts. All paperwork MUST BE RECEIVED BY OUR OFFICE *PRIOR* TO STARTING ANY WORK!!

Such as:

   1) Worker's Compensation and General Liability insurance certificates. (Proof of insurance) If you do not have worker's compensation insurance we require that you fill out the attached TWCC-83 form, otherwise dispose of said form.

   2) Please inform us if your company is incorporated. Furnish us with either your social security or federal tax ID number, also include your correct mailing address and phone number on the form enclosed.

   3) As per plans and specifications you are requested to furnish us with EIGHT (8) submittals/ shop drawings/ color sample brochures/ etc. for the review and approval of the Architect. Required delivery date of your items submitted will be based upon Architect's return of submittals.

   4) All draw requests are due in our office ON OR BEFORE THE 25th OF EACH MONTH. NO EXCEPTIONS!! They should be done on the attached Subcontractor's Application for Payment AGC form 610 and G 703-1983. (Make copies of this as needed) We require a breakdown of your monthly draw amount. Please breakdown labor and materials. If you do not include a breakdown with your subcontract, your *CHECKS WILL NOT BE RELEASED.*

GENERAL CONTRACTORS



EXHIBIT
5
Quinn

5) Any draw request that includes stored materials must be accompanied by invoices for such material and evidence of insurance coverage for stored items, if stored at your location and not on the jobsite.

6) After you receive payment on your first draw request from our company, you must furnish our office with your supplier release forms stating prior months bills have been paid. This is to be done on a monthly basis.

7) Prior to completion of the project you must submit four copies of all warranties, guarantees, operation & maintenance manuals, start-up & testing reports for the contract closeout manuals. As-built drawings are required from all mechanical subcontractor's noting any changes done throughout the project. Final retainage will not be paid until all items are received!!!

8) We also require the name, address and phone number of the SUPPLIER YOU WILL USE FOR THIS PROJECT!!

WE MUST RECEIVE BOTH COPIES OF THE SIGNED SUBCONTRACTS WITHIN 10 BUSINESS DAYS OR THEY WILL BECOME *NULL AND VOID.*

ANY DRAWS NOT SUBMITTED IN THE SPECIFIED MANNER AND WITH MULTIPLE ERRORS WILL BE REJECTED NO QUESTIONS ASKED!

INSURANCE CERTIFICATE FURNISHED TO US BY YOUR AGENT MUST MEET OR
ASS THE LIMITS AS NOTED ON THIS SAMPLE. ALL WORDING SHALL APPLY .

## RD. CERTIFICATE OF LIABILITY INSURANCE

05/02/2002

| | | |
|---|---|---|
| XT USA<br>OF CERTIFICATE | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
| | INSURERS AFFORDING COVERAGE | |
| PEACOCK CONSTRUCTION COMPANY<br>ATTN: MISSY PEACOCK<br>P. O. BOX 530098<br>HARLINGEN    TX   78553<br>956-423-6733 | INSURER A: COMMERCIAL GENERAL LIABILITY INSURANCE COMPANY | |
| | INSURER B: BUSINESS AUTOMOBILE POLICY | |
| | INSURER C: COMMERCIAL UMBRELLA INSURANCE COMPANY | |
| | INSURER D: WORKERS' COMPENSATION INSURANCE COMPANY | |
| | INSURER E: | |

S

ES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING
REMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR
IN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH
AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| YPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | | |
|---|---|---|---|---|---|---|
| LIABILITY | | | | EACH OCCURRENCE | $ | 1,000,000.00 |
| MERCIAL GENERAL LIABILITY | | | | FIRE DAMAGE (Any one fire) | $ | 100,000.00 |
| AIMS MADE [X] OCCUR | XXXXXXXXXX | | | MED EXP (Any one person) | $ | 5,000.00 |
| | | | | PERSONAL & ADV INJURY | $ | 1,000,000.00 |
| | | | | GENERAL AGGREGATE | $ | 1,000,000.00 |
| GREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ | 1,000,000.00 |
| Y [X] PRO-<br>JECT [ ] LOC | | | | | | |
| ILE LIABILITY | | | | COMBINED SINGLE LIMIT (Ea accident) | $ | 1,000,000.00 |
| AUTO | | | | | | |
| WNED AUTOS | | | | BODILY INJURY (Per person) | $ | |
| DULED AUTOS | XXXXXXXXXX | | | | | |
| AUTOS | | | | BODILY INJURY (Per accident) | $ | |
| OWNED AUTOS | | | | | | |
| | | | | PROPERTY DAMAGE (Per accident) | $ | |
| ABILITY | | | | AUTO ONLY - EA ACCIDENT | $ | |
| AUTO | | | | OTHER THAN    EA ACC<br>AUTO ONLY:        AGG | $ | |
| ABILITY | | | | EACH OCCURRENCE | $ | 1,000,000.00 |
| [ ] CLAIMS MADE | XXXXXX UMBRELLA FORM | | | AGGREGATE | $ | 1,000,000.00 |
| | | | | | $ | |
| CTIBLE | | | | | $ | |
| NTION:    $ 10,000. | | | | | $ | |
| COMPENSATION AND<br>RS' LIABILITY | XXXXXXXXXX | | | WC STATU- [X] OTH-<br>TORY LIMITS    ER | | |
| | | | | EL EACH ACCIDENT | $ | 1,000,000.00 |
| | | | | EL DISEASE - EA EMPLOYEE | $ | 1,000,000.00 |
| | | | | EL DISEASE - POLICY LIMIT | $ | 1,000,000.00 |

' OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

NAME: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
OF SUBROGATION AND ADDITIONAL INSURED IN FAVOR OF      FAX: 956-425-5683 AND MAIL THE ORIGINAL.
CATE HOLDER ON GENERAL LIABILITY.
OF SUBROGATION ON WORKERS' COMPENSATION.

| E HOLDER    [X] ADDITIONAL INSURED; INSURER LETTER: A | CANCELLATION |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC.<br>ATTN: MISSY PEACOCK<br>P. O. BOX 530098<br>HARLINGEN    TX   78553<br>956-423-6733 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE |

TEXAS WORKERS' COMPENSATION COMMISSION
Southfield Building 4000 South IH-35
Austin, Texas 78704

are not certain whether all parties meet the requirements for entering into this agreement, you may wish to consult an attorney.

Workers' Compensation Act, Texas Labor Code, Section 406.141(2) defines "independent contractor" as follows: (2) "Independent contractor" means a person who (A) to perform work or provide a service for the benefit of another and who; (A) is paid by the job, not by the hour or some other time-measured basis; (B) is free to hire as helpers as he desires and to determine what each helper will be paid; and (C) is free to work for other contractors, or to send helpers to work for other contractors, while subject to the hiring employer.

## CHECK ☐ BOX OF STATEMENT THAT APPLIES

### JOINT AGREEMENT TO AFFIRM INDEPENDENT RELATIONSHIP FOR CERTAIN BUILDING AND CONSTRUCTION WORKERS

#### Notice of Declaration

The undersigned Hiring Contractor and the undersigned Independent-Contractor declare that the Independent Contractor meets the qualifications of an independent Contractor under Texas Workers' Compensation Act, Texas Labor Section 406.141, that the Independent Contractor is not an employee of the Contractor, and that

the Independent Contractor and the Independent Contractor's employees will not be entitled to workers' compensation coverage from the Hiring Contractor; and

the Hiring Contractor's workers' compensation insurance carrier shall not require premiums to be paid by the Hiring Contractor for coverage of the Independent Contractor or the Independent Contractor's employees, helpers, or subcontractors.

DECLARATION TAKES EFFECT UPON RECEIPT BY THE TEXAS WORKERS' COMPENSATION COMMISSION. THIS DECLARATION APPLIES TO ALL HIRING AGREEMENTS EXECUTED BY THE HIRING CONTRACTOR AND THE INDEPENDENT CONTRACTOR DURING THE YEAR AFTER THIS DECLARATION IS MADE, UNLESS A SUBSEQUENT HIRING AGREEMENT IS MADE TO WHICH THE DECLARATION DOES NOT APPLY. IN THE EVENT THAT A HIRING AGREEMENT TO WHICH THIS DECLARATION DOES NOT APPLY IS MADE, THE HIRING CONTRACTOR AND INDEPENDENT CONTRACTOR SHALL SO NOTIFY THE TEXAS WORKERS' COMPENSATION COMMISSION AND THE HIRING CONTRACTOR'S WORKERS' COMPENSATION INSURANCE CARRIER (IF ANY) IN WRITING WITHIN 10 DAYS AFTER THE NON-APPLYING AGREEMENT IS MADE. ONCE THIS AGREEMENT IS SIGNED, THE SUBCONTRACTOR AND THE SUBCONTRACTOR'S EMPLOYEES SHALL NOT BE ENTITLED TO WORKERS' COMPENSATION COVERAGE FROM THE HIRING CONTRACTOR UNLESS A SUBSEQUENT WRITTEN AGREEMENT IS EXECUTED, AND FILED ACCORDING TO COMMISSION RULES, EXPRESSLY STATING THAT THIS AGREEMENT DOES NOT APPLY.

### ☐ AGREEMENT TO ESTABLISH EMPLOYER-EMPLOYEE RELATIONSHIP FOR CERTAIN BUILDING AND CONSTRUCTION WORKERS

#### Notice of Agreement

The undersigned Hiring Contractor and the undersigned Independent Contractor hereby agree that the Hiring Contractor ☐ will withhold ☐ will not withhold the cost of workers' compensation insurance coverage from the Independent Contractor's contract price and that the Hiring Contractor will purchase workers' compensation insurance coverage for the Independent Contractor and the Independent Contractor's employees. Once this agreement is signed, for the purpose of providing workers' compensation insurance coverage, the Hiring Contractor will be the employer of the Independent Contractor and the Independent Contractor's employees. This agreement makes the Hiring Contractor the employer of the Independent Contractor and the Independent Contractor's employees only for the purposes of workers' compensation laws of Texas and for no other purpose.

TERM (DATES) OF AGREEMENT:     FROM: _____

     TO: _____

LOCATION OF EACH AFFECTED JOB SITE (OR STATE WHETHER THIS IS A BLANKET AGREEMENT):

_____

_____

_____

ESTIMATED NUMBER OF EMPLOYEES AFFECTED: _____

THIS AGREEMENT SHALL TAKE EFFECT NO SOONER THAN THE DATE IT IS SIGNED.

### Hiring Contractor's Affirmation

Hiring Contractor's workers' compensation carrier change
: the effective period of coverage, it is advisable for the Hiring Contractor
this form with the new insurance carrier,

1-74-1901518-9
Federal Tax I.D. Number

P. O. BOX 530098
Address (Street)

_____     _____
ure of Hiring Contractor          Date

HARLINGEN, TEXAS   78553
Address (City, State, Zip)

COCK CONSTRUCTION CO., INC.
I Name of the Hiring Contractor

or SS# IF SOLE PROPRIETOR

### Independent Contractor's Affirmation

Federal Tax I.D. Number

_____     _____
ure of Independent Contractor      Date

Address (Street)

I Name of the Independent Contractor

Address (City, State, Zip)

opies of this form must be completed: This agreement must be filed by the Hiring Contractor with both the Texas Workers' Compensation Commission and the workers' nation insurance carrier of the Hiring Contractor within 10 days of the date of execution. The original must be filed with the Commission. The agreement must be filed PERSONAL DELIVERY OR REGISTERED OR CERTIFIED MAIL. Both the Hiring Contractor and the Independent Contractor must also retain a copy of the agreement.

PEACOCK CONSTRUCTION CO., INC.
TEXAS MUTUAL INSURANCE CO.



*Law Offices*
*of*

## Rubén R. Peña P.C.



February 24, 2004

— bartram    14
GHS    3-7-05

Hartford Lloyds Insurance Company
c/o Ms. Nancy Kaechler
Claims Service Consultant
785 Greens Parkway, Suite 210
Houston Texas  77067

*Via Facsimile (860) 756-8596*
*and CMRRR #7003 0500 0002 3840 1359*

Re:  Named Insured:      South Texas Masonry / Baldemar Salazar
     Additional Insured: Peacock Construction Company, Inc.
     Claimant:           Survivors of Jose Guadalupe Salazar / Remedios Corral
     D/L:                October 23, 2002
     Policy:             46 SBA NS 1014
     Yr Ref:             YBG LP 40689

No. 2002-11-4371- G; *Angelica Salazar et al. vs. Peacock Construction Company et al. v. South Texas Masonry*; in the 404th Judicial District Court of Cameron County, Texas

Dear Ms. Kaechler:

Our firm represents Peacock Construction Company, Inc., an additional insured on Policy No. 46 SBA NS 1014 which Hartford Lloyds Insurance Company issued to named insured South Texas Masonry. All subsequent communications regarding coverage under Policy No. 46 SBA NS 1014 should be directed to our firm.

This letter shall constitute Peacock Construction Company, Inc.'s notice to Hartford Lloyds that its denial of coverage for the captioned lawsuit violates its contractual duties under Policy No. 46 SBA NS 1014, and places Hartford Lloyds in violation of the Texas Insurance Code's provisions against unfair claims settlement practices and misrepresentations of insurance policies. Should Hartford Lloyds fail to resolve Peacock Construction Company, Inc.'s claims as set forth herein within 60 days, Peacock Construction Company, Inc. will file suit against Hartford Lloyds to recover all actual damages, attorneys' fees, interest, and additional damages to which it may be entitled.

### Background

As you are aware, Hartford Lloyds Insurance Company issued Policy No. 46 SBA NS 1014 to named insured South Texas Masonry for 12 months effective December 1, 2001. The Hartford Lloyds policy was specifically designed and marketed by Hartford Lloyds to permit policyholders such as South Texas Masonry to name their customers, vendors, lessors, etc. as additional insureds. Therefore, its definition of the term "insured" extends to:

*222 W. Harrison  Harlingen, TX 78550  P.O. Box 530160*
*(956) 412-8200  1-800-807-1879  Fax (956) 412-8282  Riolaw1@aol.com*
*TX 78520 (956) 544-6000  Riolaw2@aol.com*

RECEIVED
FEB 2 6 2004

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 2

> f. Additional Insureds by Contract, Agreement or Permit
>
> Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you.

South Texas Masonry had been performing subcontracted masonry and other construction work for our client, Peacock Construction Company, Inc. prior to the time that the Hartford Lloyds policy took effect. Before Peacock Construction Company, Inc. allowed South Texas Masonry to perform any work on the first project, it required South Texas Masonry to furnish a certificate of insurance reflecting that Peacock Construction Company, Inc. was an additional insured on South Texas Masonry's liability insurance policy. South Texas Masonry's insurance agent, McQueary Henry Bowles Troy LLP, issued certificates of insurance to Peacock Construction Company, Inc. stating that it was an additional insured on South Texas Masonry's liability insurance policy.

### Peacock/ South Texas Masonry Subcontract Agreement

In January 2002, Peacock and South Texas Masonry entered into a second Subcontract Agreement. That Agreement contains the following provisions dealing with insurance coverage:

The Contractor and Subcontractor agree as set forth below:

### ARTICLE 1 – The Contract Documents

1.1  The Contract Documents for this Subcontract consist of this Agreement and any Exhibits attached hereto, the Drawings, the specifications, all Addenda issued prior to and all Modifications issued after execution of the Agreement between the Owner and Contractor and agreed upon by the parties to this Subcontract. These form the Subcontract, and are a part of the Subcontract as if attached to this Agreement or repeated herein.

### ARTICLE 6 – Insurance

6.1  Prior to starting work, the Subcontractor [South Texas Masonry] shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor [Peacock] that the Subcontractor has complied with these requirements. Subcontractor's Insurance will be considered as Primary.

6.2   In the event the Subcontractor fails to obtain or maintain any insurance coverage required under this Agreement, the Contractor may purchase such coverage and charge the expense thereof to the Subcontractor.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 3

The Contract Documents referenced in Paragraph 1.1 of the Agreement require South Texas Masonry to procure general liability insurance covering Peacock Construction. Specifically, the transmittal letter that Peacock sent to South Texas Masonry and all subcontractors retained on the Las Dunas Project states:

DEAR SUBCONTRACTOR:

Attached are two originals of your Subcontract Agreement with our company on the Above Mentioned Project. Please read all articles and attachments thoroughly and return them to be signed by Mr. Peacock. Also note that a list of items are requested to be returned along with the signed Subcontracts. All paperwork MUST BE RECEIVED BY OUR OFFICE PRIOR TO STARTING ANY WORK!!

Such as:

1) Workers Compensation and General Liability Insurance Certificates (Proof of insurance) ....

See Transmittal Letter, attached hereto as Exhibit "1". Mr. Peacock has testified to these requirements (in response to questions that Hartford's appointed attorney asked him). Peacock also sent South Texas Masonry a "Sample" certificate of insurance, attached as Exhibit "2", setting out the types, amounts, and extensions of liability insurance that Peacock required all subcontractors to carry as a condition of entering into the Subcontract Agreement and performing any work. These documents establish an agreement between Peacock and South Texas Masonry under which South Texas Masonry would name Peacock as an additional insured on its liability policies, and secure a certificate of insurance affirmatively stating that Peacock was an additional insured. That is why South Texas Masonry caused Hartford Lloyds' local recording agent, McQueary Henry Bowles Troy LLP, to issue a Certificate of Insurance stating that Peacock is an additional insured on the policy that Hartford Lloyds issued to South Texas Masonry (Exhibit "3" hereto). In accordance with Peacock's requirement, this Certificate was attached to the signed Subcontract Agreement that South Texas Masonry sent back to Peacock in January 2002, and was one of the Contract Documents for the project.

## Hartford Lloyds' Denial of Coverage

Your denial of coverage letter states that "Peacock will not qualify as an additional insured under South Texas Masonry's policy as additional insured status is not specified in the contract." This statement ignores the fact that the contract between South Texas Masonry and Peacock includes not only the Subcontract Agreement itself, but also the parties' verbal agreements, course of dealings, and other documents exchanged between them. The Subcontract Agreement

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 4

specifically refers to the fact that other documents will be deemed to constitute part of the parties' agreement, and does not have any effect upon the parties' other agreements (whether written or not) pertaining to the Las Dunas project. Hartford Lloyds' statement is also based upon an overly restrictive reading of the language that Hartford Lloyds chose to put in the Business Spectrum policy. The provision states that coverage is extended to:

> Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form

This language merely requires that South Texas Masonry agree to provide Peacock the type of insurance afforded under the policy, and do so because of: 1) a written contract; 2) an agreement; or a permit. The provision does not even require that the agreement to provide insurance itself be in writing, nor that it be within the same written document. It merely that South Texas Masonry make the agree "because of" the written agreement. That is exactly what South Texas Masonry did here – it agreed to provide the additional insurance to Peacock because of the written Subcontract Agreement, other contract documents, and the understanding with Peacock that it was required to do so before commencing work. Why else did Hartford Lloyds' local recording agent, McQueary Henry Bowles Troy LLP, issue the Certificate of Insurance stating that Peacock is an additional insured on the policy? Keep in mind that this language will necessarily be construed against Hartford Lloyds, and in favor of Peacock, in a manner that broadens rather than restricts coverage.

## Peacock Construction Company, Inc.'s Position

It is quite clear that the agreement between Peacock and South Texas Masonry required South Texas Masonry to name Peacock as an additional insured on its liability policies, and provide a certificate of insurance confirming this fact before Peacock allowed it to begin work. This agreement is established by:

- the course of dealings between South Texas Masonry and Peacock under which South Texas Masonry named Peacock as an additional insured on at least one previous project;

- the Certificate of Insurance that Hartford Lloyds' local recording agent issued, stating that Peacock is an additional insured on the Hartford Lloyds policy; and

- the uncontroverted testimony of Mr. Peacock in his deposition.

In Texas, an agreement that requires one party to name another as an additional insured on its liability insurance policy is plainly enforceable. *Getty Oil Company v. Insurance Company of North America*, 845 S.W.2d 794, 806 (Tex. 1992). Since South Texas Masonry did agree to name Peacock as an additional insured on the Hartford Lloyds policy, and a Hartford Lloyds agent with binding authority certified to that fact, Hartford Lloyds must acknowledge Peacock's status as an

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 5

additional insured and must provide the insurance specified in the Policy. It is Peacock's position
that

- the Hartford Lloyds policy's coverage provisions apply to the damages that Plaintiffs
  are seeking from Peacock in the captioned lawsuit, and none of the exclusions
  apply to such damages; and

- the Peacock/South Texas Masonry Subcontract Agreement expressly states that
  South Texas Masonry's insurance "will be considered as primary", triggering Section
  D(7)'s "other insurance" provision of the Hartford Lloyds policy — making the
  Hartford Lloyds policy primary to any and all insurance that Peacock purchased for
  its own account.

Simply put, Hartford Lloyds is in breach of the duties plainly imposed by the Business Spectrum
policy to investigate Peacock's claim in good faith and to provide a defense to Peacock against the
lawsuit. Hartford Lloyds has also committed an anticipatory breach of its duty to indemnify Peacock
against any settlement or judgment in this lawsuit.

### Hartford Lloyds' Violations Of The Texas Insurance Code

It is Peacock Construction Company, Inc.'s position that Hartford Lloyds' failure to provide
the general liability insurance coverage to Peacock (as represented in the Certificate of Insurance
issued by its duly appointed local recording agent, McQueary Henry Bowles Troy LLP) is the result
of unfair and deceptive acts and practices in the business of insurance in violation of Texas
Insurance Code Article 21.21 §10 (which prohibits unfair claim settlement practices). Specifically,
the denial of coverage letters issued on behalf of Hartford Lloyds violate Texas Insurance Code art.
21.21 § 10, in that they

1. Misrepresent to Peacock Construction Company, Inc. material facts and/or policy
   provisions relating to coverage at issue;

2. Fail to promptly provide Peacock Construction Company, Inc. a reasonable
   explanation of the basis in the policy, in relation to the facts or applicable law, for
   Hartford Lloyds' denial of the claim; and

3. Refuse to pay Peacock Construction Company, Inc.'s claim without conducting a
   reasonable investigation with respect to the claim.

Hartford Lloyds' violations of the foregoing provisions of Texas Insurance Code Article 21.21 §10
are a producing cause of damages to Peacock Construction Company, Inc. as set forth below.

In the alternative, and if Hartford Lloyds persists in denying coverage, it is Peacock
Construction Company, Inc.'s position that since the Certificate of Insurance was issued by a duly
appointed local recording agent of Hartford Lloyds (McQueary Henry Bowles Troy LLP), the
Certificate and the representations contained therein were and are binding upon Hartford Lloyds.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 6

Hartford Lloyds has also ratified the representations made to Peacock in the Certificate of Insurance as it has now been aware of them for many months. Since Hartford Lloyds has denied that it owes the coverage promised to Peacock in the Certificate of Insurance, the Certificate of Insurance constitutes a misrepresentation of the terms and provisions of the Hartford Lloyds policy. Hartford Lloyds' failure to provide the coverage as represented by the Certificate of Insurance constitutes an unfair and deceptive act and practice in the business of insurance, in violation of Texas Insurance Code Article 21.21 §4 (which prohibits making any statements representing the terms of any policy issued or to be issued). Hartford Lloyds' violations of these provisions are a producing cause of damages to Peacock Construction Company, Inc. as set forth below.

### Peacock's Damages

As a direct result of Hartford Lloyds' engaging in the foregoing unfair and deceptive acts in the business of insurance, and misrepresenting the terms of Policy 46 SBA NS 1014, Peacock Construction Company, Inc. has sustained actual damages that include all defense costs incurred after the date that Hartford Lloyds first received notice of this lawsuit, and attorneys' fees to investigate and prosecute this demand for coverage from Hartford Lloyds. These actual damages, expenses, and attorneys' fees will increase in the future if Peacock Construction Company, Inc.'s claims are not resolved as set forth herein.

### Demand And Offer Of Settlement

This letter shall constitute Peacock Construction Company, Inc.'s demand, and offer of settlement, to Hartford Lloyds pursuant to Article 21.21 § 16 of the Texas Insurance Code. Hartford Lloyds may resolve Peacock Construction Company, Inc.'s claims by:

1. Rescinding the denial of coverage letter dated April 3, 2003;

2. Agreeing to either appoint defense counsel for Peacock Construction Company, Inc. in the captioned lawsuit, or to begin paying the fees generated and expenses incurred by this firm as Peacock Construction Company, Inc.'s counsel;

3. Agreeing to indemnify Peacock Construction Company, Inc. against any settlement or judgment in the captioned lawsuit, in accordance with the terms and conditions of Policy 46 SBA NS 1014;

4. Reimbursing Peacock Construction Company, Inc. the sum of $38,465.00 as costs of defending the lawsuit to date, plus 18% interest under art. 21.55 of the Texas Insurance Code beginning on the 30th day after April 10, 2003;

5. Reimbursing the sum of $12,500.00 as attorneys' fees necessarily incurred to investigate, evaluate, and make demand for Peacock Construction Company, Inc.'s claims against Hartford Lloyds as stated herein.

Hartford Lloyds Insurance Company
Policy No. 46 SBA NS 1014
February 24, 2004
Page 7

Under Texas Insurance Code Article 21.21 § 16a, Hartford Lloyds must tender these sums within sixty (60) days of this letter, and agree to honor its ongoing obligations to Peacock. Peacock Construction Company, Inc. will then execute a mutually agreeable release in favor of Hartford Lloyds for the foregoing damages sustained to date.

Should Hartford Lloyds fail to do so, Peacock Construction Company, Inc. will institute suit against Hartford Lloyds and/or McQueary Henry Bowles Troy LLP for damages resulting from the foregoing breaches of Policy 46 SBA NS 1014 and Insurance Code violations. This lawsuit will also seek recovery of additional damages for Hartford Lloyds' knowing violations of the Insurance Code, of up to three times the actual damages sustained, as provided by art. 21.21 § 16(b)(1).

I await Hartford Lloyds' response to the foregoing offer. If none is timely received, suit will be commenced without further notice.

Sincerely,

Ruben R. Peña
Attorney for Peacock Construction and
Bill Peacock individually and Hal Wyrick, individually

CMT:mib
1516/hartford.01
Encl:    Exhibits 1-3

cc:    Mr. Roger Reed
       Mr. Cary M. Toland/Charles Sweetman
       Mr. Bill Peacock
       Mr. Jim Mount
       Mr. Chris Golles

12/05/2003  17:28   4255683                                   PEACOCK CONSTRUCTION





DATE:_____

**PEACOCK CONSTRUCTION**
C O M P A N Y  I N C.

DEAR SUBCONTRACTOR:

Attached are two Originals of your Subcontract Agreement with our company on the
Above Mentioned Project. Please read all articles and attachments thoroughly and return
them to be signed by Mr. Peacock. Also note that a list of items are requested to be
returned along with the signed Subcontracts. All paperwork MUST BE RECEIVED
BY OUR OFFICE *PRIOR* TO STARTING ANY WORK!!

Such as:

1) Worker's Compensation and General Liability insurance certificates. (Proof of
insurance) If you do not have worker's compensation insurance we require that
you fill out the attached TWCC-83 form, otherwise dispose of said form.

2) Please inform us if your company is incorporated.  Furnish us with
either your social security or federal tax ID number, also include your
correct mailing address and phone number on the form enclosed.

3) As per plans and specifications you are requested to furnish us with
EIGHT (8) submittals/ shop drawings/ color sample brochures/ etc. for
the review and approval of the Architect. Required delivery date of your
items submitted will be based upon Architect's return of submittals.

4) All draw requests are due in our office ON OR BEFORE THE 25th
OF EACH MONTH. NO EXCEPTIONS!! They should be done on the
attached Subcontractor's Application for Payment AGC form 610 and G-
703-1983. (Make copies of this as needed)  We require a breakdown of
your monthly draw amount. Please breakdown labor and materials. If you
do not include a breakdown with your subcontract, your *CHECKS WILL
NOT BE RELEASED.*

GENERAL CONTRACTORS

- - POY 530008 • HARLINGEN, TEXAS 78553 • (956) 423-6733 • FAX: (956) 425-5683

5) Any draw request that includes stored materials must be accompanied by invoices for such material and evidence of insurance coverage for stored items, if stored at your location and not on the jobsite.

6) After you receive payment on your first draw request from our company, you must furnish our office with your supplier release forms stating prior months bills have been paid.  This is to be done on a monthly basis.

7) Prior to completion of the project you must submit four copies of all warranties, guarantees, operation & maintenance manuals, start-up & testing reports for the contract closeout manuals.  As-built drawings are required from all mechanical subcontractor's noting any changes done throughout the project.  Final retainage will not be paid until all items are received!!!

8) We also require the name, address and phone number of the SUPPLIER YOU WILL USE FOR THIS PROJECT!!

WE MUST RECEIVE BOTH COPIES OF THE SIGNED SUBCONTRACTS WITHIN 10 BUSINESS DAYS OR THEY WILL BECOME NULL AND VOID.

ANY DRAWS NOT SUBMITTED IN THE SPECIFIED MANNER AND WITH MULTIPLE ERRORS WILL BE REJECTED NO QUESTIONS ASKED!

.0/15/2003  08:46    4255683                                    PEACOCK CONSTRUCTI

**EXHIBIT**
"2"

ALL-STATE LEGAL®

.E. INSURANCE CERTIFICATE FURNISHED TO US BY YOUR AGENT MUST MEET OR
RPASS THE LIMITS AS NOTED ON THIS SAMPLE. ALL WORDING SHALL APPLY

## CORD    CERTIFICATE OF LIABILITY INSURANCE

05/02/2002

| | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

:R
Y AGENT USA
PLE OF CERTIFICATE

**INSURERS AFFORDING COVERAGE**

| PEACOCK CONSTRUCTION COMPANY ATTN: MISSY PEACOCK P. O. BOX 530098 HARLINGEN       TX    78553 956-423-6733 | INSURER A: COMMERCIAL GENERAL LIABILITY INSURANCE COMPANY |
|---|---|
| | INSURER B: BUSINESS AUTOMOBILE POLICY |
| | INSURER C: COMMERCIAL UMBRELLA INSURANCE COMPANY |
| | INSURER D: WORKERS' COMPENSATION INSURANCE COMPANY |
| | INSURER E: |

AGES

OLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING
EQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR
ERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH
ES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|
| **ERAL LIABILITY** | | | | EACH OCCURRENCE | $  1,000,000.00 |
| COMMERCIAL GENERAL LIABILITY | XXXXXXXXX | | | FIRE DAMAGE (Any one fire) | $    100,000.00 |
| AIMS MADE [ I ] OCCUR | | | | MED EXP (Any one person) | $      5,000.00 |
| | | | | PERSONAL & ADV INJURY | $  1,000,000.00 |
| | | | | GENERAL AGGREGATE | $  1,000,000.00 |
| 'L AGGREGATE LIMIT APPLIES PER: POLICY [ X ] PRO-JECT [ ] LOC | | | | PRODUCTS - COMP/OP AGG | $  1,000,000.00 |
| **MOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $  1,000,000.00 |
| ANY AUTO | | | | | |
| ALL OWNED AUTOS | XXXXXXXXX | | | BODILY INJURY (Per person) | $ |
| SCHEDULED AUTOS | | | | | |
| HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| NON-OWNED AUTOS | | | | | |
| | | | | PROPERTY DAMAGE (Per accident) | $ |
| **AGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| ANY AUTO | | | | OTHER THAN   EA ACC AUTO ONLY:       AGG | $ |
| **ESS LIABILITY** | | | | EACH OCCURRENCE | $  1,000,000.00 |
| ~~~ [ ] CLAIMS MADE | XXXXXX UMBRELLA FORM | | | AGGREGATE | $  1,000,000.00 |
| | | | | | $ |
| DEDUCTIBLE | | | | | $ |
| RETENTION  $ 10,000. | | | | | |
| KERS COMPENSATION AND OYERS' LIABILITY | XXXXXXXXXXX | | | WC STATU-[ X ]OTH-TORY LIMITS          ER | |
| | | | | E.L. EACH ACCIDENT | $  1,000,000.00 |
| | | | | E.L. DISEASE - EA EMPLOYEE | $  1,000,000.00 |
| | | | | E.L. DISEASE - POLICY LIMIT | $  1,000,000.00 |
| :R | | | | | |

ON OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

JECT NAME: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
VER OF SUBROGATION AND ADDITIONAL INSURED IN FAVOR OF        FAX: 956-425-5683 AND MAIL THE ORGINAL.
TIFICATE HOLDER ON GENERAL LIABILITY.
VER OF SUBROGATION ON WORKERS' COMPENSATION.

| CATE HOLDER  [ X ] ADDITIONAL INSURED: INSURER LETTER: A | CANCELLATION |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC. ATTN: MISSY PEACOCK P. O. BOX 530098 HARLINGEN       TX    78553 956-423-6733 FAX: 956-425-5683 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |

10/16/2003  08:46  4255683                    PEACOCK CONSTRUCTION                    PAGE  82

THE INSURANCE CERTIFICATE FURNISHED TO US BY YOUR AGE... MUST MEET OR
SURPASS THE LIMITS AS NOTED ON THIS SAMPLE. ALL WORDING SHALL APPLY.

## ACORD. CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YY) |
|---|---|
| | 05/02/2002 |

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION |
|---|---|
| ANY AGENT USA | ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE |
| SAMPLE OF CERTIFICATE | HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

**INSURERS AFFORDING COVERAGE**

| INSURED | |
|---|---|
| PEACOCK CONSTRUCTION COMPANY | INSURER A: COMMERCIAL GENERAL LIABILITY INSURANCE COMPANY |
| ATTN: MISSY PEACOCK | INSURER B: BUSINESS AUTOMOBILE POLICY |
| P. O. BOX 530098 | INSURER C: COMMERCIAL UMBRELLA INSURANCE COMPANY |
| HARLINGEN     TX    78553 | INSURER D: WORKERS COMPENSATION INSURANCE COMPANY |
| 956-423-6733 | INSURER E: |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ 1,000,000.00 |
| | X COMMERCIAL GENERAL LIABILITY | | | | FIRE DAMAGE (Any one fire) | $ 100,000.00 |
| | CLAIMS MADE  X  OCCUR | XXXXXXXXXX | | | MED EXP (Any one person) | $ 5,000.00 |
| | | | | | PERSONAL & ADV INJURY | $ 1,000,000.00 |
| | | | | | GENERAL AGGREGATE | $ 1,000,000.00 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000.00 |
| | POLICY  X  PRO-JECT  LOC | | | | | |
| B | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000.00 |
| | ANY AUTO | | | | | |
| | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | X SCHEDULED AUTOS | XXXXXXXXXX | | | | |
| | X HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | X NON-OWNED AUTOS | | | | | |
| | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | ANY AUTO | | | | OTHER THAN  EA ACC | $ |
| | | | | | AUTO ONLY:  AGG | $ |
| C | **EXCESS LIABILITY** | | | | EACH OCCURRENCE | $ 1,000,000.00 |
| | X OCCUR  CLAIMS MADE | XXXXXXX UMBRELLA FORM | | | AGGREGATE | $ 1,000,000.00 |
| | | | | | | $ |
| | X DEDUCTIBLE | | | | | $ |
| | X RETENTION  $ 10,000. | | | | | $ |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | XXXXXXXXXX | | | WC STATU-TORY LIMITS  X  OTH-ER | |
| | | | | | E.L. EACH ACCIDENT | $ 1,000,000.00 |
| | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000.00 |
| | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000.00 |
| | OTHER | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS
PROJECT NAME: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
WAIVER OF SUBROGATION AND ADDITIONAL INSURED IN FAVOR OF          FAX: 956-425-5683 AND MAIL THE ORGINAL.
CERTIFICATE HOLDER ON GENERAL LIABILITY.
WAIVER OF SUBROGATION ON WORKERS' COMPENSATION.

01137

EXHIBIT

| CERTIFICATE HOLDER   X ADDITIONAL INSURED; INSURER LETTER: A | CANCELLATION |
|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC. ATTN: MISSY PEACOCK P. O. BOX 530098 HARLINGEN     TX    78553 956-423-6733 FAX: 956-425-5683 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |

ACORD 25-S (7/97)                                                        © ACORD CORPORATION 1988

JAN-15-2002 09:25 AM SOUTHTEXASMASONRY    956 _ 2 6285    P.01

*Sue I need a GL Please Thanks Bonnie*

## PBS
### UNIVERSAL CITY, TX. 78148
### 210-658-4675
### FAX 877-623-8867

### CERTIFICATE REQUEST FORM

Date of request: 01/15/02    Date Certificate Needed 01/15/02    RUSH ✓

Company: South Texas Masonry    Individual Requesting Certificate: A.S.

### CLIENT COMPANY INFORMATION
Name to be shown on Certificate: South Texas Masonry
Address: 805 East Business 83
City: Phacr, Tx 78577
E-Mail: Arturo Salazar
Contact/Attention:
Telephone: 956-782-6286    Facsimile: 956-782-6285

### CERTIFICATE HOLDER INFORMATION
Certificate Holder Name: Peacock Construction Company, Inc.
Address: P.O. Box 530098
City: Harlingen Texas 78553
E-Mail:
Contact/Attention: Elisa Jennings
Telephone: 956-423-6733    Facsimile 956-425-5683

### PROJECT INFORMAION
Project Name: Las Dunas Condominiums
Project Address: 4212 Gulf Boulevard
City: South Padre Island, Texas

### LEINHOLDER INFORMATION:

### COVERAGE INFORMATION
Please check the indicated coverages: General Liability ✓ Worker's Compensation ✓
Automobile ___ Property ___ Umbrella ___
Certificate holder needs to be added as an Additional Insured for: GL or WC
Waiver of Subrogation in favor of the Certificate Holder for GL or WC
SPECIAL INSTRUCTIONS:

EXHIBIT
8

Exhibit "1"    000001

JAN-15-2002-TUE 06:18 PM  MHBT-SA                    FAX No. 2104797937                    P. 002/002

Client#: 9447                                        SOUTHTEX

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YY) |
|---|---|
| | '01/15/02 |

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| McQueary Henry Bowles Troy SA<br>16607 Blanco Road<br>Suite 904<br>San Antonio, TX 78232 | |
| | **INSURERS AFFORDING COVERAGE** |
| INSURED | INSURER A: Hartford Casualty Insurance Co. |
| South Texas Masonry<br>Baldemar Salazar<br>805 E. Business<br>Pharr, TX 78577 | INSURER B: |
| | INSURER C: |
| | INSURER D: |
| | INSURER E: |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY**<br>X COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS MADE X OCCUR | TBD | 12/01/01 | 12/01/02 | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $300,000 |
| | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PRO-JECT ☐ LOC | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | PRODUCTS-COMP/OP AGG | $2,000,000 |
| | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ ALL OWNED AUTOS<br>☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS<br>☐ NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | **GARAGE LIABILITY**<br>☐ ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: EA ACC | $ |
| | | | | | AGG | $ |
| | **EXCESS LIABILITY**<br>☐ OCCUR ☐ CLAIMS MADE | | | | EACH OCCURRENCE | $ |
| | | | | | AGGREGATE | $ |
| | ☐ DEDUCTIBLE<br>☐ RETENTION $ | | | | | $ |
| | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU-TORY LIMITS ☐ OTHER | |
| | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | E.L. DISEASE-EA EMPLOYEE | $ |
| | | | | | E.L. DISEASE-POLICY LIMIT | $ |
| | **OTHER** | | | | | |

| DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS |
|---|
| Peacock Construction Company, Inc. is named as Additional Insured.<br>Waiver of Subrogation in favor Additional Insured.<br>Project: Las Donas Condominiums, 4212 Golf Boulevard,<br>South Padre Island, Texas |

EXHIBIT G Quinn

| CERTIFICATE HOLDER | ADDITIONAL INSURED; INSURER LETTER: | CANCELLATION |
|---|---|---|
| Peacock Construction Company, Inc.<br>Attn: Elisa Jennings<br>P.O. Box 530098<br>Harlingen, TX 78553 | | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE |

ACORD 25-S (7/97) 1 of 2   #M36221                              TLC    © ACORD CORPORATION 1988



# SOUTH TEXAS MASONRY
## 805 EAST BUS. 83
## PHARR, TEXAS 78577
### TELEPHONE: 956-782-6286 FAX: 956-782-6285

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Nancy Kaechler | Arturo Salazar |

| COMPANY: | DATE: |
|---|---|
| | 09/29/03 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 860-756-8596 | 12 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| | |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:



805 EAST BUSINESS 83. PHARR, TEXAS 78577
PHONE:956-782-6286 FAX:956-782-6285

09/29/2003  12:50PM

Mar 11 2003 8:54AM    SOUTH TEXAS MASONRY         956-783-6826              P.1

# SOUTH TEXAS MASONRY
## 805 EAST BUS. 83
## PHARR, TEXAS 78577
TELEPHONE: 956-782-6286 FAX: 956-782-6285

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Karcher | FROM: Arturo Salazar. |
| COMPANY: | DATE: 3/11/2003 |
| FAX NUMBER: 860-756-8596 | TOTAL NO. OF PAGES INCLUDING COVER: 5 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: Jose. G. Salazar, Remedios Corral, Mario Gracia | YOUR REFERENCE NUMBER: |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

The following is the Contract we signed prior to comencing work at las Dunas Condominiums. in: South Padre Island.

If you have any Questions please dont hesitate to call me. at 956-782-6286

---

805 EAST BUSINESS 83, PHARR, TEXAS 78577
PHONE:956-782-6286 FAX:956-782-6285

03/11/2003  09:57AM

01205

# SUBCONTRACT AGREEMENT

This agreement made as of the 10th day of January in the year 2002:

BETWEEN the Contractor:  **PEACOCK CONSTRUCTION COMPANY, INC.**
P.O. Box 530098
Harlingen, Texas 78553

and the Subcontractor:  **SOUTH TEXAS MASONRY**
805 E. Business 83
Pharr, Texas 78577

The Project:  **LAS DUNAS CONDOMINIUMS**
4212 Gulf Boulevard
South Padre Island, Texas

The Owner:  **LAS DUNAS INC.**
4212 Gulf Boulevard
South Padre Island, Texas

The Architect:  **LABUNSKI ASSOCIATES**
1514 S. 77 Sunshine Strip Ste. 24
Harlingen, Texas 78550

The Contractor and Subcontractor agree as set forth below:

## ARTICLE 1 - The Contract Documents

1.1 The Contract Documents for this Subcontract consist of this Agreement and any Exhibits attached hereto, the Drawings, the specifications, all Addenda issued prior to and all Modifications issued after execution of the Agreement between the Owner and Contractor and agreed upon by the parties to this Subcontract. These form the Subcontract, and are a part of the Subcontract as if attached to this Agreement or repeated herein.

## ARTICLE 2 - The Work

2.1 The Subcontractor shall perform all the Work required by the Contract document for:
**MASONRY**
**STUCCO**
Note:  **Delete all EIFS (except at mouldings as shown on plans)**
**Price includes Surewall/ Plaster Only**

## ARTICLE 3 - The Contract Sum

3.1 The Contractor shall pay the Subcontractor in current funds for the performance of the Work, subject to additions and deductions, the Contract sum of: **ONE MILLION SIX HUNDRED TWENTY-SEVEN DOLLARS AND 00/100—($1,000,627.00)_**
3.2 The Contract sum is determined as follows: **Per Revised Quotes Dated 12/10/01**

### ARTICLE 4 - Progress Payments

4.1 The Contractor shall pay the Subcontractor monthly progress payments less any stated retainage. **10%**

4.2 Applications for monthly progress payments shall be in writing, shall state the estimated percentage of the Work in this Subcontract that has been satisfactorily completed and shall be submitted to the ***CONTRACTOR FOR APPROVAL ON OR BEFORE THE 25th DAY OF EACH MONTH.***

4.2.1 Draw Requests to Contractor shall be on an approved Draw Request Form with a complete cost breakdown satisfactory to Contractor and Owner. ***NO DRAW REQUESTS WILL BE SUBMITTED FOR PAYMENT WITHOUT THE BREAKDOWN.***

4.3 Progress payments will be made to the Subcontractor within 7 days of receipt of funds from Owner to General Contractor.

4.4 No payment received by the Subcontractor shall be used to satisfy or secure any indebtedness other than one owed by the Subcontractor to a person furnishing labor or materials for use in performing Subcontractor's Work.

4.5 The Contractor shall have the right at all times to contact the Subcontractor's subcontractors and suppliers to ensure that the same are being paid by the Subcontractor for labor or materials furnished for use in performing the Subcontractor's Work. The Contractor shall also have the right to issue joint checks to the Subcontractor and their Subcontractors and Suppliers.

4.6 When required by the Contractor, and as a prerequisite for payment, the Subcontractor shall provide, in a form satisfactory to the Owner and the Contractor, partial lien or claim waivers and affidavits from the Subcontractor and its subcontractors and suppliers for the completed Subcontractor's Work. Such waivers may be made conditional upon payment.

4.7 ***IN ORDER TO BE PAID FOR STORED MATERIAL***, Subcontractor must furnish to Contractor invoices and property insurance covering stored material at storage location. ***THE INVOICES AND INSURANCE CERTIFICATES MUST ACCOMPANY THE MONTHLY APPLICATION FOR PAYMENT.*** Only completely fabricated items will be considered as stored material (no components). All materials stored by Subcontractor at the jobsite shall be the responsibility of the Subcontractor and shall be insured by same. Joint checks may be required for payment.

4.8 Retainage 10%.

### ARTICLE 5 - Final Payment

5.1 Final payment, constituting the entire unpaid balance of the Contract Sum, shall be due when the Work described in this Subcontract is fully completed and performed and is satisfactory to the Architect, and shall be payable approximately 30 days after substantial completion of the Project, or at such time as the retainage is paid to the General Contractor.

5.2 Before issuance of the final payment, the Subcontractor, if required, shall submit evidence satisfactory to the Contractor that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Subcontractor's Work have been satisfied.

## ARTICLE 6 - Insurance

6.1 Prior to starting work, the Subcontractor shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor that the Subcontractor has complied with these requirements. Subcontractor's Insurance will be considered as Primary.

6.2 In the event the Subcontractor fails to obtain or maintain any insurance coverage required under this Agreement, the Contractor may purchase such coverage and charge the expense thereof to the Subcontractor.

6.3 Subcontractor agrees to indemnify, defend, and hold harmless the Contractor (or Owner or subcontractor, their affiliated entities, and employees and agents) from and against any and all losses, claims, suits, actions, demands, damages, fines, penalties, costs (including any and all related court costs and attorney's fees), liabilities or causes of action for bodily injury, death or property damage (including claims or causes of action for bodily injury or death to employees of the subcontractor who may or not be acting in the course and scope of their employment at the time of their bodily injury or death which occurs in connection with or involves in any manner subcontractor's or subcontractor's agents' employees', invitees', performance of work or service under this contract, regardless of whether or not such claims or alleged acts or omissions are caused in whole or in part (or are alleged to be caused in whole or in part) by any negligence on the part of the Contractor.

6.4 It is the specific intent of the parties to this contract that the subcontractor is agreeing to indemnify the Contractor for the effects of the General Contractor's its agents' and employees' own negligence or other wrongful conduct.

## ARTICLE 7 - Warranty

7.1 The Subcontractor warrants its work against all deficiencies and defects in materials and/or workmanship and as called for in the Contract Documents. If no guarantee or warranty is required of the Subcontractor in the Contract Documents, then the Subcontractor shall guarantee or warranty its work as described above for the period of one year from the date(s) of substantial completion of all or a designated portion of the Subcontractor's work or acceptance or use by the Contractor or Owner of designated equipment, whichever is sooner.

## ARTICLE 8 - Notice to Cure

8.1 If the Subcontractor refuses or fails to supply enough properly skilled workers, proper materials, or maintain the Schedule of Work, or it fails to make prompt payment for its workers, sub-contractors or suppliers, disregards laws, ordinances, rules, regulations or orders of any public authority having jurisdiction, or otherwise is guilty of a material breach

of a provision of this Agreement, and fails within three (3) working days after receipt of written notice to correct such default with diligence and promptness, then the Contractor, without prejudice to any rights or remedies, shall have the right to any or all of the following remedies:

(a) supply such number of workers and quantity or materials, equipment and other facilities as the Contractor deems necessary for the completion of the Subcontractor's Work, or any part thereof which the Subcontractor has failed to complete or perform after notice, and charge the cost thereof to the Subcontractor, who shall be liable for the payment of same including reasonable overhead, profit and attorney's fees;

(b) contract with one or more additional contractors to perform such part of the Subcontractor's Work as the Contractor shall determine will provide the most expeditious completion of the total Work and charge the cost thereof to the Subcontractor;

(c) withhold payment of any monies due the Subcontractor pending corrective action to the extent required by and to the satisfaction of the Contractor and;

(d) in the event of an emergency affecting the safety of persons or property, the Contractor may proceed as above without notice.

### ARTICLE 9 - Miscellaneous

9.1  Clean-up - At all times keep the building and premises free from debris and unsafe conditions resulting from the Subcontractor's Work.  If the Subcontractor fails to remove their debris, the Contractor will do the clean up at the expense of the Subcontractor.

9.2  Pre-Construction Meeting - This is a mandatory meeting for all Subcontractors and major suppliers.

9.3  Job Progress Meetings - To be scheduled on a monthly basis.  Attendance of the meetings is mandatory and shall be a prerequisite for approval of monthly draws.

9.4  Safety - Subcontractor is responsible for the safety of his/her personnel while on the jobsite.  All OSHA regulations for safety to be strictly followed.  (If discrepancies are found by supervisory management of Peacock Construction Co., Inc. or their consultants, written notice shall be given to cure.  The subcontractor must immediately remove the hazard and has 3 calendar days to cure.  If a subcontractor flagrantly disregards warnings and does not attempt cure, then they will be deemed in breach of contract.  Necessary procedures to cure pertaining to breach of contract are in Article 8.)  Any penalties due to violations shall be borne solely by the subcontractor.  Safety meetings to be held regularly at the jobsite and attendance is mandatory.

This agreement is entered into as of the day and year first written above.

CONTRACTOR:                                  SUBCONTRACTOR:

_____             _____
PEACOCK CONSTRUCTION CO., INC.              SOUTH TEXAS MASONRY
William T. Peacock – President              Baldemar Salazar



**THE HARTFORD**

785 Greens Parkway
Suite # 200
Houston, Texas 77067

Nancy Kaechler
Claim Service Consultant
Houston Commercial Claims Center
(281) 877-3852 (Direct)
(860) 756-8596 (Fax)

April 3, 2003

Peacock Construction Company, Inc.
PO Box 530098
Harlingen, Texas 78553

Re: *Angelica Salazar, et al. v. Peacock Construction Co., Inc. and Consolidated Crane Co. Inc.*
Insured:    South Texas Masonry
Claimant:   Angelica Salazar, et al.
File #:      YBG LP 40689

EXHIBIT

Dear Sir or Madam:

This will acknowledge receipt of the Plaintiffs' Second Amended Original Petition for Injunction and Damages styled <u>Angelica Salazar, Julio Cesar Salazar, Maricela Salazar, Jose Guadalupe Salazar, Jr., and Omar Alejandro Salazar, individually and as heirs and on behalf of The Estate Of Jose Guadalupe Salazar, deceased, and Remedios Corral v. Peacock Construction Company, Inc., and Consolidated Crane Company, Inc.</u> filed in the 404ᵗʰ Judicial District Court of Cameron County, Texas with Cause Number 2002-11-4371-G. Maria Guadalupe Salazar has filed a Petition in Intervention in this lawsuit. This lawsuit and Petition in Intervention was tendered to The Hartford by First Mercury Insurance Company on behalf of Peacock Construction Company, Inc. Peacock Construction Company, Inc. is seeking additional insured status under South Texas Masonry's policy.

The Hartford has reviewed the allegations contained in the Second Amended Original Petition and Petition in Intervention as well as the policy of insurance and the Subcontract between Peacock Construction Company, Inc. and South Texas Masonry. The Hartford has determined there is no coverage for Peacock Construction Company, Inc. (hereafter, Peacock). Therefore, The Hartford will not defend or indemnify Peacock with respect to this matter.

**RECEIVED**

APR 0 8 2003

SWEETMAN, SKAGGS & LAWLER L.L.P.

1

The Plaintiffs allege on or about October 23, 2002, Jose Guadalupe Salazar (hereafter, Salazar) and Remedios Corral (hereafter, Corral) were working on the tenth floor of the "Las Dunas" condominium construction project in the Town of South Padre Island, Cameron County, Texas. As Salazar and Corral were preparing to leave the construction site, Salazar was killed, and Corral was seriously injured, when they were struck by a load of steel rebar being lifted by a crane at the construction project. The load of rebar is alleged to have fallen when the jib mast (gantry) of the crane had collapsed, due to being overloaded. Defendant Peacock is the general contractor on this project and leased the crane from Defendant Consolidated Crane. At the time of this incident, Salazar and Corral were in the course and scope of their employment with South Texas Masonry. The Plaintiffs allege the operation of moving the steel rebar which resulted in the death of Salazar and injuries to Corral was conducted entirely by personnel employed by Defendant Peacock, during the course and scope of their employment with Defendant Peacock.

The Hartford affords Business Liability Coverage to South Texas Masonry under policy number 46 SBA NS1014 with effective dates 12-1-01 to 12-1-02. The liability limits are $1,000,000 combined single limit per occurrence and a $2,000,000 general aggregate per year. The terms of this coverage is principally governed by the language of Business Liability form SS 00 08 03 00.

We direct your attention to the Business Liability Coverage Forms SS 00 08 03 00, that states, in pertinent part as follows:

A.    COVERAGES

      1.    Business Liability

          We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"... to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"... to which this insurance does not apply...

We now refer you to Section G.-LIABILITY AND MEDICAL EXPENSES DEFINITIONS. This sections defines those terms found within the policy that are in quotes (" ") and are critical to this analysis. The following defined terms apply to this analysis:

LIABILITY AND MEDICAL EXPENSES DEFINITIONS

      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.

We now direct your attention to "Who Is An Insured" section of the policy. This section sets forth the requirements that must be met in order to be considered for coverage as an additional insured under this policy. This section reads, in pertinent part, as follows:

Additional Insureds by Contract, Agreement or Permit

Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you.

In undertaking work for Peacock, South Texas Masonry entered into a subcontract agreement with Peacock. There is a section in this agreement titled "Insurance". Under this section the Subcontractor (South Texas Masonry) shall obtain any insurance, including Worker's Compensation and General Liability, required by the Contract Documents, from a responsible insurer, and shall furnish satisfactory evidence to the Contractor (Peacock). However, there is no stipulation within the subcontract that Peacock is to be named as an additional insured on South Texas Masonry's policy of insurance.

Based on the policy language and the contract, Peacock will not qualify as an additional insured under South Texas Masonry's policy as additional insured status is not specified in the contract. Therefore, The Hartford will not respond to Peacock's tender.

Additionally, the indemnity provision in the contract was reviewed. The contract language is not valid as set forth in the State of Texas and is not conspicuous. Therefore, no coverage is afforded to Peacock based on the contract.

This correspondence is not intended, nor shall it be construed as, an exhaustive listing of policy terms, conditions or exclusions which might preclude coverage under The Hartford policy. The Hartford reserves the right to supplement this disclaimer letter should facts or circumstances, not currently known, indicate the applicability of additional grounds. The Hartford further reserves the right to file a declaratory judgment action if it is necessary.

Should you have any questions about this letter or any additional documentation you feel will affect our coverage position, please forward to the undersigned.

3

Very truly yours,

Nancy Kaechler
Claims Service Consultant
1-800-984-5770 Ext. 73852



| | | Nancy Kaechler |
| | | Claim Service Consultant |
| THE | 785 Greens Parkway | Houston Commercial Claims Center |
| HARTFORD | Suite # 210 | (281) 877-3852  (Direct) |
| | Houston, Texas 77067 | (860) 756-8596  (Fax) |

August 27, 2003

Cary M. Toland
Sweetman, Skaggs & Lawler
855 East Harrison
Brownsville, Texas 78520

Re:    *Angelica Salazar, et al. v. Peacock Construction Co., Inc. and Consolidated Crane Co.*
Insured:          South Texas Masonry
Claim #:          YBG LP 40689

Dear Mr. Toland,

We are in receipt of the Plaintiff's Third Amended Petition. We have reviewed the Plaintiff's Third Amended Petition with the policy of insurance and our position remains the same as outlined in my April 3, 2003 letter. Peacock Construction is not an additional insured under South Texas Masonry's policy and The Hartford will not agree to defend and indemnify Peacock Construction in this matter. A copy of the April 3, 2003 correspondence is included for your review.

We remain available to review any additional documents you feel will affect our coverage position.

Very truly yours,

Nancy Kaechler
Claim Service Consultant
1-800-984-5770 ext 73852



EXHIBIT
12
Quinn

01213



THE
HARTFORD

785 Greens Parkway
Suite # 200
Houston, Texas 77067

Nancy Kaechler
Claim Service Consultant
Houston Commercial Claims Center
(281) 877-3852  (Direct)
(860) 756-8596  (Fax)

February 26, 2004


Ruben R. Pena
The Law Offices of Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550



Re:   *Angelica Salazar, et al. vs. Peacock Construction Company, et al. vs. South Texas Masonry*

       Insured:         South Texas Masonry
       Claim #:        YBG LP 40689


Dear Mr. Pena,

We are in receipt of your correspondence dated February 24, 2004. We have reviewed the correspondence and respectively advise you our position remains the same as that represented in The Hartford's correspondence to Peacock Construction on April 3, 2003. A copy of this letter is enclosed for your review.

Please allow this correspondence to reiterate some of the points made in this prior correspondence. The Hartford's policy will provide additional insured status by contract, agreement or permit. We direct your attention to the policy language, that states, in part, as follows:

"Any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this Business Liability Coverage Form, but only with respect to your operations, "your work" or facilities owned or used by you."

The contract between Peacock Construction (hereafter Peacock) and South Texas Masonry does not require Peacock to be added as an additional insured as required by the policy language. While The Hartford feels the failure of this requirement being met means Peacock will not be afforded additional insured status under The Hartford's policy, the accident also was not with respect to South Texas Masonry's operations, work or facilities owned or used by South Texas Masonry. This accident appears to be the result of Peacock's sole negligence.

The Hartford does not believe the certificate of insurance will qualify as a contract or agreement or permit as required by the policy language. The certificate of insurance states "this certificate does not amend, extend or alter the coverage afforded by the policies below." Also, Peacock and

1



EXHIBIT
/3
Quinn
3/1/05 br

01062

South Texas Masonry are not signatories to the certificate and have not come to an agreement to provide insurance in writing as required by The Hartford's policy.

Furthermore, as stated in the April 2003 letter, the contract was reviewed and the language is not valid and will not qualify as an insured contract. The Hartford will not defend or indemnify Peacock based on the contract.

This correspondence is not intended, nor shall it be construed as, an exhaustive listing of policy terms, conditions or exclusions which might preclude coverage under The Hartford policy. The Hartford's position is based on the documentation that has been presented and may change should additional facts or documentation be presented. The Hartford reserves the right to file a declaratory judgment action if it is necessary.

We invite you to send any additional documentation you feel will affect this coverage analysis for our review.

Very truly yours,


Nancy Kaechler
Claim Service Consultant
1-800-984-8770 ext. 73852

2

01063