ORDER

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEACOCK CONSTRUCTION COMPANY, INC. | * * | |
|     Plaintiff, | * * | |
| v. | * * | CIVIL ACTION NO. B-04-111 (636(c)) |
| HARTFORD LLOYD'S INSURANCE | * | |
|     Defendant. | | |

## ORDER

    Before the Court is Plaintiff's Opposed Motion to Join Indispensable Parties (Docket No. 30). Defendant Hartford Lloyd Insurance (Hartford Llody's) has filed briefs in opposition to Peacock Construction Company, Inc.'s (Peacock) Motion (Docket No. 34). The Court having considered the motion, together with the briefs in opposition, including all of the pleadings and supporting documentation in the court's file, finds for the reasons set out below, that the motion should be GRANTED.

## BACKGROUND

    In January 2002, general contractor Peacock entered into a sub-contractual agreement with South Texas Masonry for the provision of stucco and masonry services during the construction of condominiums on South Padre Island, Texas. The agreement required that South Texas Masonry obtain a primary general liability insurance policy naming Peacock as an additional insured. This insurance policy was to indemnify Peacock against liability for bodily injury or death to South Texas Masonry employees which might occur during the performance of work on the condominium project. In compliance with the contract

South Texas Masonry acquired a "Hartford Spectrum Business Insurance Policy". This policy was underwritten by Defendant Hartford Lloyd's.

Work progressed on the condominium project without major incident until October 23, 2002. On that day a crane operated by an employee of Peacock, which was carrying steel rebar, collapsed onto employees of South Texas Masonry who were working beneath it. The collapse of the crane resulted in the serious injury of two employees and the tragic death of another. Peacock and others were later sued in state court by the injured South Texas Masonry employees and the family of the worker who was killed in the accident.

During the initial stages of litigation, Peacock Construction sought defense and indemnification from Hartford Lloyd's pursuant to the policy taken out by South Texas Masonry. Hartford Lloyd's denied coverage alleging that the policy terms did not warrant the benefits Peacock requested. Peacock then filed suit in state court on February 19, 2004, against Hartford Casualty Insurance Company (Hartford Casualty) due to some confusion as to the identity of the policy underwriter. This confusion stemmed from two certificates of insurance that were issued by policy seller McQueary, Henry, Bowles & Troy, L.L.P. The certificates stated that Hartford Casualty, instead of Hartford Lloyd's, was the underwriter of the policy.

Default judgment was eventually entered against Hartford Casualty in the state court action. However, on May 12, 2004, Hartford Casualty filed an agreed motion for a new trial seeking to set aside the judgment. This motion was granted. Hartford Casualty later requested and received severance of Peacock's third-party claims against it. On June 30, 2004, after severance was granted, Hartford

Casualty filed an answer and counterclaim in the state court action. This by itself was not unusual. However, Hartford Lloyd's was also listed as a defendant in these pleadings. Thus, Hartford Lloyd's, having never been sued by Peacock, unilaterally entered the state court action through its filing. The next day, July 1, 2004, defendants Hartford Casualty and Hartford Lloyd's filed their notice of removal seeking to remove the state court action to the United States District Court for the Southern District of Texas, Brownsville Division (Docket No. 1).

On December 16, 2005, this court considered Plaintiff's Motion to Remand (Docket No. 16). The motion was denied (Docket No. 29). The issues presented to this court at that time centered around Hartford Lloyd's alleged waiver of removal rights when it voluntarily entered an appearance in a state action between the parties. The court found that Hartford Lloyd's had not waived its removal rights and denied the Motion to Remand (Docket No. 29). Plaintiff has now filed a motion seeking to join indispensable parties, the appropriateness of which is now before the court.

## LAW

Joinder of persons needed for a just adjudication is governed by Fed.R.Civ.P. 19.

Rule 19(a) states:

> "a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impeded the person's ability to protect that interest or (ii) leave any other persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reasons of the claimed interest."

Fed.R.Civ.P. 19(b) sets forth the factors to be considered by the court when the court is making a determination for joinder and if joinder is necessary.

The factors to be considered by the court include:

(1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties.

(2) the extent to which by protective provisions in the judgment, by shaping the relief, or other measures, the prejudice can be lessened or avoided.

(3) whether a judgment rendered in the person's absence would be adequate.

(4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Joinder of "necessary" parties under Fed.R.Civ.P. 19 is a more strict test than "permissive" joinder of parties under Fed.R.Civ.P. 20. Under Rule 19, without the presence of certain parties, complete relief may not be achieved. Conversely, under Rule 20, it need only be shown that the relief sought against the parties arises out of "the same series of occurrences and involve questions of law and fact common to the claims asserted against the defendants presently in the case." McNeel v. Kemper Casualty Insurance, 2004 U.S. Dist. LEXIS 13887, at *4; Holcomb v. Brience, Inc., 2001 U.S. Dist. LEXIS 18960, No. 3:01-CV-1715-M, at *7 (N.D.).

The Fifth Circuit has rejected an ironclad distinction between Rule 19 and Rule 20 post removal joinder of indispensable parties. Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987).

Additionally, congress enacted 28 U.S.C. 1447(e) which states:

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court."

4

As Section 1447(e) does not provide explicit standards for the court to base its joinder analysis, courts both in and outside the Fifth Circuit have relied on the equitable balancing of four factors drawn from the Fifth Circuit decision of Hensgens v. Deere & Co., Id.:

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;

(2) whether the plaintiff has been dilatory in asking for the amendment;

(3) whether the plaintiff will be significantly injured if the amendment is not allowed; and

(4) any other factors bearing on the equities.

Hensgens v. Deere & Co., Id., See Doleac v. Michalson, 264 F.3d 470, 473 (5th Cir. 2001) (discussing the district court's analysis of § 1447(e) and Hensgens factors); See also Alice Rooney Schindler v. Charles Schwab & Co., Inc., 2005 U.S. Dist. LEXIS 9193, No. 05-0082 (E.D. La. May 12, 2005).

In general, the court in Hensgens balanced two competing interests; the waste of judicial resources caused by parallel federal/state proceedings that lead to potential inconsistent results, and the diverse defendant's interest in retaining the federal forum. Hensgens, 833 F.2d at 1182. The court concluded that "the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." Id. Therefore, contrary to Hartford's argument, the proposed joinder should be governed by an analysis of whether the non-diverse defendants are indispensable parties pursuant to 1447(e) and the Hensgens factors.

5

## ANALYSIS OF THE HENSGENS FACTORS

### (1) The Extent To Which The Purpose Of The Amendment Is To Defeat Federal Jurisdiction

District courts consider the first <u>Hensgens</u> factor in one of two ways. Principally, courts have been wary of plaintiff's that fail to join a non-diverse defendant to an action prior to removal when such a plaintiff knew of the identity of the non-diverse defendant. This activity suggests that the purpose of the amendment is to destroy diversity jurisdiction. Thus, courts may weigh evidence of the plaintiff's motive for joinder and reject the motion accordingly. Alternatively, courts may accept a valid claim presented by the plaintiff as the primary purpose for bringing the non-diverse defendant into the lawsuit. In other words, when the plaintiff has a valid claim against the defendant, the presumption is that the primary purpose of the amendment is *not* to defeat federal jurisdiction. See <u>Tillman v. CSX Transportation, Inc.</u>, 929 F.2d 1023 (5th Cir. 1991); <u>Schindler v. Charles Schwab & Co., Inc.</u>, 2005 U.S. Dist. LEXIS 9193, *11.

The court finds that Peacock's Motion to Join Indispensable Parties is not to destroy federal jurisdiction. Peacock's claims are valid. The interests of the indispensable parties may be negatively affected without their presence in determining whether Hartford Lloyd's is obligated to provide coverage or not.

### (2) Whether The Plaintiff Has Been Dilatory In Asking For The Amendment

Hartford asserts that plaintiff has been dilatory in requesting the amendment by filing some ten days after the scheduling order deadline for filing amendments to pleadings and joinder of parties. Plaintiff Peacock, however, argues that it is filing the present motion less than a week after the court denied its

motion to remand, which if granted, would have yielded the same result the plaintiff is now seeking with this motion.

In analyzing whether a plaintiff's request for amendment is dilatory, some district courts measure the amount of time passed between the following: the filing of the original complaint, the removal, and the amendment. Schindler v. Charles Schwab & Co., Inc., 2005 U.S. Dist. LEXIS 9193, *12 [citing Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc., 2003 U.S. Dist. LEXIS 13546, 2003 WL 21783304, at *3 (E.D. La. Jul. 30, 2003.] Other courts may consider this factor in relation to how far litigation has progressed. Id. [citing Vincent v. E. Haven Ltd. P'ship, 2002 U.S. Dist. LEXIS 22713, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002); E. Chico Rest., Inc. v. Aetna Cas. and Sur. Co., 980 F.Supp. 1474, 1485 (S.D. Ga. 1997).] Nevertheless, district courts in this circuit have not denied such amendments solely because the deadline for filing has passed. Deliberto v. Wyndham Canal Place, Inc., 2004 U.S. Dist. LEXIS 10607, *10 (E.D. La.). Thus, the second Hensgens factor weighs in favor of plaintiffs where "good cause" exists under Rule 16 for permitting the amendment subsequent to the deadline, and the plaintiff demonstrates a non-dilatory effort to seek the amendment.

The court finds that Peacock has been diligent in attempting to join indispensable parties. The motion to join indispensable parties was filed January 28, 2005, just seven days after this court denied remand (Docket No. 29, dated January 21, 2005). Hartford Lloyd's argues that Peacock was dilatory in filing the motion as it was filed after the court's scheduling order regarding such motions had expired. There is some argument as to whether or not the date for filing motions to join additional parties had passed. The court does not consider this controlling and will not deny Peacock's motion on the basis that it was filed late.

### (3) Whether The Plaintiff Will Be Significantly
### Injured If The Amendment Is Not Allowed

Under the third Hensgens factor, district courts consider the financial burden of maintaining parallel lawsuits in state and federal court. Schindler v. Charles Schwab & Co., Inc., 2005 U.S. Dist. LEXIS 9193, *16 (noting that "forcing a plaintiff to maintain two lawsuits in two difference courts which arise out of the same facts wastes judicial resources and may lead to inconsistent results."). Courts have also weighed the probability of whether complete relief can be a afforded without the amendment. Id.

The court finds that complete relief cannot be afforded to plaintiff if the amendment is not allowed; to do so may significantly cause injury to Peacock. Maintaining two suits in two courts arising out of the same facts may lead to plaintiff's inability to obtain complete relief.

### (4)  Factors Bearing On The Equities

The court's decision to allow joinder of indispensable parties is, in the final analysis, governed by the parallel federal/state proceedings that may lead to potential inconsistent results, and a waste of judicial resources.   (Hensgens Id., §1447(e) Id.)

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff Peacock's Motions to Join Indispensable Parties is GRANTED. By this order complete diversity of citizenship is

destroyed and this matter is ORDERED REMANDED to the 404th Judicial District Court of Cameron County, Texas.

DONE at Brownsville, Texas, this 7th day of October 2005.

_____
Felix Recio
United States Magistrate Judge